IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED

JUN 3 0 2003

Michael N. Milby
Clerk of Court

DEFENDANT'S MOTION TO DISMISS OR ABATE PENDING
RESOLUTION OF THE PARALLEL STATE COURT ACTION

TO THE HONORABLE JUDGE HANEN:

COMES NOW Brownsville Independent School District ("BISD"), nominally a

defendant herein, and moves the Court for an Order dismissing the Plaintiff's Original

Complaint for Declaratory Judgment (the "Complaint") filed by Royal Surplus Lines Insurance

Company ("RSL"). In the alternative, BISD moves for an Order abating this action until the

State Court Action is resolved.  BISD respectfully shows the Court as follows:

**Introduction**

1.     BISD is the insured under, *inter alia*, "a series of commercial property insurance

policies issued...by [RSL] that were effective between September 1, 1996 and April 1, 2002."

Complaint, at 1-2, ¶ 2. These policies (the "Policies") "insured the subject properties," *i.e.*,

BISD's Besteiro Middle School and Bruce Aiken Elementary School (collectively, the

"Schools"). *Id.*, at 1-2, ¶ 2; 2, ¶ 5. As is well known in this community, and as is chronicled (in

part) in the Complaint, the Schools are beset by significant mold problems.  Indeed, this problem

is so severe that, "[i]n January 2002, BISD closed the two schools and brought suit in Cameron

1

County against various architects, engineers and contractors...involved in the[ir] design, construction and maintenance...." Id., at 4, ¶ 11. BISD, in turn, was sued by [h]undreds of students and staff members at the two schools...for personal injuries attributed to mold." Id.

2.      BISD filed a claim with RSL under one of the Policies. RSL alleges "[o]n or around November 21, 2001, BISD...made a claim under...Policy No. KHT318271...for damage and loss to...[the Schools]." Complaint, at 5, ¶ 12. RSL admits it received BISD's claim, and even "began its investigation of the claim." Id., at 5, ¶ 13. Nineteen months later, however, RSL has yet to accept or reject the claim. In the interim, BISD provided Notice of Loss for damage and loss to the Schools under the other three Policies at issue in this action. Id., at 5-6, ¶ 16. That claim, too, has yet to be accepted or rejected by RSL. Instead, RSL has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, id., at 9-11, ¶ 26; 12, ¶ 28, and (iii) now sought a declaration as to "its coverage obligations...under the Policies relative to the first-party claim made thereunder by BISD." Id., at 28-29, ¶ 35. In other words, RSL refuses to take a position as to coverage, and has simply thrown the matter into this Court's lap.

3.      BISD, on the other hand, has had enough of RSL's recalcitrance. It sued RSL, and others, in state court in Cameron County, Texas. Exhibit A, original petition Brownsville Independent School District v. Royal Surplus Lines Insurance Company, et al., (the "State Court Action"). Among the claims in that lawsuit are claims for breach of contract with respect to the Policies and for a declaration of RSL's obligations thereunder. Thus, the issues that RSL seeks to have this Court address pend before the state court. Under these circumstances, this Court should decline to exercise jurisdiction over this action, and should dismiss this case. Alternatively, this action should be abated pending disposition of the state court lawsuit. Thus,

2

for the reasons that follow, BISD's motion should be granted in one respect or the other.

**Statement of issues to be ruled upon by the Court:**

      **Should this Court exercise its discretion to abstain because a state court action is pending between the parties?**

*Texas Employers' Ins. Ass'n v. Jackson*, 862 F. 2d 491, 506 (5th Cir. 1988) (en banc); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F. 2d 774, 776 (5th Cir. 1993). This is primarily a question of law which will be reviewed *de novo*. However, factual determinations made in the course of deciding this question of law will be reviewed as such.

      **Alternatively, should this Court abate pending resolution of the state court action?**

*Frontier Pacific Ins. Co. v. Marathon Ashland Petroleum, L.L.C.*, 87 F. Supp. 2d 719, 722 (S.D. Tex. 2000); *Scottsdale Ins. Co. v. Bayou Land and Marine*, 1999 U.S. Dist. LEXIS 15561, at *15-16 (E.D. La. Sept. 30, 1999). The standard of review is abuse of discretion.

**Summary of argument**

      The parallel State Court Action includes a Texas Government entity, a diverse insurance company, and a non-diverse insurance agent. No jurisdictional bar exists to join other parties to the State Court Action. The State Court has great expertise in resolving this dispute which primarily concerns Texas law regarding coverage, immunity, and the duties of an insurance company and agent. All issues and all parties' rights can be resolved in the State Court Action. Since no litigation has yet occurred before this Court, abstention is proper, if not required. An alternative is for this Court to abate.

<u>**Motion to Dismiss**</u>

      4.     In considering RSL's declaratory judgment action, the Court must first determine

3

that the action is justiciable, *i.e.*, whether an "actual controversy" exists between the parties to the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891, 895 (5th Cir. 2000), *citing Rowan Co., Inc. v. Griffin*, 876 F. 2d 26, 27-28 (5th Cir. 1989). In other words, the Court must determine whether the matter proposed to be adjudicated is ripe for adjudication: "a declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Orix*, 212 F.3d at 896. If the matter is not ripe for adjudication--and therefore not justiciable--then the Court lacks constitutional subject matter jurisdiction and the action must be dismissed. *See Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967) ("Ripeness is a constitutional prerequisite to the exercise of jurisdiction."). In this case, it is not altogether apparent that RSL's declaratory judgment action is ripe for adjudication; because RSL has refused to take a position on coverage under the Policies, the "controversy" between the parties may be more apparent than real. But because BISD has been forced to sue RSL for breach of the Policies in the State Court Action, we assume that this matter is sufficiently ripe for adjudication to permit a court to exercise jurisdiction over RSL's action. If this Court disagrees, however, then the action must be dismissed.

    5.    If this Court finds the instant action ripe, it must "resolve whether it has 'authority' to grant declaratory relief in the case presented." *Orix*, 212 F.3d at 895 *(citing Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F. 2d 774, 776 (5th Cir. 1993)). "Authority" in this context refers to the fact that "[t]he Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction--providing the declaratory judgment plaintiff an end run around the requirements of the Anti-Injunction Act." *Travelers,* 996 F.2d at 776 *(citing Texas Employers ' Ins. Ass'n v. Jackson*, 862 F. 2d 491, 506 (5th Cir. 1988) (en banc)). Thus, if an injunction would be barred by the Anti-Injunction Act, 28 U.S.C. § 2283, then the issuance of a declaratory

4

judgment that would have the same effect as an injunction is also barred. *See Jackson*, 996 F.2d at 506. The general rule, therefore, is that "the district court may not consider the merits of the [federal] declaratory judgment action when 1) a declaratory judgment defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Travlers*, 212 F.3d at 776 (emphasis in original).

6.    The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Although RSL's declaratory judgment suit was filed before the State Court Action, the Anti-Injunction Act nevertheless applies. *See Royal Insurance Company of America v. Quinn-L Capital Corp.*, 3 F. 3d 877, 885 (5th Cir. 1993) (Holding the Anti-Injunction Act applies whenever a state court lawsuit is pending, regardless of when the federal and state suits were filed). *Jackson* abstention therefore applies in this matter as well, unless there is an exception.[1] In *Quinn-L*, the Fifth Circuit recognized an exception: "federal courts need not abstain from declaratory judgments under *Jackson* where the federal suit is filed substantially prior to any state suits, significant proceedings have taken place in the federal suit, and the federal suit has neither the purpose nor the effect of overturning a previous state court ruling." *Id.* 3 F. 3d at 886-87 (Declining to extend *Jackson* abstention "to a case in which the federal suit has been the subject of significant proceedings before the state suit is even filed...."). That

---

1    In *Travelers*, the Fifth Circuit posited "a very small class of highly distinguishable cases which are exceptions to the rule announced in *Jackson*." 996 F. 2d at 776.

5

exception does not apply in this case, as (i) the State Court Action follows RSL's Complaint by a mere three weeks, and (ii) there have been no proceedings of any kind herein. Thus, the Court should abstain under *Jackson*. *See Scottsdale Ins. Co. v. Bayou Land and Marine*, 1999 U.S. Dist. LEXIS 15561, at * 15-16 (E.D. La. Sept. 30, 1999).

7.       Finally, if the Court finds that it has authority to issue a declaratory judgment, it must "determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix*, 212 F.3d at 895. In other words, "[i]f an exception to *Jackson* applies, and the Court has the authority to issue a declaratory judgment, the Court still has discretion to abstain if the purposes of the Declaratory Judgment Act are outbalanced by the factors favoring abstention." *Scottsdale Ins. Co.*, at * 12. In this regard, the Fifth Circuit has observed that the relevant factors to be considered include, but are not limited to, (i) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (ii) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (iii) whether the plaintiff engaged in forum shopping in bringing the suit, (iv) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (v) whether the federal court is a convenient forum for the parties and witnesses, and (vi) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *See Travelers*, 212 F.3d at 778. Applying these factors, the Court should decline to address RSL's declaratory judgment action.

8.       With regard to the first *Travelers* factor, RSL and BISD are parties to a pending state court proceeding--the State Court Action--in which, *inter alia*, the issue of coverage under the Policies *vel non* is raised. RSL alleged a coverage dispute in its complaint. Thus, the first factor strongly favors abstention in this matter because "there is a pending state action in which all of the matters in controversy may be litigated." Further, "state insurance law

6

governs all of the issues involved in...[RSL's] declaratory judgment action, and it is well established that state courts have a particular interest in deciding such questions." Scottsdale Ins. Co. , at * 18-19 (*citing SEC v. National Securities, Inc.*, 393 U.S. 453, 459 (1969)). This is not to say this Court should dismiss this action simply because it does not involve a question of federal law, as doing so would not be proper. *The St. Paul Insurance Co. v. Trejo*, 39 F. 3d 585, 591 n.10 ("As there is no policy against diversity jurisdiction, a district court's dismissal of a lawsuit simply because it involves an issue of state law...would not be proper."). At the same time, however, there is no reason for the Court *not* to leave to the state court the task of deciding purely state law issues, like immunity and coverage. Indeed, failing to do so might be indulging in "gratuitous interference" with the State Court Action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). Such interference should be avoided, even if it is not proscribed, and the Court should leave this matter to the state court. *See* Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d, § 2758.[2]

       9.    The second, third, and fourth *Travelers* factors also weigh heavily in favor of abstention. Recognizing that BISD would not, and could not, wait indefinitely for a decision on coverage under the Policies, RSL filed the instant action as a preemptive strike in anticipation of litigation by BISD. Moreover, in choosing this Court in its race to the courthouse, RSL

---

     2    In *Wilton*, the Supreme Court instructed district courts faced with declaratory judgment actions to consider whether the claims of the parties can satisfactorily be adjudicated in a pending state court proceeding. Where "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court [entertaining a declaratory judgment action] might be indulging in 'gratuitous interference.'" *Wilton v. Seven Falls Co.*, supra, at 283. Moreover, "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.*, at 281, *quoting Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495 (1942). These considerations strongly weigh in favor of declining jurisdiction over the instant action.

engaged in forum shopping in order to avoid the state courts of Cameron County, Texas. This is a misuse of the Declaratory Judgment Act, since it seeks to deprive the real plaintiff in this dispute, BISD, of its choice of forum. "A [nominal] plaintiff's choice of forum should only be given protection where the plaintiff before the court is the proper plaintiff--not a manufactured plaintiff through the misapplication of a declaratory judgment." *PAJ, Inc. v. Yurman Design, Inc.*, 1999 U.S. Dist. LEXIS 1424, at * 11 (N.D. Tex. February 9, 1999), *quoting Serco Service Co., L.P. v. Kelley Co., Inc.*, 1994 U.S. Dist. LEXIS 19348, at * 2 (N.D. Tex. 1994). Thus, the "misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action." *Great American Ins. Co. v. Houston General Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990). *Accord, Peyman v. Optobionics Merger Corp.*, 2003 U.S. Dist. LEXIS 1218, at * 9 (E.D. La. January 23, 2003); *PAJ, Inc. v. Yurman Design, Inc.*, at * 10-11. And so it is here--RSL's blatant forum shopping should not be countenanced, and the case should be dismissed.[3]

10.    The fifth *Travelers* factor, *i.e.*, whether the federal court is a convenient forum for the parties and witnesses, is neutral. This Court is not appreciably more or less convenient for the parties and witnesses than the state court. Nonetheless, if this action is not

---

3    The Complaint avers that RSL "is a foreign corporation, duly incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Georgia." Complaint, at 1, ¶ 1. If that is correct, then this Court is no more convenient a forum for RSL than the state courts of Cameron County. On structurally identical facts, the court in *Scottsdale Ins. Co.*, found the plaintiff insurance company to be engaged in forum shopping: ""because the state court can determine the insurance coverage issues and the Court can see no reason why the federal court is more convenient than the state forum, the Court finds that Scottsdale has engaged in forum shopping in selecting a federal forum." 1999 U.S. Dist. LEXIS 15561, at *19. That finding contributed to the court's conclusion that the second and third *Travelers* factors favored abstention in Scottsdale's declaratory judgment action. *Id.*

8

dismissed (or abated), then there will be parallel state and federal actions litigating coverage. As Judge Sanders held in similar circumstances, "judicial economy would be better served if the entire matter was heard and disposed of in one proceeding, and comity favors the state court hearing a case solely pertaining to state law." *Sealco Int'l, Inc. v. Control de Deschechos Industriales y Monitoreo Ambiental, S.A.*, 2000 U.S. Dist. LEXIS 4756, at * 14 (N.D. Tex. April 13, 2000). And so it is in this case as well--judicial economy is best served by litigating coverage, immunity, and the other state court issues in one rather than two proceedings. Moreover, abstention avoids the possibility that conflicting discovery orders, partial summary judgments, or even final judgments might issue from a state and federal court. The sixth *Travelers* factor therefore also weighs heavily in favor of abstention, especially given that "there is no indication that the state court would be unable to resolve the coverage dispute in a timely and effective manner, whereas a parallel federal action would constitute a 'gratuitous interference' with the state proceeding." *Scottsdale Ins. Co.*, at * 21. Thus, five of the six *Travelers* factors strongly support abstention, while none supports going forward with RSL's declaratory judgment action in any way. BISD's motion to dismiss should therefore be granted, and this case should be dismissed.

### Motion to Abate

11.    As noted above, dismissal of this action is proper (and should be granted) under the *Travelers* criteria. BISD recognizes, however, that courts sometimes abate, rather than dismiss, declaratory judgment actions when a parallel state court action is pending. *See, e.g., Frontier Pacific Ins. Co. v. Marathon Ashland Petroleum, L.L.C.*, 87 F. Supp. 2d 719, 722 (S.D. Tex. 2000); *Scottsdale Ins. Co.*, at * 22. Indeed, the Supreme Court has noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the

9

preferable course, because it assures that the federal action can proceed without risk of time bar

if the state case, for any reason, fails to resolve the matter...." *Wilton*, 515 U.S. at 288 n.2. We

do not believe that limitations considerations do or could exist here, and therefore think that

dismissal, rather than a stay, is the appropriate disposition of RSL's action.

## Conclusion

For the reasons set forth above, this action should be dismissed, either (i) as a

matter of necessity under *Jackson* abstention, or (ii) in the exercise of the Court's broad

discretion to decline to exercise jurisdiction over declaratory judgment actions. Alternatively, the

action should be stayed pending disposition by the state court.

Respectfully submitted

Craig S. Smith /by permission/

Craig S. Smith
SBN 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843
Attorney for BISD

Baltazar Salazar
State Bar No. 00791590
Federal Bar No.
1612 Winbern
Houston, Texas 77004
Tel. (713) 655-1300
Fax (713) 807-1930
Attorney for BISD

Ramon Garcia
State Bar No. 07641800
Federal Bar No. 742256612
222 W. University
Edinburg, Texas

10

Tel. (956) 383-7441
Fax (956) 381-0825
Attorney for BISD

## CERTIFICATE OF SERVICE

I certify that this day this document was served by U.S. mail on the Attorney in Charge for Royal Surplus Lines Insurance Company at the following address:

Jay W. Brown
1300 Post Oak Blvd., suite 2400
Houston, Tx. 77056

Craig S. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

## ORDER

On _____ this Court considered Defendant Brownsville Independent School District's Motion to Dismiss or Abate Pending Resolution of a Parallel State Court Action. The Court, having considered the matter, is of the opinion that the motion is meritorious and should be GRANTED. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Defendant's motion to dismiss be, and hereby is, GRANTED, and that the Plaintiff's Original Complaint for Declaratory Relief be, and hereby is, DISMISSED.

Signed this ___ day of _____, 2003
IT IS SO ORDERED.

_____
United States District Judge

# EXHIBIT

# A



CAUSE NO. 2003-06-3344-D

| | | |
|---|---|---|
| BROWNSVILLE INDEPENDENT SCHOOL | § | IN THE DISTRICT COURT |
| DISTRICT | § | |
| Plaintiff | § | |
| | § | |
| v. | § | 103 JUDICIAL DISTRICT |
| | § | |
| ROYAL SURPLUS LINES INSURANCE | § | |
| COMPANY and CAVAZOS INSURANCE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

respectfully showing the Court as follows:

I.

## PARTIES

1.01    Plaintiff is a government entity residing in Cameron County, Texas.  Plaintiff reserves all

immunity rights accorded by law and expressly does not waive such rights by filing this

petition.

1.02    Defendant Royal Surplus Lines Insurance Company is an Insurance Company

incorporated in Connecticut with its principal place of business in Georgia.  It may be

served by delivering a copy of this petition and citation to its agent for service

Stewart/Smith McAlear Associates, Inc., 2851 Charlevoix Dr. Suite 120, P.O. Box 111,

Grand Rapids Mi. 49501.

1

1.03    Defendant Cavazos Insurance is an insurance agency residing at 315 Parades Line Road,

Brownsville, Texas. Cavazos Insurance may be served at 315 Parades Line Road,

Brownsville, Tx. 78521.

## II.

### JURISDICTION AND VENUE

2.01    This Court has subject matter jurisdiction over this dispute because the claims alleged fall

within the scope of this court's general jurisdictional power and no law creates exclusive

jurisdiction over the claims asserted in any other court.

2.02    Venue is proper under TEX. CIV. PRAC. & REMS CODE ANN. §15.002(a)(1); (2); (3);

§15.005; §15.032; and §15.035.

## III.

### FACTS

3.01    BISD purchased a series of Commercial Property Insurance Policies from Cavasos

covering certain losses to real and other property owned by BISD. The losses involved in

this suit have occurred and are occurring at Besteiro Middle School and Bruce Aiken

Elementary School (The Schools).

3.02    The policies were written on Defendant Royal.

2

3.03    The policies are:

|  | Policy number | Policy period |
|---|---|---|
| a. | KHT 318271 | 04/01/01 to 04/01/02 |
| b. | KHT 310355 | 04/01/98 to 04/01/01 |
| c. | KHT 308599 | 04/01/97 to 04/01/98 |
| d. | KHT 307564 | 09/01/96 to 09/01/97 (cancelled effective April 1, 1997). |

3.04    BISD has suffered property losses at The Schools. This has caused various property

losses which are covered by one or more of the policies identified in paragraph 3.03.


IV.

CAUSES OF ACTION

FIRST COUNT: BREACH OF CONTRACT

4.01    In the relevant insurance policies Royal promised to cover direct physical loss of or

damage to Covered Property.


4.02    BISD has suffered losses to covered property at The Schools. None of the losses for

which BISD seeks indemnification are excluded by any policy provision.


4.03    Royal has failed and is failing to comply with its contractual obligations, including its

obligation to indemnify BISD for such losses.


3

4.04   BISD has complied with all conditions precedent to enforcement of these contracts.

4.05   Direct and consequential damages are resulting to BISD due to Royal's failure to comply

with its contractual obligations. The damages include, but are not limited to:

   a.      Future remediation and construction costs: $8.3 million;

   b.      Past remediation costs: $1 million;

   c.      Incidental Costs $4 million;

   d.      And future unknown costs.

4.06   BISD seeks reasonable attorneys' fees for necessary services.


V.

SECOND COUNT: COMMON LAW MISREPRESENTATION

5.01   Royal and its agent, Cavazos, represented that Royal would indemnify BISD for direct

physical loss of or damage to Covered Property, including The Schools. Cavazos

represented that Royal was a suitable and responsible insurer and would comply in good

faith with its obligations under these insurance contracts.


5.02   These representations were false when made. Alternatively, Cavazos or Royal recklessly

and positively stated they would comply. But at the time such representations were made

they did not know if they really would. Instead of forthrightly complying with its

responsibilities under these contracts, Royal has attempted and is attempting to avoid its

obligations to indemnify BISD through an ongoing fraudulent scheme to misrepresent or

4

manufacture false and groundless excuses for denying coverage.

5.03    The representations alleged in paragraph 5.01 were intended to and did induce BISD's

reliance.  If BISD had known that Cavazos or Royal had no fixed intention of performing

these promises it would have not sought and acquired indemnification from Royal or any

insurer sponsored by Cavazos, but would have done so from a reputable insurer and

another agent.

5.04    This scheme to defraud is proximately causing damages to BISD.  The damages include

direct or out of pocket damages in the form of property loss as alleged in paragraph 4.05.


VI.

THIRD COUNT: INSURANCE CODE AND DTPA VIOLATIONS

6.01    BISD further alleges that Royal and Cavazos violated TEX. CIV. PRAC. & REMS CODE

ANN. §17.46(b) (Vernon 2001), in the following particulars:

a.    Representing that the insurance policies have sponsorship, approval,
characteristics, ingredients, uses, benefits, or quantities which they do not have;

b.    Representing that an agreement confers or involves rights, remedies, or
obligations which it does not have or involve, or which are prohibited by law; or

c.    failing to disclose information concerning goods or services which was known at
the time of the transaction if such failure to disclose such information was
intended to induce the consumer into a transaction into which the consumer would
not have entered had the information been disclosed.

6.02    BISD further alleges that Royal and Cavazos violated TEX. INS. CODE ANN. ART. 21.55 §3

5

by wrongfully denying BISD's claim as Royal and Cavazos failed to promptly pay the
claim within sixty days of receipt of all items necessary to make coverage determinations.

6.03    BISD further alleges that Royal and Cavazos violated TEX. INS. CODE ANN. ART. 21.55 §6
by wrongfully denying BISD's claim as Royal and Cavazos failed to promptly pay the
claim within sixty days of receipt of all items necessary to make coverage determinations
and thus making them liable for the amount of the claim, 18 percent annum of the amount
of such claim as damages, reasonable attorney's fees, and costs of filing suit.

6.04    Royal and Cavazos violated art. 21.21, §4(10) of the Insurance Code by engaging in
unfair settlement and handling practices in the following respects:

i) misrepresenting to BISD claimant a material fact or policy provision relating to
coverage at issue;

(ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of
a claim with respect to which the insurer's liability has become reasonably clear;

(iii) failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement
under one portion of a policy of a claim with respect to which the insurer's liability has
become reasonably clear in order to influence the claimant to settle an additional claim
under another portion of the coverage, provided that this prohibition does not apply if
payment under one portion of the coverage constitutes evidence of liability under another
portion of the policy;

iv) failing to provide promptly to a policyholder a reasonable explanation of the basis in
the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or
for the offer of a compromise settlement of a claim;

(v) failing within a reasonable time to:

   (A) affirm or deny coverage of a claim to a policyholder;  or

6

(B) submit a reservation of rights to a policyholder;

(vi) refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

(vii) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim; or

(viii) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

6.05    Royal and Cavazos violated art. 21.21, §4(11) of the Insurance Code by making

misrepresentations and failing to disclose facts as follows:

Misrepresenting an insurance policy by:

(a) making an untrue statement of material fact;

(b) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; or

(c) making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

6.06    Royal and Cavazos have intentionally or knowingly breached duties owed to BISD under

the DTPA and Insurance Code and BISD is therefore entitled to additional or treble

damages.

6.07    BISD seeks reasonable attorneys' fees for necessary services under the DTPA and

Insurance Code.

7

VII.

FOURTH COUNT: DECLARATORY JUDGMENT

7.01    Royal and BISD are interested in the policies identified in paragraph 3.03. These parties'

rights, status, and legal relations are affected by these contracts. Specifically, a dispute

has arisen regarding Royal's contractual responsibilities under the policies. This Court

has the power to declare such rights between these parties. TEX. CIV. PRAC. & REMS

CODE ANN. §37.003 (Vernon 1985).

7.02    The dispute concerns coverage of the losses sustained by BISD at the Schools and the

parties' compliance with their contractual obligations under these policies.

7.03    On June 9, 2003, Royal filed a complaint in the Honorable Federal District Court for the

Southern District of Texas detailing its version of this dispute. This Complaint, which

has been assigned Cause No. B-03-109, is attached as Exhibit A. BISD disagrees with

Royal's self-serving version of this dispute as alleged therein, but agrees a dispute exists.

At the time of this filing, no other proceedings or litigation has occurred in the Honorable

Federal District Court. BISD intends to file a motion to dismiss this complaint.

7.04    BISD asserts that the property losses suffered at the Schools is covered and not excluded

under the relevant policies.

7.05    BISD alleges that it has complied with all of its obligations under these policies and

8

Royal therefore has a duty to indemnify under these policies.

7.06    All persons who would be affected by a declaration of the parties' rights are parties to this action.

7.07    BISD seeks reasonable attorneys' fees for necessary services as are equitable and just. TEX. CIV. PRAC. & REMS CODE ANN. §37.009 (Vernon 1985).

VIII.

FIFTH COUNT: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

8.01    Royal and Cavazos further breached the common-law duty of good faith and fair dealing since a special relationship existed between Royal and Cavazos as the insurer, and BISD as the insured, since Royal and Cavazos exerted control over BISD's claim. Royal and Cavazos further owed a duty of good faith and fair dealing towards the insured in evaluating or settling claims by the insured, as Royal and Cavazos had unequal bargaining power when compared to BISD. The nature of the claim created a conflict of interest between the insurer, Royal and Cavazos, and BISD the insured. Finally, the insurer, Royal and Cavazos had has exclusive control over the evaluation, processing and denial of the claim.

9

IX.

SIXTH COUNT: FAILURE TO COMPLY WITH AN AGENT'S OR AN INSURANCE
AGENT'S STANDARD OF CARE

9.01    This Count is pleaded alternatively to all other allegations in this petition.

9.02    Cavazos has acted as an agent and insurance agent for the School District for many years.
        He was uniquely familiar with the details of the needs and requirements for adequate
        insurance for the School District. Cavazos undertook to exercise his judgment to secure
        adequate, proper, and prudent coverage for BISD which would protect the School District
        from risks of property loss like the losses at Besteiro Middle School and Bruce Aiken
        Elementary School.

9.03    Cavazos represented that he in fact had secured adequate, proper, and prudent coverage
        for BISD which would protect BISD from risks of property loss, such as the losses at
        Besteiro Middle School and Bruce Aiken Elementary School.

9.04    According to Royal, BISD has suffered such losses and these losses are not covered.

9.05    When BISD suffered a loss it duly and properly notified its agent Cavazos. However,
        Cavazos failed to exercise the degree of diligence required to satisfy Royal and to avoid
        this dispute.

10

9.06     BISD reasonably relied on Cavazos' undertakings.


9.07     Cavazos' conduct fails to comply with the standards of care an agent owes a principal or
an insurance agent owes an insured.


9.08     Cavazos' negligent conduct has proximately caused and is proximately causing damages
to the School District as alleged in paragraph 4.05.


X.

SEVENTH COUNT: JOINT AND SEVERAL LIABILITY

10.01    Royal and Cavazos are jointly and severally liable to BISD.  These Defendants have
acted in concert and with the intention of depriving BISD of indemnity rights.  These
Defendants are acting intentionally, they intended the consequences of their tortious and
illegal acts, or they believed the consequences of such acts were substantially certain.
These Defendants were or are engaged in a civil conspiracy, employer-employee relation,
partnership, joint enterprise or joint venture and Royal is liable for the acts of Cavazos
under the doctrine of *respondeat superior*.


10.02    All real persons acting for or on behalf of Royal, including Cavazos, were vice-principals.
These persons had the power to hire and fire employees and management of a major
portion or division of the corporations business was entrusted to such individuals.


11

XI.

EIGHTH COUNT: EXEMPLARY OR PUNITIVE DAMAGES

11.01   BISD alleges Royal and Cavazos are liable for exemplary or punitive damages because

they have engaged in fraud and malicious conduct.

11.02   These Defendants have engaged in securing execution of a document by deception.

XII.

JURY DEMAND

12.01   Plaintiff demands a jury. The jury fee is attached.

XIII.

PRAYER

13.01   BISD moves this Court to issue citation on Defendants, to set this matter for a prompt

hearing, to render judgment for damages and declare the parties' rights under the policies

identified in paragraph 3.03, and for all other relief to which BISD is entitled.

Respectfully submitted,

Baltazar Salazar
State Bar No. 00791590
1612 Winbern
Houston, Texas 77004
Tel. (713) 655-1300
Fax (713) 807-1930
Attorney for BISD

12

Ramon Garcia
State Bar No. 07641800
222 W. University
Edinburg, Texas
Tel. (956) 383-7441
Fax (956)
Attorney for BISD


Craig S. Smith
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843
Attorney for BISD

13