United States District Court
Southern District of Texas
FILED

SEP 0 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   On September 2, 2003, the parties met via teleconference.

   Jay W. Brown, Stephen R. Wedemeyer, and John V. Trevino attended on behalf of Plaintiff Royal Surplus Lines Insurance Company ("Royal").

   Craig Smith, Eric Jarvis, and Baltazar Salazar attended for Defendant Brownsville Independent School District ("BISD").

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   *Brownsville Independent School District vs. Royal Surplus Lines Insurance Company and Cavazos Insurance*; In the 103rd Judicial District Court of Cameron County Texas.

   *American Standard & The Trane Company vs. Brownsville Independent School District*; In the 357th Judicial District Court of Cameron County Texas.

   *Angel Castillo & Maria Rosalva Castillo, et. al vs. Carroll Dusang & Rand, Inc., et. al*; In the 197th District Court of Cameron County, Texas.

*Brownsville Independent School District vs. Stotler Construction Company, et. al*; In the 138th District Court of Cameron County, Texas.
   Dismissed by Plaintiff on November 5, 2002

3. **Specify the allegation of federal jurisdiction.**

   Diversity of citizenship, with the amount in controversy exceeding seventy-five thousand dollars ($75,000). 28 U.S.C. § 1332.

4. **Name the parties who disagree and the reasons.**

   BISD disagrees for the reasons set forth in its Motion to Dismiss or Abate Pending Resolution of the Parallel State Court Action (hereafter "Motion to Dismiss"), filed on or about June 30, 2003, and its anticipated supplemental filing.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   BISD's position is that there are no additional parties at this time; however, should the Court deny its Motion to Dismiss, BISD wishes to add Cavazos Insurance Agency ("Cavazos") and Cigna Lloyd Insurance ("Cigna") to this declaratory action.

   At this time, based on the information known, Royal cannot discern a need for either Cavazos or Cigna to participate in an action determining the rights and duties of Royal and BISD under their contracts for insurance.

6. **Listed anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   No party has made its Rule 26(a) disclosures. For the sake of judicial economy, the parties request a deferral of the Rule 26 disclosures until *after* the Court rules on the jurisdictional issues raised in BISD's Motion to Dismiss, filed on or about June 30, 2003.

459718.1                                                     2

If the Court does not dismiss or abate this declaratory action, the parties have agreed to make initial disclosures no later than 30 days *after* the entry of the Court's Order ruling on BISD's Motion to Dismiss.

9. **Describe the proposed agreed discovery plan, including:**

The parties agree that an early deadline for Motions for Summary Judgment would benefit the parties, may increase the possibility that the parties can amicably resolve the case, and/or may narrow the issues for any trial of this action. Some limited discovery may be necessary before the deadline for Motions for Summary Judgment.

After lengthy discussion, the parties were not able to agree on a discovery plan. Accordingly, the parties hereby submit alternate plans as follows:

BISD suggests the following dates:

| | |
|---|---|
| BISD Submits Proposed Joint Pre-Trial to Royal | September 7, 2003 |
| Joint Pre-Trial Order filed | September 15, 2003 |
| Designation of Royal's Experts | |
| Designation of BISD's Experts | 30 Days After Royal's Designations |
| Deadline for Joinder of Parties | November 1, 2003 |
| Daubert Motion Deadline | December 1, 2003 |
| Deadline for Amendment of Pleadings | December 31, 2003 |
| Discovery cut-off | January 30, 2004 |
| Dispositive Motion Deadline | January 30, 2004 |
| Final Pre-Trial Conference | January 30, 2004 |
| Trial | March 1, 2004 |

Royal believes that a March 2004 trial date is unreasonable and unworkable in a complex declaratory judgment action like this and suggests a September/October 2004 trial date, with all other deadlines being determined from that date.

459718.1                                    3

The parties respectfully respond to the remaining separately lettered portions of section 9 as follows:

A.   **Responses to all the matters raised in Rule 26(f):**

None of the matters raised in Rule 26(f) require the Court's special attention at this time, except for the issues on which the parties disagree, which include the order of expert designations, and a trial date. Both issues are discussed more fully in Section 10.

B.   **When and to whom Plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to BISD on or before 45 days after BISD's Interrogatories are served.

C.   **When and to whom Defendants anticipate they may send interrogatories.**

BISD will send interrogatories to Plaintiff, Cavazos (if joined), and Cigna (if joined) on or before initial disclosure are due or within 30 days of Royal's disclosures.

D.   **Of whom and by when Plaintiff anticipates taking oral depositions.**

Royal may seek to depose, among others, individuals and entities involved in the design, construction, maintenance, repairs of the schools at issue, those who discovered the claimed damage, and those involved with the insurance claims and related litigation. Also, a currently unknown number of employees and representatives of BISD. Additionally, discovery will reveal the identity of other individuals with knowledge of relevant facts, both fact and expert. The depositions will be completed by the discovery deadline ordered by the Court.

E.   **Of whom and by when Defendants anticipate taking oral depositions.**

BISD anticipates deposing corporate representatives of Royal, Cigna, GAB Robins, and Cavazos by its proposed discovery cutoff date of January 30, 2004.

F. **When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties disagree as to whom should designate experts first. *See* Section 10 below.

BISD proposes the following:

Royal: _____.

BISD: 30 Days after Royal designates experts.

Due to the inability of the parties to agree on a proposed trial date, Royal is unable to propose a date for expert designations, but suggests that 90 days before trial may be appropriate for the party with the burden of proof.

G. **List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert reports).**

BISD proposes that expert depositions be concluded within 60 days of the filing of expert reports.

Royal plans to depose all experts designated by BISD and anticipates that BISD will cooperate in scheduling such depositions no later than the discovery deadline ordered by the Court. (Within 50 days of their designation by BISD).

H. **List expert depositions Defendants anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert reports).**

BISD proposes that expert depositions be concluded within 60 days of the filing of expert reports.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

   • Trial Date

   BISD has proposed a February or March 2004 trial setting as a reasonable setting for trial of this declaratory action.

459718.1                                              5

Royal, however, does not agree that such a date is a reasonable setting for this complex declaratory action. As set out more fully in Royal's Complaint, BISD did not provide to Royal the reports on the schools at issue until well over a year from the date BISD filed its insurance claim. BISD has hired numerous experts who have studied the problems at the schools over a period of many, many months, and then produced lengthy, detailed, and technical reports. In addition, Royal has not yet been provided the opportunity for its experts to inspect the schools at issue. Adequate time for Royal's experts to examine the facilities and digest the tens of thousands of pages, many of which contain technical data, is necessary, just as it was necessary for BISD's many experts. It is, therefore, unreasonable to suggest that a February or March 2004 trial setting affords Royal and its experts a reasonable amount of time to study the issues and prepare for trial of this complex declaratory action.

- Order of Expert Designations

    BISD insists that its deadline to designate experts come 30 days *after* Royal designates its experts.

    Royal's position is that BISD, as an insured making a claim under an insurance policy, is the party with the burden of proof on the issue of coverage; therefore, BISD should be required to designate experts prior to Royal's designations.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    BISD disclosed CD-ROMs containing a substantial number of documents and other documents (hard copies), including reports from Assured Indoor Air Quality ("AIAQ"), Ambiotec Environmental Consultants ("Ambiotec"), and Engineering & Fire Investigations ("EFI"), relating to the insurance claim, causation, and damages.

12. **State the date the planned discovery can reasonably be completed.**

    At this point in time, BISD anticipates that planned discovery can reasonably be completed by the proposed January 30, 2004 discovery deadline.

    At this point in time, Royal anticipates that planned discovery can reasonably be completed 30 days prior to the September/October 2004 trial setting.

459718.1                                             6

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties discussed mediation, but agree that for mediation to be successful, significant discovery of the parties' claims and defenses, and perhaps a ruling on one or more dispositive motions on key, legal (coverage) issues must first be completed.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties discussed settlement.

    BISD has made a demand of $10 Million and has indicated that a second demand of $20.3 Million would be made prior to the Initial Pretrial Conference.

    Royal has offered $100,000.00 for all disputed claims.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties discussed mediation, but agree that for mediation to be successful, significant discovery of the parties' claims and defenses must first be completed, and the Court will need to first rule on one or more dispositive motions on key, legal (coverage) issues.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do *not* agree to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties are uncertain at this stage how long it will take for Plaintiff and Defendant to present the evidence in this case. Much will depend on the rulings on anticipated dispositive motions.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   BISD's Motion to Dismiss, filed on June 30, 2003, and its anticipated supplemental filing.

20. List other motions pending.

   None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

_____          9/5/03
Jay W. Brown                             Date
State Bar No. 03138830
SDT No. 1314
**Stephen R. Wedemeyer**
State Bar No. 00794832
SDT No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
SDT No. 23860
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEYS FOR PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY**

_____    9/5/03
Balbazar Salazar              Date
State Bar No. 00791590
SDT No. 18536
1612 Winbern
Houston, Texas 77004

**Craig S. Smith**
State Bar No. 18553570
SDT No. _____
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

**Ramon Garcia**
State Bar No. 07641800
SDT No. _____
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

**ATTORNEYS FOR DEFENDANT BISD**

459718.1                          9