IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES INSURANCE COMPANY,** | ' | |
| Plaintiff, | ' | |
| vs. | ' | CIVIL ACTION NO. B-03-109 |
| **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT,** | ' | |
| Defendant. | ' | |

PLAINTIFF ROYAL'S EXPEDITED MOTION
FOR EXTENSION OF DEADLINES

Plaintiff Royal Surplus Lines Insurance Company (Royal) files its Expedited Motion for Extension of Deadlines, respectfully showing:

I. STATEMENT OF FACTS

1. Royal filed this declaratory judgment action in this Court on June 9, 2003.

2. Brownsville Independent School District (BISD) filed its Motion to Dismiss or Abate Pending Resolution of the Parallel State Court Action (Motion to Dismiss) on June 30, 2003.[1]

3. This Court held an initial pretrial conference on September 15, 2003. At the initial pretrial conference, the Court considered BISD's motion to dismiss, hearing argument from both parties. The Court, however, took the motion to dismiss under advisement. At that time, the Court

---

1  On that same day, BISD also filed a lawsuit in Cameron County state court against Royal and Cavazos Insurance Agency. That cause of action is styled *Brownsville Independent School District vs. Royal Surplus Lines Insurance Company and Cavazos Insurance*; In the 103rd Judicial District Court of Cameron County Texas. That action is currently abated, due to BISD's continuing failure to provide Royal mandatory pre-suit notice under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *See* **Exhibit A**, Order abating state-court lawsuit.

#479846                                1

anticipated ruling within 30 days. As a result, the Court provided the parties a scheduling order with deadlines that were consistent with a ruling on the abatement/dismissal issue within 30 days.

4. On October 1, 2003, however, BISD filed a procedurally defective motion to withdraw its Motion to Dismiss. Specifically, the motion to withdraw did not contain a certificate of conference or proposed order. Consequently, the Court did not consider BISD's motion to withdraw until BISD finally cured the procedural defects and provided the Court the certificate of conference and proposed order in mid-November 2003. During this time, the Court did not rule on BISD's motion to dismiss either.

5. The defects having been cured, the Court granted BISD's motion to withdraw on November 18, 2003. The Order, entered on November 19, 2003, instructed BISD to file its answer by December 12, 2003, *only seven days before Royal's expert designations and reports are due*. The Court's September 16, 2003 Scheduling Order set Plaintiff's expert deadline as December 19, 2003 and the Defendant's expert deadline as January 23, 2003.

## II. ARGUMENT

6. Royal's complaint in this declaratory judgment action is very factually specific. Although informal discussions with counsel for BISD indicate there is agreement on some of the facts, it is not clear what BISD will allege in its answer. In fact, it is unclear whether the parties will dispute the cause and timing of some or all the damage made the basis of the insurance claim underlying this declaratory action. It is also unclear whether there will be a counterclaim filed by BISD seeking declaratory relief or alleging contractual and/or extra-contractual damages. In its currently abated lawsuit in Cameron County state court, BISD included bad faith claims against Royal. BISD's counterclaims would likely qualify as compulsory counterclaims under Fed. R. Civ. P. 13. Once BISD answers, Royal will need to serve contention interrogatories and other written

#479846 2

discovery on BISD to flesh out BISD's contentions. A few fact depositions may also be required in advance of producing expert reports.

7. Expert reports in this case will be very time consuming and costly, due to the voluminous amount of documents to review (several thousand). Further, without knowing if and how the parties disagree as to certain issues – *e.g.*, the cause and timing of the claimed damage to the schools, it is humanly impossible for Royal to conduct meaningful discovery, retain experts and have comprehensive expert reports generated that will address all the issues between the parties, which may or may not including causation and the timing of claimed damage. Further, in advance of its expert deadline, Royal will need time to retain experts and have them prepare comprehensive reports to address any potential counterclaims for contractual damages or "bad faith" that BISD may include in its answer -- which has not been filed to date.

8. Royal, therefore, asks the Court to extend the parties' expert deadlines by 60 days, the approximate amount of time BISD's Motion to Dismiss was pending between the September 15, 2003 Initial Pretrial Conference and the Court's November 19, 2003 Order withdrawing the BISD Motion. Additionally, Royal asks the Court to extend, as necessary, any other deadlines accordingly.

### III. REQUEST FOR HEARING

9. Royal respectfully requests a hearing on its Expedited Motion to Extend Deadlines. At such time the parties can address with the Court whether any other deadlines may be impacted by the requested extension of the expert deadlines.

## IV. CONCLUSION

For all the reasons provided herein, Plaintiff Royal Surplus Lines Insurance Company asks that the Court grants its Expedited Motion to Extend Deadlines and that the Court grant Royal any and all other relief to which it is entitled.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
Stephen R. Wedemeyer
State Bar No. 00794832
S.D.T. No. 19797
John V. Trevino, Jr.
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

#479846                                   4

## CERTIFICATE OF CONFERENCE

Counsel for Royal spoke at length with Mr. Craig Smith on November 26, 2003 about the subject matter of this motion. Mr. Smith stated that he likely would agree to an extension, but could not do so until conferring with his various co-counsel. Mr. Smith asked that a proposed letter agreement be sent to him for consideration. Royal did so on the morning of November 26, 2003. *See* **Exhibit B.** BISD has not responded as of the time this motion was filed.

_____
Jay W. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on November 26th, 2003.

| | |
|---|---|
| Craig S. Smith<br>LAW OFFICE OF CRAIG S. SMITH<br>14493 S.P.I.D., Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via CM/RRR and Facsimile* |
| Baltazar Salazar<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail Return Receipt Requested* |
| Ramon Garcia<br>LAW OFFICE RAMON GARCIA, P.C.<br>222 W. University<br>Edinburg, Texas 78539 | *Via Certified Mail Return Receipt Requested* |

*Attorneys for Defendant BISD*

_____
Jay W. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES INSURANCE COMPANY,** | ' | |
| **Plaintiff,** | ' | |
| vs. | ' | **CIVIL ACTION NO. B-03-109** |
| **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT,** | ' | |
| **Defendant.** | ' | |

## ORDER

On this day the Court considered Plaintiff Royal's Expedited Motion for Extension of Deadlines. The motion is GRANTED.

IT IS THEREFORE ORDERED that the September 16, 2003 Scheduling Order is hereby amended to reflect the following deadlines for expert designations by the parties (including production of reports):

    Plaintiff:    February 20, 2004

    Defendant:    March 24, 2004

Signed this _____ day of _____, 2003.

                                                         Andrew S. Hanen
                                                         United States District Judge

CAUSE NO. 2003-06-3344-D

| | | |
|---|---|---|
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, Plaintiff, | § § § § | IN THE DISTRICT COURT |
| vs. | § § § | 103rd JUDICIAL DISTRICT |
| ROYAL SURPLUS LINES INSURANCE COMPANY and CAVAZOS INSURANCE Defendants. | § § § § | CAMERON COUNTY, TEXAS |

### ORDER ON ROYAL SURPLUS LINES INSURANCE COMPANY'S VERIFIED PLEA IN ABATEMENT

On this date, the Court considered Royal Surplus Lines Insurance Company's ("Royal's") Verified Plea in Abatement ("Plea in Abatement"). After considering the pleadings, the Plea in Abatement, the response, and after a hearing on the motion, if any, the Court is of the opinion that it is meritorious. Therefore, the Court GRANTS Royal's Plea in Abatement. The Court, therefore, abates Plaintiff Brownsville Independent School District's ("BISD's") lawsuit until 60 days after BISD provides the required written notice to Royal.

SIGNED this 14 day of October, 2003.

10/15/03 COPIES TO:
ALL KNOWN COUNSEL



JUDGE PRESIDING

FILED 10:00 O'CLOCK A M
AURORA DE LA GARZA DIST CLERK
OCT 15 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS


RECEIVED
10-20-03

419270.1


"EXHIBIT"

# Wedemeyer, Steve R.

**From:** Wedemeyer, Steve R.
**Sent:** Wednesday, November 26, 2003 11:13 AM
**To:** 'csslaw@stx.rr.com'
**Subject:** BISD letter agreement re: experts

Craig -

Per our discussion this morning, please see attached: (1) proposed letter agreement; (2) current 9/16/03 scheduling order; and (3) Court's 11/19/03 Order.

Please call me with any questions and advise whether you agree to the extensions as soon as possible.

Happy holidays.

Sincerely,

Stephen R. Wedemeyer
Beirne, Maynard & Parsons, LLP
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Tel.: 713-960-7349
Fax: 713-960-1527
swedemeyer@bmpllp.com

479832_1.WPD


Current Sched Order.pdf


Letter and Order.pdf

**"EXHIBIT"**

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

JAY W. BROWN
PARTNER

BOARD CERTIFIED
CIVIL TRIAL LAW
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

DIRECT DIAL: (713) 960-7306
E-MAIL: jbrown@bmpllp.com

November 26, 2003

Mr. Craig S Smith                    *Via Facsimile 361-949-0843 and e-mail csslaw@stx.rr.com*
Law Offices of Craig Smith
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

   RE:   Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Craig:

   Pursuant to your discussion this morning with my partner, Steve Wedemeyer, I am sending you this proposed letter agreement. In light of the fact that BISD has not yet answered this lawsuit, has not filed any counterclaims that it may intend to file, and is not required, pursuant to the Court's 11/19/03 Order, to answer Royal's Complaint until December 12, 2003, Royal proposes that Plaintiff's expert deadline and Defendant's expert deadline each be extended by 60 days.

   As you will recall, pursuant to the current (9/16/03) scheduling order (attached), which was entered before BISD withdrew its 6/30/03 motion to dismiss or abate, Plaintiff is required to designate experts on December 19, 2003 and Defendant is required to designate experts on January 23, 2004.

   Royal intends to today file an expedited motion to extend the expert deadlines and request a status conference with the Court. Accordingly, I would request that you consult with your co-counsel and advise immediately as to whether BISD will agree to or oppose the extension. If BISD agrees, please sign where indicated below and return to Steve Wedemeyer by facsimile at 713-960-1527.

Mr. Craig S Smith
Law Offices of Craig Smith
November 26, 2003
Page 2

Please call Steve Wedemeyer, John Trevino or me with any questions.

Very truly yours,

Jay W. Brown

JWB:srw
Enclos
#479832.1

**AGREED:**

---
Craig Smith
Attorney for Defendant, BISD

cc:   SRW [firm]
      JVT [firm]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## ORDER

On _November 18, 2003_ the Court considered BISD's motion to withdraw it previously filed motion to dismiss or abate. This motion is granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that BISD's motion to dismiss or abate is withdrawn on the date this order is signed. The Court further orders that BISD's answer is due on _December 12, 2003_. The Court shall set other deadlines by written order.

_____
Judge Hanen

_11/18/03_
Date

*12*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 16 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

ROYAL SURPLUS LINS INSURANS CO. §
§
VS. § CIVIL ACTION NO. B-03-
§ B-03-109
BROWNSVILLE IND. SCHOOL DISTRICT §

## Scheduling Order

1. Trial: Estimated time to try: __2 weeks__    ☐ Bench  ■ Jury

2. New parties must be joined by: _____
   *Furnish a copy of this scheduling order to new parties.*

3. The plaintiff's experts will be named with a report furnished by:    December 19, 2003

4. The defendant's experts must be named with a report furnished by:    January 23, 2004

5. Discovery must be completed by:    April 30, 2004

   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court. No continuance will be granted because of information acquired in post-deadline discovery.*

6. Dispositive Motions will be filed by:    February 27, 2004

   Non-Dispositive Motions will be filed by:    April 30, 2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  The Court will provide these dates.  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

7. Joint pretrial order is due:    May 14, 2004

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Docket Call is set for 1:30 p.m. on:    May 24, 2004

9. Jury Selection is set for 9:00 a.m. on:*    June 3, 2004

*Counsel to do voir dire. Jury to be twelve(12) members (not including alternates) with ten (10) or more members required to reach a verdict.

The case will remain on standby until tried.

Signed this the __15th__ day of __September__, 2003.

Andrew S. Hanen
United States District Judge

xc: ALL COUNSEL OF RECORD