```
                                              United States District Court
                                               Southern District of Texas
              IN THE UNITED STATES DISTRICT COURT        FILED
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      BROWNSVILLE DIVISION             DEC 1 2 2003
```

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | Michael N. Milby |
| INSURANCE COMPANY, | § | Clerk of Court |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | JURY |
| SCHOOL DISTRICT, | § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE HANEN:

COMES NOW Brownsville Independent School District ("BISD"), nominally a defendant herein, and files this Original Answer and Original Counterclaim to Plaintiff's Original Complaint for Declaratory Judgment (the "Complaint") filed by Royal Surplus Lines Insurance Company ("RSL"). BISD respectfully shows the Court as follows:

#### A. Admissions and Denials

1. Defendant, BISD, admits the allegations in paragraphs 1, 2, 3, and 4.

2. Defendant, BISD, admits to the portions quoted in paragraph 5, however, Defendant is without knowledge or information sufficient to form a belief and representation that other insurance policies may exist prior to September 1, 1996.

3. Defendant, BISD, admits the allegations in paragraph 6.

4. Defendant, BISD, denies the allegations in paragraphs 7, 8, and 9.

5. Defendant, BISD, denies the allegations in paragraph10, however, Defendant does admit that "Rimkus Consulting Group issued a report in July 1999, Assured Indoor Air Quality issued various reports in 2001 and 2002, Ambiotec Environmental Consultants issued a report in

1

May 2002, and Engineering & Fire Investigations issued a report in January 2003."

5. Defendant, BISD, admits the allegations in paragraph 11.

6. Defendant, BISD, admits in paragraph 12 that a Notice of Loss was sent to Plaintiff, as the letter speaks for itself, however, Defendant denies that no further information was provided to Plaintiff.

7. Defendant, BISD, is without knowledge or information sufficient to form a belief as to the truth of paragraphs 13, 14, and 15.

8. Defendant, BISD, admits in paragraph 16 that a second Notice of Loss was sent to Plaintiff, as the letter speaks for itself.

9. Defendant, BISD, admits in paragraph 17 that it provided Plaintiff with materials listed in paragraph 17 in support of Defendant's claim for damages at Aiken and Besteiro, however, Defendant denies that these materials had long been in its possession.

10. Defendant, BISD, admits the allegations in paragraph 18, 19, 20, 21, and 22.

11. Defendant, BISD, admits in paragraph 23 that a letter dated January 22, 2003 was sent with accompanying materials as the letter speaks for itself.

12. Defendant, BISD, admits in paragraph 24 that a Proof of Loss was sent as the Proof of Loss speaks for itself, however, Defendant denies the remainder of paragraph 24.

13. Defendant, BISD, is without knowledge or information sufficient to form a belief as to the truth the averment stated in paragraph 25, however, Defendant admits that Plaintiff did send a February 21, 2003 letter rejecting the proof of loss submitted by Defendant.

14. Defendant BISD, admits in paragraph 26 that a letter was sent by Plaintiff, as the letter speaks for itself.

15. Defendant BISD denies the allegation in paragraph 27.



2

16.   Defendant, BISD, admits the allegations in paragraph 28.

17.   Defendant, BISD, admits in paragraph 29 that the amount in controversy well exceeds $75,000.00, however, Defendant denies that a controversy exists as Defendant takes the position that no coverage controversy exists and this declaratory action was taken as a matter of policy to delay the payment of a covered loss.

18.   Defendant, BISD, denies that the selected policy provisions in paragraph 30 are the only relevant provisions, as all of the policy provisions should be read and interpreted as a whole.

19.   Defendant, BISD, denise paragraph 31, as all of the policy terms, conditions, and provisions should be read and interpreted as a whole.

20.   Defendant, BISD, denies paragraphs 32, 33, 34, 35, and 36 as it is without knowledge or information sufficient to form a belief as to the truth of the averment of the paragraphs as Defendant takes the position that no coverage controversy exists and this declaratory action was taken as a matter of policy to delay the payment of a covered loss.

### B. Counterclaim Facts

21.   Defendant, BISD, is the insured under, "a series of commercial property insurance policies issued...by [RSL] that were effective between September 1, 1996 and April 1, 2002." These policies (the "Policies") "insured the subject properties," *i.e.*, BISD's Besteiro Middle School and Bruce Aiken Elementary School. Due to water damage problems in both schools, both schools were closed on January 2002.

22.   Defendant, BISD, filed a Notice of loss claim with Plaintiff under one of the Policies. Plaintiff alleges "[o]n or around November 21, 2001, BISD...made a claim under...Policy No. KHT318271...for damage and loss to...[the Schools]." Complaint in

3

paragraph 12. Plaintiff admits it received BISD's claim, and even "began its investigation of the claim." at paragraph 13. Nineteen months later, however, Plaintiff has yet to accept or reject the claim. In the interim, BISD provided Notice of Loss for damage and loss to the Schools under the other three Policies at issue in this action, at paragraph 16. That claim, too, has yet to be accepted or rejected by Plaintiff. Instead, Plaintiff has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, at paragraphs 26 and 28, and (iii) now sought a declaration as to "its coverage obligations...under the Policies relative to the first-party claim made thereunder by BISD," at paragraph 35. In other words, Plaintiff refuses to take a position as to coverage, and has simply thrown the matter into this Court's lap

23. Defendant, BISD, has suffered property losses at Besteiro and Aikens schools. This has caused various property losses which are covered by one or more of the policies identified in paragraph 5.

## C. CAUSES OF ACTION
### FIRST COUNT: BREACH OF CONTRACT

24. In the relevant insurance policies Plaintiff, Royal, promised to cover direct physical loss of or damage to Covered Property.

25. Defendant, BISD has suffered losses to covered property at The Schools. None of the losses for which BISD seeks indemnification are excluded by any policy provision.

26. Plaintiff, Royal, has failed and is failing to comply with its contractual obligations, including its obligation to indemnify BISD for such losses.

27 Defendant, BISD, has complied with all conditions precedent to enforcement of these contracts. In Addition, BISD, alleges that it has complied with all of its obligations under

4

these policies and Royal therefore has a duty to indemnify under these policies

28. Direct and consequential damages are resulting to Defendant, BISD, due to Plaintiff's, Royal's, failure to comply with its contractual obligations. The damages include, but are not limited to:

   a. Future remediation and construction costs: $8.3 million;

   b. Past remediation costs: $1 million;

   c. Incidental Costs $4 million;

   d. And future unknown costs.

29. Defendant, BISD, seeks reasonable attorneys' fees for necessary services.

## SECOND COUNT: COMMON LAW MISREPRESENTATION

30. Plaintiff, Royal, represented that it would indemnify BISD for direct physical loss of or damage to Covered Property, including Aiken and Besteiro. Royal represented it was a suitable and responsible insurer and would comply in good faith with its obligations under these insurance contracts.

31. These representations were false when made. Alternatively, Royal recklessly and positively stated they would comply. But at the time such representations were made they did not know if they really would. Instead of forthrightly complying with its responsibilities under these contracts, Royal has attempted and is attempting to avoid its obligations to indemnify Defendant, BISD, through an ongoing scheme to misrepresent or manufacture and present groundless excuses for denying coverage.

32. The representations alleged in paragraph 30, by Plaintiff were intended to and did induce BISD's reliance. If Defendant, BISD, had known that Royal had no fixed intention of performing these promises it would have not sought and acquired indemnification from Royal

5

but would have done so from a reputable insurer.

33. This scheme to misrepresent is proximately causing damages to BISD. The damages include direct or out of pocket damages in the form of property loss as alleged in paragraph 28.

### THIRD COUNT: INSURANCE CODE AND DTPA VIOLATIONS

34. Defendant, BISD, further alleges that Royal violated TEX. CIV. PRAC. & REMS CODE ANN. §17.46(b) (Vernon 2001), in the following particulars:

   a. Representing that the insurance policies have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; or

   c. failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

35. Defendant, BISD, further alleges that Royal violated TEX. INS. CODE ANN. ART. 21.55 §3 by wrongfully denying BISD's claim as Royal failed to promptly pay the claim within sixty days of receipt of all items necessary to make coverage determinations.

36. Defendant, BISD, further alleges that Royal violated TEX. INS. CODE ANN. ART. 21.55 §6 by wrongfully denying BISD's claim as Royal failed to promptly pay the claim within sixty days of receipt of all items necessary to make coverage determinations and thus making them liable for the amount of the claim, 18 percent annum of the amount of such claim as damages, reasonable attorney's fees, and costs of filing suit.

6

37. Plaintiff, Royal, violated art. 21.21, §4(10) of the Insurance Code by engaging in unfair settlement and handling practices in the following respects:

a. misrepresenting to BISD claimant a material fact or policy provision relating to coverage at issue;

b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c. failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

d. failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

e. failing within a reasonable time to:

1) affirm or deny coverage of a claim to a policyholder; or

2) submit a reservation of rights to a policyholder;

f. refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

7

 g. undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim; or

 h. refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

38. Plaintiff, Royal, violated art. 21.21, §4(11) of the Insurance Code by making misrepresentations and failing to disclose facts as follows:

Misrepresenting an insurance policy by:

 a. making an untrue statement of material fact;

 b. failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; or

 c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

39. Plaintiff, Royal, has intentionally or knowingly breached duties owed to BISD under the DTPA and Insurance Code and BISD is therefore entitled to additional, treble, or multiple damages.

40. Defendant, BISD, seeks reasonable attorneys' fees for necessary services under the DTPA and Insurance Code.

## FOURTH COUNT: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

41. Plaintiff, Royal, further breached the common-law duty of good faith and fair dealing since a special relationship existed between Royal as the insurer, and BISD as the insured, since Royal exerted control over BISD's claim. Royal further owed a duty of good faith

8

and fair dealing towards the insured in evaluating or settling claims by the insured, as Royal had unequal bargaining power when compared to BISD. The nature of the claim created a conflict of interest between the insurer, Royal, and the insured, BISD. Finally, the insurer, Royal had exclusive control over the evaluation, processing and denial of the claim.

### FIFTH COUNT: EXEMPLARY, PUNITIVE OR MULTIPLE DAMAGES

42. Defendant, BISD, alleges Royal is liable for exemplary, punitive, and multiple damages because they have engaged in several insurance code violations.

43. Plaintiff, Royal, has engaged in securing execution of a document by deception.

### D. JURY DEMAND

44. Counter-Plaintiff, BISD, demands a jury.

### E. PRAYER

45. Defendant, Counter-Plaintiff, BISD, moves this Court to set this matter for a prompt trial to render judgment for damages and that Plaintiffs, Counter Defendant take nothing and that Defendant, Counter-Plaintiff take judgment for an amount determined by the trier of fact and that Defendant, Counter-Plaintiff have judgment declaring its rights under the policies made for the basis of this suit, and for all other relief to which BISD is entitled.

Respectfully submitted,

Baltazar Salazar
Fed. No. 18536
State Bar No. 00791590
1612 Winbern
Houston, Texas 77004
Tel. (713) 655-1300
Fax (713) 807-1930
Attorney In Charge for BISD

9

OF COUNSEL FOR BISD
Ramon Garcia
State Bar No. 07641800
Federal Bar No. 3936
Catherine Smith
State Bar No. 18547080
Federal Bar No. 19360
222 W. University
Edinburg, Texas
Tel. (956) 383-7441
Fax (956) 381-0825
Attorneys for BISD

Craig S. Smith
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843
Attorney for BISD

## CERTIFICATE OF SERVICE

I certify that this 12th day of December this document was served by U.S. mail on the Attorney in Charge for Royal Surplus Lines Insurance Company at the following address:

Jay W. Brown
1300 Post Oak Blvd., suite 2400
Houston, Tx. 77056

Baltazar Salazar