

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 6 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § § | |
| Defendant. | | |

### PLAINTIFF ROYAL'S ORIGINAL ANSWER TO DEFENDANT BISD'S COUNTERCLAIM

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff/Counter-Defendant Royal Surplus Lines Insurance Company ("Royal") files its Original Answer to Defendant/Counter-Plaintiff Brownsville Independent School District's (BISD's) Counterclaim, respectfully showing:

**I.**

**First Defense**

1.   Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, BISD's counterclaim fails to state a claim upon which relief can be granted.

**Second Defense**

2.   In accordance with Rule 9(b) and/or Rule 12(b) of the Federal Rules of Civil Procedure, Royal alleges that BISD has failed to plead its Texas DTPA and Insurance Code claims with particularity

as required by Rule 9(b). The pleading requirements of Fed. R. Civ. P. Rule 9(b) apply to Texas DTPA and Insurance Code claims. *See Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp. 2d 734, 742 (S.D. Tex. 1998). Accordingly, Royal requests that the Court require BISD to replead its counterclaim, and if BISD fails to do so with particularity, then such counterclaims be stricken.

### Third Defense

3. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Royal moves for a more definite statement. BISD's counterclaim is so vague with respect to its allegations of misrepresentation against Royal, that Royal is unable to file a responsive pleading to those claims. Therefore, the Court should require BISD to amend its counterclaim with a more definite statement.

4. A motion for a more definite statement is proper when a counterclaim is so vague or ambiguous that the counter-defendant cannot frame a responsive pleading. Fed. R. Civ. P. 8(a)(2). In paragraphs 30 through 40 of its counterclaim, BISD alleges common-law misrepresentation claims, as well as claims of misrepresentation under the Texas Insurance Code and the Texas Deceptive Trade Practice Act ("DTPA"). These allegations, however, are wholly conclusory and practically devoid of any alleged facts. Plaintiff has not pleaded enough facts regarding Royal's alleged misrepresentations to allow Royal to file a responsive pleading. Because BISD's counterclaim is vague and ambiguous, the Court should require BISD to amend its counterclaim with a more definite statement regarding its alleged misrepresentation claims.

## II.

### Answer

Subject to and without waiving the foregoing defenses, Royal answers the specific allegations of

BISD's counterclaim as follows:

A. **Counterclaim Facts**

5. Royal admits the portions of paragraph 21 that BISD is the insured under "series of commercial property insurance policies issued... by [RSL] that were effective between September 1, 1996 and April 1, 2002." Royal admits that these policies insured Besterio Middle School ("Besterio") and Bruce Aiken Elementary School ("Aiken"). However, Royal does not have sufficient information or knowledge to form a belief as to whether or not both schools were "closed" in January 2002 due to "water damage."

6. Royal admits the allegations in paragraph 22 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies all other allegations and/or statements in paragraph 22.

7. Royal does not have sufficient information or knowledge to form a belief on paragraph 23 as to whether or not BISD has suffered "property losses" at Besteriro and Aiken, although Royal is aware BISD has experienced mold problems at their facilities. Royal denies the portion of paragraph 23 that states: "[t]his has caused various property losses which are covered by one or more of the policies."

B. **Causes of Action**

8. Royal admits paragraph 24 only to the extent that it issued certain insurance policies to BISD, which contain appropriate conditions of coverage, exclusions, and limitations.

9. Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has "suffered losses to covered property at The Schools", as vaguely stated in paragraph 25 of BISD's counterclaim. Royal denies the allegations in the remainder of paragraph 25 of BISD's counterclaim.

10. Royal denies the allegations in paragraph 26 of BISD's counterclaim.

11. Royal denies the allegations in paragraph 27 of BISD's counterclaim.

12. Royal denies the allegations in paragraph 28 of BISD's counterclaim.

13. The allegations in paragraph 29 of BISD's counterclaim do not require a response. To the extent they do, Royal admits only that BISD has made a breach of contract claim in their counterclaim, and Royal denies that BISD has such a cause of action.

14. Royal admits paragraph 30 only to the extent that it issued insurance policies to BISD, which contain appropriate conditions of coverage, exclusions, and limitations. BISD fails to identify specific information regarding the representations allegedly made by Royal, including the person who is alleged to have made the representations, where they were made, and when they were made. Without this information, Royal cannot admit or deny whether the alleged representations were ever made.

15. Royal denies the allegations in paragraph 31 of BISD's counterclaim.

16. Royal denies the allegations in paragraph 32 of BISD's counterclaim.

17. Royal denies the allegations in paragraph 33 of BISD's counterclaim.

18. Royal denies the allegations in paragraph 34 of BISD's counterclaim.

19. Royal denies the allegations in paragraph 35 of BISD's counterclaim.

20. Royal denies the allegations in paragraph 36 of BISD's counterclaim.

21. Royal denies the allegations in paragraph 37 of BISD's counterclaim.

22. Royal denies the allegations in paragraph 38 of BISD's counterclaim.

23. Royal denies the allegations in paragraph 39 of BISD's counterclaim.

24. The allegations in paragraph 40 of BISD's counterclaim do not require a response. To the extent they do, Royal admits only that BISD has made claims for alleged violations of the Texas Insurance Code and DTPA, and Royal denies that BISD has such causes of action.

25. Royal denies the allegations in paragraph 41 of BISD's counterclaim.

26. Royal denies the allegations in paragraph 42 of BISD's counterclaim.

27. Royal denies the allegations in paragraph 43 of BISD's counterclaim.

28. Paragraph 44 of BISD's counterclaim does not require a response.

29. Royal denies that BISD is entitled to the relief sought in its prayer for relief, numbered as paragraph 45 of BISD's counterclaim.

## III.

### Affirmative Defenses

Subject to and without waiving the foregoing, and for further answer, Royal asserts the following conjunctive and/or alternative affirmative defenses:

BISD's damages, if any, are the result, in whole or in part, of BISD's own negligence, fault, acts and/or omissions, or breach of contract, breach of other duties, or violation of statute by BISD or its agents, representatives, and/or employees;

30. BISD's damages, if any, are the result of acts and/or omissions, fault, negligence, or breach of contract, or breach of other duties, of persons, entities, or parties over whom Royal had no control and

for whom Royal has no legal responsibility;

31. If BISD has suffered any damages, it has failed to mitigate them;

32. Royal denies that it breached any duty of good faith and fair dealing;

33. Royal denies that it failed to conduct a reasonable and proper investigation of the claim;

34. Royal denies that it breached any contract of insurance;

35. BISD's counterclaims are barred because BISD breached one or more contracts of insurance by failing to cooperate with Royal and failing to comply with other conditions precedent contained in the Policies. BISD failed to take all reasonable steps to protect covered property from further damage, and BISD failed to make its records available to Royal (*see* Loss Conditions);

36. BISD disregarded Royal's rights under the Policies, and thereby failed to cooperate and comply with the cooperation clause of the Policies, as well as the other conditions precedent to coverage;

37. The Policies do not provide coverage for loss or damage caused directly or indirectly by water (Exclusion 1.g (1), (3) and (4));

38. The Policies do not provide coverage for loss or damage caused by or resulting from "dampness or dryness, cold or heat, extremes or changes in temperature", and/or from wear and tear, fungus, decay, deterioration, hidden or latent defect, or any quality in the property that causes it to damage or destroy itself, and/or from the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" Further, expenses to extract "pollutants" and contaminants may have special reporting requirements and special limits, depending on the applicable forms allegedly triggered;

39. The Policies do not provide coverage for loss or damage caused by or resulting from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation; materials

used in repair, construction, renovation or remodeling; or maintenance (Exclusion 3.c (1)-(4));

40. BISD's claim for insurance coverage is time-barred;

41. BISD's claim for insurance coverage is barred by laches;

42. BISD's claim for insurance coverage is excluded by the explicit Policy exclusion for fungus;

43. BISD's alleged claim for mold and/or water damage is barred because any such loss was not fortuitous;

44. BISD's alleged claim for insurance coverage is barred because it was not made timely as required under the Policy;

45. BISD's counterclaims are barred under the Policies for any loss or damage that did not commence during a policy period;

46. BISD's counterclaim for mold is barred under the Policies based on the "known loss"/"loss in progress" doctrine;

47. BISD has failed to show any damage or loss that comes within the terms and conditions of any potentially applicable contract of insurance, and, thus, its extra-contractual counterclaims are barred;

48. Any claimed loss or damage coming within the terms and conditions of any potentially applicable contract of insurance may be excluded and/or limited by applicable policy exclusions and/or limitations;

49. BISD's counterclaims are barred because BISD failed to comply with all applicable notice provisions;

50. BISD's counterclaim for insurance coverage is barred under one or more Policies, because BISD failed to bring its alleged action against Royal "within 2 years and one day after the date on which

the direct physical loss or damage occurred." (*See* Commercial Property Conditions, D., Texas Changes, F.1.b.);

51. BISD's counterclaims are barred because BISD does not come within the insuring language of the policies and policy terms, on which BISD has the burden of proof;

52. BISD's counterclaims are barred by the terms, conditions, definitions, exclusions, and limitations in the Policies;

53. BISD failed to act as a reasonably prudent insured;

54. BISD's counterclaims for extra-contractual damages must be denied because the acts and/or omissions of BISD or its agents, representatives, and/or employees constitute a waiver of such claims against Royal, or as a result of such acts and/or omissions, BISD is estopped from asserting counterclaims for extra-contractual damages whether under the common law or the Texas Insurance Code, or any other statute;

55. BISD is not a consumer under the Texas Business and Commerce Code and therefore is barred from asserting a counterclaim under that statute. In paragraph 34 of its Counterclaim, BISD's alleges claims for violations of the DTPA. BISD incorrectly cites these claims as falling under § 17.46 (b) of the Tex. Civ. Prac. & Rem. Code Ann. These types of claims, however, fall under § 17.46 (b) of the Texas Business and Commerce Code. *See* Tex. Bus. & Com. Code § 17.46 (b);

56. Royal pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case;

57. Royal acted in good faith in handling and investigating BISD's claim;

58. BISD's counterclaims against Royal are barred by the doctrine of unclean hands;

59. BISD cannot recover punitive damages in this case because such an award would be unconstitutional, illegal, and against public policy. In the alternative, any award of punitive damages must be supported by clear and convincing evidence and further, the ratio of punitive damage to actual damages must be constitutionally permissible;

60. BISD's extra-contractual counterclaims are barred because BISD's contractual counterclaims are barred;

61. BISD has failed to plead its Insurance Code and DTPA violation counterclaims and common-law misrepresentation counterclaim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, and such counterclaims must be re-pleaded or stricken;

62. BISD's counterclaims are barred because BISD has failed to comply with conditions precedent; and/or

63. BISD's counterclaims are barred based on judicial estoppel.

THEREFORE, Plaintiff/Counter-Defendant Royal prays that upon trial hereof, it have judgment that Defendant/Counter-Plaintiff BISD take nothing against Royal, and that Royal receive its reasonable and necessary attorney's fees and costs, as well as all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

_____
Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on January __2__, 2004.

| | |
|---|---|
| Craig S. Smith<br>LAW OFFICE OF CRAIG S. SMITH<br>14493 S.P.I.D., Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via Certified Mail/Return Receipt Requested* |
| Baltazar Salazar<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail Return Receipt Requested* |
| Ramon Garcia<br>LAW OFFICE RAMON GARCIA, P.C.<br>222 W. University<br>Edinburg, Texas 78539 | *Via Certified Mail Return Receipt Requested* |

*Attorneys for Defendant BISD*

_____
Jay W. Brown