

United States District Court
Southern District of Texas
FILED

JAN 0 6 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

### PLAINTIFF ROYAL'S MEMORANDUM IN SUPPORT OF ITS
### MOTION FOR MORE DEFINITE STATEMENT

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff/Counter-Defendant Royal Surplus Lines Insurance Company ("Royal") files this Memorandum in Support of Its Motion for More Definite Statement, as authorized by Federal Rule of Civil Procedure 12(e), and respectfully shows:[1]

1. Royal filed a declaratory judgment action in this court arising from a dispute in connection with a series of commercial property insurance policies issued to BISD by Royal that insured Besteiro Middle School ("Besteiro") and Bruce Aiken Elementary School ("Aiken"), both located in Brownsville, Texas.

---

[1] Royal included a Fed. R. Civ. P. 12(e) motion in its Answer to Defendant/Counter-Plaintiff's Original Counterclaim.

485482.1

2.      On or about June 30, 2003, BISD filed a lawsuit in Cameron County state court.[2] In addition to seeking a declaratory judgment from the state court, BISD asserted five separate causes of action against Royal in the later-filed suit under the following theories: (1) breach of contract; (2) common-law misrepresentation; (3) violations of the Texas Insurance Code; (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and (5) common-law breach of the duty of good faith and fair dealing. Royal has never received the required written notice from BISD or its counsel of the alleged claims under the Texas Insurance Code. Accordingly, the state court has abated that lawsuit until 60 days after service by BISD of written notice in compliance with the statute. *See* Tex. Ins. Code Ann. art. 21.21, §§ 16(h) & (i).

3.      BISD filed its Original Answer and Counterclaim on or about December 12, 2003. BISD's counterclaim includes claims for alleged breach of contract, as well as a number of broad, conclusory and vague, extra-contractual claims, such as claims for bad faith, Texas Insurance Code violations, DTPA violations, and common-law misrepresentation. Although uncertain as to what BISD is claiming, Royal denies and disputes that Royal has any legally viable extra-contractual claims against Royal.

4.      Royal files this Memorandum in Support of Its Motion for More Definite Statement to ask the Court to order BISD to amend its pleadings to specify its alleged claims against Royal. A motion for more definite statement is proper when a counterclaim is so vague or ambiguous that a responsive pleading cannot be framed. Fed. R. Civ. P. 8(a)(2); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).

---

[2] That cause of action is styled *Brownsville Independent School District vs. Royal Surplus Lines Insurance Company and Cavazos Insurance*; In the 103rd Judicial District Court of Cameron County Texas.

485482.1                                    2

5. Royal asks the Court to order BISD to plead its misrepresentation claims and allegations against Royal with particularity. The allegations regarding misrepresentation against Royal are so vague and devoid of specific facts that Royal is unable to file a responsive pleading; therefore, the Court should require BISD to amend its counterclaim with a more definite statement of its misrepresentation claims and allegations.

7. In paragraphs 30 and 31 of its Counterclaim, BISD alleges the following:

> Plaintiff, Royal, represented that it would indemnify BISD for direct physical loss of or damage to Covered Property, including Aiken and Besterio. Royal represented it was a suitable and responsible insurer and would comply in good faith with its obligations under these insurance contracts.
>
> These representations were false when made. Alternatively, Royal recklessly and positively stated they would comply. But at the time such representations were made they did not know if they really would. Instead of forthrightly complying with its responsibilities under these contracts, Royal has attempted and is attempting to avoid its obligations to indemnify Defendant, BISD, through an ongoing scheme to misrepresent or manufacture and present groundless excuses for denying coverage.

8. BISD also alleges bad faith and violations of the DTPA and Insurance Code, which are based, at least in part, on allegations of misrepresentation and/or fraud. The pleading requirements of Rule 9(b)[3] apply to claims of fraud and to Texas DTPA and Insurance Code claims. *See Williams v. WMX Technologies,* Inc., 112 F.3d 175, 177 (5th Cir. 1997) (Fraud); *see also Frith v. Guardian Life Ins. Co. Of America,* 9 F. Supp.2d 734, 742 (S.D. Tex. 1998) (DTPA and Insurance Code violations). BISD's allegations, however, are completely devoid of facts as to how Royal allegedly misrepresented terms and provisions of the policies. BISD simply has not pleaded enough facts to give Royal any notice of what

---

[3] Rule 9 (b) states, in relevant part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See* Fed. R. Civ. P. Rule 9 (b).

485482.1                                      3

BISD is alleging against Royal. Notably missing are any factual allegations as to who specifically made the representations, to whom the representations were made, the substance of the representations, and how the representations were made. Accordingly, BISD has not pleaded enough facts to allow Royal to file a responsive pleading.

9.      Further, a motion for more definite statement is proper when the cause of action is not pleaded with particularity as required by Rule 9 of the Federal Rules of Civil Procedure. BISD pleads claims of misrepresentation and violations of the Texas DTPA and Insurance Code, which are subject to the heightened pleading requirement of Rule 9(b) for fraud or mistake. Specifically, BISD's counterclaim does not set forth the circumstances constituting the misrepresentations. Additionally, BISD has failed to satisfy the requirements of Rule 9(f) of the Federal Rules of Civil Procedure, as it has failed to specify when and where Royal is alleged to have made misrepresentations.

10.     Because BISD has not pleaded enough facts to allow Royal to file a responsive pleading, the Court should require BISD to amend its Counterclaim with a more definite statement, in general, and to amend with a more definite statement of its allegations and claims of misrepresentation and violations of the Texas DTPA and Insurance Code.

Respectfully submitted,

*[signature: Jay W. Brown]*

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on January ___, 2004.

Craig S. Smith                              *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Baltazar Salazar                            *Via Certified Mail Return Receipt Requested*
1612 Winbern
Houston, Texas 77004

Ramon Garcia                                *Via Certified Mail Return Receipt Requested*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

_____
Jay W. Brown

485482.1                                    6