IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>BROWNSVILLE DIVISION</u>

United States District Court
Southern District of Texas
FILED

MAR 1 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, Plaintiff, | § § § § | |
| v. | § § | Civil Action No. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, Defendant. | § § § § | JURY |

### **DEFENDANT'S FIRST SUPPLEMENTAL COUNTERCLAIM**

TO THE HONORABLE JUDGE HANEN:

COMES NOW Brownsville Independent School District ("BISD"), nominally a defendant herein, and files this First Supplemental Counterclaim to Plaintiff's Original Complaint for Declaratory Judgment (the "Complaint") filed by Royal Surplus Lines Insurance Company ("Royal"). BISD respectfully shows the Court as follows:

### **A. COUNTERCLAIM FACTS**

1. Defendant, BISD, is the insured under, "a series of commercial property insurance policies issued…by [RSL] that were effective between September 1, 1996 and April 1, 2002." These policies (the "Policies") "insured the subject properties," *i.e.*, BISD's Besteiro Middle School and Bruce Aiken Elementary School. Due to water damage problems in both schools, both schools were closed on January 2002.

2. Defendant, BISD, filed a Notice of loss claim with Plaintiff under one of the Policies. Plaintiff alleges "[o]n or around November 21, 2001, BISD…made a claim under…Policy No. KHT318271…for damage and loss to…[the Schools]." Complaint in paragraph 12 of Plaintiff's Declaratory Action. Plaintiff admits it received BISD's claim, and even "began its investigation of the claim." at paragraph 13 of Plaintiff's Declaratory Action. Defendant, BISD, subsequently filed a second notice of loss claim advising Royal of additional insurance policies which may

trigger coverage for the water damage. Twenty Seven months later, however, Plaintiff has yet to accept or reject the claims. In the interim, BISD provided Notice of Loss for damage and loss to the schools under the other three policies at issue in this action, at paragraph 16 of Plaintiff's Declaratory Action. This subsequent notice of loss claim too, has yet to be accepted or rejected by Plaintiff. Instead, Plaintiff has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, at paragraphs 26 and 28 of Plaintiff's Declaratory Action, (iii) has burdened BISD with the costs of investigating the cause of damage, (iv) has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship between EFI and GAB Robins, N.A., Inc., this relationship would be the relationship between Royal's adjuster GAB and EFI, the company hired by BISD and approved by GAB to evaluate the cause of damage, (v) and now seeks a declaration as to "its coverage obligations...under the Policies relative to the first-party claim made thereunder by BISD," at paragraph 35 of Plaintiff's Declaratory Action. In other words, Plaintiff has burdened BISD with the costs of investigating the cause of damage with a very suspicious corporate affiliate of Royal's adjuster, further, Plaintiff has failed to disclose said corporate relationship and refuses to take a position as to coverage, and has simply thrown the matter into this Court's lap.

3. Defendant, BISD, has suffered property losses at Besteiro and Aikens schools. This has caused various property losses which are covered by one or more of the policies identified in paragraph 5 of Plaintiff's Declaratory Action.

## B. CAUSES OF ACTION
### FIRST COUNT: BREACH OF CONTRACT

4. In the relevant insurance policies Plaintiff, Royal, promised to cover direct physical loss of or damage to Covered Property.

5. Defendant, BISD has suffered losses to covered property at The Schools. None of the losses for which BISD seeks indemnification are excluded by any policy provision.

6.  Plaintiff, Royal, has failed and is failing to comply with its contractual obligations, including its obligation to indemnify BISD for such losses.

7.  Defendant, BISD, has complied with all conditions precedent to enforcement of these contracts. Specifically, BISD has given Royal notice of the loss under all possible policies. BISD has also cooperated fully and paid for the costs of investigating the cause of loss. BISD has further hired EFI, which is a sister corporation of Royal's adjuster, GAB Robins, N.A., Inc. BISD was told by GAB Robins, N.A., that the cost estimates, investigation, findings, and costs produced by EFI would be honored. BISD has also filed a proof of claim with all the information available at the time of filing. In Addition, BISD, alleges that it has complied with all of its obligations under these policies and Royal therefore has a duty to indemnify under these policies.

8.  Direct and consequential damages are resulting to Defendant, BISD, due to Plaintiff's, Royal's, failure to comply with its contractual obligations. The damages include, but are not limited to:

   a.  Remediation and construction costs: $8.3 million;
   b.  Past remediation costs: $1 million;
   c.  Incidental Costs $4 million;
   a.  And future unknown costs.

9.  Defendant, BISD, has been left no alternative but to hire attorneys to file a claim under the policies, has hired attorneys to defend against the Declaratory Action, and has hired attorneys to file this counter-claim and thus, seeks reasonable attorneys' fees for necessary services.

### SECOND COUNT: INSURANCE CODE AND DTPA VIOLATIONS

10. Defendant, BISD, further alleges that Royal violated TEX. CIV. PRAC. & REMS CODE ANN. §17.46(b) (Vernon 2001), in the following particulars:

   a.  Representing that the insurance policies have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

  b. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; or

  c. failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

  11. Defendant, BISD, further alleges that Royal violated TEX. INS. CODE ANN. ART. 21.55 §3 by wrongfully denying BISD's claim as Royal failed to promptly pay the claim within sixty days of receipt of all items necessary to make coverage determinations. Specifically, Defendant, BISD, filed a Notice of loss claim with Plaintiff under one of the Policies. Plaintiff alleges "[o]n or around November 21, 2001, BISD...made a claim under...Policy No. KHT318271...for damage and loss to...[the Schools]." Complaint in paragraph 12 of Plaintiff's Declaratory Action. Plaintiff admits it received BISD's claim, and even "began its investigation of the claim." at paragraph 13 of Plaintiff's Declaratory Action. Defendant, BISD, subsequently filed a second notice of loss claim advising Royal of additional insurance policies which may trigger coverage for the water damage. Twenty Seven months later, however, Plaintiff has yet to accept or reject the claims. In the interim, BISD provided Notice of Loss for damage and loss to the schools under the other three policies at issue in this action, at paragraph 16 of Plaintiff's Declaratory Action. This subsequent notice of loss claim too, has yet to be accepted or rejected by Plaintiff. Instead, Plaintiff has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, at paragraphs 26 and 28 of Plaintiff's Declaratory Action, (iii) has burdened BISD with the costs of investigating the cause of damage, (iv) has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship between EFI and GAB Robins, N.A., Inc., this relationship would be the relationship between Royal's adjuster GAB and EFI, the company hired by BISD and approved by GAB to evaluate the cause of damage, (v) and now seeks a declaration as to "its coverage obligations...under the Policies

relative to the first-party claim made thereunder by BISD," at paragraph 35 of Plaintiff's Declaratory Action. In other words, Plaintiff has burdened BISD with the costs of investigating the cause of damage with a very suspicious corporate affiliate of Royal's adjuster, Plaintiff has failed to disclose said corporate relationship, and Plaintiff refuses to take a position as to coverage.

12. Defendant, BISD, further alleges that Royal violated TEX. INS. CODE ANN. ART. 21.55 §6 by wrongfully denying BISD's claim as Royal failed to promptly pay the claim within sixty days of receipt of all items necessary to make coverage determinations and thus making them liable for the amount of the claim, 18 percent annum of the amount of such claim as damages, reasonable attorney's fees, and costs of filing suit. Specifically, Defendant, BISD, filed a Notice of loss claim with Plaintiff under one of the Policies. Plaintiff alleges "[o]n or around November 21, 2001, BISD...made a claim under...Policy No. KHT318271...for damage and loss to...[the Schools]." Complaint in paragraph 12 of Plaintiff's Declaratory Action. Plaintiff admits it received BISD's claim, and even "began its investigation of the claim." at paragraph 13 of Plaintiff's Declaratory Action. Defendant, BISD, subsequently filed a second notice of loss claim advising Royal of additional insurance policies which may trigger coverage for the water damage. Twenty Seven months later, however, Plaintiff has yet to accept or reject the claims. In the interim, BISD provided Notice of Loss for damage and loss to the schools under the other three policies at issue in this action, at paragraph 16 of Plaintiff's Declaratory Action. This subsequent notice of loss claim too, has yet to be accepted or rejected by Plaintiff. Instead, Plaintiff has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, at paragraphs 26 and 28 of Plaintiff's Declaratory Action, (iii) has burdened BISD with the costs of investigating the cause of damage, (iv) has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship between EFI and GAB Robins, N.A., Inc., this relationship would be the relationship between Royal's adjuster GAB and EFI, the company hired by BISD and approved by GAB to evaluate the cause of damage, (v)

and now seeks a declaration as to "its coverage obligations...under the Policies relative to the first-party claim made thereunder by BISD," at paragraph 35 of Plaintiff's Declaratory Action. In other words, Plaintiff has burdened BISD with the costs of investigating the cause of damage with a very suspicious corporate affiliate of Royal's adjuster, Plaintiff has failed to disclose said corporate relationship, and Plaintiff refuses to take a position as to coverage.

13. Plaintiff, Royal, violated art. 21.21, §4(10) of the Insurance Code by engaging in unfair settlement and handling practices in the following respects:

    a. misrepresenting to claimant, BISD, a material fact or policy provision relating to coverage at issue; Specifically, Royal through it's agent and adjuster, GAB Robins, N.A. Inc., has failed to disclose the corporate relationship between GAB Robins, N.A. Inc., and EFI, the entity hired to investigate the covered loss. Furthermore, Royal through it's agent and adjuster, led BISD to believe that the cost estimates, investigation, findings, and costs produced by EFI would be honored as the amounts of covered loss.

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; Specifically, BISD has given Royal notice of the loss under all possible policies. BISD has also cooperated fully and paid for the costs of investigating the cause of loss. BISD has further hired EFI, which is a sister corporation of Royal's adjuster, GAB Robins, N.A., Inc. BISD was led to believe by GAB Robins, N.A., that the cost estimates, investigation, findings, and costs produced by EFI would be honored. BISD has also filed a proof of claim with all the information available at the time of filing. Twenty Seven months after the claim was filed by BISD, Plaintiff has yet to accept or reject the claims.

    c. failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the claimant

to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy; Specifically, BISD has given Royal notice of the loss under all possible policies. BISD has also cooperated fully and paid for the costs of investigating the cause of loss. BISD has further hired EFI, which is a sister corporation of Royal's adjuster, GAB Robins, N.A., Inc. BISD was led to believe by GAB Robins, N.A., that the cost estimates, investigation, findings, and costs produced by EFI would be honored. BISD has also filed a proof of claim with all the information available at the time of filing. Twenty Seven months after the claim was filed by BISD, Plaintiff has yet to accept or reject the claims.

d. failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; Specifically, BISD has given Royal notice of the loss under all possible policies. BISD has also cooperated fully and paid for the costs of investigating the cause of loss. BISD has further hired EFI, which is a sister corporation of Royal's adjuster, GAB Robins, N.A., Inc. BISD was led to believe by GAB Robins, N.A., that the cost estimates, investigation, findings, and costs produced by EFI would be honored. BISD has also filed a proof of claim with all the information available at the time of filing. Twenty Seven months after the claim was filed by BISD, Plaintiff has yet to accept or reject the claims.

e. failing within a reasonable time to:

    1) affirm or deny coverage of a claim to a policyholder; Specifically, Twenty Seven months after the claim was filed by BISD, Plaintiff has yet to accept or reject the claims. or

2) submit a reservation of rights to a policyholder; Specifically, Twenty Seven months after the claim was filed by BISD, Plaintiff has yet to accept or reject the claims or submit a reservation of rights to BISD.

f.   refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; Specifically, Twenty Seven months after the claim was filed by BISD, Plaintiff has yet to accept or reject the claims. In addition, Royal seems to rely on reports more relevant to BISD's state third party suits as parties responsible for damages to the Schools.

g.   undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim; or

h.   refusing to pay a claim without conducting a reasonable investigation with respect to the claim; Specifically, to date BISD has not seen any reports or investigations produced by Royal or its adjuster, GAB, to show any independent investigation was conducted by Royal.

In addition and specifically, Defendant, BISD, filed a Notice of loss claim with Plaintiff under one of the Policies. Plaintiff alleges "[o]n or around November 21, 2001, BISD…made a claim under…Policy No. KHT318271…for damage and loss to…[the Schools]." Complaint in paragraph 12 of Plaintiff's Declaratory Action. Plaintiff admits it received BISD's claim, and even "began its investigation of the claim." at paragraph 13 of Plaintiff's Declaratory Action. Defendant, BISD, subsequently filed a second notice of loss claim advising Royal of additional insurance policies which may trigger coverage for the water damage. Twenty Seven months later, however, Plaintiff has yet to accept or reject the claims. In the interim, BISD provided Notice of Loss for damage and loss to the schools under the other three policies at issue in this action, at paragraph 16 of Plaintiff's Declaratory Action. This subsequent notice of loss claim

too, has yet to be accepted or rejected by Plaintiff. Instead, Plaintiff has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, at paragraphs 26 and 28 of Plaintiff's Declaratory Action, (iii) has burdened BISD with the costs of investigating the cause of damage, (iv) has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship between EFI and GAB Robins, N.A., Inc., this relationship would be the relationship between Royal's adjuster GAB and EFI, the company hired by BISD and approved by GAB to evaluate the cause of damage, (v) and now seeks a declaration as to "its coverage obligations...under the Policies relative to the first-party claim made thereunder by BISD," at paragraph 35 of Plaintiff's Declaratory Action. In other words, Plaintiff has burdened BISD with the costs of investigating the cause of damage with a very suspicious corporate affiliate of Royal's adjuster, Plaintiff has failed to disclose said corporate relationship, and Plaintiff refuses to take a position as to coverage.

14.  Plaintiff, Royal, violated art. 21.21, §4(11) of the Insurance Code by making misrepresentations and failing to disclose facts as follows:

Misrepresenting an insurance policy by:

    a. making an untrue statement of material fact; Specifically, has burdened BISD with the costs of investigating the cause of damage, has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship between EFI, the company hired by BISD with Royal's adjuster's approval to evaluate the cause of damage, and Royal's adjuster, GAB Robins, N.A., Inc.,

    b. failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; Specifically, Royal through it's agent and adjuster, GAB Robins, N.A. Inc., has failed to disclose the corporate relationship between GAB Robins, N.A. Inc., and EFI, the entity hired to investigate the covered loss. Furthermore, Royal

through it's adjuster led BISD to believe that the cost estimates, investigation, findings, and costs produced by EFI would be honored as the amounts of covered loss.

c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact. Specifically, , Royal through it's agent and adjuster, GAB Robins, N.A. Inc., led BISD to believe that the cost estimates, investigation, findings, and costs produced by EFI would be honored as the amounts of covered loss.

15. Plaintiff, Royal, has intentionally or knowingly breached duties owed to BISD under the DTPA and Insurance Code and BISD is therefore entitled to additional, treble, or multiple damages. Specifically, all the actions of failing to disclose the corporate relationship between Royal's agent and adjuster, GAB Robins, N.A. Inc., and EFI, the company hired by BISD to investigate the covered losses. In addition, Royal knowingly has failed to independently investigate the causes of loss and has intentionally caused BISD to incur the duty and costs of investigating the covered loss, when this duty to investigate and bare the costs of investigation is a duty owed by Royal to BISD.

16. Defendant, BISD, seeks reasonable attorneys' fees for necessary services under the DTPA and Insurance Code.

### THIRD COUNT: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

17. Plaintiff, Royal, further breached the common-law duty of good faith and fair dealing since a special relationship existed between Royal as the insurer, and BISD as the insured, since Royal exerted control over BISD's claim. Royal further owed a duty of good faith and fair dealing towards the insured in evaluating or settling claims by the insured, as Royal had unequal bargaining power when compared to BISD. The nature of the claim created a conflict of interest between the insurer, Royal, and the insured, BISD. Specifically, Royal has burdened BISD with the costs of investigating the cause of damage, has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship

between EFI, the company hired by BISD with Royal's adjuster's approval to evaluate the cause of damage, and Royal's adjuster, GAB Robins, N.A., Inc. In addition and specifically, Defendant, BISD, filed a Notice of loss claim with Plaintiff under one of the Policies. Plaintiff alleges "[o]n or around November 21, 2001, BISD...made a claim under...Policy No. KHT318271...for damage and loss to...[the Schools]." Complaint in paragraph 12 of Plaintiff's Declaratory Action. Plaintiff admits it received BISD's claim, and even "began its investigation of the claim." at paragraph 13 of Plaintiff's Declaratory Action. Defendant, BISD, subsequently filed a second notice of loss claim advising Royal of additional insurance policies which may trigger coverage for the water damage. Twenty Seven months later, however, Plaintiff has yet to accept or reject the claims. In the interim, BISD provided Notice of Loss for damage and loss to the schools under the other three policies at issue in this action, at paragraph 16 of Plaintiff's Declaratory Action. This subsequent notice of loss claim too, has yet to be accepted or rejected by Plaintiff. Instead, Plaintiff has (i) drawn out and extended its purported "investigation" of BISD's claims to absurd lengths, (ii) subjected BISD to massive additional written and oral discovery, at paragraphs 26 and 28 of Plaintiff's Declaratory Action, (iii) has burdened BISD with the costs of investigating the cause of damage, (iv) has caused BISD to rely on Engineering and Fire Investigations ("EFI") without disclosing the corporate relationship between EFI and GAB Robins, N.A., Inc., this relationship would be the relationship between Royal's adjuster GAB and EFI, the company hired by BISD and approved by GAB to evaluate the cause of damage, (v) and now seeks a declaration as to "its coverage obligations...under the Policies relative to the first-party claim made thereunder by BISD," at paragraph 35 of Plaintiff's Declaratory Action. In other words, Plaintiff has burdened BISD with the costs of investigating the cause of damage with a very suspicious corporate affiliate of Royal's adjuster, Plaintiff has failed to disclose said corporate relationship, and Plaintiff refuses to take a position as to coverage. Finally, the insurer, Royal had exclusive control over the evaluation, processing and denial of the claim.

## FOURTH COUNT: EXEMPLARY, PUNITIVE OR MULTIPLE DAMAGES

18.　Defendant, BISD, alleges Royal is liable for exemplary, punitive, and multiple damages because they have engaged in several insurance code violations.

### C. JURY DEMAND

19.　Counter-Plaintiff, BISD, demands a jury.

### D. PRAYER

20.　Defendant, Counter-Plaintiff, BISD, moves this Court to set this matter for a prompt trial to render judgment for damages and that Plaintiffs, Counter Defendant take nothing and that Defendant, Counter-Plaintiff take judgment for an amount determined by the trier of fact and that Defendant, Counter-Plaintiff have judgment declaring its rights under the policies made for the basis of this suit, and for all other relief to which BISD is entitled.

Respectfully submitted,

Baltazar Salazar
Fed. No. 18536
State Bar No. 00791590
1612 Winbern
Houston, Texas 77004
Tel. (713) 655-1300
Fax (281) 749-8104
Attorney In Charge for BISD

OF COUNSEL FOR BISD
Ramon Garcia
State Bar No. 07641800
Federal Bar No. 3936
Catherine Smith
State Bar No. 18547080
Federal Bar No. 19360
222 W. University
Edinburg, Texas
Tel. (956) 383-7441
Fax (956) 381-0825
Attorneys for BISD

Craig S. Smith
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843
Attorney for BISD

## CERTIFICATE OF SERVICE

I certify that this 15th day of March this document was served by U.S. mail on the Attorney in Charge for Royal Surplus Lines Insurance Company at the following address:

Mr. Jay W. Brown
1300 Post Oak Blvd., Suite 2400
Houston, Tx. 77056

_____
Baltazar Salazar