31

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | |
| V. | § § § | CIVIL ACTION NO. B-03-109 JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant | § § | |

**PLAINTIFF ROYAL'S SECOND EXPEDITED MOTION
FOR EXTENSION OF DEADLINES**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files this expedited motion

for extension of deadlines, respectfully showing:

**I. SUMMARY OF MOTION**

1.    Plaintiff Royal respectfully seeks this Court's expedited consideration of this

Motion in order to obtain relief from the harmful effects of Defendant's continued delays.

Defendant Brownsville Independent School District ("BISD") has taken certain procedural

actions and inactions whose combined effect has been to undermine Royal's trial preparation

and to frustrate the orderly resolution of this case.   Cumulatively, these procedural

impediments by BISD have eroded away many months of valuable discovery time that the

parties could have used to narrow the factual and legal issues in dispute.  Royal seeks relief

accordingly.

## II. STATEMENT OF FACTS

2. Royal filed this declaratory judgment action in this Court on June 9, 2003. Rather than answer the specific factual allegations and legal statements in Royal's Original Complaint, BISD elected to defer filing an answer, instead filing its Motion to Dismiss or Abate Pending Resolution of the Parallel State Court Action (Motion to Dismiss).[1]

3.      At the initial pre-trial conference held by this Court on September 15, 2003, this Court, after hearing arguments, took BISD's Motion to Dismiss under advisement. The Court anticipated ruling on the Motion within 30 days, and accordingly, provided the parties with a Scheduling Order that so contemplated such a timely ruling. Within 15 days, however, on October 1, 2003, BISD filed a Motion to *Withdraw* its Motion to Dismiss. Unfortunately, BISD's Motion to Withdraw was procedurally defective. It failed to contain a Certificate of Conference or a proposed Order. Consequently, the Court did not formally consider BISD's Motion to Withdraw until BISD, after repeated urging by Royal's counsel and after notifications from the clerk's office, finally cured its procedural defects and provided the Court the Certificate of Conference and proposed Order in mid-November, 2003.

4.      The defects finally having been cured, the Court granted BISD's Motion to Withdraw on November 18, 2003. At this time, now two full months into the discovery period,

---

[1] On that same day, BISD also filed a lawsuit in Cameron County state court against Royal and BISD's insurance agent, Cavazos Insurance Agency. Shortly after its filing that action was abated, and today remains abated.

BISD still had not responded to Royal's Complaint by filing an Answer.  BISD filed a procedurally timely Answer by December 12, 2003, three months into the discovery period and over six months after the filing of Royal's Complaint.

5.    Due to the delays with BISD's withdrawal of its Motion to Dismiss, BISD was able to file a procedurally timely Answer on December 12, 2003, *only seven days before Royal's expert designations and reports were then due.*  That led to Royal's filing of Plaintiff Royal's [first] Expedited Motion for Extension of Deadlines, which the Court considered, and after hearing arguments via teleconference on December 11, 2003, extended by approximately one month the expert deadlines for both parties and the dispositive motion deadline. [Dkt. #17.]

6.    Even after this point, however, BISD had still not filed its *initial* Rule 26 disclosures, though the Federal Rules contemplate initial disclosures be made within 14 days of the initial case management conference.  *See* Fed. R. Civ. P. 26(a).  After several phone calls and letters to BISD's counsel about the issue of BISD's failure to file its initial disclosures proved pointless, Royal was forced to file its Motion to Compel Initial Disclosures on January 8, 2004. [Dkt. #22.]  Although the numerous phone calls and letters from Royal to BISD prior to the filing of its Motion to Compel Initial Disclosures had no effect, evidently the filing of the Motion itself prompted discussions with BISD's counsel. An agreement was reached whereby BISD finally provided its *initial* Rule 26 disclosures on January 16, 2004, an agreement which allowed Royal's Motion to be withdrawn from the Court's "pending" motions. Thus, now over four months of the time period in which the Court

contemplated the parties could conduct meaningful discovery had been usurped by BISD's failure to timely provide basic, required information.

7.    Also in January, 2004, Royal filed its Original Answer to Defendant BISD's Counterclaim which BISD had filed in December.  As part of its Answer, Royal included a motion for more definite statement, and concurrently with the filing of its Answer, Royal filed Plaintiff Royal's Memorandum in Support of its Motion for More Definite Statement. [Dkt. #21.] A ruling on the vague and ambiguous allegations in BISD's counterclaims was sought by Royal so that a responsive pleading, if necessary, could be filed, and so that Royal could understand and defend against such counterclaims.  As recently as March 5, 2004, the Court granted Royal's Motion for More Definite Statement, and ordered BISD to amend with more definite statements. [Dkt. #27.] As of the filing of this Motion, however, Royal has not received BISD's amended counterclaim with more definite statements.

8.    As reflected in Plaintiff Royal's Motion to Compel Written Discovery Responses [Dkt. #28.] currently pending, BISD has even at this late procedural date failed to provide this Court or Royal with BISD's basic position and basic contentions as to the core pivotal factual and legal issues in this case.  BISD has, to name but a few of many examples, failed to state when its damages manifested, failed to state where and how its damages manifested, failed to state what its contentions are as to the cause of the mold damage, and so forth.  Assuming *arguendo* the Court provides all of the relief requested in Plaintiff Royal's Motion to Compel Written Discovery Responses, and further assuming the Court is able to do so timely despite the Court's other pressing duties, such responses will not be received by

Royal in time for Royal to consider such information as part of the submission of any dispositive motions. The deadline for filing dispositive motions is currently March 26 2004. In addition, responses will not be received by Royal in time for Royal to consider in order to conduct more specifically targeted, follow-up discovery.

### III. ARGUMENT

9.      Long before this lawsuit, BISD had engaged numerous different engineering mold remediation firms in an effort to fully study, and recently, to fully repair and remediate its mold problems. BISD has been studying these issues for years. BISD's internal records document early manifestations of BISD's mold problems at the two schools in question as early as the mid-1990s, and the first of BISD's numerous expert and consultant reports on this issue dates from 1994. Further, BISD has fully developed its mold informational data base for deployment in numerous State Court actions BISD has been in or is currently prosecuting. Quite simply, there is no legitimate reason for BISD to fail to come forward with at least its contentions as to the cause and timing of the damage made the basis of its insurance claim. Yet, still seeking to "keep all options open" for tactical reasons, BISD steadfastly delays stating the basis for its claim or what its contentions are. As noted in Royal's Motion to Compel Written Discovery Responses, BISD's expert designations likewise fail to shed any light on these most basic of issues.

10.     It is the insured who carries the initial burden "to plead and prove that the benefits sought are covered by the insurance policy at issue." *Fiess v. State Farm Lloyds,* 2003 WL 21659408, (S.D. Tex. June 4, 2003) (citing *Harken Exploration Co. v. Sphere*

*Drake Ins. PLC*, 260 F.3d 455, 471 (5th Cir. 2001)) (additional citations omitted). BISD's dilatory tactics have deprived Royal of the ability to present a focused, efficient dispositive motion or motions for this Court's consideration. Such motions are particularly appropriate for this case, which should, if facts are properly joined, present interesting issues of law for the Court's resolution. BISD's continued delays and its failure to come forward with its positions and information also deprives this Court of the means to proceed with judicial efficiency through the resolution of the various issues.

11.    BISD can present no adequate excuse for its delays, nor any persuasive reasons not to extend deadlines. In its contribution to the parties' Joint Discovery/Case Management Plan, BISD represented to this Court that discovery could be entirely completed within four and one-half (4½) months. If discovery could indeed be so quickly accomplished by BISD, why has BISD delayed so? BISD's reactionary-filed "parallel" State Court action has been abated by the State Court shortly after its filing. BISD has not never sought to take any steps to lift the State Court abatement nor otherwise move the State Court action along. Nor has BISD taken any meaningful steps to efficiently move this Federal action along.

12.    Royal seeks an extension of the dispositive motion deadline, the non-dispositive motion deadline, the joint pre-trial order, and the docket call and trial deadlines so that this case may be more efficiently and meaningfully developed for this Court's consideration. This case is presently set for jury selection on June 3, 2004. Royal respectfully seeks, at a bare minimum, a three-month extension of all remaining deadlines so that at the earliest, this case could be set for jury selection in September, 2004.

## IV. REQUEST FOR EXPEDITED HEARING OR OTHER CONSIDERATION

13.    The dispositive motion deadline is currently March 26, 2004, slightly over one week away. For this reason, Royal seeks this Court's expedited consideration of this Motion. If it serves the interest of this Court, Royal seeks an expedited hearing, but out of respectful awareness of this Court's other pressing obligations, if this Court may more efficiently and fully consider this Motion on an expedited basis purely on written submission, then Royal welcomes such consideration by the Court in lieu of a hearing.

## V. CONCLUSION

For all of the reasons provided herein Royal Surplus Lines Insurance Company asks that the Court grant its Plaintiff Royal's Second Expedited Motion For Extension of Deadlines, and that the Court grant Royal any and all other relief to which it is entitled.

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS, L.L.P.

Jay W. Brown
State Bar Number 03138830
1300 Post Oak Blvd., 24th Floor
Houston, Texas 77056
Telephone:    (713) 623-0887
Facsimile:    (713) 960-1527

ATTORNEY-IN-CHARGE FOR
PLAINTIFF ROYAL SURPLUS LINES
INSURANCE COMPANY

Page 7

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

<u>**CERTIFICATE OF CONFERENCE**</u>

Counsel for Royal attempted on several occasions to discuss this Motion with BISD's counsel.  As with many prior discovery matters, some of which have been made the subject of previous motions, counsel for Royal was unable to get through to BISD's counsel, or to obtain a returned phone call, by the time of the filing of this motion.

Jay W. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via facsimile and CMRRR on March ___16th___, 2004

Craig S. Smith                                   *Via Facsimile and CMRRR*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Baltazar Salazar                                 *Via Facsimile and CMRRR*
1612 Winbern
Houston, Texas 77004

Ramon Garcia                                     *Via Facsimile and CMRRR*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

**ATTORNEYS FOR DEFENDANT**
**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**

Jay W. Brown

501482.1