United States District Court
Southern District of Texas
FILED

MAR 1 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. B-03-109 | |
| § | | |
| BROWNSVILLE INDEPENDENT § | JURY | |
| SCHOOL DISTRICT, § | | |
| Defendant. § | | |

### DEFENDANT BISD'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES

TO THE HONORABLE JUDGE HANEN:

COMES NOW Defendant, Brownsville Independent School District ("BISD"), and files this Response to Plaintiff's, Royal's, Motion to Compel Written Discovery Responses. BISD respectfully shows the Court as follows:

1. Defendant, BISD, in response to Plaintiff's Motion in paragraph 9, is of the opinion that it has complied with Rule 26's requirements in BISD's expert designation of March 1, 2004. If the Court disagrees, then BISD would gladly amend, supplement, or take any steps which the Court would require.

2. Defendant, BISD, in response to Plaintiff's Motion in paragraph 10, disagrees with Plaintiff's misrepresentations to the Court. BISD has in good faith made complete disclosure of all the documents which it has available for Plaintiff. The first misrepresentation which Plaintiff's Counsel makes to this Honorable Court is failing to disclose that most, if not all, of the documents which Plaintiff has requested have been made available to Royal since February 2003, which was 5 months prior to their filing this declaratory action. The second misrepresentation which Plaintiff's Counsel make to this Honorable Court is the implication that we did not "permit" Plaintiff's Counsel to inspect the documents until February 12, 2004. Again, copies of most of these documents have been available and copies were forwarded to

Royal and Plaintiff's Counsel since February of 2003. Furthermore, Defendant's Counsel was present on February 12, 2004 along with a legal assistant and specifically told Plaintiff's Counsel that were at his disposal if he had any trouble finding specific documents. Plaintiff's Counsel only required our assistance once during the day, and this response was for information on a copy company. Plaintiff's Counsel made at least 5,000 copies of documents from the copy company. The third misrepresentation made to this Honorable Court is that "numerous categories of documents that Royal expected and were promised (especially documents that BISD claims supports its hefty damage claims) were not produced." First, Defendant's Counsel never promised anything to Plaintiff's Counsel. Next, every single page of documentation supporting BISD's damages, project manuals, payments, architectural drawings, and progress reports for the damages were available for inspection and copying on February 12, 2004 and Defendant's Counsel specifically directed Plaintiff's Counsel to these documents. The only documents which were not available on February 12, 2004 were the full sized blue prints for the reconstruction and remediation project of the schools, but Defendant's Counsel made these full sized blue prints available at his office and Plaintiff's Counsel had them copied within two business days.

3. Defendant, BISD, in response to Plaintiff's paragraphs 11, 12, and 13 is that it has complied in good faith to answer all of its interrogatories. Defendant, BISD, however, does admit that the answer to Interrogatory No. 2 was inadvertently omitted, and the person who provided information necessary to answer Royal's Interrogatories to BISD is Mr. Hector Gonzalez and BISD will supplement this Interrogatory immediately.

4. Defendant, BISD, in response to Plaintiff's Motion in paragraphs 14 through 19 disagrees with Plaintiff's misrepresentations to the Court. Defendant, BISD, has made a complete disclosure in good faith of all the documents requested for production by Plaintiff. The first misrepresentation which Plaintiff's Counsel makes to this Honorable Court is failing to disclose that most, if not all, of the documents which Plaintiff has requested have been made available to Royal since February 2003, which was 5 months prior to their filing this declaratory

action. The second misrepresentation which Plaintiff's Counsel make to this Honorable Court is the implication that we did not "permit" Plaintiff's Counsel to inspect the documents until February 12, 2004. Again, copies of most of these documents have been available and copies were forwarded to Royal and Plaintiff's Counsel since February of 2003. Furthermore, Defendant's Counsel was present on February 12, 2004 along with a legal assistant and specifically told Plaintiff's Counsel that were at his disposal if he had any trouble finding specific documents. Plaintiff's Counsel only required our assistance once during the day, and this response was for information on a copy company. Plaintiff's Counsel made at least 5,000 copies of documents from the copy company. The third misrepresentation made to this Honorable Court is that "numerous categories of documents that Royal expected and were promised (especially documents that BISD claims supports its hefty damage claims) were not produced." First, Defendant's Counsel never promised anything to Plaintiff's Counsel. Next, every single page of documentation supporting BISD's damages, project manuals, payments, architectural drawings, and progress reports for the damages were available for inspection and copying on February 12, 2004 and Defendant's Counsel specifically directed Plaintiff's Counsel to these documents. The only documents which were not available on February 12, 2004 were the full sized blue prints for the reconstruction and remediation project of the schools, but Defendant's Counsel made these full sized blue prints available at his office and Plaintiff's Counsel had them copied within two business days.

Having complied in good faith with these request for production, Defendant, will again in good faith go and specifically pull these documents, which Plaintiff's Counsel apparently overlooked in our office, and will immediately supplement these documents which specifically relate to detailed cost of the remediation and reconstruction of the schools.

5. Defendant, BISD in response to Plaintiff's paragraph 20 has in good faith responded to all of Defendant's requests for admission with the information available.

## PRAYER

6. Defendant, Counter-Plaintiff, BISD, asks this Honorable Court to deny Plaintiff's Motion to Compel Written Discovery Responses and for all other relief to which BISD is entitled.

Respectfully submitted,

_____
BALTAZAR SALAZAR
Fed. No. 18536
State Bar No. 00791590
**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
Tel. (713) 655-1300
Fax (713) 807-1930
Attorney In Charge for BISD

OF COUNSEL FOR BISD
Ramon Garcia
State Bar No. 07641800
Federal Bar No. 3936
Catherine Smith
State Bar No. 18547080
Federal Bar No. 19360
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University
Edinburg, Texas
Tel. (956) 383-7441
Fax (956) 381-0825
Attorneys for BISD

Craig S. Smith
State Bar No. 18553570
**LAW OFFICE OF CRAIG S. SMITH**
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843
Attorney for BISD

## CERTIFICATE OF CONFERENCE

I certify that on this 17th day of March, I attempted to confer with Mr. Jay Brown and left a message on his recorder, however, Mr. Brown did not return my call.

_____
BALTAZAR SALAZAR

## CERTIFICATE OF SERVICE

I certify that this 18th day of March this document was served by U.S. mail on the Attorney in Charge for Royal Surplus Lines Insurance Company at the following address:

Mr. Jay W. Brown
1300 Post Oak Blvd.
Suite 2400
Houston, Tx. 77056

_____
BALTAZAR SALAZAR