**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 2 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-03-109** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF ROYAL'S ANSWER**
**TO DEFENDANT BISD'S AMENDED COUNTERCLAIM**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff/Counter-Defendant Royal Surplus Lines Insurance Company ("Royal") files its Answer to Defendant/Counter-Plaintiff Brownsville Independent School District's (BISD's) Amended Counterclaim, respectfully showing:

**I.**

**First Defense**

1.    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, BISD's amended counterclaim fails to state a claim upon which relief can be granted.

**Second Defense**

2.    In accordance with Rule 9(b) and/or Rule 12(b) of the Federal Rules of Civil Procedure, Royal alleges that BISD has failed to plead its Texas DTPA and Insurance Code claims with particularity

510296.1

as required by Rule 9(b). The pleading requirements of Fed. R. Civ. P. Rule 9(b) apply to Texas DTPA and Insurance Code claims. *See Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp. 2d 734 , 742 (S.D. Tex. 1998). Accordingly, Royal requests that the Court require BISD to replead its amended counterclaim, and if BISD fails to do so with particularity, then such counterclaims be stricken.

### Third Defense

3.      Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Royal moves for a more definite statement. BISD's amended counterclaim is so vague with respect to its allegations of misrepresentation against Royal, that Royal is unable to file a responsive pleading to those claims. Therefore, the Court should require BISD to amend further its amended counterclaim with a more definite statement.

4.      A motion for a more definite statement is proper when a counterclaim is so vague or ambiguous that the counter-defendant cannot frame a responsive pleading. Fed. R. Civ. P. 8(a)(2). In paragraphs 10 through 16 of its counterclaim, BISD alleges claims of misrepresentation under the Texas Insurance Code and the Texas Deceptive Trade Practice Act ("DTPA"). These allegations, however, are wholly conclusory and practically devoid of any alleged facts. Plaintiff has not pleaded enough facts regarding Royal's alleged misrepresentations to allow Royal to file a responsive pleading. Because BISD's counterclaim is vague and ambiguous, the Court should require BISD to amend further its amended counterclaim with a more definite statement regarding its alleged misrepresentation claims.

## II.

## Answer

Subject to and without waiving the foregoing defenses, Royal answers the specific allegations of BISD's amended counterclaim as follows:

### A.    Counterclaim Facts

5.    Royal admits the portions of paragraph 1 that BISD is the insured under "series of commercial property insurance policies issued . . . by [RSL] that were effective between September 1, 1996 and April 1, 2002." Royal admits that these policies insured Besterio Middle School ("Besterio") and Bruce Aiken Elementary School ("Aiken"). However, Royal does not have sufficient information or knowledge to form a belief as to whether or not both schools were "closed" in January 2002 due to "water damage."

6.    Royal admits the allegations in paragraph 2 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies all other allegations and/or statements in paragraph 2.

7.    Royal does not have sufficient information or knowledge to form a belief on paragraph 3 as to whether or not BISD has suffered "property losses" at Besterio and Aiken, although Royal is aware

BISD has experienced mold problems at their facilities. Royal denies the portion of paragraph 3 that states: "[t]his has caused various property losses which are covered by one or more of the policies."

B.      **Causes of Action**

8.      Royal admits paragraph 4 only to the extent that it issued certain insurance policies to BISD, which contain appropriate conditions of coverage, exclusions, and limitations.

9.      Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has "suffered losses to covered property at The Schools", as vaguely stated in paragraph 5 of BISD's amended counterclaim. Royal denies the allegations in the remainder of paragraph 5 of BISD's amended counterclaim.

10.     Royal denies the allegations in paragraph 6 of BISD's amended counterclaim.

11.     Royal admits the allegations in paragraph 7 only to the extent that BISD has provided late notice of loss under four Royal policies. Royal cannot does not have sufficient information or knowledge to form a belief as to whether or not BISD has paid for the costs of investigating the cause of loss, whether BISD hired EFI, or what, if anything, GAB Robins "told" BISD about the cost estimates, investigation, findings, and costs produced by EFI. Royal denies the allegations in the remainder of paragraph 7 of BISD's amended counterclaim.

12.     Royal denies the allegations in paragraph 8 of BISD's amended counterclaim.

13.     The allegations in paragraph 9 of BISD's amended counterclaim do not require a response. To the extent they do, Royal admits only that BISD has made a breach of contract claim in its amended counterclaim, and Royal denies that BISD has such a cause of action.

14.     Royal denies the allegations in paragraph 10 of BISD's amended counterclaim.

510296.1                                    4

15.    Royal admits the allegations in paragraph 11 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies the allegations in the remainder of paragraph 11 of BISD's amended counterclaim.

16.    Royal admits the allegations in paragraph 12 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies the allegations in paragraph 12 of BISD's amended counterclaim.

17.    Royal admits the allegations in paragraph 13 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies the allegations in the remainder of paragraph 13 of BISD's amended counterclaim.

18.     Royal denies the allegations in paragraph 14 of BISD's amended counterclaim.

19.     Royal denies the allegations in paragraph 15 of BISD's amended counterclaim.

20.     The allegations in paragraph 16 of BISD's amended counterclaim do not require a response. To the extent they do, Royal admits only that BISD has made claims for alleged violations of the Texas Insurance Code and DTPA, and Royal denies that BISD has such causes of action.

21.     Royal admits the allegations in paragraph 17 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies the allegations in the remainder of paragraph 17 of BISD's amended counterclaim.

22.     Royal denies the allegations in paragraph 18 of BISD's amended counterclaim.

23.     Paragraph 19 of BISD's amended counterclaim does not require a response.

24.     Royal denies that BISD is entitled to the relief sought in its prayer for relief, numbered as paragraph 20 of BISD's amended counterclaim.

### III.

### Affirmative Defenses

Subject to and without waiving the foregoing, and for further answer, Royal asserts the following conjunctive and/or alternative affirmative defenses:

510296.1                                    6

25.    BISD's damages, if any, are the result, in whole or in part, of BISD's own negligence, fault, acts and/or omissions, or breach of contract, breach of other duties, or violation of statute by BISD or its agents, representatives, and/or employees;

26.    BISD's damages, if any, are the result of acts and/or omissions, fault, negligence, or breach of contract, or breach of other duties, of persons, entities, or parties over whom Royal had no control and for whom Royal has no legal responsibility;

27.    If BISD has suffered any damages, it has failed to mitigate them;

28.    Royal denies that it breached any duty of good faith and fair dealing;

29.    Royal denies that it failed to conduct a reasonable and proper investigation of the claim;

30.    Royal denies that it breached any contract of insurance;

31.    BISD's counterclaims are barred because BISD breached one or more contracts of insurance by failing to cooperate with Royal and failing to comply with other conditions precedent contained in the Policies. BISD failed to comply with the proof of loss provisions of the policy, failed to provide "prompt notice," failed to take all reasonable steps to protect covered property from further damage, and failed to make its records available to Royal (*see* Loss Conditions);

32.    BISD disregarded Royal's rights under the Policies, and thereby failed to cooperate and comply with the cooperation clause of the Policies, as well as the other conditions precedent to coverage;

33.    The Policies do not provide coverage for loss or damage caused directly or indirectly by water (Exclusion 1.g (1), (3) and (4));

34.    The Policies do not provide coverage for loss or damage caused by or resulting from "dampness or dryness, cold or heat, extremes or changes in temperature", and/or from wear and tear,

510296.1                                                7

fungus, decay, deterioration, hidden or latent defect, or any quality in the property that causes it to damage or destroy itself, and/or from the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" (Exclusions 2.d (1), (2), (7); 2(e)). Further, expenses to extract "pollutants" and contaminants may have special reporting requirements and special limits, depending on the applicable forms allegedly triggered;

35.    The Policies do not provide coverage for loss or damage caused by or resulting from faulty, inadequate or defective planning, surveying, siting, grading, design, specifications, workmanship, repair, construction, renovation; materials used in repair, construction, renovation or remodeling; or maintenance (Exclusion 3.c (1)-(4));

36.    BISD's claim for insurance coverage is time-barred;

37.    BISD's claim for insurance coverage is barred by laches;

38.    BISD's claim for insurance coverage is excluded by the explicit Policy exclusion for fungus (Exclusion 2.d);

39.    BISD's alleged claim for mold and/or water damage is barred because any such loss was not fortuitous;

40.    BISD's alleged claim for insurance coverage is barred because it was not made timely as required under the Policy;

41.    BISD's counterclaims are barred under the Policies for any loss or damage that did not commence during a policy period;

42.    BISD's counterclaims are barred under the Policies based on the "known loss"/"loss in progress" doctrine;

43.    BISD has failed to show any damage or loss that comes within the terms and conditions of any potentially applicable contract of insurance, and, thus, its extra-contractual counterclaims are barred;

44.    Any claimed loss or damage coming within the terms and conditions of any potentially applicable contract of insurance may be excluded and/or limited by applicable policy exclusions and/or limitations;

45.    BISD's counterclaims are barred because BISD failed to comply with all applicable notice provisions;

46.    BISD's counterclaim for insurance coverage is barred under one or more Policies, because BISD failed to bring its alleged action against Royal "within 2 years and one day after the date on which the direct physical loss or damage occurred." (*See* Commercial Property Conditions, D., Texas Changes, F.1.b.);

47.    BISD's counterclaims are barred because BISD does not come within the insuring language of the policies and policy terms, on which BISD has the burden of proof;

48.    BISD's counterclaims are barred by the terms, conditions, definitions, exclusions, and limitations in the Policies;

49.    BISD failed to act as a reasonably prudent insured;

50.    BISD's counterclaims for extra-contractual damages must be denied because the acts and/or omissions of BISD or its agents, representatives, and/or employees constitute a waiver of such claims against Royal, or as a result of such acts and/or omissions, BISD is estopped from asserting counterclaims for extra-contractual damages whether under the common law or the Texas Insurance Code, or any other statute;

510296.1                                         9

51.    BISD is not a consumer under the Texas Business and Commerce Code and therefore is barred from asserting a counterclaim under that statute. In paragraph 10 of its amended counterclaim, BISD's alleges claims for violations of the DTPA. BISD incorrectly cites these claims as falling under § 17.46 (b) of the Tex. Civ. Prac. & Rem. Code Ann. These types of claims, however, fall under § 17.46 (b) of the Texas Business and Commerce Code. *See* Tex. Bus. & Com. Code § 17.46 (b);

52.    Royal pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case;

53.    Royal acted in good faith in handling and investigating BISD's claim;

54.    BISD's counterclaims against Royal are barred by the doctrine of unclean hands;

55.    BISD cannot recover punitive damages in this case because such an award would be unconstitutional, illegal, and against public policy. In the alternative, any award of punitive damages must be supported by clear and convincing evidence and further, the ratio of punitive damage to actual damages must be constitutionally permissible;

56.    BISD's extra-contractual counterclaims are barred because BISD's contractual counterclaims are barred;

57.    BISD has failed to plead its Insurance Code and DTPA violation counterclaims and common-law misrepresentation counterclaim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, and such counterclaims must be re-pleaded or stricken;

58.    BISD's counterclaims are barred because BISD has failed to comply with conditions precedent;

510296.1

59.     BISD's counterclaims are precluded from coverage under the policies pursuant to the limitations clause; and/or

60.     BISD's counterclaims are barred based on judicial estoppel.

THEREFORE, Plaintiff/Counter-Defendant Royal prays that upon trial hereof, it have judgment that Defendant/Counter-Plaintiff BISD take nothing against Royal, and that Royal receive its reasonable and necessary attorney's fees and costs, as well as all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

*with express permission by
John W. Frew*

510296.1                                    11

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on April 27, 2004.

Honorable Ramon Garcia                              *Via Certified Mail/Return Receipt Requested*
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

Mr. Baltazar Salazar                                *Via Certified Mail/Return Receipt Requested*
Attorney at Law
1612 Winbern
Houston, Texas 77004

Mr. Craig Smith                                     *Via Certified Mail/Return Receipt Requested*
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Jay W. Brown

+ with express permission
by John V Trevino

510296.1                                    12