41

**IN THE UNITED STATES DISTRSTICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern Di___ of Texas
Fi___

MAY 0 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO**
**PLAINTIFFS MOTION TO ABATE AND SET SEPARATE TRIALS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Brownsville Independent School District ("BISD"), files its response to Plaintiff Royal Surplus Lines Ins. Co.'s ("Royal") motion to abate and set separate trials as follows:

**SYNOPSIS**

1.    Royal issued four commercial property policies to the named insured, BISD, from September 1, 1996 through April 1, 2002. BISD owns and operates Besteiro Middle School and Aiken Elementary School in Brownsville, Texas. Due to water damage problems at both schools, the schools were closed in January 2002. BISD filed a claim with its insurer in November 2001 on one policy and in April 2002 on the other three policies. Over nineteen months passed with Royal refusing to either accept or reject the claim. On June 9, 2003, Royal filed a declaratory judgment action seeking a coverage determination by this court.

2.    On December 12, 2003, BISD filed a counterclaim against Royal alleging breach of contract and extra contractual claims, including claims for Insurance Code violations and breach of the duty of good faith and fair dealing. The damages to the two schools at issue for past and future remediation and construction costs and incidental costs total approximately $13 million, with uncertain future costs and attorneys' fees not included.

1

3.    Recently, BISD propounded discovery to Royal.    Rather than responding appropriately to the discovery, Royal filed a motion under FRCP 21 and/or 42(b) seeking to sever and or set separate trials for the breach of contract and extra-contractual claims.    The motion also seeks to abate the extra contractual case until the breach of contract case is resolved.    The court has discretion on whether or not to sever or set separate trials for this case.    For the reasons set forth below, the court should exercise its discretion and deny Royal's motion.

**ARGUMENT AND AUTHORITIES**

**Royal Fails To Recognize The Distinction Between Federal Rules Of Procedure 21 And 42.**

4.    As a threshold matter, Royal's motion is not clear as to the remedy it seeks.    Royal seeks a "severance and abatement under Rule 21 and/or Rule 42(b)."    Royal however, glosses over the important distinction between these two rules. Federal Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action.    Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Federal Rule of Civil Procedure 42(b) provides:

> (b) Separate Trials.    The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

5.    As stated by the court in *Chrysler Credit Corp. v. Country Chrysler,*

*Inc.*:

> Separate trials ordered pursuant to [FRCP] 42(b) must be distinguished from a severance under [FRCP 21]... Separate trials under Rule 42(b) result in a single

> judgment while claims severed under Rule 21 become independent actions with separate judgments entered in each. While judgment on a claim severed under Rule 21 is final for purposes of appeal, judgment on a claim bifurcated under [FRCP] 42(b) is not an appealable final judgment . . ..

See, Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1519 n.8 (10th Cir. 1991).

It is not clear whether Royal is seeking a severance under Rule 21 or a separate trial under Rule 42(b). Thus, this response will address both rules.

## Texas Law Does Not Governs This Court's Decision On A Procedural Matter

6.    Royal cites and discusses Texas law almost exclusively in its motion as providing the basis for a severance and/or a separate trial. As noted by the Northern District of Texas in a case cited by Royal, Greil v. GEICO, 2001 WL 1148118 (N.D.Tex 2001), the decision of whether to order separate trials is a procedural matter and the federal district court is not bound by Texas law. Greil at *1. Rather, the Federal Rules of Procedure and the cases interpreting and applying those rules govern. Texas law may aid the court in making its decision but does not

## The Fifth Circuit has Upheld a Denial of a Motion for Separate Trials in a Very Similar Case

7.    The Fifth Circuit addressed the very issue presented by Royal's motion in First Texas Savings Assoc. v. Reliance Ins. Co., 950 F.2d 1171 (5th Cir. 1992). In that case, First Texas Savings Association brought an action against its insurer, Reliance Insurance Co., because of the insurer's refusal to cover losses resulting from a customer's check kiting scheme. First Texas brought causes of action for breach of contract, breach of the common law duties of good faith and fair dealing and violations of Texas Insurance Code art. 21.21 §16. All claims were tried together and the jury found for First Texas on both the contractual and extra contractual claims. On appeal, Reliance attacked both the judgment on the contractual and extra-contractual claims. Additionally, as stated by the court:

> Reliance also appeals from the district court's denial of Reliance's motion for separate trials on the contractual and extra-contractual claims. A motion to bifurcate is a matter within the sole discretion of the trial court, and

3

> we will not reverse the court's decision absent an abuse
> of that discretion. *See Gonzalez-Marin v. Equitable Life
> Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1988). We find
> no abuse of discretion in the district court's refusal to
> bifurcate.

*See, First Texas Savings Assoc.*, 950 F.2d at n.2.

8.     Thus, as held by the Fifth Circuit, even in cases involving insurance disputes where both contractual and extra-contractual claims under Texas law are asserted, the district court has discretion to deny a motion to set separate trials. As set forth in more detail below, this court should exercise its discretion and deny the motion to sever or set separate trials.

**Upon Examination Of Texas Cases For Guidance, Separate Trials Are Not Necessary In This Case, Because The Risk Of Undue Prejudice Is Not Present Here.**

9.     Although Texas law is not binding on this court in regards to a decision of whether or not to sever or set separate trials, the Texas cases can provide guidance. Texas law is discussed extensively by Royal. Thus, BISD will also address Texas law. Texas courts have had occasion to examine the issue of separate trials for contractual and extra contractual claims in the insurance context on numerous occasions. The Texas Supreme Court addressed the issue in *Liberty National Fire Insurance Co. v. Akin*, 927 S.W.2d 627 (Tex. 1996). In that case, an insured homeowner brought suit against her homeowner's insurer after the insurer denied coverage for damage to her home's foundation. *Akin*, 927 S.W.2d at 628. The homeowner brought claims for breach of contract and bad faith against the insurer. *Id.* The insurer filed a motion to sever the contract claims from the bad faith claims and the trial court denied the motion. *Id.* Insurer filed an original proceeding in the court of appeals, which denied relief and a writ of mandamus was sought from the Texas Supreme Court. *Id.* The Texas Supreme Court likewise denied the writ. *Id*

10.    In the mandamus proceeding before the Texas Supreme Court, the insurer argued, just as Royal does, that the bad faith claim should be severed and abated from the contract claim because evidence admissible on the bad faith claim would be inadmissible on the contract claim, and that a severance and abatement would avoid the effort and expense of litigating a claim that may be nullified by a

4

judgment for the insurer on the contract claim. *Id.* The Texas Supreme court noted that under Texas law (like federal law), a decision to deny a motion for separate trials is reviewed on an abuse of discretion standard and held that "the trial court did not abuse its discretion in denying Liberty National's motions for severance and abatement." *Id.* at 630. The court noted that:

> Contrary to Liberty National's arguments, Broderick's claims are largely interwoven, most of the evidence introduced will be admissible on both claims, and any prejudicial effect can be reasonably ameliorated by appropriate limiting instructions to the jury.
>
> ***
>
> As for evidence that Liberty National routinely denies this type of claim or evidence that it set aside a reserve pending final evaluation of this claim, we believe that the trial court may address any undue prejudice by instructing the jury that the evidence proves nothing with regard to the coverage of the plaintiff's claim, but may be considered relevant only to the bad faith claim.

*See, Akin,* 927 S.W.2d at 630

11.    This case is very similar to *Akin*. The breach of contract claims and the extra contractual claims are interwoven. Most of the evidence introduced will be admissible as to both claims. If appropriate, the court can give limiting instructions to the jury as necessary to ameliorate any alleged prejudice to Royal. Thus, a denial of the motion to sever or set separate trials should be denied.

12.    One Texas Appellate court recently addressed this issue in *In re Trinity Universal Ins. Co.,* 2003 WL 22839280 (Tex. App.—Tyler 2003 no pet.). In that case, Trinity sought a severance and abatement of bad faith claims from an underinsured motorist claim. Trinity argued, again just as Royal does, that judicial resources would be conserved by severing and abating the claims and that prejudice would result if not severed because evidence inadmissible as to one claim would be admissible on the other. The court noted that under Texas law, the decision to sever rests within the sound discretion of the trial judge and that the trial court did not abuse its discretion by denying the motion to sever and abate the bad faith claims from the contract claims. *Trinity Universal,* 2003 WL 22839280 at *3. In reaching its holding, the court examined the issue as follows:

be prejudiced to such an extent that a fair trial on the contract claim would become unlikely. *See, Akin,* 927 S.S.2d at 631. However, no presumption of prejudice arises merely because contract and bad faith claims are joined in the same action. *Hunter,* 865 S.W.2d at 194. Therefore, severance is not always required. *See, Akin,* 927 S.S.2d at 630 (rejecting inflexible rule that would deny trial court all discretion and require severance whenever contractual and bad faith claims are asserted in the same action); *see also Hunter,* 865 S.W.2d at 193 (no general prohibition against trying contract claims and bad faith claims together nor is severance of such claims always required); *Progressive County Mut. Ins. Co. v. Parks,* 856 S.W.2d 776, 778 (Tex.App.-El Paso 1993, orig. proceeding) (mandamus will not automatically issue to require severance or separate trial of contractual and bad faith claims). The burden is on the party seeking severance to show how it will be prejudiced if the claims are tried together and to present the evidence to the trial court, *in camera,* if necessary, that forms the basis of its claims. *See, Hunter,* 865 S.W.2d at 194.

13.     As stated by the court in *Trinity Universal,* there is no presumption favoring severance of contract claims from bad faith claims. The burden is on Royal to show how it will be prejudiced if the claims are tried together and to present the evidence to the trial court, in camera if necessary, which forms the basis of its claims. Royal submitted an affidavit in support of its motion, but has not submitted any evidence to the court from which the court can make a determination of whether any alleged prejudice is so great that severance is required.

14.     The only evidence offered by Royal on the issue of possible prejudice is an affidavit alleging that there have been settlement talks and a written offer of settlement dated June 9, 2003. BISD denies that there have been any oral settlement discussions. The only discussions with counsel for Royal have been in regards to discovery issues and Royal's desire to abate the case. *See* affidavit of Balthazar Salazar. Royal has never made an oral settlement offer to BISD. *Id.* Royal did send a letter on June 9, 2003 that Royal describes as a settlement letter.

6

be severed from a bad faith claim simply is not present here. The June 9, 2003 letter at issue, expressly states that "it is quite possible that no portion of BISD's claim would qualify for coverage under any of the applicable Royal policies . . ... The letter then states that there are open questions needing to be resolved by the courts by means of declaratory relief but that litigation is expensive. Royal then offers $100,000 to settle the claims. A $100,000 settlement offer on a claim valued at $13,000,000 made in the context of saving litigation costs in a letter that expressly disputes liability simply does not present the level of undue prejudice to Royal that cannot be cured by an instruction from the court. *See, e.g. Duke v. Uniroyal Inc.*, 928 F.2d 1413 (4th Cir. 1991)(district court instructed jury that each of plaintiff's claims should be considered separately); *Ward v. John Hopkins University*, 861 F.Supp. 379 (D.Md. 1994) (any undue prejudice in denying motion to sever can be eliminated at trial by giving jury instruction). Thus, even under the Texas cases that the court may look to for guidance, the motion to sever or set separate trials should be denied.

**The Relevant Factors Under Rule 21 And Rule 42 Do Not Weigh Towards A Severance Or Bifurcation**

16.     FRCP 21 is in regards to the misjoinder and non-joinder of parties. As quoted above, the rule provides that a misjoinder of parties is not a ground for dismissal of an action, but that parties may be dropped or added on such terms as are just. The rule also provides that any claim against a party may be severed and proceeded with separately. The effect of Rule 21 is to create an entirely separate lawsuit which will proceed as a discrete, independent action with its own pleadings, discovery, trial judgment and appeal. *Chrysler Credit Corp. v. Country Chryrsler, Inc.*, 928 F.2d 1509, 1519 n.8 (10th Cir. 1991). Royal has offered no evidence or argument that any claims or parties have been improperly joined. Moreover, the claims are not distinct and separable within the meaning of the rule. The breach of contract claim and the bad faith claim involve the exact same parties and arise out of the same operative set of facts and circumstances.     Thus, severance of this case into two entirely different lawsuits would not serve the interests of justice. A severance would merely result in an entirely separate lawsuit involving the same parties and the same basic facts. Thus, rather than promoting judicial economy, a severance would actually serve to duplicate the litigation, resulting in

the need for two juries, two judgments, possibly two appeals, etc. Royal has not shown any grounds that would entitled it to a severance under Rule 21. The court should exercise its discretion and deny a severance.

17.    FRCP 42(b) provides that a court may order separate trials in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy, as long as the right to trial by jury is preserved. As set forth above, there will be no undue prejudice to Royal by trying the two claims together. Any incidental prejudice that may arise can be cured by an appropriate jury instruction to the court. Moreover, as stated above, separate trials would only serve to duplicate and delay this litigation, not promote judicial economy and efficiency. Furthermore, Rule 42(b) contains a significant limitation. An order granting a separate trial must not violate the right to trial by jury as declared by the Seventh Amendment to the U.S. Constitution. As stated by the Fifth Circuit in *Anheuser-Busch, Inc. v. Force Corp.*, 987 F.2d 298 (5th Cir. 1993):

> There is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice. This limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the *general right of a litigant to have one jury pass on a common issue of fact.* This rule has an additional pragmatic basis—if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.

*See, Anheuser Busch*, 987 F.2d 298 at 305 (emphasis original, internal citations and footnotes omitted).

18.    The contractual and extra contractual claims asserted by BISD against Royal are not so distinct and separate but involve common issues of fact. BISD is entitled to have one jury decide these claims. Thus, the motion for separate trials under Rule 42(b) should be denied.[1]

---

[1]    However, if the court should be inclined to grant separate trials, this case should be bifurcated and not severed. The abatement should be denied and all pre trial matters including discovery should proceed together. The case could then be tried to the jury in phases with the breach of contract claim first and then the extra contractual claims immediately thereafter to the same jury, much the same as in a

## CONCLUSION

19.    In conclusion, this court has broad discretion to deny a motion for severance or separate trials.    Royal has not met its burden of proof to show that a severance or separate trial is appropriate in this case.  There will be no undue prejudice to Royal by trying the breach of contract and bad faith claims together.  Any incidental prejudice can be cured by appropriate jury instruction.  Moreover, granting the motion for separate trials or a severance will not promote convenience or judicial economy but will merely serve to delay the final resolution of this matter further and will result in unnecessary duplication of litigation involving common issues of fact.  Therefore, the court should exercise its discretion and deny Royal's motion for severance and/or separate trials.

WHEREFORE PREMISES CONSIDERED, BISD requests that Royal's motion to abate and sever or to abate and set separate trials of the extra contractual causes of action be denied in its entirety.  BISD further requests all such further relief to which it may show itself to be justly entitled.

Respectfully submitted:

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
(713) 655-1300 and (281) 749-8104 (Telefax)

BY: *Baltazar Salazar* wp/SS

BALTAZAR SALALZAR
State Bar No. 00791590
Federal Bar No. 18536

CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

ATTORNEYS FOR BISD

---

bifurcated trial involving punitive damages.  This result would be consistent with the reasoning behind Rule 42(b) and its limitation to protect the Seventh Amendment rights of the litigants.

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the 5th day of May, 2004, addressed as follows:

Mr. Jay Brown
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd.
Suite 2500
Houston, Texas 77056-3000

BALTAZAR SALAZAR

10

IN THE UNITED STATES DISTRSTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

## AFFIDAVIT OF BALTAZAR SALAZAR

Before me, the undersigned authority, personally appeared Baltazar Salazar, who,

being by me duly sworn, deposed as follows:

1. My name is Baltazar Salazar. I am fully competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2. I am one of the attorneys representing the Brownsville Independent School District in this lawsuit.

3. I have had several phone conversations with counsel for Royal Surplus Lines Insurance. Company. However, these conversations were in regard to discovery issues and Royal's desire to abate this case. None of the conversations involved a discussion of the settlement of this matter and no settlement offers were ever communicated to me during those conversations.

_____
AFFIANT

SWORN AND SUBSCRIBED to on this the 5th day of May, 2004 by affiant, Baltazar Salazar, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

My commission expires:
8/22/05

SILVIA C LOYA
Notary Public, State of Texas
My Commission Expires 08-22-05