IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**PLAINTIFF ROYAL'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT
ON ITS RULE 56(C) "NO-EVIDENCE" MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Motion for Leave to Exceed Page Limit on its Rule 56(c) "No Evidence" Motion for Summary Judgment, filed contemporaneously herewith, and respectfully shows:

### Background

1. Royal filed this declaratory judgment action on June 9, 2003, asking this Court to determine its duties, if any, under four insurance policies issued to Defendant Brownsville Independent School District ("BISD") for alleged damage to two schools located in Brownsville, Texas. Contemporaneously with the filing of this Motion for Leave, Royal is filing its Rule 56(c) "No Evidence" Motion for Summary Judgment. The basis for Royal's Rule 56(c) Motion for Summary Judgment can be summarized as follows:

> It is indisputable that the damage at the two subject schools was caused by perils excluded by the Royal commercial property policies issued to BISD. Indeed, various engineers and other experts hired by BISD have advised BISD that the mold and other damage at the schools are the result of causes excluded from coverage: inadequate and defective design, construction and maintenance of HVAC, roofing and other systems at the

schools. Based on such allegations, BISD has successfully sued various architects and contractors involved in the design and construction of the schools.

BISD alleges in this lawsuit, however, that at least some of the damage at the schools is the result of a covered peril. As a result, BISD – the insured – has the burden of segregating the damage allegedly attributable solely to the (unidentified) covered peril from the other damage. BISD, however, has produced absolutely no evidence of allocation – *i.e.*, evidence as to which damage was allegedly caused by a covered peril, and which damage was caused by the many excluded perils, such as inadequate and defective design, construction and maintenance. Because allocation is central to an insured's claim for coverage under Texas law, BISD's failure to carry its burden is fatal to its entire claim.

## **Argument**

2.  For the Court's convenience, Royal's Rule 56(c) "No Evidence" Motion for Summary Judgment contains a detailed factual background of the HVAC problems, indoor air quality, and mold problems at the subject schools, which date back almost ten (10) years to 1994, as well as excerpts of BISD's discovery "responses" relevant to the issue made the subject of Royal's Rule 56(c) "No Evidence" Motion for Summary Judgment -- the insured's duty to segregate those damages, if any, caused solely by a covered peril. Also for the Court's convenience, Royal's Rule 56(c) Motion excerpts and summarizes the causation opinions of many engineers and other experts that have studied the problems at the two schools. (The alternative was to attach the complete reports of these experts, some of which were hundreds of pages in length). For the sake of efficiency and the Court's convenience, Royal's "No Evidence" Motion does not include any Appendix of Exhibits, but simply references summary judgment evidence already on file with the Court.

3.  Royal believes that its Rule 56(c) Motion for Summary Judgment will resolve all the

coverage/contractual issues submitted to the Court, and thereby, as explained in another Motion for Summary Judgment to be filed by Royal, also resolve BISD's "extra-contractual" counter-claims.

4.  While the text of Royal's Rule 56(c) Motion is less than 18 pages (including only 7 pages of argument), because the entire brief -- when you count the Certificate of Service, Statement of the Nature and Stage of the Proceeding, Statement of Issues, Summary of the Argument, Conclusion, Table of Contents, and Table of Citations -- is 22 pages, Royal files this Motion out of an abundance of caution.

## Conclusion

5.  In order to thoroughly address the detailed factual history, the underlying problems at the schools, the relevant causation opinions, the legal issues raised by BISD's claim under the four Royal insurance policies from 1996-2002, and relevant Texas law, the Motion for Summary Judgment brief in its entirety is slightly, yet necessarily, longer than 20 pages. As such, Royal requests that the Court grant it permission to file the Rule 56(c) "No Evidence" Motion for Summary Judgment in excess of the 20-page limit contained in Rule 5 H of the Court's civil procedures.

## Attempts to Confer with BISD

6.  Royal has attempted on multiple occasions to confer with Mr. Salazar, counsel for BISD, concerning the issues made the subject of this motion, but BISD's counsel has not responded. Thus, Royal can only assume that this Motion is opposed.

## Prayer

7.  Royal respectfully requests the Court grant its Motion for Leave to Exceed Page Limit on its Rule 56(c) "No Evidence" Motion for Summary Judgment.

Respectfully submitted,

_____
Jay W. Brown
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

I certify that we have attempted to confer with Baltazar Salazar, counsel for Defendant BISD, regarding this motion and the relief requested in it, but by the time of the filing of this Motion, BISD has not responded to Royal's request.

_____
Jay W. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on June 9, 2004.

| | |
|---|---|
| Honorable Ramon Garcia<br>Law Office of Ramon Garcia, P.C.<br>222 W. University Drive<br>Edinburg, Texas 78539 | *Via Certified Mail/Return Receipt Requested* |
| Mr. Baltazar Salazar<br>Attorney at Law<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail/Return Receipt Requested* |
| Mr. Craig Smith<br>Law Offices of Craig S. Smith<br>14493 SPID, Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via Certified Mail/Return Receipt Requested* |

Jay W. Brown