50

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 1 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

**PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Reply in Support of its Motion for Summary Judgment.

**Relief Requested**

Defendant Brownsville Independent School District ("BISD") filed a Response [Doc. # 45] to Royal's Motion for Summary Judgment ("Royal's Motion" [Doc. # 42]). BISD's Response fails to show the Court that there is genuine issue of material fact for trial. BISD has provided the Court no evidence to defeat Royal's Motion. Therefore, the Court should grant Royal's Motion because BISD has failed to provide the Court with any summary judgment evidence to support its claim that any alleged loss at Aiken and/or Besteiro is covered under any Royal policy.

Additionally, BISD is judicially estopped from asserting against Royal in this suit that its claim was caused by anything other than defective design and/or construction of the schools. The evidence also

519076.1

shows that BISD was fully aware of the problems at the schools and mold even before it purchased the first

Royal policy.  Accordingly, BISD's claim is barred under the known loss doctrine.  Finally, BISD's claim

is also precluded because BISD failed to provide Royal with "prompt notice" as required by the Royal

Policies.

### Grounds for Relief

A.    *BISD has failed to provide any summary judgment evidence that supports coverage under the Royal policies.*

In its Response, BISD, now for the first time, contends that its "claims, in part involve the breaking

apart or cracking of plumbing systems and roof drain pipes that led to water damage and subsequent mold

growth in the schools." (*See* BISD's Response at ¶ 6.)

BISD, however, does not provide one piece of evidence showing that there was "breaking apart

or cracking of plumbing systems and roof drain pipes." The reason being is that there is no such evidence.

BISD, in attempting to defeat Royal's Motion, mis-cites and distorts the evidence in the case, and provides

no evidence to support its newly minted assertion of broken and cracked pipes. In addition, BISD appears

to concede that many of the exclusions upon which Royal relies do apply in this case. (*See* BISD's

Response, at ¶¶ 7, 14, 18, 24).  BISD, however, argues that exceptions to the exclusions apply.

BISD's arguments in its Response center on exceptions for damages resulting from "specified

causes of loss," namely "water damage." However, BISD fails to show any summary judgment evidence

to support its position. Once a properly supported motion for summary judgment is presented, the burden

shifts to the non-moving party who bears the burden of proof at trial on the issue to show with significant

probative evidence that there exists a triable issue of fact. *Kansa Reinsurance Co., Ltd. v. Congressional*

*Mortg. Corp. of Tex*, 2. F.3d 1362, 1371 (5th Cir. 1994); *Schaefer v. Gulf Coast Regional Blood*

*Center*, 10 F.3d 327, 330 (5ᵗʰ Cir. 1994); *Krim v. BancTexas Group, Inc.*, 989 F2d 1435, 1443 n. 4

(5ᵗʰ Cir. 1993). BISD fails to provide any proper summary evidence to support its arguments in its

Response.

BISD has failed to provide summary judgment evidence to show that the exceptions apply because

it has failed to provide any evidence the schools have sustained "water damage" as that term is defined in

the Royal policies. "Water damage" has a very **specific** meaning in the policies. (*See* Causes of Loss –

Special Form, Form CP10 30 06 95 to the Royal Policies, Exhibits 1-4 to Royal's Motion). The policies

define "water damage" as the "accidental discharge or leakage of water or steam as the **direct result of**

**the breaking apart** or **cracking** of any part of a system or appliance . . . containing water or steam." In

other words, "water damage" under the policies occurs when a part of the plumbing system (or other

system containing water or steam) breaks apart or cracks.

BISD now asserts that there was a breaking apart or cracking of the plumbing system and roof

drain pipes, but it fails to provide any summary judgment evidence of any breaks or cracks in the Besteiro

or Aiken plumbing system, roof drain pipes, or HVAC systems (or for any other systems containing water

and/or steam), because there is no such evidence that either school suffered "water damage."

In support of its argument, BISD lists seventeen "plumbing system leaks" and "roof drain leaks"

that it argues resulted from the broken or cracked pipes.[1] (*See* Response at ¶¶ 8-12.) Most of those

examples, it alleges, are taken from the December 20, 2002 report prepared by Rimkus, attached as

Exhibit 31 to Royal's Motion. BISD also lists one example as a "broken PVC condensate drain pipe" that

---

[1]    Royal has propounded written discovery that specifically asked BISD to identify any alleged broken or cracked pipes at the schools. BISD identified none. (*See* BISD's Response to Interrogatory No. 4, attached as an Exhibit to Royal's Motion to Compel [Doc. No. 28] at p. 7)

was allegedly listed in an Engineering & Fire Investigation ("EFI") inspection report dated July 17, 2003. (*See* Response at ¶ 10). BISD failed to attach the EFI report to its Response or even cite to a specific portion of the report. (BISD has never even produced the purported report). Therefore, BISD's reference to the EFI report is not proper summary judgment evidence and cannot be considered by the Court.

BISD's analysis of the December 20, 2002 Rimkus report is **wrong**. A simple review of the observation notes listed in the report confirms that **none** of BISD's listed examples of leaks were caused by broken or cracked pipes in the plumbing or roof drain systems at either Aiken or Besteiro. (*See* Attachment B to Exhibit 31 to Royal's Motion). BISD suggests that any occurrence of a water leak must have resulted from a broken pipe or roof drain. However, it is common sense that not all water leaks result from broken or cracked pipes and/or roofs. For example, water leakage may occur when a pipe fitting is incorrectly fastened either at initial construction or during routine maintenance. Additionally, water may also leak from roof hubs or drain connections where the sealant was incorrectly applied initially or when the sealant deteriorates over time. As those examples show, there can be water leakage in plumbing systems with absolutely **no** suggestion or evidence that any part of the system has broken apart or has cracked. In fact, all the evidence shows no broken or cracked pipes were observed in either school's plumbing or drainage systems. Because BISD has failed to come forth with evidence of any breaking apart or cracking of "any part of a system or appliance . . . containing water or steam", Royal's Motion should in all respects be granted.

More importantly, BISD fails to acknowledge the Rimkus report of January 2004. (*See* Exhibit 46 to Royal's Motion). In preparing that report, Rimkus reviewed its previous December 20, 2002 report, as well as volumes of BISD records. (*See id.* at pp. 9-10.) The January 2004 Rimkus report clearly states

that **no broken pipes or roof drains were observed** during its inspection of the schools, nor were any

broken pipes/drains indicated in any BISD records. ( *See id.* at pp. 5-7).

The alleged examples listed by BISD in its Response can be categorized into three different types

of leaks: (1) leaks from HVAC components; (2) drips from water supply pipes and drainage pipes; and

(3) roof leaks at hubs and rooftop HVAC units. Table One below incorporates each example listed in

BISD's Response, the corresponding information listed in the observation notes of the December 2002

Rimkus report for each water leak, and related information from the January 2004 Rimkus report for each

type of water leak.

The 2004 Rimkus report states that twenty-seven (27) locations of stains were attributed to

formation of condensation on the HVAC components, and/or overflow of condensation from the air-

handler drain pans. (*See id.* at p. 5). **No broken or cracked valves, pipes or fittings were observed**

**or indicated in BISD records for those locations.** (*See id.* at p. 5). Additionally, some locations had

localized stains from water supply pipe and drainage pipe systems. (*See id.* at p. 6). However, **no**

**obvious, visible holes, gaps, breaks or cracks were observed in those pipe systems or indicated**

**in the BISD records.** (*See id.* at p. 6). That water leakage was the result of poor original installation

of the pipe joints or gradual deterioration of sealant at the pipe joints. (*See id.* at p. 6). Other locations

of leaks were at penetrations through the roofs for the installation of roof drain hubs, rooftop HVAC units,

etc. (*See id.*). The roof leaks resulted from poor installation of various items or deteriorated sealant at the

roof penetrations or pipe joints. **There were no openings or gaps in the roofs observed.** More

importantly, **there were no broken or cracked drainpipes or fittings observed.** (*See id.*).

| TABLE ONE | | | | |
|---|---|---|---|---|
| **TYPE OF LEAK** | **LOCATION OF STAIN[2]** | **INSPECTION** | **CAUSE OF LEAK** | **MOTION EX. 46 PAGE** |
| HVAC Components | <u>Aiken</u><br>B217 | No broken or cracked valves, pipes or fittings were observed or indicated in BISD records. | Condensation on HVAC components / overflow of condensation from air handler drain pans | 5 |
| Drips from water supply pipe and/or drainage pipes | <u>Aiken</u><br>B111(2 areas)<br>B101<br><br><u>Besteiro</u><br>110, 111, 112, 117,<br>Counselor Off.<br>Nurse Station | No obvious, visible holes, gaps, breaks or cracks in these pipe systems or indicated in BISD records. Also, no broken or cracked valves, pipe or fittings were observed. | Poor original installation of pipe joints or gradual deterioration of sealant at the pipe joints. | 6 |
| Leaks at roof hubs and/or rooftop HVAC units | <u>Aiken</u><br>2nd Flr. Hall<br><br><u>Besteiro</u><br>208, 210, 220, 235<br>Cafeteria<br>Kitchen | No openings or gaps in the roofs because of storm activity observed. Also, no broken or cracked drain pipes or fittings. | Poor installation of various items or deteriorated sealant at the roof penetrations or pipe joints. | 6 |

In sum, as detailed in Table One, **none** of the leaks listed by BISD were the result of broken or

cracked pipes in either the plumbing systems or the roof drains. (*See id.* at p. 7). Therefore, BISD has

failed to provide the Court with any summary judgment evidence of "water damage" as defined in the Royal

policies.

---

[2] The locations and types of stains can be identified by comparing BISD's Response (¶¶ 9-11) to the December 2002 Rimkus Report (Attachment B to Exhibit 31 to Royal's Motion).

**B.**    *"Ensuing Loss"*

BISD also argues that the exception to the fungus exclusion in the Royal policies is similar to the "ensuing loss" provision of the Texas Standard Homeowner's Policy form ("HOB"). (*See* Response at ¶ 14). However, as discussed in detail in Royal's Motion, the "ensuing loss" provision in the HOB varies significantly from the exception in the Royal policies, and therefore Royal refers to Court to its motion. (*See* Royal's Motion at pp. 26-30). Thus, the cases cited by BISD with regard to the "ensuing loss" clause in the HOB do not apply to this case.

**C.**    ***Additional Coverage Extension***

The Additional Coverage Extension does not provide coverage to BISD in this case. As explained in more detail in Royal's Motion, the applicability of this provision turns on whether there is a "covered loss or damage." *See U.E. Texas One-Barrington, Ltd. v. General Star Indem. Co.*, 243 F. Supp. 2d 652, 666-67 (W.D. Tex. 2001). In other words, the water damage must have been caused by a **covered cause of loss**. If the cause of the loss is an excluded cause, the coverage extension does not kick in. (*See id.*) BISD provides no evidence of water damage as defined in the Royal Policies. Because it has failed to provide any evidence of any accidental discharge or leakage of water as the direct result of the breakage or cracking of pipe or any other part of the plumbing or drainage systems, there is no coverage under the Additional Coverage Extension.

**D.**    ***Rain Damage***

BISD's argument regarding the policy limitation for rain (C.1.c.1) misstates the application of the policies' exclusion. In order for damage to the interior of any building or structure caused from rain to be covered, the schools must **first** sustain damage to the roof or walls by a covered cause of loss, which then allows the rain to enter. (*See* Royal's Motion at 25).

Although it is somewhat unclear what exactly BISD is arguing, it again appears to argue that some of the leaks at the schools resulted from "water damage" -- i.e., broken or cracked pipes in the roof drains. (*See* Response at ¶ 20). Again, BISD fails to provide any summary judgment evidence to support its assertion that the schools' roof drain pipes were broken and/or cracked. At no point does --or can--BISD point to any specific report or any other summary judgment evidence that shows any breaks or cracks in any of the schools' plumbing or roof drain systems. In fact, as shown in Table One, none of the examples of leaks listed by BISD in its response resulted from any broken and/or cracked pipes or other plumbing or drainage system. As indicated in the Rimkus report dated January 26, 2004, all the roof leaks at hubs and rooftop HVAC units resulted from poor installation of various items or deteriorated sealant at the roof penetrations or pipe joints. (*See* Exhibit 46 to Royal's Motion at p. 6). There were no broken or cracked drainpipes or fittings. (*See id.*). Without proof of broken or cracked drainpipes or fittings, there can be no "water damage" resulting from leaks in the roofs or HVAC units. BISD again fails to provide evidence to support its position on roof leaks. Summary judgment, therefore, should be granted.

**E.    *Judicial Estoppel***

BISD argues that judicial estoppel does not apply in this case. It further argues that Royal has not relied on Fifth Circuit precedent, namely *Hall v. GE Plastic Pacific*, 327 F.3d 391 (5th Cir. 2003). Contrary to BISD's position, Royal <u>has</u> cited the Court to *Hall* and has relied on *Hall* and other Fifth Circuit case law.

BISD contends that Royal has not met the "two bases for judicial estoppel [that] must be satisfied before a party can be estopped. First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and [second] that party must have convinced the court to accept that previous position." (*See* BISD's Response, at ¶ 22).

BISD contends that Royal has not met the first requirement because BISD's position in its lawsuits against the architects and contractors is not inconsistent with its claim for coverage in the instant suit. As shown in Royal's Motion, BISD has contended in its lawsuits with the architects and contractors that the architects' and contractors' defective design and construction caused the humidity and mold problems at the schools. (*See* Royal's Motion, at pp. 44-45). Therefore, to the extent BISD argues that defective design and construction are not the causes of the problems at the schools, BISD is taking inconsistent positions.

Apparently realizing that it cannot escape the voluminous evidence of the construction and design defects as being the causes of the alleged damages at the schools, BISD concedes in its Response that defective construction, etc. are excluded causes of loss under the Royal policies. (*See* BISD's Response, at ¶ 24). BISD, however, argues that the exception to the defective construction/design exclusion applies to the extent the defective construction/design caused water damage. (*See* BISD's Response, at ¶ 24). BISD states that, "although there is an exclusion for defective construction, to the extent the defective construction caused water damage, such damages are covered under the policies." (*See* BISD's Response, at ¶ 24).

As shown above, the fallacy in BISD's position is that there is no evidence of "water damage" as defined by the Royal policies. Other than asserting that there is "water damage," BISD has provided no evidence of same. Therefore, BISD has taken inconsistent positions because, in this coverage lawsuit, it is attempting to recover for damages explicitly excluded by the policies by arguing that such damages are not excluded, and in contrast, in the construction litigation, BISD claims that defective construction, design, et al. are causes of the damages, yet such are explicitly excluded by the Royal policies.

BISD also argues that Royal has not met the second requirement for judicial estoppel because Royal has not shown that "BISD convinced the court [in the construction defect litigation] to accept its legal position." (*See* BISD's Response, at ¶ 25). BISD misapprehends this requirement. As the Fifth Circuit explained in *Hall*, the judicial acceptance requirement has a broad meaning:

> The purpose of the prior success or 'judicial acceptance' requirement is to "minimize[] the danger of a party contradicting a court's determination based on the party's prior position and, thus, mitigate the corresponding threat to judicial integrity." [citation omitted] ... The 'judicial acceptance' requirement does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits. [citation omitted] Our cases suggest that doctrine may be applied whenever a party makes an argument "with the explicit intent to induce the district's court reliance." [citation omitted] Again in *Ahrens*, a case similar to the present case, we stated that when a court 'necessarily accepted, and relied on' a party's position in making a determination, then the prior success requirement is satisfied. *See Ahrens*, 205 F.3d at 836 (relying on a party's position when remanding a case).

*Hall*, 327 F.3d at 399.

"Judicial acceptance requires that the court adopted the position previously urged by a party, whether as a preliminary matter or as part of a final disposition." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 294 (5th Cir. 2004).

Royal just recently learned from one of the parties sued by BISD, CRC Engineering, Inc. ("CRC"), that BISD settled with CRC in the *Trane* Lawsuit.[3] (*See* e-mail correspondence between CRC's counsel and BISD's counsel, attached hereto as Exhibit "A").[4] BISD filed a motion to sever CRC from the *Trane* Lawsuit into a new lawsuit, Case No. 2004-03-001763-E, *Brownsville Independent School District v. CRC Engineering, Inc., et al.*; in the 357th Judicial District Court of Cameron County, Texas. (*See*

---

[3] Cause No. 2003-08-4078-E, *American Standard & The Trane Company v. Brownsville Independent School District*; in the 357th Judicial District Court of Cameron County, Texas.

[4] The exhibits attached hereto are incorporated herein by reference.

Docket Sheet from Case No. 2004-03-001763-E, attached hereto as Exhibit "B," at p. 1; and Docket

Sheet from Case No. 2003-08-4078-E, *American Standard & The Trane Company v. Brownsville*

*Independent School District*; in the 357th Judicial District Court of Cameron County, Texas, attached

hereto as Exhibit "C," at p. 24.). After BISD successfully severed CRC into a separate suit, it filed a non-

suit with prejudice which the court granted by order dated April 28, 2004. (*See* Docket Sheet from Case

No. 2004-03-001763-E, attached hereto as Exhibit "B, at pp. 1-2.").

Accordingly, the 357th Judicial District Court of Cameron County necessarily accepted and relied

on BISD's position in allowing CRC to be severed from the *Trane* Lawsuit, and ultimately dismissed with

prejudice. Thus, the judicial acceptance requirement has been met in this case.

Royal also brings to the Court's attention that, although Royal has persistently asked BISD for

information as to its settlements with the architects, contractors and subcontractors, BISD has refused to

provide any information or documents. Had BISD provided such information and documentation with

respect to RBM Engineering, CRC, and possibly others, as it should have in response to discovery

requests, Royal would have been able to have used such evidence in its Motion. Therefore, if the Court

believes that additional proof of judicial estoppel is necessary, Royal requests that the Court order BISD

to produce immediately all pertinent documents and allow Royal time to supplement the record.[5]

---

[5] BISD asserts in its Response (at ¶ 32) that "[t]hroughout the course of this claim and litigation, BISD has produced in excess of one hundred thousand pages of documents in an attempt to comply with Royal's unreasonable requests." Royal objects to BISD's characterization of requests for documents and information, to which it is legally entitled, as being unreasonable. However, *more importantly*, the majority of documents produced by BISD were things never requested by Royal. Rather than produce responsive documents, BISD produced irrelevant documents. This is set forth in Royal's pending Motion to Compel [Doc. # 28]. One of the items included in Royal's Motion to Compel is BISD's settlements with contractors relating to the two schools. *Id.* at pp. 6-7; *see also* Royal's Reply to BISD's Response to Royal's Motion to Compel [Doc. # 36], at ¶ 19.

Furthermore, the Fifth Circuit has noted that the United States Supreme Court has outlined three "non-exclusive" factors that "typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case." *Hall*, 327 F.3d at 399, citing *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). In addition to the two factors stated above, the third is "whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* citing *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808.

Here, allowing BISD to pursue its claim against Royal would impose an unfair detriment on Royal because BISD has already recovered damages that are specifically excluded by the policies; therefore, allowing it to attempt to recover from Royal for those same damages which are not covered under the policies would be wholly unfair.

**F.    *Known Loss Doctrine***

In support of its argument that the known loss doctrine does not apply to bar BISD's insurance claim, BISD now argues for the first time that the "damages made the basis of this coverage suit did not manifest until August 2001." (*See* BISD's Response, at ¶¶ 27 and 30).[6] This admission on the part of BISD, although contrary to the evidence, is significant because if BISD is taking the position that the alleged property damage at issue did not manifest until August 2001, then coverage was never triggered under the three prior policies. Under Texas law, a party cannot be said to sustain actual property damage until such damage becomes manifest. *Flores v. Allstate Texas Lloyd's Co*, 278 F. Supp. 2d 810, 815 (S.D. Tex. 2003); *Cullen/Frost Bank of Dallas v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 257 (Tex.

---

[6]  Although Royal has consistently asked BISD in discovery in this case to state the date of manifestation of the alleged damage, BISD refused to do so.  (*See* Royal's Motion to Compel [Doc. # 28], at p. 6-7).

App. – Dallas 1993, writ denied); *American Home Assur. Co. v. Unitramp, Ltd.,* 146 F.3d 311, 314 (5th Cir. 1998) (holding that an injury becomes manifest when it is apparent or capable of being perceived). It is the manifestation of the alleged property damage that triggers the policy in effect at the time of the manifestation. Accordingly, pursuant to BISD's admission that the manifestation did not occur until August 2001, none of the prior three policies apply (effective 9/1/96 - 4/1/01).

Furthermore, if the property damage did not manifest until August 2001, then BISD wrongfully made a claim under the three prior policies. As the Court may recall, BISD originally submitted its claim on November 29, 2001 under the Royal policy in effect from April 1, 2001 to April 1, 2002. (*See* Exh. 35 to Royal's Motion). Then, in April 2002, BISD submitted another "Notice of Loss" to Royal, asserting its claim under the three prior policies (i.e., those in effect from September 1, 1996 to April 1, 2001). (*See* Exhibit 44 to Royal's Motion).

Moreover, if BISD's position now is that it is not claiming for any damages that manifested before August 2001, it has the burden of proof on allocating between the old and the later mold damages. It has provided no proof on that issue. (*See* Royal's Rule 56(c) "No-Evidence" Motion for Summary Judgment [Doc. #47] on the allocation issue).

Nevertheless, try as it might to defeat Royal's grounds for summary judgment based on the known loss doctrine by arguing that manifestation did not occur until August 2001, BISD cannot escape the uncontroverted evidence that BISD clearly had knowledge of ongoing problems and mold at the schools long before August 2001. Therefore, even if BISD is only claiming for damages that manifested in August 2001, its claim is still barred because it knew of ongoing problems and losses before the inception of the 2001/2002 policy.

The only evidence BISD cites in support of its argument that manifestation occurred in August 2001 is testimony from Mr. Raul Vasquez, which does not even support BISD's argument. Mr. Vasquez, who became the maintenance administrator for BISD in July 2001 (*see* Mr. Vasquez's Examination Under Oath, taken on May 30, 2003, at p. 5, attached to Royal's Motion as Exhibit 24), testified that the central maintenance department's first knowledge of mold at the schools was in August 2001. (*See id.* at p. 24). Even if the central maintenance department did not learn of mold at the schools until August 2001, the uncontroverted voluminous evidence shows that BISD had knowledge of mold as far back as the mid to late 1990's: (1) "Mildew growth" was found in the kitchen at Besteiro in the Fall of 1994 (*see* RBM letter, attached to Royal's Motion as Exhib. 5); (2) Mold/mildew was discovered on books in Besteiro library in September 1995 (*see* RBM memo, attached to Royal's Motion as Exhib. 6); (3) Mold/mildew discovered on chiller lines in Aiken hallways by November 1996 (*see* Mac's Insulation letter, attached to Royal's Motion as Exhib. 16); (4) Aiken teacher complained of mold in classroom in Summer 1997 (*see* N. Lopez complaint letter, attached to Royal's Motion as Exhib. 17 and *see* BISD memo, attached to Royal's Motion as Exhib. 18); (5) CRC, hired by BISD, attributed mold to defective HVAC system (*see* CRC letters, attached to Royal's Motion as Exhibs. 19 and 20); (6) Texas Department of Health ("TDH") visited Aiken in October and November 1998 due to persistent complaints of mold/mildew (*see* TDH complaint form and TDH letter, attached to Royal's Motion as Exhibs. 21 and 22 respectively); and (7) BISD records show that in fall of 1998, BISD was cleaning mold/mildew areas at Aiken every Saturday (*see* Aiken teacher complaint, attached to Royal's Motion as Exhib. 17; and BISD memo to Aiken Principal, attached to Royal's Motion as Exhib. 52; *also see* Royal's Motion, pp. 1-6).[7]

---

[7] To the extent that BISD may argue that all the mold that manifested in the mid-and late-1990s was repaired or removed, this simply is untrue. By way of example, BISD's Oscar Tapia testified during his June 2, 2003 Examination Under Oath that mold that existed on the Aiken chill water pipes in 1999 had never been repaired, despite repairs to the

Accordingly, BISD's claim that the property damage did not manifest itself until November 2001 is not credible. The known loss doctrine must apply in this case.

**D.     *Notice***

BISD argues that it complied with the "prompt" notice provisions of the Royal policies, or that there is a fact issue as to "prompt" notice. (*See* BISD's Response, at ¶ 30). BISD asserts that because it originally provided notice to Royal in November 2001, "only three months passed between the discovery of the mold and first notice to Royal." (*See* BISD's Response, at ¶ 30). Again, BISD relies on the August 2001 manifestation in an attempt to argue that it provided timely notice.

Pursuant to the uncontroverted facts regarding the history of the problems at the schools and BISD's knowledge of same set forth in Royal's Motion, there can be no dispute that BISD's notice to Royal on November 29, 2001 was late as a matter of law under Texas law, and clearly a breach of a condition precedent to coverage. (*See* Royal's Motion, pp. 51-55).

Nevertheless, even if BISD were to be believed that the property damage did not manifest until August 2001, its notice was still not prompt. Such notice was, at the least, over 90 days late. Texas courts have repeatedly ruled that relatively short delays are not prompt. *See, e.g., Klein v. Century Lloyds*, 275 S.W.2d 95, 97 (1955) (32 day delay in providing notice does not constitute notice given as soon as practicable); *Allen v. Western Alliance Ins. Co.* 349 S.W.2d 590, 594 (1961) (holding as a matter of law that failure to give notice for 107 days, under the circumstances of that case, did not constitute the giving of notice "as soon as practicable" after the accident); *Trinity Univ. Ins. Co. v. Weems*, 326 S.W.2d 302, 304 (Tex.Civ.App. --Austin 1959, no writ) (three and one half month delay did not constitute

---

HVAC system in 1999 and BISD's "talks" about replacing all the insulation after such repairs. (*See* EUO of Oscar Tapia, attached as Exhib. 23 to Royal's Motion, at p. 80 line 3 through p. 81 line 8.)

notice as soon as practicable); *Flores*, 278 F.Supp.2d at 819 (holding that insured's failure to provide notification to insurer for 6 months after his claim for mold damage became apparent was not "prompt" as a matter of law).

Here, under the circumstances of this matter, where BISD cannot dispute the fact that it had knowledge of problems associated with high humidity, water intrusion and indoor air quality, including mold/mildew at both schools, from the time they opened (i.e., 1994 for Besteiro and 1996 for Aiken), even if there was no manifestation until August 2001, BISD's notice in November 2001 certainly was not "prompt" as a matter of law.

**E.    *BISD's Claims under the Texas Insurance Code***

BISD points out to the Court that Royal did not address BISD's claims for alleged violations of the Texas Insurance Code in its Motion. Royal, however, has now filed a separate Motion for Summary Judgment on BISD's Extra-Contractual Claims [Doc. #48]. Such motion was filed on June 10, 2004. Accordingly, Royal refers the Court to that motion which sets forth the reasons why Royal is entitled to summary judgment on BISD's extra-contractual claims. To the extent necessary, that motion is incorporated herein by reference as if fully set forth at length.

<b><u>Conclusion</u></b>

Royal is entitled to summary judgment and a declaration that BISD's claim for insurance is outside of coverage. Plaintiff Royal Surplus Lines Insurance Company prays that the Court grant its Motion for Summary Judgment, declare that BISD is not entitled to coverage under any of the Royal Policies for any claimed damage or loss at Besteiro and Aiken, dismiss BISD's counterclaim against Royal, and grant Royal any and all other relief to which it is entitled.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
Stephen R. Wedemeyer
State Bar No. 00794832
SDT No. 19797
John V. Trevino, Jr.
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

519076.1                                    -17-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Royal's Reply in Support of its Motion for Summary Judgment  was served on all counsel of record on June 14, 2004.

Craig S. Smith                    *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas  78418

Baltazar Salazar                  *Via Certified Mail Return Receipt Requested*
1612 Winbern
Houston, Texas 77004

Ramon Garcia                      *Via Certified Mail Return Receipt Requested*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

Jay W. Brown

**APPENDIX TO PLAINTIFF ROYAL'S REPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

| EXHIBIT | DOCUMENT |
|---------|----------|
| 1. | Affidavit of John V. Treviño, Jr. |
| A | Copy of e-mail correspondence between Mr. Treviño and counsel for CRC Engineering, Inc. regarding CRC Engineering's settlement with BISD |
| B | Docket Sheet re Cause No. 2004-03-001763-E, *Brownsville Independent School District v. CRC Engineering, Inc., et al.*; In The 357th Judicial District Court of Cameron County, Texas |
| C | Docket Sheet re Cause No. 2003-08-004078-E; *American Standard & The Trane Company vs. Brownsville Independent School District*; In The 357th Judicial District Court of Cameron County, Texas |

#519707.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |

**AFFIDAVIT OF JOHN V. TREVIÑO, JR.**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day, personally appeared JOHN V. TREVIÑO, JR., who, being by me first duly sworn, upon his oath according to law, did depose and state the following:

"My name is John V. Treviño, Jr.. I reside in the State of Texas. I am over the age of twenty-one (21) years and am competent to make this affidavit. I have never been convicted of a felony or any other crime involving moral turpitude. I have personal knowledge of the facts set forth in this affidavit, and those facts are true and correct.

I am an attorney licensed to practice in the State of Texas. I am an attorney for Royal Surplus Lines Insurance Company in the above-styled and numbered cause. Attached hereto as Exhibit "A" is a copy of email correspondence between me and counsel for CRC Engineering, Inc. ("CRC") regarding CRC's settlement with BISD. Attached hereto as Exhibits B and C are copies of the Docket Sheets we obtained from iDocket.com for Case No. 2004-03-001763-E, *Brownsville Independent School District v. CRC Engineering, Inc., et al.*; in the 357th Judicial District Court of Cameron County, Texas; and Case No. 2003-08-4078-E, *American Standard & The Trane Company v. Brownsville Independent School District*; in the 357th Judicial District Court of Cameron County, Texas, respectively. The documents attached hereto are true and correct copies of the originals."

FURTHER AFFIANT SAYETH NOT.

John V. Treviño, Jr.

SWORN TO AND SUBSCRIBED this 14th day of June, 2004.

X. Kaye Jones
Notary Public in and for the State of Texas

#519632.1

S KAYE JONES
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
AUG. 9, 2004

**EXHIBIT
"1"**

**Trevino, John V. Jr.**

| | |
|---|---|
| **From:** | Lugrin, George [GLugrin@westmorelandhall.com] |
| **Sent:** | Tuesday, June 01, 2004 11:38 AM |
| **To:** | Trevino, John V. Jr. |
| **Subject:** | RE: Follow up on BISD Affidavit |

John:  At this point, CRC doesn't want to give an affidavit.  CRC has
settled with BISD and continues to do work for it.  Check Charles' depo
transcript, I believe his reports were discussed and attached as exhibits.
Thanks.  George.

EXHIBIT
"A"

Court Center Docket Review. Case History Header.                    Page 1 of 2



| All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
# iDocket.com

View Case Track™                                    Start Case Track™

Civil Docket; Case 2004-03-001763-E; Civil
BROWNSVILLE INDEPENDENT SCHOOL DISTRIC vs CRC ENGINEERING,INC, ET. AL.
Filed 03/10/2004 - Disposition: Dismissed by plaintiff
357th District Court, District Clerk, Cameron County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount | Order Copies |
|---|---|---|---|---|---|
| 03/10/2004 | ORDER OF SEVERANCE | | TXT | .00 | |
| | CLERK'S FILING FEE | | A+ | 50.00 | |
| | JUDICIAL FUND | | " | 40.00 | |
| | STENOGRAPHER'S FEE | | " | 15.00 | |
| | SECURITY FEE | | " | 5.00 | |
| | RECORDS MANAGEMENT FEE | | " | 5.00 | |
| | RECORDS MGT. FEE (DIST.) | | " | 5.00 | |
| | COPY FEE | | " | 10.00 | |
| | INDIGENT LEGAL SERV. FEE | | " | 10.00 | |
| | AJSF FEE | | " | 5.00 | |
| | COUNTY LAW LIBRARY | | " | 35.00 | |
| | LITIGANT(S) SEVERED FROM CAUSE# 2003-0 | | TXT | .00 | |
| | 8-004078-E | | " | | |
| 04/22/2004 | PLTF-BISD'S NOTICE OF NON SUIT W/PREJU | | " | .00 | |
| | DICE OF CRC ENGINEERING | | " | | |
| 04/25/2004 | FAX COPY OF CORRESPONDENCE FROM C.SMIT | | " | .00 | |
| | H TO R.SCOTT WESTLUND, | | " | | |
| | ERNESTO GAMEZ & BALTAZAR SALAZAR. | | " | .00 | |
| | BMG | | " | | |
| 04/28/2004 | ORDER OF NONSUIT WITH PREJUDICE LALE | | " | | |
| | JANDRO/BMG | | " | | |

EXHIBIT
"B"

Court Center Docket Review. Case History Header. Page 2 of 2

| | | | |
|---|---|---|---|
| | (AS TO CRC ENGINEERING INC) | " | .00 |
| 05/25/2004 | -FAX COPY OF CORRESPONDENCE FROM C. SM | " | .00 |
| | ITH TO MR GAMEZ,MR BOB, | " | |
| | AND MR WESTLUND/JL | " | .00 |
| 05/28/2004 | FAX:CORRESPONDENCE TO JOE FROM CATHERI | " | .00 |
| | NE SMITH RE:TELEFAXED/JL | " | |
| 06/04/2004 | CORRESPONDENCE FROM ROBERT GUERRA TO C | " | .00 |
| | ATHERINE/JL | " | |
| 06/07/2004 | FAX:CORRESPONDENCE TO CATHERINE FROM H | " | .00 |
| | ON ROBERT L GUERRA | " | |

Search | Case History | Parties | Attorneys | Links | Services     [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: bmpllp
Viewed as of: June 10, 2004, time: 14:33:17

Case 1:03-cv-00109   Document 50   Filed in TXSD on 06/14/2004   Page 24 of 56

Court Center Docket Review. Case History Header.                    Page 1 of 33



[All] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

**Check out our new affordable subscription plans at**
# iDocket.com

View Case Track™ ─────────────────── ─────── Start Case Track™

Civil Docket; Case 2003-08-004078-E; Civil
AMERICAN STANDARD & THE TRANE COMPANY vs BROWNSVILLE INDEPENDENT
SCHOOL DISTRIC
Filed 08/12/2003 - Disposition:
357th District Court, District Clerk, Cameron County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount | Order Copies |
|------|---------------------|-----------|-----|--------|--------------|
| 08/12/2003 | ORIGINAL PETITION FILED | | TXT | .00 | |
| | CLERK'S FILING FEE | | A+ | 45.00 | |
| | STATE COMPTROLLER'S FEE | | " | 40.00 | |
| | STENOGRAPHER'S FEE | | " | 15.00 | |
| | SECURITY FEE | | " | 5.00 | |
| | RECORDS MANAGEMENT FEE | | " | 5.00 | |
| | COPY FEE | | " | 10.00 | |
| | INDIGENT LEGAL SERV. FEE | | " | 10.00 | |
| | AJSF FEE | | " | 5.00 | |
| | COUNTY LAW LIBRARY | | " | 35.00 | |
| | DEPOSIT | 20030061 | A- | -186.00 | |
| 08/15/2003 | ORIGINAL ANSWER: BROWNSVILLE INDEPENDE | | TXT | .00 | |
| | NT SCHOOL DISTRICT | | " | | |
| 08/22/2003 | COUNTER PETITION: BROWNSVILLE INDEPEND | | " | .00 | |
| | ENT SCHOOL DISTRICT | | " | | |
| 08/28/2003 | THIRD PARTY PETITION: THE BROWNSVILLE | | " | | |
| | INDEPENDENT SCHOOL DISTR | | " | | |

**EXHIBIT**
" C "

Case 1:03-cv-00109   Document 50   Filed in TXSD on 06/14/2004   Page 25 of 56

Court Center Docket Review. Case History Header.                    Page 2 of 33

| 08/29/2003 | DEPOSIT | 20030066 | A- | 1224.00 |
|---|---|---|---|---|
| 09/16/2003 | ORIGINAL ANSWER: AMERICAN STANDARD INC | | TXT | .00 |
| | . & THE TRANE COMPANY | | " | |
| | ORIGINAL ANSWER: AMERICAN STANDARD, IN | | " | .00 |
| | C. & THE TRANE COMPANY | | " | |
| 09/19/2003 | CORRESPONDENCE FROM CHARLIE J. CILFONE | | " | .00 |
| | RE: VACATION SCHEDULE | | " | |
| | DTD. 9-15-03/GMedrano | | " | .00 |
| 09/24/2003 | CITATION (CM): AL CARDENAS MASONRY | | " | .00 |
| | SERVED: 10/07/03 FILED: 10/09/0 | | " | .00 |
| | 3 | | " | |
| | CITATION (CM): ALAMO CONTROLS INC | | " | .00 |
| | SERVED: 09/29/03 FILED: 10/03/0 | | " | .00 |
| | 3 | | " | |
| | CITATION (CM): CARROL DUSANG AND RAND, | | " | .00 |
| | INC | | " | |
| | SERVED: UNSERVED FILED: 10/06/0 | | " | .00 |
| | 3 | | " | |
| | CITATION (CM): COASTAL ENGINEERING INC | | " | .00 |
| | SERVED: 09/29/03 FILED: 10/01/0 | | " | .00 |
| | 3 | | " | |
| | CITATION (CM): COASTAL ENGINEERING EMP | | " | .00 |
| | LOYERS INC | | " | |
| | SERVED: 09/29/03 FILED: 10/01/0 | | " | .00 |
| | 3 | | " | |
| | CITATION (CM): COUPLAND-MORAN ENGINEER | | " | .00 |
| | S INCORPORATED | | " | |
| | SERVED: UNSERVED FILED: 10/06/0 | | " | .00 |
| | 3 | | " | |
| | CITATION (CM): CRC ENGINEERING INC | | " | .00 |
| | SERVED: 09/29/03 FILED: 10/01/0 | | " | .00 |
| | 3 | | " | |

| | | |
|---|---|---|
| CITATION (CM): D. WILSON CONSTRUCTION | " | .00 |
| COMPANY, INC | " | |
| SERVED: 09/30/03 FILED: 10/02/0 | " | .00 |
| 3 | " | |
| CITATION (CM): HD GRANT COMPANY INC | " | .00 |
| SERVED: UNSERVED FILED: 10/08/0 | " | .00 |
| 3 | " | |
| CITATION (CM): LARRY WUNSCH & ASSOCIAT | " | .00 |
| ES INC | " | |
| SERVED: 09/29/03 FILED: 10/02/0 | " | .00 |
| 3 | " | |
| CITATION (CM): MAC'S INSULATION COMPAN | " | .00 |
| Y INC | " | |
| SERVED: 09/30/03 FILED: 10/02/0 | " | .00 |
| 3 | " | |
| CITATION (CM): MIJARES MORA ARCHITECTS | " | .00 |
| INC | " | |
| SERVED: 09/29/03 FILED: 10/02/0 | " | .00 |
| 3 | " | |
| CITATION (CM): RIO FILTER MANUFACTURIN | " | .00 |
| G AND SUPPLY LLC | " | |
| SERVED: 09/29/03 FILED: 10/01/0 | " | .00 |
| 3 | " | |
| CITATION (CM): RIO MECHANICAL INC | " | .00 |
| SERVED: 09/29/03 FILED: 10/01/0 | " | .00 |
| 3 | " | |
| CITATION (CM): ROBERT J RUIZ, ARCHITEC | " | .00 |
| T INC. | " | |
| SERVED: UNSERVED FILED: 12/04/0 | " | .00 |
| 3 | " | |
| CITATION (CM): SECHRIST-HALL COMPANY | " | .00 |
| SERVED: 10/03/03 FILED: 10/07/0 | " | .00 |
| 3 | " | |
| CITATION (CM): STOTLER CONSTRUCTION | | |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 27 of 56

Court Center Docket Review. Case History Header.                    Page 4 of 33

| | | | |
|---|---|---|---|
| | CO | " | .00 |
| | MPANY | " | |
| | SERVED: UNSERVED FILED: 10/02/0 | " | .00 |
| | 3 | " | |
| | CITATION (CM): SUPERHEAT AIR BALANCING | " | .00 |
| | CO. INC. | " | |
| | SERVED: UNSERVED FILED: 10/07/0 | " | .00 |
| | 3 | " | |
| | CITATION (CM): VICTORIA AIR CONDITIONI | " | .00 |
| | NG | " | |
| | SERVED: 09/29/03 FILED: 10/02/0 | " | .00 |
| | 3 | " | |
| | CITATION (CM): WRIGHTWAY CONSTUCTION I | " | .00 |
| | NC | " | |
| | SERVED: 09/30/03 FILED: 10/02/0 | " | .00 |
| | 3 | " | |
| | CITATION (CM): ZAMORA ENGINEERING INC | " | .00 |
| | SERVED: 09/29/03 FILED: 10/02/0 | " | .00 |
| | 3 | " | |
| 09/29/2003 | CITATION | A+ | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| 09/30/2003 | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| | CITATION | " | 57.00 |
| 10/03/2003 | ORIGINAL ANSWER: COASTAL ENGINEERING I | TXT | .00 |
| | NC | " | |
| | CITATION | A+ | 57.00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 28 of 56

Court Center Docket Review. Case History Header.                                          Page 5 of 33

| 10/07/2003 | THIRD-PARTY PETITION: AMERICAN STANDAR | | TXT | .00 |
|---|---|---|---|---|
| | D, INC. & THE TRANE CO. | | " | |
| | CITATION | | A+ | 57.00 |
| | COUNTER-DEF'S MTN FOR ENTRY ON PROPERT | | TXT | .00 |
| | Y. BMGARCIA | | " | |
| 10/08/2003 | DEPOSIT | 20030077 | A- | -30.00 |
| | DEPOSIT | 20030077 | " | -57.00 |
| 10/09/2003 | CITATION (CM): SUNTEX MECHANICAL CONTR | | TXT | .00 |
| | ACTORS | | " | |
| | SERVED: 10/24/03 FILED: 10/28/0 | | " | .00 |
| | 3 | | " | |
| 10/14/2003 | ORIGINAL ANSWER: D. WILSON CONSTRUCTIO | | " | .00 |
| | N COMPANY, INC | | " | |
| 10/15/2003 | CORRES. FROM J K LEONARD-VACATION FROM | | " | .00 |
| | MARCH 16 THROUGH MARCH | | " | |
| | 23, 2004. BMGARCIA | | " | .00 |
| | CITATION (CM): SUPERHEAT AIR BALANCING | | " | .00 |
| | CO. INC. | | " | |
| | SERVED: 10/20/03 FILED: 10/28/0 | | " | .00 |
| | 3 | | " | |
| | ORIGINAL ANSWER: RIO MECHANICAL INC | | " | .00 |
| | FIRST AMENDED THIRD-PARTY PETITION OF | | " | .00 |
| | AMERICAN STANDARD, INC. | | " | |
| | AND THE TRANE COMPANY. BMGARCIA | | " | .00 |
| 10/16/2003 | ORIGINAL ANSWER: COASTAL ENGINEERING E | | " | .00 |
| | MPLOYERS INC | | " | |
| | DEPOSIT | 20030079 | A- | -30.00 |
| | ORIGINAL ANSWER: MAC'S INSULATION COMP | | TXT | .00 |
| | ANY INC | | " | |
| | JURY FEE: Pd. by HON EWING E. SIKES, I | | " | .00 |
| | II | | " | |

· Court Center Docket Review. Case History Header.                    Page 6 of 33

| | | | | |
|---|---|---|---|---|
| | 3RD-PARTY DEF, MAC'S INSULATION, INC.' | | " | .00 |
| | S REQUEST FOR JURY TRIAL | | " | |
| 10/20/2003 | ORIGINAL ANSWER: CRC ENGINEERING INC | | " | .00 |
| | CITATION | | A+ | 57.00 |
| | JURY FEE | 20030080 | A- | -30.00 |
| 10/21/2003 | COUNTER-DEFT'S MTN FOR ENTRY ON PROPER | | TXT | .00 |
| | TY SET FOR 11/6/03 AT | | " | |
| | INDIGENT LEGAL SERV. FEE | | A+ | 10.00 |
| | 9A.M. LALEJANDRO/BMGARCIA | | TXT | .00 |
| | ORIGINAL ANSWER: ZAMORA ENGINEERING IN | | " | .00 |
| | C | | " | |
| | ORIGINAL ANSWER: MIJARES MORA ARCHITEC | | " | .00 |
| | TS INC | | " | |
| | ORIGINAL ANSWER: ALAMO CONTROLS INC | | " | .00 |
| | ORIGINAL ANSWER: COASTAL ENGINEERING, | | " | .00 |
| | INC. | | " | |
| | CROSS ACTION: COASTAL ENGINEERING INC | | " | .00 |
| | ADOPTION AND JOINDER IN AMERICAN STAND | | " | .00 |
| | ARD AND THE TRANE | | " | |
| | COMPANY'S MOTION FOR ENTRY ON PROP | | " | .00 |
| | ERTY. BMGARCIA | | " | |
| | (ALAMO CONTROLS,INC.) DEMAND FOR JURY. | | " | .00 |
| | BMGARCIA | | " | |
| 10/23/2003 | ORIGINAL ANSWER: RIO FILTER MANUFACTUR | | " | .00 |
| | ING AND SUPPLY LLC | | " | |
| | JURY FEE | 20030081 | A- | -30.00 |
| | DEPOSIT | 20030081 | " | -25.00 |
| | JURY FEE | 20030081 | " | 30.00 |
| | DEPOSIT | 20030082 | " | -30.00 |
| | ORIGINAL ANSWER: SECHRIST-HALL | | TXT | .00 |

Case 1:03-cv-00109  Document 50  Filed in TXSD on 06/14/2004  Page 30 of 56

. Court Center Docket Review. Case History Header.                    Page 7 of 33

| | | | |
|---|---|---|---|
| | COMPANY | | |
| | COUNTER-DEFT'S CERT. OF WRITTEN DISCOV | " | .00 |
| | ERY. BMGARCIA | " | |
| 10/24/2003 | AMERICAN STANDARD AND THE TRANE COMPAN | " | .00 |
| | Y'S ANSWER TO ALL | " | |
| | CITATION | A+ | 57.00 |
| | CROSS ACTIONS. BMGARCIA | TXT | .00 |
| | THIRD-PARTY DEFT D. WILSON CONSTRUCTIO | " | .00 |
| | N COMPANY'S ORIGINAL | " | |
| | ANSWER TO THIRD-PARTY PLTF'S ORIGIN | " | .00 |
| | AL THIRD-PARTY PETITION | " | |
| | SUBJECT ITS PLEA IN ABATEMENT/GMedr | " | .00 |
| | ano | " | |
| | (THIRD-PARTY DEFT) D. WILSON CONSTRUCT | " | .00 |
| | ION COMPANY'S MOTION TO | " | |
| | COMPEL ARBITRATION AND FOR DISMISSA | " | .00 |
| | L OF ABATEMENT OF SUIT | " | |
| | PENDING ARBITRATION/GMedrano | " | .00 |
| | ORIGINAL ANSWER: D. WILSON CONSTRUCTIO | " | .00 |
| | N COMPANY | " | |
| | (THE ABOVE ANSWER FILED BY: HON.JOHN R | " | .00 |
| | . GRIFFITH) | " | |
| | ORIGINAL ANSWER: WRIGHTWAY CONSTUCTION | " | .00 |
| | INC | " | |
| 10/27/2003 | THIRD-PARTY DEFT CRC ENGINEERING, INC. | " | .00 |
| | 'S FIRST AMENDED ANSWER | " | |
| | TO BISD'S ORIGINAL THIRD-PARTY PET | " | .00 |
| | ITION/GMedrano | " | |
| | CROSS-DEFT CRC ENGINEERING, INC.'S ANS | " | .00 |
| | WER TO DEFT AMERICAN | " | |
| | STANDARD, INC., INDIVIDUALLY AND D/ | " | .00 |
| | B/A TRANE AND/OR TRANE | " | |

. Court Center Docket Review. Case History Header.                                    Page 8 of 33

| | | | | |
|---|---|---|---|---|
| | COMMERCIAL SYSTEMS GROUP'S ORIGINAL | | " | .00 |
| | CROSS-ACTION/GMedrano | | " | |
| | 3RD-PARTY DEFT CRC ENGINEERING, INC.'S | | " | .00 |
| | ADOPTION AND JOINDER | | " | |
| | IN AMERICAN STANDARD AND THE TRANE | | " | .00 |
| | COMPANY'S MOTION FOR | | " | |
| | ENTRY ON PROPERTY/GMedrano | | " | .00 |
| 10/28/2003 | DEF RIO MECHANICAL, INC.'S NOTICE OF A | | " | .00 |
| | PPEARANCE OF COUNSEL.BMG | | " | |
| | ORIGINAL ANSWER: SECHRIST-HALL COMPANY | | " | .00 |
| | THIRD PARTY DEF WRIGHT WAY CONSTRUCTIO | | " | .00 |
| | N,INC. JURY DEMAND. BMG | | " | |
| | CERTIFICATE OF WRITTEN DISCOVERY. BMG | | " | .00 |
| | ARCIA | | " | |
| | 3RD PARTY DEF, SUPERHEAT AIR BALANCING | | " | .00 |
| | COMPANY, INC'S ORIGINAL | | " | |
| | ANSWER TO 3RD PARTY PTF, B'VILLE IN | | " | .00 |
| | DEPENDENT SCHOOL | | " | |
| | DISTRICT'S(BISD) ORIGINAL 3RD PARTY | | " | .00 |
| | PETITION. BMGARCIA | | " | |
| | 3RD-PARTY DEFT,SUPERHEAT AIR BALANCING | | " | .00 |
| | CO., INC'S MTN FOR | | " | |
| | ENTRY ON PROPERTY. BMGARCIA | | " | .00 |
| 10/29/2003 | DEPOSIT | 20030083 | A- | -30.00 |
| 10/30/2003 | THIRD PARTY DEF VICTORIA AIR CONDITION | | TXT | .00 |
| | ING'S MOTION TO ADOPT & | | " | |
| | JOIN IN COUNTER-DEFT AMERICAN STAN | | " | .00 |
| | DARD & THE TRANE CO.'S | | " | |
| | MOTION FOR ENTRY ON PROPERTY. BMG | | " | .00 |
| | ARCIA | | " | |
| | ORIGINAL ANSWER: VICTORIA AIR CONDITIO | | " | .00 |
| | NING LTD. | | " | |

. Court Center Docket Review. Case History Header.                    Page 9 of 33

| Date | Description | | | Amount |
|---|---|---|---|---|
| 11/03/2003 | (FAX) DEFT' COUNTER-PLTF B.I.S.D.'S RE | " | | .00 |
| | SPONSE TO AMERICAN | " | | |
| | STANDARD AND THE TRANE COMPANY'S ( | " | | .00 |
| | COLLECTIVELY "TRANE") | " | | |
| | MOTION FOR ENTRY OF PROPERTY. BM | " | | .00 |
| | GARCIA | " | | |
| | ORIGINAL ANSWER: AL CARDENAS MASONRY | " | | .00 |
| | 3RD PARTY DEF AL CARDENAS MASONRY, INC | " | | .00 |
| | .'S MTN FOR JURY TRIAL.BG | " | | |
| 11/04/2003 | THIRD-PARTY DEFT ALAMO CONTROLS, INC.' | " | | .00 |
| | S ADOPTION AND JOINDER IN | " | | |
| | DEPOSIT | 20030085 | A- | -30.00 |
| | AMERICAN STANDARD AND TRANE CO.'S MTN | TXT | | .00 |
| | FOR ENTRY ON PROPERTY/BG | " | | |
| | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | | .00 |
| | ARCIA | " | | |
| 11/05/2003 | FAX-THIRD PARTY DEFT CRC ENGINEERING, | " | | .00 |
| | INC.'S MTN TO COMPEL | " | | |
| | ARBITRATION AND FOR DISMISSAL OR AB | " | | .00 |
| | ATEMENT OF SUIT PENDING | " | | |
| | ARBITRATION. BMGARCIA | " | | .00 |
| | CORRESPONDENCE FROM MS. CATHERINE W SM | " | | .00 |
| | ITH-VACATION FROM | " | | |
| | 2/5/04 THROUGH 3/2/04. BMGARCIA | " | | .00 |
| 11/06/2003 | Passed for entry of agreed order. As p | " | | .00 |
| | er order to be signed. | " | | |
| | DHester/esalas | " | | .00 |
| | THIRD PARTY DEFT WRIGHT WAY CONSTRUCTI | " | | .00 |
| | ON, INC.'S MTN TO ADOPT | " | | |
| | & JOIN IN PLTF/COUNTER-DEFT AMERICA | " | | .00 |
| | N STANDARD & THE TRANE | " | | |
| | COMPANY'S MTN FOR ENTRY ON | | | |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 33 of 56

· Court Center Docket Review. Case History Header.                    Page 10 of 33

| Date | Description | | Amount |
|---|---|---|---|
| | PROPERTY | " | .00 |
| | . BMGARCIA | " | |
| | FAX-JOINDER IN D. WILSON'S MTN TO COMP | " | .00 |
| | EL ARBITRATION AND FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION. BMG | " | |
| 11/07/2003 | ORIGINAL ANSWER: SUPERHEAT AIR BALANCI | " | .00 |
| | NG COMPANY, INC. | " | |
| | ORIGINAL ANSWER: STOTLER CONSTRUCTION | " | .00 |
| | COMPANY | " | |
| 11/10/2003 | JOINDER IN D. WILSON'S MTN TO COMPEL A | " | .00 |
| | RBITRATION AND FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION. BMG | " | |
| 11/18/2003 | CERTAIN DEFTS' AMENDED MTN TO COMPEL A | " | .00 |
| | RBITRATION AND FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION. BMG | " | |
| | AGREED ORDER FOR ENTRY ONTO PROPERTY S | " | .00 |
| | IGNED FOR ENTRY. LA/BMG | " | |
| 11/19/2003 | (FAX)COUNTER-PLTF "BISD'S" MTN FOR PRE | " | .00 |
| | FERENTIAL SETTING. BMG | " | |
| | FAX(CNTR-PLTF) BISD'S MTN TO USE PREVI | " | .00 |
| | OUSLY SECURED EVIDENCE.BG | " | |
| 11/21/2003 | NOTICE OF APPEARANCE OF CO-COUNSEL (HON | " | .00 |
| | LAWRENCE COFFEY) BMG | " | |
| | COUNTER-PLTF B.I.S.D.'S MTN TO USE PRE | " | .00 |
| | VIOUSLY SECURED EVIDENCE | " | |
| | (COUNTER-PLTF) "BISD'S" MTN FOR PREFER | " | .00 |
| | ENTIAL SETTING. BMG | " | |
| | 3RD-PARTY DEF MAC'S INSULATION, INC.'S | " | .00 |
| | ADOPTION & JOINDER IN | " | |

Case 1:03-cv-00109   Document 50   Filed in TXSD on 06/14/2004   Page 34 of 56

· Court Center Docket Review. Case History Header.                    Page 11 of 33

| Date | Description | | | |
|---|---|---|---|---|
| | AMERICAN STANDARD AND THE TRANE COM | | " | .00 |
| | PANY'S MTN FOR ENTRY | | " | |
| | ON PROPERTY. BMGARCIA | | " | .00 |
| 11/24/2003 | DF-SUPERHEAT AIR BALANCING CO.'S SUGGE | | " | .00 |
| | STION OF BANKRUPTCY. BMG | | " | |
| | COPY OF CORRESPONDENCE TO MR SMITH FRO | | " | .00 |
| | M MR CILFONE REGARDING | | " | |
| | PENDING BANKRUPTCY. BMGARCIA | | " | .00 |
| 11/25/2003 | THIRD PARTY DEFT MAC'S INSULATION, INC | | " | .00 |
| | 'S ADOPTION AND JOINDER | | " | |
| | IN CERTAIN DEFTS AMENDED MTN TO COM | | " | .00 |
| | PEL ARBITRATION AND FOR | | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | | " | .00 |
| | ING ARBITRATION. BMG | | " | |
| 11/26/2003 | AMERICAN STANDARD AND THE TRANE COMPAN | | " | .00 |
| | Y'S CERTIFICATE OF | | " | |
| | DEPOSIT | 20030092 | A- | -27.00 |
| | WRITTEN DISCOVERY. BMGARCIA | | TXT | .00 |
| | DF D. WILSON CONTRUCTION CO.'S RESPONS | | " | .00 |
| | E TO COUNTER-PLTF'S MTN | | " | |
| | TO USE PREVIOUSLY SECURED EVIDENCE | | " | .00 |
| | . BMGARCIA | | " | |
| | DEF D. WILSON CONSTRUCTION CO.'S RESPO | | " | .00 |
| | NSE TO COUNTER-PLTF'S | | " | |
| | MTN FOR PREFERENTIAL SETTING. BMG | | " | .00 |
| | ARCIA | | " | |
| | CERT. OF WRITTEN DISCOVERY. BMGARCIA | | " | .00 |
| 12/02/2003 | ADOPTION & JOINDER IN AMERICAN STANDAR | | " | .00 |
| | D, INC.,INDIVIDUALLY AND | | " | |
| | D/B/A TRANE AND/OR TRANE COMMERCIA | | " | .00 |
| | L SYSTEMS GROUP AND | | " | |

Case 1:03-cv-00109     Document 50     Filed in TXSD on 06/14/2004     Page 35 of 56

'Court Center Docket Review. Case History Header.                    Page 12 of 33

| | | | |
|---|---|---|---|
| | D. WILSON CONSTRUCTION COMPANY'S PL | " | .00 |
| | EA IN ABATEMENT AND | " | |
| | MTN TO COMPEL ARBITRATION. BMGARCI | " | .00 |
| | A | " | |
| | -ADOPTION & JOINDER IN CERTAIN DEFTS' | " | .00 |
| | AMENDED MTN TO COMPEL | " | |
| | ARBITRATION AND FOR DISMISSAL OR AB | " | .00 |
| | ATEMENT OF SUIT | " | |
| | PENDING ARBITRATION. BMGARCIA | " | .00 |
| | DEF RIO MECHANICAL,INC'S JOINDER TO DE | " | .00 |
| | FT D. WILSON CONSTRUCTION | " | |
| | COMPANY'S RESPONSE TO COUNTER-PLTF' | " | .00 |
| | S MTN TO USE PREVIOUSLY | " | |
| | SECURED EVIDENCE. BMGARCIA | " | .00 |
| 12/03/2003 | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| | ARCIA | " | |
| | ADOPTION & JOINDER IN AMERICAN STANDAR | " | .00 |
| | D AND THE TRANE COMPANY'S | " | |
| | RESPONSE AND OBJECTION TO B.I.S.D.' | " | .00 |
| | S MTN FOR PREFERENTIAL | " | |
| | TRIAL SETTING. BMGARCIA | " | .00 |
| 12/04/2003 | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| | ARCIA | " | |
| 12/08/2003 | RESPONSE AND OBJECTION TO B.I.S.D.'S M | " | .00 |
| | OTION FOR PREFERENTIAL | " | |
| | TRIAL SETTING. BMGARCIA | " | .00 |
| | DF MIJARES MORA ARCHITECTS, INC'S MTN | " | .00 |
| | TO COMPEL ARBITRATION & | " | |
| | FOR DISMISSAL OR ABATEMENT OF SUIT | " | .00 |
| | PENDING ARBITRATION.BMG | " | |
| | (NO ORDER) | " | .00 |
| | DFT MIJARES MORA ARCHITECTS, INC'S ADO | " | .00 |
| | PTION AND JOINDER OF | " | |
| | DEFT AMERICAN STANDARD, INC, INDIVI | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 36 of 56

. Court Center Docket Review. Case History Header.                              Page 13 of 33

| | | | |
|---|---|---|---|
| | DUALLY AND D/B/A TRANE'S | " | |
| | RESPONSE AND OBJECTION TO B.I.S.D.' | " | .00 |
| | S MTN FOR PREFERENTIAL | " | |
| | TRIAL SETTING. BMGARCIA | " | .00 |
| | 3RD-PARTY DF WRIGHT WAY CONSTRUCTION I | " | .00 |
| | NC'S MTN TO ADOPT & JOIN | " | |
| | IN PTF/COUNTER-DF AMERICAN STANDARD | " | .00 |
| | AND THE TRANE COMPANY'S | " | |
| | RESPONSE AND OBJECTION TO B.I.S.D.' | " | .00 |
| | S MTN FOR PREFERENTIAL | " | |
| | TRIAL SETTING. BMGARCIA | " | .00 |
| | 3RD PARTY DEFT,MAC'S INSULATION, INC'S | " | .00 |
| | ADOPTION & JOINDER IN | " | |
| | CERTAIN DEFTS AMENDED MTN TO COMPEL | " | .00 |
| | ARBITRATION AND FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION SET | " | |
| | FOR 1/15/04 AT 8:30AM. LALEJANDRO/ | " | .00 |
| | BMG | " | |
| | COUNTER-PLTF BISD'S MTN FOR PREFERENTI | " | .00 |
| | AL SETTING SET FOR | " | |
| | 1/15/04 AT 8:30AM. LALEJANDRO/BMG | " | .00 |
| | (COUNTER-PLTF BISD'S) MTN TO USE PREVI | " | .00 |
| | OUSLY SECURED EVIDENCE | " | |
| | SET FOR 1/15/04 AT 8:30AM. LALEJAN | " | .00 |
| | DRO/BMG | " | |
| 12/09/2003 | DF,SUPERHEAT AIR BALANCING COMPANY'S A | " | .00 |
| | MENDED SUGGESTION OF | " | |
| | BANKRUPTCY. BMGARCIA | " | .00 |
| | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| | ARCIA | " | |
| | ZAMORA ENGINEERING,INC'S OPPOSITION TO | " | .00 |

Case 1:03-cv-00109     Document 50     Filed in TXSD on 06/14/2004     Page 37 of 56

. Court Center Docket Review. Case History Header.                     Page 14 of 33

| | | | |
|---|---|---|---|
| | MTN OF B.I.S.D TO USE | " | |
| | PREVIOUSLY SECURED EVIDENCE. BMG | " | .00 |
| | OPPOSITION OF ZAMORA ENGINEERING, INC' | " | .00 |
| | S TO B.I.S.D.'S MTN FOR | " | |
| | PREFERENTIAL SETTING. BMG | " | .00 |
| 12/10/2003 | THIRD PARTY DEF,ALAMO CONTROLS,INC'S J | " | .00 |
| | OINDER TO DEF,D.WILSON | " | |
| | CONSTRUCTION COMPANY'S RESPONSE TO | " | .00 |
| | COUNTER-PLTF'S MTN FOR | " | |
| | PREFERENTIAL SETTING AND MTN TO USE | " | .00 |
| | PREVIOUSLY SECURED | " | |
| | EVIDENCE. BMGARCIA | " | .00 |
| | (3RD PARTY DEFT) MAC'S INSULATION,INC' | " | .00 |
| | S ADOPTION AND JOINDER | " | |
| | IN DEFT D. WILSON CONSTRUCTION COMP | " | .00 |
| | ANY'S RESPONSE TO | " | |
| | COUNTER-PLTF'S MTN FOR PREFERENTIAL | " | .00 |
| | SETTING. BMG | " | |
| 12/11/2003 | THIRD PARTY DEFT MAC'S INSULATION,INC' | " | .00 |
| | S ADOPTION & JOINDER IN | " | |
| | DEFT D. WILSON CONSTRUCTION COMPANY | " | .00 |
| | 'S RESPONSE TO COUNTER- | " | |
| | PLTF'S MTN TO USE PREVIOUSLY SECURE | " | .00 |
| | D EVIDENCE. BMG | " | |
| 12/15/2003 | THIRD PARTY DEFT AL CARDENAS MASONRY, | " | .00 |
| | INC.'S OBJECTION TO | " | |
| | COUNTER-PLTF BROWNSVILLE INDEPENDEN | " | .00 |
| | T SCHOOL DISTRICT'S MTN | " | |
| | FOR PREFERENTIAL TRIAL SETTING AND | " | .00 |
| | SCHEDULING ORDER/GM | " | |
| 12/16/2003 | THIRD-PARTY DEFT RIO MECHANICAL, INC.' | " | .00 |
| | S ANSWER TO ALL THIRD- | " | |
| | PARTY ACTIONS AND CROSS-ACTIONS/GM | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 38 of 56

. Court Center Docket Review. Case History Header.                    Page 15 of 33

| | | | |
|---|---|---|---|
| | edrano | " | |
| | NOTICE OF SUBSTITUTION OF COUNSEL/GMed | " | .00 |
| | rano | " | |
| | ATTORNEY WITHDRAWN: HON. ROLLINS M. KO | " | .00 |
| | PPEL | " | |
| | SUBSTITUTED WITH: ROBERT F. SCHEIHI | " | .00 |
| | NG | " | |
| | AND R. SCOTT WESTLUND | " | .00 |
| 12/17/2003 | THIRD-PARTY DEFT COASTAL ENGINEERING E | " | .00 |
| | MPLOYERS,INC'S ADOPTION | " | |
| | & JOINDER IN AMERICAN STANDARD, INC | " | .00 |
| | ,INDIVIDUALLY AND D/B/A | " | |
| | TRANE AND/OR TRANE COMMERCIAL SYSTE | " | .00 |
| | MS GROUP AND D.WILSON | " | |
| | CONSTRUCTION COMPANY'S PLEA IN ABAT | " | .00 |
| | EMENT AND MTN TO COMPEL | " | |
| | ARBITRATION. BMG | " | .00 |
| | (THIRD-PARTY DEFT)COASTAL ENGINEERING | " | .00 |
| | EMPLOYERS,INC'S ADOPTION | " | |
| | & JOINDER IN AMERICAN STANDARD AND | " | .00 |
| | THE TRANE COMPANY'S | " | |
| | RESPONSE AND OBJECTION TO B.I.S.D. | " | .00 |
| | 'S MTN FOR PREFERENTIAL | " | |
| | TRIAL SETTING. BMG | " | .00 |
| | 3RD PARTY DEFT COASTAL ENGINEERING EMP | " | .00 |
| | LOYERS,INC'S ADOPTION | " | |
| | & JOINDER IN CERTAIN DEFTS' AMENDED | " | .00 |
| | MTN TO COMPEL | " | |
| | ARBITRATION AND FOR DISMISSAL OR AB | " | .00 |
| | ATEMENT OF SUIT | " | |
| | PENDING ARBITRATION. BMG | " | .00 |
| | DEFT VICTORIA AIR CONDITIONING, LTD'S | " | .00 |
| | MTN TO ADOPT & JOIN IN | " | |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 39 of 56

. Court Center Docket Review. Case History Header.      Page 16 of 33

| | | | |
|---|---|---|---|
| | RESPONDENTS AMERICAN STANDARD AND T | " | .00 |
| | HE TRANE COMPANY, CRC | " | |
| | ENGINEERING,INC,MIJARES MORA ARCHIT | " | .00 |
| | ECTS,INC,RIO FILTER | " | |
| | SUPPLY AND RIO MECHANICAL,INC'S RES | " | .00 |
| | PONSE AND OBJECTION TO | " | |
| | B.I.S.D.'S MTN FOR PREFERENTIAL TRI | " | .00 |
| | AL SETTING. BMG | " | |
| 12/18/2003 | THIRD PARTY DEFT,ZAMORA ENGINEERING,IN | " | .00 |
| | C'S, MTN TO COMPEL | " | |
| | ARBITRATION AND FOR DISMISSAL OR A | " | .00 |
| | BATEMENT OF SUIT | " | |
| | PENDING ARBITRATION. BMG | " | .00 |
| 12/22/2003 | ADOPTION AND JOINDER IN AMERICAN STAND | " | .00 |
| | ARD AND THE TRANE CO., | " | |
| | CRC ENGINEERING, IN,MIJARES MORA A | " | .00 |
| | RCHITECTS,INC.,RIO FILTER | " | |
| | SUPPLY,AND RIO MECHANICAL,INC'S RES | " | .00 |
| | PONSE AND OBJECTION TO | " | |
| | B.I.S.D.'S MTN FOR PREFERENTIAL TRI | " | .00 |
| | AL SETTING. BMGARCIA | " | |
| 12/26/2003 | THIRD-PARTY DEFT SECHRIST-HALL COMPANY | " | .00 |
| | 'S CERT. OF DISCOVERY.BMG | " | |
| 01/06/2004 | THIRD PARTY DEFT,MAC'S INSULATION,INC' | " | .00 |
| | S ADOPTION & JOINDER IN | " | |
| | DEFT D.WILSON CONSTRUCTION CO.'S R | " | .00 |
| | ESPONSE TO COUNTER-PLTF'S | " | |
| | MTN TO USE PREVIOUSLY SECURED EVID | " | .00 |
| | ENCE SET FOR 2/5/04 AT | " | |
| | 8:30AM. LALEJANDRO/BMGARCIA | " | .00 |
| 01/07/2004 | THIRD PARTY DEFT,MAC'S INSULATION,INC' | " | .00 |
| | S ADOPTION & JOINDER IN | " | |
| | DEFT D.WILSON CONSTRUCTION CO.'S R | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 40 of 56

. Court Center Docket Review. Case History Header.                    Page 17 of 33

| | | | |
|---|---|---|---|
| | ESPONSE TO COUNTER-PLTF'S | " | |
| | MTN FOR PREFERENTIAL SETTING SET F | " | .00 |
| | OR 2/5/04 @ 8:30AM.LA/BMG | " | |
| 01/08/2004 | MAC'S INSULATION,INC.'S CERTIFICATE OF | " | .00 |
| | WRITTEN DISCOVERY. BMG | " | |
| | B.I.S.D.'S RESPONSE TO DEFTS' MTNS AND | " | .00 |
| | AMENDED MTNS TO COMPEL | " | |
| | ARBITRATION & FOR DISMISSAL OR ABA | " | .00 |
| | TEMENT OF SUIT PENDING | " | |
| | ARBITRATION. BMGARCIA | " | .00 |
| 01/09/2004 | BISD'S SUPPLEMENT TO THE COURT'S RECOR | " | .00 |
| | D. BMGARCIA | " | |
| | STOTLER CONSTRUCTION CO.'S MTN TO COMP | " | .00 |
| | EL ARBITRATION & FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION. BMG | " | |
| 01/12/2004 | AMERICAN STANDARD & THE TRANE CO.'S CE | " | .00 |
| | RT. OF WRITTEN DISCOVERY. | " | |
| 01/13/2004 | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| | ARCIA | " | |
| | 3RD PARTY DEFT,RIO MECHANICAL, INC'S R | " | .00 |
| | ESPONSES TO B.I.S.D.'S | " | |
| | REQUEST FOR DISCLOSURE. BMGARCIA | " | .00 |
| | D.WILSON CONSTRUCTION CO.'S MTN TO COM | " | .00 |
| | PEL ARBITRATION & FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION SET | " | |
| | FOR 1/15/04 AT 8:30AM. LALEJANDRO/ | " | .00 |
| | BMG | " | |
| | CRC ENGINEERING INC'S MTN TO COMPEL AR | " | .00 |
| | BITRATION & FOR DISMISSAL | " | |
| | OR ABATEMENT OF SUIT PENDING ARBIT | " | .00 |
| | RATION SET FOR 1/15/04 | " | |

Case 1:03-cv-00109   Document 50   Filed in TXSD on 06/14/2004   Page 41 of 56

· Court Center Docket Review. Case History Header.                              Page 18 of 33

| | | | |
|---|---|---|---|
| | AT 8:30AM. LALEJANDRO/BMG | " | .00 |
| 01/14/2004 | THIRD-PARTY DEFT D. WILSON CONSTRUCTIO | " | .00 |
| | N CO.'S REPLY TO | " | |
| | B.I.S.D.'S RESPONSE TO DEFTS' MTNS | " | .00 |
| | TO COMPEL ARBITRATION | " | |
| | & FOR DISMISSAL OR ABATEMENT OF SUI | " | .00 |
| | T PENDING ARBITRATION.BMG | " | |
| 01/15/2004 | CERTIFICATE OF WRITTEN DISCOVERY. BMGA | " | .00 |
| | RCIA | " | |
| | THIRD PARTY DEFT WRIGHT WAY CONSTRUCTI | " | .00 |
| | ON,INC'S ADOPTION & | " | |
| | JOINDER IN DEFT D. WILSON CONSTRUCT | " | .00 |
| | ION CO.'S RESPONSE TO | " | |
| | COUNTER-PLTF'S MTN TO USE PREVIOUSL | " | .00 |
| | Y SECURED EVIDENCE. BMG | " | |
| | 3RD PARTY DEFT WRIGHT WAY CONSTRUCTION | " | .00 |
| | ,INC'S MTN TO ADOPT & | " | |
| | JOIN IN D. WILSON CONST. CO.'S MTN | " | .00 |
| | TO COMPEL ARBITRATION | " | |
| | & FOR DISMISSAL OR ABATEMENT OF SUI | " | .00 |
| | T PENDING ARBITRATION.BMG | " | |
| | -THIRD PARTY DEFT-WRIGHT WAY CONSTRUCT | " | .00 |
| | ION INC'S MTN TO ADOPT & | " | |
| | JOIN IN PLTF/COUNTER-DEFT AMERICAN | " | .00 |
| | STANDARD & THE TRANE | " | |
| | CO.'S RESPONSE & OBJECTION TO B.I. | " | .00 |
| | S.D.'S MTN FOR | " | |
| | PREFERENTIAL TRIAL SETTING. BMGAR | " | .00 |
| | CIA | " | |
| | Mtn for to use previously secured evid | " | .00 |
| | ence denied. Mtn to | " | |
| | compel arbitration and preferential | " | .00 |
| | setting reset for 2/19/4 | " | |
| | LAlejandro/esalas | " | .00 |

. Court Center Docket Review. Case History Header.                    Page 19 of 33

| 01/16/2004 | MAC'S INSULATION,INC'S CERT. OF WRITTE | " | .00 |
| | N DISCOVERY. BMG | " | |
| 01/21/2004 | CERT. OF WRITTEN DISCOVERY. BMGARCIA | " | .00 |
| | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| | ARCIA | " | |
| | -CERTIFICATE OF WRITTEN DISCOVERY. BM | " | .00 |
| | GARCIA | " | |
| | DEFT-CRC-CERT. OF WRITTEN DISCOVERY. | " | .00 |
| | BMG | " | |
| 01/26/2004 | 3RD PARTY DEFT SUPERHEAT AIR BALANCING | " | .00 |
| | CO.,INC'S MTN TO COMPEL | " | |
| | ARBITRATION AND FOR DISMISSAL OR AB | " | .00 |
| | ATEMENT OF SUIT PENDING | " | |
| | ARBITRATION AND FOR JOINDER OF STOT | " | .00 |
| | LER CONSTRUCTION CO.'S | " | |
| | MTN TO COMPEL ARBITRATION. BMG | " | .00 |
| 01/27/2004 | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| 01/29/2004 | 3RD PARTY DEFT AL CARDENAS MASONRY,INC | " | .00 |
| | 'S CERT. OF WRITTEN | " | |
| | DISCOVERY. BMG | " | .00 |
| | DEFT COASTAL ENGINEERING EMPLOYERS,INC | " | .00 |
| | 'S RULE 609 REQUEST. BMG | " | |
| | DF-COASTAL ENGINEERING EMPLOYERS,INC'S | " | .00 |
| | SPECIAL EXCEPTIONS TO | " | |
| | 3RD-PARTY PLTF'S THIRD-PARTY PETITI | " | .00 |
| | ON. BMG | " | |
| 02/03/2004 | B.I.S.D.'S CERT. OF WRITTEN DISCOVERY. | " | .00 |
| | BMG | " | |
| | CERT. OF WRITTEN DISCOVERY (BISD) BMG | " | .00 |
| 02/04/2004 | THIRD PARTY DEFT MAC'S INSULATION CO. | " | .00 |
| | INC'S MTN TO COMPEL | " | |
| | DEPOSIT | 20040009 A- | -73.00 |

Case 1:03-cv-00109     Document 50     Filed in TXSD on 06/14/2004     Page 43 of 56

. Court Center Docket Review. Case History Header.                    Page 20 of 33

| | | | |
|---|---|---|---|
| | ARBITRATION & FOR DISMISSAL OR ABAT | TXT | .00 |
| | EMENT OF SUIT PENDING | " | |
| | ARBITRATION & FOR JOINDER OF STOTLE | " | .00 |
| | R CONSTRUCTION CO.'S | " | |
| | MTN TO COMPEL ARBITRATION. BMG | " | .00 |
| | CORRESPONDENCE FROM MS SMITH-REQUEST T | " | .00 |
| | O ISSUE CITATION(CM) BMG | " | |
| 02/05/2004 | CITATION (CM): CARROL DUSANG AND RAND, | " | .00 |
| | INC | " | |
| | SERVED: 02/09/04 FILED: 02/17/0 | " | .00 |
| | 4 | " | |
| 02/09/2004 | CRC-DEFT-CERTIFICATE OF WRITTEN DISCOV | " | .00 |
| | ERY. BMG | " | |
| | CITATION | A+ | 57.00 |
| 02/10/2004 | CORRESPONDENCE FROM MR CILFONE-VACATIO | TXT | .00 |
| | N-MAR 15-19, 2004. BMG | " | |
| | MR CILFONE CORRESPONDENCE-VACATION-JUL | " | .00 |
| | Y 17-27, 2004. BMG | " | |
| | VICTORIA AIR CONDITIONING,INC'S SUBCON | " | .00 |
| | TRACT/PURCHASE ORDER. BMG | " | |
| 02/12/2004 | AMENDED JOINDER IN 3RD PARTY DEFTS' MT | " | .00 |
| | N TO COMPEL ARBITRATION | " | |
| | & FOR DISMISSAL OR ABATEMENT OF SUIT | " | .00 |
| | PENDING ARBITRATION (NO | " | |
| | ORDER) BMG | " | .00 |
| | CERTAIN DEFTS' SECOND AMENDED MTN TO C | " | .00 |
| | OMPEL ARBITRATION & FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION(NO ORDER) | " | |
| | B.I.S.D.'S AMENDED RESPONSE TO ALL DEF | " | .00 |
| | S' MTNS & AMENDED MTNS TO | " | |
| | COMPEL ARBITRATION & FOR DISMISSAL | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 44 of 56

. Court Center Docket Review. Case History Header.                    Page 21 of 33

| | | | |
|---|---|---|---|
| | OR ABATEMENT OF SUIT | " | |
| | PENDING ARBITRATION. BMG | " | .00 |
| 02/13/2004 | THIRD PARTY DEFT SECHRIST-HALL CO.'S S | " | .00 |
| | UPPLEMENTAL JOINDER IN | " | |
| | DEFTS' MTNS TO COMPEL ARBITRATION & | " | .00 |
| | REPLY TO B.I.S.D.'S | " | |
| | RESPONSE TO DEFTS' MTNS TO COMPEL A | " | .00 |
| | RBITRATION & FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION. BMG | " | |
| 02/17/2004 | DEF RIO MECHANICAL,INC'S MTN TO COMPEL | " | .00 |
| | ARBITRATION AND FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION AND FOR | " | |
| | JOINDER OF STOTLER CONSTRUCTION CO. | " | .00 |
| | AND D. WILSON CONST. | " | |
| | CO.'S MTN TO COMPEL ARBITRATION. B | " | .00 |
| | MG | " | |
| | AL CARDENAS MASONRY INC'S (3RD PARTY D | " | .00 |
| | EFT) CERT. OF WRITTEN | " | |
| | DISCOVERY. BMG | " | .00 |
| 02/18/2004 | 3RD PARTY DEFT STOTLER CONSTRUCTION CO | " | .00 |
| | .'S REPLY IN SUPPORT OF | " | |
| | ITS MTN TO COMPEL ARBITRATION AND F | " | .00 |
| | OR DISMISSAL OR | " | |
| | ABATEMENT OF SUIT PENDING ARBITRATI | " | .00 |
| | ON. BMG | " | |
| | SECOND AMENDED JOINDER IN 3RD-PARTY DE | " | .00 |
| | FS' MTN TO COMPEL | " | |
| | ARBITRATION AND FOR DISMISSAL OR AB | " | .00 |
| | ATEMENT OF SUIT PENDING | " | |
| | ARBITRATION. BMG | " | .00 |
| | D.WILSON CONSTRUCTION CO.'S SUPPLEMENT | " | .00 |
| | AL REPLY TO B.I.S.D.'S | " | |

| | | | |
|---|---|---|---|
| | AMENDED RESPONSE TO DEFTS' MTNS TO | " | .00 |
| | COMPEL ARBITRATION AND | " | |
| | FOR DISMISSAL OR ABATEMENT OF SUIT | " | .00 |
| | PENDING ARBITRATION. BMG | " | |
| 02/19/2004 | FAX-THIRD-PARTY DEFT CRC ENGINEERING I | " | .00 |
| | NC'S SUPPLEMENTAL MTN TO | " | |
| | COMPEL ARBITRATION AND FOR DISMISSA | " | .00 |
| | L OR ABATEMENT OF SUIT | " | |
| | PENDING ARBITRATION. BMG | " | .00 |
| | CORRESPONDENCE FROM MR CILFONE-COPY OF | " | .00 |
| | SUBCONTRACT/PURCHASE | " | |
| | ORDER. BMG | " | .00 |
| | AL CARDENAS MASONRY, INC'S (THIRD PART | " | .00 |
| | Y DEFT) CERT. OF WRITTEN | " | |
| | DISCOVERY. BMG | " | .00 |
| | 3RD PAR. DEFT SECHRIST-HALL CO.'S SUPP | " | .00 |
| | LEMENT TO SUPPLEMENTAL | " | |
| | JOINDER IN DEFTS' MTNS TO COMPEL AR | " | .00 |
| | BITRATION AND REPLY TO | " | |
| | B.I.S.D.'S RESPONSE TO DEFTS' MTNS | " | .00 |
| | TO COMPEL ARBITRATION AND | " | |
| | FOR DISMISSAL OR ABATEMENT OF SUIT | " | .00 |
| | PENDING ARBITRATION. BMG | " | |
| 02/20/2004 | 3RD PARTY DEFT,ALAMO CONTROLS,INC'S JO | " | .00 |
| | INDER IN 3RD PARTY DEFTS' | " | |
| | MTN TO COMPEL ARBITRATION AND FOR | " | .00 |
| | DISMISSAL OR ABATEMENT OF | " | |
| | SUIT PENDING ARBITRATION. BMG | " | .00 |
| 02/23/2004 | SECHRIST-HALL CO.'S (3RD PARTY-DEFT) S | " | .00 |
| | UPPLEMENT TO SUPPLEMENTAL | " | |
| | JOINDER IN DEFTS' MTNS TO COMPEL ARB | " | .00 |
| | ITRATION AND REPLY TO | " | |
| | B.I.S.D.'S RESPONSE TO DEFTS' MTNS T | " | .00 |
| | O COMPEL ARBITRATION AND | " | |
| | FOR DISMISSAL OR ABATEMENT OF SUIT P | " | .00 |

. Court Center Docket Review. Case History Header.                    Page 23 of 33

| | | | |
|---|---|---|---|
| | ENDING ARBITRATION. BMG | " | |
| | RIO FILTER SUPPLY'S (3RD PARTY DEFT) M | " | .00 |
| | TN FOR SUMMARY JUGMT. BMG | " | |
| | MTN TO COMPEL AND FOR SANCTIONS-THIRD | " | .00 |
| | PARTY DEFT-RIO FILTER | " | |
| | SUPPLY'S. BMG | " | .00 |
| 02/24/2004 | CERT. OF WRITTEN DISCOVERY. BMG | " | .00 |
| | THIRD-PARTY DEFT SECHRIST-HALL CO.'S C | " | .00 |
| | ERT. OF DISCOVERY. BMG | " | |
| | CERT. OF WRITTEN DISCOVERY. BMG | " | .00 |
| 02/25/2004 | COUNTER-PLTF-BISD/COUNTER DEFTS-CRC EN | " | .00 |
| | GINEERING,INC, COASTAL | " | |
| | INDIGENT LEGAL SERV. FEE | A+ | 10.00 |
| | RECORDS MANAGEMENT FEE | " | 5.00 |
| | RECORDS MGT. FEE (DIST.) | " | 5.00 |
| | ENGINEERING EMPLOYERS,INC, COASTAL | TXT | .00 |
| | ENGINEERING,INC AND | " | |
| | ALAMO CONTROLS,INC-MTN FOR SEVERAN | " | .00 |
| | CE. BMG (NO ORDER) | " | |
| | MTN FOR SEVERANCE-COUNTER PLTF-BISD/CO | " | .00 |
| | UNTER DEFT-SUPERHEAT AIR | " | |
| | BALANCING CO.,INC. BMG (NO ORDER) | " | .00 |
| | CERT. OF WRITTEN DISCOVERY. BMG | " | .00 |
| | ORIGINAL ANSWER: CARROL DUSANG AND RAN | " | .00 |
| | D, INC | " | |
| | COUNTER CLAIM: CARROL DUSANG AND RAND, | " | .00 |
| | INC | " | |
| 02/26/2004 | THIRD-PARTY DEFT AL CARDENAS MASONRY,I | " | .00 |
| | NC'S CERT. OF WRITTEN | " | |
| | DISCOVERY. BMG | " | .00 |
| 02/27/2004 | CORRESPONDENCE FROM MR GAMEZ TO JUDGE. | " | .00 |
| | BMG | " | |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 47 of 56

. . Court Center Docket Review. Case History Header.                    Page 24 of 33

| | | | | |
|---|---|---|---|---|
| | 3RD PARTY DEFT AL CARDENAS MASONRY,INC | | " | .00 |
| | 'S ADOPTION AND JOINDER | | " | |
| | IN CERTAIN DEFTS AMENDED MTN TO COMP | | " | .00 |
| | EL ARBITRATION AND FOR | | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | | " | .00 |
| | ING ARBITRATION. BMG | | " | |
| | THIRD PARTY DEFT AL CARDENAS MASONRY, | | " | .00 |
| | INC'S CERT. OF WRITTEN | | " | |
| | DISCOVERY. BMG | | " | .00 |
| | (DATED ON 2/24/04) CERT. OF WRITTEN DI | | " | .00 |
| | SCOVERY. BMG | | " | |
| 03/01/2004 | CERT OF WRITTEN DISCOVERY DATED 2/23/0 | | " | .00 |
| | 4. BMG | | " | |
| | DEPOSIT | 20040016 | A- | -35.00 |
| 03/02/2004 | 3RD-PARTY DF RIO MECHANICAL,INC'S CERT | | TXT | .00 |
| | . OF WRITTEN DISCOVERY.BG | | " | |
| 03/08/2004 | REPONSE AND OBJECTION TO BISD'S MTNS F | | " | .00 |
| | OR SEVER. BMG | | " | |
| 03/10/2004 | CARROLL, DUSANG & RAND, INC'S CERT. OF | | " | .00 |
| | WRITTEN DISCOVERY. BMG | | " | |
| | ORDER GRANTING MTN FOR SEVERANCE... LA | | " | .00 |
| | LEJANDRO/BMG | | " | |
| | (CRC ENGINEERING,INC., COASTAL ENGI | | " | .00 |
| | NEERING EMPLOYERS,INC., | | " | |
| | COASTAL ENGINEERING,INC AND ALAMO | | " | .00 |
| | CONTROLS,INC) | | " | |
| | SEVERED LITIGANT(S) INTO CAUSE# 2004-0 | | " | .00 |
| | 3-001763-E | | " | |
| | CORRESPONDENCE FROM JUDGE ALEJANDRO TO | | " | .00 |
| | ALL ATTYS-DEFT'S MTN | | " | |
| | TO COMPEL ARBITRATION,DENIED;TO SUB | | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 48 of 56

Court Center Docket Review. Case History Header.                    Page 25 of 33

| Date | Description | | Amount |
|------|-------------|--|--------|
| | MIT ORDER. BMG | " | |
| 03/11/2004 | MTN FOR SEVERANCE. BMG | " | .00 |
| | SEVERED LITIGANT(S) INTO CAUSE# 2004-0 | " | .00 |
| | 3-001761-E | " | |
| | ORDER GRANTING MTN TO SERVERANCE SIGNE | " | .00 |
| | D FOR ENTRY. LA/BMG | " | |
| | (SUPERHEAT AIR BALANCING COMPANY, I | " | .00 |
| | NC) | " | |
| 03/15/2004 | THIRD PARTY DEFT AL CARDENAS MASONRY, | " | .00 |
| | INC'S CLAIMS FOR | " | |
| | CONTRIBUTION AND INDEMNITY. BMG | " | .00 |
| | 3RD PARTY DEFT AL CARDENAS MASONRY, IN | " | .00 |
| | C'S ADOPTION AND JOINDER | " | |
| | IN CERTAIN DEFTS RESPONSE AND OBJEC | " | .00 |
| | TION TO B.I.S.D.'S MTN | " | |
| | FOR PREFERENTIAL TRIAL SETTING. BM | " | .00 |
| | G | " | |
| 03/16/2004 | THIRD PARTY DEFT SUPERHEAT AIR BALANCI | " | .00 |
| | NG CO. INC'S RESPONSE | " | |
| | TO B.I.S.D.'S MTN FOR SEVERANCE. B | " | .00 |
| | MG | " | |
| 03/19/2004 | NOTICE OF FILING RULE 11 AGREEMENT. B | " | .00 |
| | MG | " | |
| | AL CARDENAS MASONRY, INC'S(3RD PARTY D | " | .00 |
| | EFT) ORIGINAL CROSS | " | |
| | CLAIMS AND COUNTERCLAIMS. BMG | " | .00 |
| | (3RD PARTY DEFT) AL CARDENAS MASONRY, | " | .00 |
| | INC'S ADOPTION AND | " | |
| | JOINDER IN DEFT D. WILSON CONSTRUCT | " | .00 |
| | ION CO.'S RESPONSE TO | " | |
| | B.I.S.D.'S MTN TO USE PREVIOUSLY SE | " | .00 |
| | CURED EVIDENCE. BMG | " | |
| | RIO FILTER SUPPLY CO'S RESPONSE TO THI | " | .00 |

. Court Center Docket Review. Case History Header.                    Page 26 of 33

| | | | | |
|---|---|---|---|---|
| | RD PARTY DEFT AL CARDENAS | " | | |
| | MASONRY, INC'S AND ALL PARTIES' REQ | " | .00 | |
| | UEST FOR DISCLOSURE. BMG | " | | |
| | (RIO FILTER SUPPLY CO'S) RESPONSE TO T | " | .00 | |
| | HIRD PARTY DEFT AL | " | | |
| | CARDENAS MASONRY, INC'S REQUESTS FOR | " | .00 | |
| | PRODUCTION. BMG | " | | |
| | --RIO FILTER SUPPLY CO'S ANSWERS TO TH | " | .00 | |
| | IRD PARTY DEFT AL | " | | |
| | CARDENAS MASONRY, INC'S FIRST SET | " | .00 | |
| | OF INTERROGATORIES. BMG | " | | |
| | RIO FILTER SUPPLY-MTN FOR SUMMARY JUDG | " | .00 | |
| | MT SET FOR 4/15/04 AT | " | | |
| | 8:30AM (BY SUBMISSION) LALEJANDRO/ | " | .00 | |
| | BMG | " | | |
| | MTN TO COMPEL AND FOR SANCTIONS (RIO F | " | .00 | |
| | ILTER SUPPLY) SET FOR | " | | |
| | 5/6/04 AT 8:30AM. LALEJANDRO/BMG | " | .00 | |
| | AL CARDENAS MASONRY, INC'S (THIRD PART | " | .00 | |
| | Y DEFT) FIRST AMENDED | " | | |
| | ANSWER TO B.I.S.D.'S ORIGINAL THIRD | " | .00 | |
| | PARTY PETITION. BMG | " | | |
| 03/22/2004 | AMERICAN STANDARD AND THE TRANE CO'S S | " | .00 | |
| | UPPLEMENTAL RESPONSE AND | " | | |
| | OBJECTION TO BISD'S MTNS TO SEVER. | " | .00 | |
| | BMG | " | | |
| | (AMERICAN STANDARD AND THE TRANE CO'S) | " | .00 | |
| | SECOND SUPPLEMENT TO | " | | |
| | CERTAIN DEFTS' AMENDED MTN TO COMPE | " | .00 | |
| | L ARBITRATION AND FOR | " | | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 | |
| | ING ARBITRATION. BMG | " | | |
| | --AMERICAN STANDARD AND THE TRANE | | | |

Case 1:03-cv-00109   Document 50   Filed in TXSD on 06/14/2004   Page 50 of 56

. Court Center Docket Review. Case History Header.                    Page 27 of 33

| | | | | |
|---|---|---|---|---|
| | CO'S | | " | .00 |
| | ANSWERS TO AL CARDENAS | | " | |
| | MASONRY INC'S "CLAIM FOR CONTRIBUT | | " | .00 |
| | ION & INDEMNITY" BMG | | " | |
| 03/23/2004 | DEFT, COASTAL ENGINEERING EMPLOYERS, I | | " | .00 |
| | NC'S ANSWER TO AL | | " | |
| | CARDENAS MASONRY, INC'S CLAIM FOR C | | " | .00 |
| | ONTRIBUTION. BMG | | " | |
| | ORDER ON MTNS TO COMPEL ARBITRATION AN | | " | .00 |
| | D FOR DISMISSAL OR | | " | |
| | ABATEMENT OF SUIT PENDING ARBITRATI | | " | .00 |
| | ON, DENIED, SIGNED FOR | | " | |
| | ENTRY. LALEJANDRO/BMG | | " | .00 |
| 03/24/2004 | THIRD-PARTY DEFT,MAC'S INSULATION,INC' | | " | .00 |
| | S FIRST AMENDED ORIGINAL | | " | |
| | DEPOSIT | 20040023 | A- | -35.00 |
| | ANSWER TO DEFT/THIRD PARTY PLTF, B. | TXT | | .00 |
| | I.S.D.'S THIRD PARTY | | " | |
| | PETITION. BMG | | " | .00 |
| 03/26/2004 | AMERICAN STANDARD AND THE TRANE CO.'S | | " | .00 |
| | MTN FOR RECONSIDERATION | | " | |
| | AND FOR EXPEDITED HEARING. BMG | | " | .00 |
| 03/29/2004 | THIRD-PARTY DEFT CARROLL DUSANG & RAND | | " | .00 |
| | ,INC'S ANSWER TO AL | | " | |
| | CARDENAS MASONRY, INC'S "CLAIM FOR | | " | .00 |
| | CONTRIBUTION & INDEMNITY" | | " | |
| 03/30/2004 | DEFT,COASTAL ENGINEERING EMPLOYERS, IN | | " | .00 |
| | C'S ANSWER TO AL | | " | |
| | CARDENAS MASONRY, INC'S ORIGINAL C | | " | .00 |
| | ROSS CLAIM & CUNTERCLAIM | | " | |
| | MIJARES MORA ARCHITECTS, INC'S ANSWER | | " | .00 |
| | TO AL CARDENAS MASONRY | | " | |
| | INC'S "CLAIM FOR CONTRIBUTION & IND | | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 51 of 56

Court Center Docket Review. Case History Header.                    Page 28 of 33

| | | | |
|---|---|---|---|
| | EMNITY"(IGARCIA) | " | |
| | ORIGINAL ANSWER: SECHRIST-HALL COMPANY | " | .00 |
| | 3RD-PARTY DEFT COASTAL ENGINEERING EMP | " | .00 |
| | LOYERS,INC'S ADOPTION & | " | |
| | JOINDER IN DEFT D.WILSON CONSTRUCTI | " | .00 |
| | ON CO.'S RESPONSE TO | " | |
| | B.I.S.D.'S MTN TO USE PREVIOUSLY SE | " | .00 |
| | CURED EVIDENCE. BMG | " | |
| | SECHRIST-HALL CO.'S ORIGINAL ANSWER TO | " | .00 |
| | 3RD PARTY DEFT/CROSS- | " | |
| | PLTF AL CARDENAS MASONRY, INC'S CLA | " | .00 |
| | IMS FOR CONTRIBUTION & | " | |
| | INDEMNITY SUBJECT TO SECHRIST-HALL | " | .00 |
| | CO.'S MTN TO COMPEL | " | |
| | ARBITRATION. BMG | " | .00 |
| | THIRD-PARTY DEFT SECHRIST-HALL CO.'S S | " | .00 |
| | PECIAL EXCEPTIONS TO | " | |
| | THIRD-PARTY DEFT/CROSS PLTF AL CAR | " | .00 |
| | DENAS MONSONRY,INC'S | " | |
| | CLAIMS FOR CONTRIBUTION AND INDEMN | " | .00 |
| | ITY SUBJECT TO CERTAIN | " | |
| | PARTIES' MTN TO COMPEL ARBITRATION | " | .00 |
| | . BMG | " | |
| 04/01/2004 | 3RD PARTY DEFT RIO FILTER SUPPLY'S ANS | " | .00 |
| | WER TO AL CARDENAS | " | |
| | MASONRY,INC'S "CLAIM FOR CONTRIBUT | " | .00 |
| | ION & INDEMNITY" BMG | " | |
| 04/02/2004 | STOTLER CONSTRUCTION CO.'S OPPOSITION | " | .00 |
| | TO B.I.S.D.'S MTNS | " | |
| | TO SEVER. BMG (NO ORDER SETTING) | " | .00 |
| 04/06/2004 | CERTIFICATE OF WRITTEN DISCOVERY/GMedr | " | .00 |
| | ano | " | |
| | DEFT COASTAL ENGINEERING | " | .00 |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 52 of 56

Court Center Docket Review. Case History Header.                              Page 29 of 33

| | | | |
|---|---|---|---|
| | EMPLOYERS,INC | | |
| | 'S CROSS-ACTION AGAINST | " | |
| | AL CARDENAS MASONRY,INC. BMG | " | .00 |
| 04/08/2004 | CARROLL DUSANG & RAND,INC'S(3RD PARTY | " | .00 |
| | DEFT) FIRST AMENDED | " | |
| | ORIGINAL ANSWER TO DEFT/THIRD-PART | " | .00 |
| | Y PLTF, B.I.S.D'S THIRD | " | |
| | PARTY PETITION. BMG | " | .00 |
| 04/12/2004 | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| | INDIGENT LEGAL SERV. FEE | A+ | 10.00 |
| | RECORDS MANAGEMENT FEE | " | 5.00 |
| | RECORDS MGT. FEE (DIST.) | " | 5.00 |
| | THIRD-PARTY DEFENDANT, MAC'S INSULATIO | TXT | .00 |
| | N, INC.'S NOTICE FOR | " | |
| | EXONERATED APPEAL FILED.//lgcisnero | " | .00 |
| | s | " | |
| 04/13/2004 | ORIGINAL ANSWER: COASTAL ENGINEERING, | " | .00 |
| | INC. | " | |
| | ORIGINAL ANSWER: SECHRIST-HALL COMPANY | " | .00 |
| | 3rd-PARTY DEFENDANT COASTAL ENGINEERIN | " | .00 |
| | G, INC.'S ORIGINAL ANSWER | " | |
| | TO ALL PARTIES CROSS-ACTIONS, 3rd-P | " | .00 |
| | ARTY ACTIONS AND/OR | " | |
| | COUNTERCLAIMS FILED.//lgcisneros | " | .00 |
| 04/14/2004 | APPELLANTS' JOINT NOTICE OF APPEAL FOR | " | .00 |
| | ACCELERATED APPEAL FILED | " | |
| | .//lgcisneros | " | .00 |
| | LETTER OF DOCUMENTS TO BE INCLUDED IN | " | .00 |
| | CLERK'S RECORD.//lgc | " | |
| | MOTION TO STAY TRIAL COURT PROCEEDINGS | " | .00 |
| | FILED.//lgcisneros | " | |

Case 1:03-cv-00109     Document 50     Filed in TXSD on 06/14/2004     Page 53 of 56

Court Center Docket Review. Case History Header.                    Page 30 of 33

| Date | Description | | Amount |
|---|---|---|---|
| 04/15/2004 | Rio Filter's Mtn for summary judgement | " | .00 |
| | granted as per order to | " | |
| | be signed...DHester/esalas | " | .00 |
| 04/16/2004 | SUBJECT TO ITS MTN TO COMPEL ARBITRATI | " | .00 |
| | ON AND FOR DISMISSAL OR | " | |
| | ABATEMENT OF SUIT PENDING ARBITRATI | " | .00 |
| | ON THIRD-PARTY DEFT/ | " | |
| | CROSS-DEFT D.WILSON CONSTRUCTION CO | " | .00 |
| | .'S ORIGINAL ANSWER TO | " | |
| | THIRD-PARTY DEFT AL CARDENAS MASONR | " | .00 |
| | Y, INC'S ORIGINAL CROSS | " | |
| | CLAIMS AND COUNTERCLAIMS. BMG | " | .00 |
| | THIRD-PARTY DEFT, STOTLER CONSTRUCTION | " | .00 |
| | CO'S MTN FOR | " | |
| | RECONSIDERATION AND/OR REHEARING OF | " | .00 |
| | THIRD-PARTY DEFT, | " | |
| | STOTLER CONSTRUCTION CO'S MTN TO CO | " | .00 |
| | MPEL ARBITRATION AND FOR | " | |
| | DISMISSAL OR ABATEMENT OF SUIT PEND | " | .00 |
| | ING ARBITRATION. BMG | " | |
| 04/19/2004 | THIRD-PARTY DEFT MAC'S INSULATION INC' | " | .00 |
| | S ANSWER TO AL CARDENAS | " | |
| | MASONRY, INC'S "CLAIM FOR CONTRIBU | " | .00 |
| | TION & INDEMNITY" BMG | " | |
| 04/20/2004 | NOTICE OF FILING RULE 11 AGREEMENT. B | " | .00 |
| | MG | " | |
| 04/22/2004 | DEFT/COUNTER PLTF,BISD'S NOTICE OF NON | " | .00 |
| | SUIT WITH PREJUDICE OF | " | |
| | MIJARES MORA ARCHITECTS INC. BMG | " | .00 |
| | MAILED ATTY'S AND ALL PARTIES NOTICES | " | .00 |
| | OF APPEAL.//lgcisneros | " | |
| | FILED EXTENSION FOR CLERK'S RECORD.//l | " | .00 |
| | gcisneros | " | |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 54 of 56

Court Center Docket Review. Case History Header.                    Page 31 of 33

| | | |
|---|---|---|
| 04/30/2004 | CERTIFICATE OF WRITTEN DISCOVERY. BMG | " | .00 |
| 05/04/2004 | MAILED ESTIMATE ($1,876.00) TO ATTY. H | " | .00 |
| | ON. RYAN G. ANDERSON.//lc | " | |
| | THIRD-PARTY DEFT SECHRIST-HALL CO'S CE | " | .00 |
| | RT. OF DISCOVERY. BMG | " | |
| 05/06/2004 | ORDER OF NONSUIT WITH PREJUDICE LALE | " | .00 |
| | JANDRO/BMG | " | |
| | (AS TO MIJARES MORA ARCHITECTS, INC | " | .00 |
| | ) | " | |
| 05/07/2004 | MOTION TO WITHDRAW. BMG | " | .00 |
| 05/10/2004 | CORRESPONDENCE FROM MR J.PIPKIN. BMG | " | .00 |
| 05/11/2004 | CROSS DEFT'S AL CARDENAS MASONRY ORIGI | " | .00 |
| | NAL ANSWER TO CROSS | " | |
| | CLAIM OF COASTAL ENGINEERING, INC. | " | .00 |
| | BMG | " | |
| 05/17/2004 | HON LAWRENCE COFFEY IS HEREBY ALLOWED | " | .00 |
| | TO WITHDRAW AND HON | " | |
| | ROBERT R MARTIN WILL CONTINUE AS CO | " | .00 |
| | UNSEL FOR DEFT VICTORIA | " | |
| | AIR CONDITIONING INC AS PER ORDER S | " | .00 |
| | IGNED FOR ENTRY.LA/BMG | " | |
| | ATTORNEY WITHDRAWN: LAWRENCE COFFEY | " | .00 |
| 05/19/2004 | COPY OF CORRESPONDENCE FROM HON.C.GARC | " | .00 |
| | IA TO ESTELA-VACATION | " | |
| | JULY 1-31, 2004. BMG | " | .00 |
| 05/20/2004 | ORIGINAL ANSWER: SUNTEX MECHANICAL INC | " | .00 |
| | . | " | |
| | THIRD-PARTY DEFT,SUNTEX MECHANICAL,INC | " | .00 |
| | 'S ORIGINAL ANSWER TO | " | |
| | PLTF/THIRD-PARTY PLTF AMERICAN STAN | " | .00 |
| | DARD,INC. INDIVIDUALLY | " | |

Case 1:03-cv-00109    Document 50    Filed in TXSD on 06/14/2004    Page 55 of 56

Court Center Docket Review. Case History Header.                    Page 32 of 33

| | | | |
|---|---|---|---|
| | AND D/B/A TRANE AND/OR TRANE COMMER | " | .00 |
| | CIAL SYSTEM GROUP'S | " | |
| | THIRD PARTY COMPLAINT. BMG | " | .00 |
| 05/25/2004 | CORRESPONDENCE FROM HON R.BATEMAN-NEW | " | .00 |
| | FIRM NAME & ADDRESS. BMG | " | |
| | AGREED MTN FOR SUBSTITUTION OF COUNSEL | " | .00 |
| | FOR PLTF/COUNTER DEFT | " | |
| | AMENRICAN STANDARD AND THE TRANE CO | " | .00 |
| | MPANY. BMG | " | |
| 05/28/2004 | HON J.K.LEONARD,WILLIAM H. FORD AND CH | " | .00 |
| | RISTOPHER STRAWN BE | " | |
| | ALLOWED TO WITHDRAW AS COUNSEL FOR | " | .00 |
| | TRANE, AND HON MARK T. | " | |
| | BEAMAN IS SUBSTITUTED AS COUNSEL PE | " | .00 |
| | R ORDER SIGNED.LA/JL | " | |
| | ATTORNEY WITHDRAWN: WILLIAM H. FORD | " | .00 |
| | SUBSTITUTED WITH: MARK T BEAMAN | " | .00 |
| 06/01/2004 | CORRESPONDENCE FROM JOSE L GAMEZ TO CA | " | .00 |
| | THERINE/JL | " | |
| 06/03/2004 | TRANSCRIPT: MAC'S INSULATION COMPANY I | " | .00 |
| | NC | " | |
| | CLERK'S RECORD, VOLUME I, II, & III MA | " | .00 |
| | ILED TO THE 13TH COURT OF | " | |
| | APPEALS.//lgcisneros | " | .00 |
| 06/08/2004 | SUPPLEMENTAL CLERK'S RECORD MAILED TO | " | .00 |
| | THE COURT OF CRIMINAL | " | |
| | APPEALS.//lgcisneros | " | .00 |

Search | Case History | Parties | Attorneys | Links | Services                    [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

http://idocket.com/cgi-bin/db2www/c_h_all.mbr/run?st=028&cnty=BED&doct=V&cort=035...  6/10/04

Court Center Docket Review. Case History Header.                    Page 33 of 33

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: bmpllp
Viewed as of: June 10, 2004, time: 14:19:22