IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INS. CO., <br> Plaintiff, | § <br> § <br> § | |
| VS. | § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEP. SCH. DIST., <br> Defendant. | § <br> § <br> § | |

## ORDER

On March 5, 2004, the Court granted the plaintiff's Motion for More Definite Statement and ordered Brownsville Independent School District (hereinafter "BISD") to replead. Docket Nos. 21, 27. In apparent response to this order, BISD filed a document entitled First Supplemental Counterclaim, and then subsequently filed a nearly identical document entitled First Amended Counterclaim. Docket Nos. 30, 38.

Now Royal Surplus Lines Insurance Company (hereinafter "Royal Surplus") has moved this court to dismiss BISD's Deceptive Trade Practice Act and Insurance Code-related counterclaims. Royal Surplus maintains that the First Supplemental and First Amended Counterclaim do not comply with this court's March 5, 2004 order and further does not comply with FED. R. CIV. P. 9(b). Royal Surplus has raised this issue in various motions including its Motion to Dismiss, Supplemental Motion to Dismiss, and in its answer to the plaintiff's counterclaim which also reasserts its Motion for More Definite Statement. Docket Nos. 35, 39-40.

In spite of both Royal Surplus's multiple filings on this topic and LOCAL RULE 7.4, which deems such a failure to respond as a representation of non-opposition, as well as this Court's admonition in open court that it would grant unresponded-to motions, BISD has chosen not to respond to Royal Surplus's pending motion to dismiss BISD's counterclaims sounding in fraud.

While it is this Court's inclination to grant said motion and dismiss BISD's counterclaims, it is mindful of the Fifth Circuit's admonitions that due process may prevent dismissal with prejudice on other than the merits in the absence of certain circumstances. See generally Coane v. Ferrera Pan Candy Co., 898, F.2d, 1030, 1032 (5th Cir. 1990); Brickmann v. Dallas County Sheriff Abner, 813 F.2d, 744, 749 (5th Cir. 1987). That being the case, this Court yet again **GRANTS** Plaintiff's Motion for More Definite Statement and hereby **ORDERS** BISD to replead its counterclaims of Insurance Code violations, Deceptive Trade Practices Act violations, and/or fraud or misrepresentation in such detail as to inform the plaintiff and this Court of the exact legal nature of such claims, identifying the specific facts that support these claims. The court expects the allegations to be so specific as to comply with FED R. CIV. P. 9(b). In addition, the Court further **ORDERS** BISD to identify and replead its extra-contractual counterclaims not sounding in fraud with sufficient specificity so that the Court and the parties may distinguish between those governed by Rule 9(b) and those not. The defendant has until 5:00 p.m. on June 28, 2004 to file this amended pleading. If such pleading is not timely filed or if such pleading is not sufficiently specific, all such counterclaims will be dismissed with prejudice.

Plaintiff's motion seeking severance (or, in the alternative, separate trial) of BISD's non-contractual counterclaims and abatement of same, Docket No. 37, is hereby denied without prejudice. Said motion may be re-urged after June 28, 2004.

Finally, the Court hereby reschedules the telephone conference scheduled for June 30, 2004 from that date to 1:30 p.m. on June 29, 2004.

Signed in Brownsville, Texas, this 15th day of June, 2004.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2