**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-03-109** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

United States District Court
Southern District of Texas
FILED

JUN 1 8 2004

Michael N. Milby
Clerk of Court

**PLAINTIFF ROYAL'S EXPEDITED MOTION TO QUASH DEPOSITION OF**
**DENNIS NICKOLOFF OF GAB ROBINS, N.A., AND FOR PROTECTION**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Expedited Motion to Quash Deposition of Dennis Nickoloff of GAB Robins, N.A., and for Protection and respectfully shows:

**Relief Requested**

1. Dennis Nickoloff is the independent adjuster at GAB Robins, NA hired by Royal to investigate the claim for damage at Aiken and Besteiro made by BISD in November 2001. Royals asks this Court to Quash the Deposition of Dennis Nickoloff, who was served on June 16, 2004 with a subpoena to appear for deposition and produce more than forty (40) categories of documents on June 25, 2004. Additionally, the Court should enter a protective order as to the subpoena duces tecum for documents requested to be produced by Dennis Nickoloff on June 25, 2004.

**Grounds for Relief**

2. Royal filed this declaratory judgment action on June 9, 2003, asking this Court to determine its duties, if any, under four insurance policies issued to Defendant Brownsville Independent School District

("BISD") for alleged damage to two schools located in Brownsville, Texas. BISD filed its Original Answer and Counterclaim on or about December 12, 2003. (Doc. No. 18). BISD's counterclaim included claims for alleged breach of contract, as well as a number of broad, conclusory and vague, extra-contractual claims, such as claims for bad faith, Texas Insurance Code violations, DTPA violations, and common-law misrepresentation.

3. On March 5, 2004, the Court Granted Royal's Motion for More Definite Statement and ordered BISD to replead with particularity its counterclaims sounding in fraud. (*See* Doc. No. 27.). In fact, the Court **again** ordered BISD to replead its counterclaims to comply with particularity, as required by Fed. R. Civ. P. 9 (b). (*See* Doc. No. 51). BISD has failed to replead its counterclaims with particularity.

4. BISD's access to the discovery process is dependent on its compliance with Fed. R. Civ. P. 9 (b) and the rule's requirement for particularity in pleading claims sounding in fraud. Despite its failure to plead its counterclaims with particularity, BISD on June 16, 2004 subpoenaed Dennis Nickoloff of GAB Robins, Royal's independent adjuster for the BISD claims, for both deposition and production of documents. The Court should quash the deposition of Mr. Nickoloff, because BISD has failed to comply with the rule (as well as this Court's March 5, 2004 and June 15, 2004 Orders). *See Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("Directly put, the who, what, when, and where must be laid out before access to the discovery process is granted."); *see also Frith v. Guardian Life Insurance Co. of America*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Fed. R. Civ. P. 9 (b) applies to all claims sounding in fraud.). Until BISD lays out the "the who, what, when, and where" of its extra-contractual counter-claims, BISD should not be able to conduct discovery on such claims, including but

not limited to the deposition of the independent claims adjuster hired by Royal or Royal personnel. (As set forth in its Motion to Sever and Abate [Doc. No. 37], Royal's position is that *no* such "claims-handling" discovery should be permitted unless and until the Court finds coverage for some part of BISD's claim, if ever.).

5.      Additionally, BISD has refused to cooperate with Royal on providing available dates for a Fed. R. Civ. P. 30(b)(6) deposition of **BISD's representative**.  With the July 1, 2004 discovery deadline fast approaching, Royal has attempted to secure proposed dates from BISD since no later than May 20, 2004, but ***BISD has refused to provide Royal with any dates***. (*See* Exhibits A to D, Correspondence between counsel for Royal and counsel for BISD). Therefore, Royal was forced to notice the Fed. R. Civ. P. 30(b)(6) deposition on a date convenient to Royal--June 16, 2004. However, BISD refused to allow the deposition to go forward. In fact, counsel for BISD explained on June 15, 2004 that Royal "...should not, under any circumstances, go to the time and expense of coming to the Rio Grande Valley for depositions...[on June 16-18 because] [n]o witnesses will be presented and no deposition will take place." (*See* Exhibit E at page 2.).

6.      In addition, BISD's notice of deposition attached to its subpoena does not comply with the Federal Rules of Civil Procedure. (*See* Exhibit G, Notice of Deposition.)  BISD has noticed the deposition of Mr. Nickoloff "pursuant to Fed. R. Civ. P. 30(b)(6)" but fails to describe with reasonable particularity *any* matters on which the examination is requested, as specifically required by the very rule upon which BISD purports to rely.  *See* Fed. R. Civ. P. 30(b)(6).  In addition, instead of naming an organization as the witness, as contemplated by the Rule, the notice identifies the witness as "Mr. Dennis Nickoloff of GAB Robins". (*See* Exhibit G, Notice of Deposition, at p. 1). Thus, despite citing Rule

520886.1                                                           -3-

30(b0(6), it appears that BISD is seeking the deposition of an individual, not an entity.

7.   Moreover, BISD's subpoena duces tecum is wholly unreasonable in that it request a multitude of documents, most of which are wholly irrelevant to the claim at hand, to be produced within nine (9) days. A review of the subpoena duces tecum, shows that BISD has simply retyped its Requests for Production to Royal and included those requests as a subpoena duces tecum to "Mr. Nickoloff of GAB Robins." (*See* Exhibit H, BISD's Request for Production; *see also* Exhibit G, Notice at p. 1). In doing so, BISD requests that Mr. Nickoloff, Royal's independent adjuster, produce documents that bear no relation to this lawsuit or the underlying claims, and make absolutely no sense with regard to Mr. Nickoloff and/or GAB Robins. For example, BISD asks for *Mr. Nickoloff* to produce, among other things, the following:

- A complete copy of all policies you have issued to BISD since 1996[.] [Exhibit G, Number 6].

- All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996. [Exhibit G, Number 10].

- A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries. [Exhibit G, Number 14].

- All credited and uncredited financial statements for the last five years that reflect your net worth. [Exhibit G, Number 26].

BISD's current attempt to subpoena documents from Mr. Nickoloff is wholly unreasonable, inappropriate and meant merely to harass the witness and/or Royal. More importantly, BISD's sloppy (at best) attempt to secure documents from Mr. Nickoloff should be quashed because BISD has failed to plead with particularity its counterclaims sounding in fraud. As explained above, BISD's access to discovery depends on its compliance with the requirement of pleading its counterclaims sounding in fraud with particularity.

520886.1                                      -4-

*See Williams*, 112 F.3d at 178; *Frith*, 9 F. Supp. 2d at 742.  Since BISD has failed to plead its claims with particularity, the subpoena for the deposition of Mr. Nickoloff and for the production documents should in all things be quashed.

7.      To avoid any argument of waiver, Royal incorporates by reference its previously asserted objections to these document requests as stated in Royal's objections and responses to BISD's request for production. (*See* Exhibit I, Royal's Objections and Responses BISD's Request for Production.)  It should be note, however, that, in response to BISD's discovery requests to Royal or with Royal's Rule 26 disclosures, ***all documents relevant to the contractual claims have been previously produced by Royal in this lawsuit***.

### Expedited Hearing/Consideration Requested

8.      Royal respectfully requests an expedited  hearing on its motion.

### Conclusion

9.      For all the reasons set forth above, Royal asks this Court to quash the subpoena commanding the deposition of Dennis Nickoloff, currently set for June 25, 2004 and the production of documents.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

w/ Expression permission

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

We have attempted to confer with Baltazar Salazar, Ramon Garcia, Catherine Smith, and Craig Smith, counsel for BISD, regarding this motion, but have not heard back from any of them in response to Royal's detailed inquiry. BISD's opposition to this motion is therefore assumed.

Jay W. Brown

w/ expressed permission

520886.1                    -6-

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on June 18, 2004.

Honorable Ramon Garcia            *Via Certified Mail/Return Receipt Requested*
Ms. Catherine Smith
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

Mr. Baltazar Salazar              *Via Certified Mail/Return Receipt Requested*
Attorney at Law
1612 Winbern
Houston, Texas 77004

Mr. Craig Smith                *Via Certified Mail/Return Receipt Requested*
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Jay W. Brown

w/ Expressed permission

# EXHIBIT "A"

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmplip.com

May 20, 2004

***Via Facsimile 281-749-8104***
Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance Company v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Salazar:

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Royal Surplus Lines Insurance Company ("Royal") hereby requests that BISD produce for examination within the next thirty (30) days a representative of BISD with knowledge of the following subject matters:

1.    The nature, type, location and scope of property damage made the subject of BISD's insurance claim against Royal and this lawsuit;

2.    For each "occurrence" or "loss" made the basis of BISD's subject claim, (i) the date the occurrence or loss "commenced" at Aiken or Besteiro, (ii) the date the occurrence or loss was reported to Royal, (iii) the date the occurrence or loss was discovered, (iv) the cause(s) of the occurrence or loss, and (v) the resulting damage (including the particular area of the school alleged to have been damaged);

3.    BISD's damages, including all categories of damages sought by BISD, including but not limited to those categories listed by BISD in their January 16, 2004 interrogatory responses, to wit:



EXHIBIT

A

Mr. Baltazar Salazar
May 20, 2004
Page 2

- past repair and reconstruction costs,
- present repair and reconstruction costs,
- future repair and reconstruction costs,
- past remedial costs to clean up moisture build-up and contamination,
- present remedial costs to clean up moisture build-up and contamination,
- future remedial costs to clean up moisture build-up and contamination,
- past costs to repair construction defects and compliance with ADA building codes,
- present costs to repair construction defects and compliance with ADA building codes,
- future costs to repair construction defects and compliance with ADA building codes,
- costs to retain professional architects,
- costs to retain professional engineers,
- costs to retain independent contractors,
- costs for past inspections for mold and humidity testing in the buildings,
- costs for present inspections for mold and humidity testing in the buildings,
- costs for future inspections for mold and humidity testing in the buildings,
- costs of labor to properly remediate contaminated schools,
- equipment replacement costs,
- relocation costs for temporary facilities for both schools,
- costs associated with busing students to temporary facilities,
- loss of funding from the State of Texas based on loss of average daily attendance, and
- attorney's fees;

4.    The total amount of damages claimed by BISD, and the calculation of such amount, including but not limited to a description of what each dollar of damages claimed by BISD was spent on by BISD;

5.    The terms of any and all oral or written Mary Carter agreements, settlement agreements, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings", releases or any similar agreement between BISD and any other person or entity that relates to (1) water damage or mold or other fungal contamination at or construction or maintenance of the subject schools, or (2) the events and issues giving rise to this lawsuit and/or the subject claim, including but not limited to BISD's settlement with RBM Engineering for $170,000 and any other contractors involved in the design, construction, maintenance or repair of the subject schools;

6.    Any alleged misrepresentation to BISD allegedly made by or on behalf of Royal;

Mr. Baltazar Salazar
May 20, 2004
Page 3

7.    The factual basis for BISD's counterclaims against Royal for extra-contractual damages;

8.    The factual basis for BISD's contention in ¶ 37(c) of BISD's Original Answer and Original Counterclaim that Royal's "liability has become reasonably clear;"

9.    Whether BISD agrees with conclusions and recommendations in the Assured Indoor Air Quality, L.P. Status Report to BISD dated January 25, 2002 and if not, why not;

10.   Whether BISD agrees with the conclusions and recommendations in the Ambiotec Environmental Consultants, Inc. Report to BISD dated May 2002 (entitled "Preliminary Mold Investigation"), and if not, why not;

11.   Whether BISD agrees with the findings, observations, and conclusions in the Engineering & Fire Investigations Report to BISD dated January 20, 2003 (entitled "Remediation Evaluation Assessment"), and if not, why not;

12.   Whether BISD agrees with the allegations it made in BISD's Original Third-Party Petition in Cause No. 2003-08-4078-E, *American Standard, et al. vs. BISD and Al Cardenas Masonry, Inc., et al.*, In the 357th District Court of Cameron County, Texas, and if not, why not;

13.   BISD's position as to whether all of the water damage and mold damage at the subject schools since 1995 was caused by a cause of loss covered by the subject Royal Policies;

14.   Any alleged accidental discharges or leakages of water as the direct result of the breaking apart or cracking of any part of a system or appliance at Aiken or Besteiro containing water or steam that allegedly caused any damage made the subject of BISD's insurance claim against Royal or this lawsuit;

15.   Any repair, remodeling and remediation efforts pertaining to the the claimed damages or any unclaimed damages, at the subject schools since 1994;

16.   Any and all lawsuits and insurance claims made by, on behalf of, or against BISD relating to the construction, repair, maintenance, or air quality of Besteiro and/or Aiken, or any problem with water leakage, water intrusion or mold or fungal contamination alleged at one or more of the subject schools since 1994;

Mr. Baltazar Salazar
May 20, 2004
Page 4

---

17.    Any and all repairs or other efforts BISD has made, if any, to repair, replace or remediate any electronic data processing systems, electronic communications equipment, electronic media, and/or converted data at Aiken or Besteiro that BISD claims as part of the subject claim or this lawsuit, the timing cost of same, and the cause of any claimed damage to such equipment, data or materials.

Please provide Royal dates for these 30(b)(6) depositions by noon on Wednesday, May 26, 2004. If we do not have firm dates from you by such time, Royal will have no option but to issue deposition notices for dates convenient to Royal.

In addition, Royal still awaits a verification to BISD's interrogatory responses, which should have been served upon Royal many months ago on January 16, 2004. Further, BISD has failed to supplement its interrogatory responses to indicate who provided the information therein, despite BISD's representation to the Court long ago that it would do so. I ask again that BISD cure these deficiencies immediately.

Thank you for your attention to this matter. I look forward to hearing from you.

Very truly yours,

Stephen R. Wedemeyer

SRW/ccc
515108.1

cc:    Ramon Garcia - **VIA FAX (956) 381-0825**
       Craig Smith - **VIA FAX (361) 949-0843**

Job number    : 449                    *** SEND SUCCESSFUL ***

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (5) PAGES
INCLUDING COVER SHEET

### FACSIMILE COVER SHEET

TO:        Baltazar Salazar

TELECOPY NO:   (281) 749-8104          CONFIRMATION NO: (713) 655-1300

CC:        Craig Smith

TELECOPY NO:   (361) 949-0843          CONFIRMATION NO: (361) 949-6906

CC:        Ramon Garcia

TELECOPY NO:  (956) 381-0825           CONFIRMATION NO: (956) 383-7441

FROM:      Steve Wedemeyer

DATE:      May 20, 2004

FILE NO:   030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of
the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee
or agent responsible for delivering it to the intended recipient, you are hereby notified that any
dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in
error, please immediately notify us by telephone and return the original facsimile to us at the above
address via the U.S. Postal Service. Thank you.

NOTE: PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887

504053.1

# EXHIBIT "B"

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

May 26, 2004

Mr. Baltazar Salazar                            **VIA CM, RRR # 7003 2260 0004 0909 3207**
1612 Winbern                                    **AND FAX (281) 749-8104**
Houston, Texas 77004

Mr. Craig Smith                                 **VIA CM, RRR # 7003 2260 0004 0909 3214**
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Mr. Ramon Garcia                                **VIA CM, RRR # 7003 2260 0004 0909 3221**
222 West University
Edinburg, Texas 78539

    RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

    Enclosed please find Notice of Oral and Videotaped Deposition of Brownsville Independent School District. Such deposition is set for June 16, 2004 at 9:00 a.m. in our offices, but we are willing to consider reasonable and convenient alternatives to this date and location.

    Very truly yours,

Stephen R. Wedemeyer

ccc
Enclosures

508067.1
030098

EXHIBIT

*B*

# EXHIBIT "C"

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

June 7, 2004

Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

**VIA CM, RRR # 7003 2260 0004 0909 3269
AND FAX (281) 749-8104**

Mr. Craig Smith
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

**VIA CM, RRR # 7003 2260 0004 0909 3276**

Mr. Ramon Garcia
222 West University
Edinburg, Texas 78539

**VIA CM, RRR # 7003 2260 0004 0909 3283**

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

Enclosed please find Royal's First Amended Notice of Oral and Videotaped Deposition of Brownsville Independent School District. Such deposition is set for June 16, 2004 at 9:00 a.m. Please note that the location has changed from our office to the school district's office in Brownsville, per Mr. Salazar's request. If part of the corporate representative's deposition needs to be taken elsewhere, I will be glad to try to accommodate the district. Please call me with any questions.

Very truly yours,

Stephen R. Wedemeyer

ccc
Enclosure

518597.1
030098

**EXHIBIT**

*C*

# EXHIBIT "D"

BEIRNE, MAYNARD & PARSONS, L.L.P.

1700 PACIFIC AVENUE

SUITE 4400

DALLAS, TEXAS 75201-7305

(214) 237-4300

FAX (214) 237-4340

HOUSTON OFFICE

(713) 623-0887

**Direct Dial (713) 960-7349**
**E-mail: swedemeyer@bmpllp.com**

STEPHEN R. WEDEMEYER
PARTNER

June 10, 2004

Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

**FAX (281) 749-8104**

RE:     Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Salazar:

Included in BISD's supplemental production from February/March 2004 were AIA Applications and Certifications for Payment Forms Nos. 1-6, which includes the period up to and including January 31, 2004. Based upon my previous conversation with you and BISD's production documents, my understanding is that Satterfield & Pontikes' work at the schools continued at least into February 2004. So, I suspect there is an AIA application No. 7, and perhaps others as well.

In light of the corporate representative depositions scheduled for next week in Brownsville, which will focus on BISD's claimed damages, *I would ask that BISD immediately produce all additional AIA forms and "back-up" documents for the period beginning February 1, 2004.* Further, if BISD intends to rely on any other or additional documents to attempt to prove the amount or type of its damages, they should be produced immediately to Royal. I do not want to proceed on Wednesday with the corporate representative's deposition unless Royal has complete information.

Thank-you for your immediate attention to this matter.

Very truly yours,

Stephen R. Wedemeyer

cc:     Craig Smith (via facsimile)
        Ramon Garcia (via facsimile)

5194000


EXHIBIT

D

Confirmation Report — Memory Send

Time      : 06-10-2004   17:17
Tel line  : 2142374341
Name      : BEIRNEMAYNARDPARSON

Job number       : 354

Date             : 06-10  17:15

To               : 728#030098#12148287496104

Document pages   : 002

Start time       : 06-10  17:16

End time         : 06-10  17:17

Pages sent       : 002

Status           : OK

Job number    : 354            *** SEND SUCCESSFUL ***

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (2) PAGES
INCLUDING COVER SHEET

**FACSIMILE COVER SHEET**

TO:        Baltazar Salazar

TELECOPY NO:  (281) 749-8104          CONFIRMATION NO: (713) 655-1300

CC:        Craig Smith

TELECOPY NO:  (361) 949-0843          CONFIRMATION NO: (361) 949-6906

CC:        Ramon Garcia

TELECOPY NO:  (956) 381-0825          CONFIRMATION NO: (956) 383-7441

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District;* In the United States District Court for the Southern District of Texas, Brownsville Division

FROM:   Stephen R. Wedemeyer

DATE:   June 10, 2004

FILE NO:   030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. **Thank you.**
**NOTE: PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887**

510806.1

Confirmation Report — Memory Send

Time       : 06-10-2004   17:14
Tel line   : 2142374341
Name       : BEIRNEMAYNARDPARSON

| | | |
|---|---|---|
| Job number | : | 352 |
| Date | : | 06-10  17:13 |
| To | : | 728#030098#12#13619490843 |
| Document pages | : | 002 |
| Start time | : | 06-10  17:13 |
| End time | : | 06-10  17:14 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number   : 352          *** SEND SUCCESSFUL ***

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas  77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (2) PAGES
INCLUDING COVER SHEET

**FACSIMILE COVER SHEET**

| TO: | Baltazar Salazar | |
|---|---|---|
| **TELECOPY NO:** | (281) 749-8104 | CONFIRMATION NO: (713) 655-1300 |
| CC: | Craig Smith | |
| **TELECOPY NO:** | (361) 949-0843 | CONFIRMATION NO: (361) 949-6906 |
| CC: | Ramon Garcia | |
| **TELECOPY NO:** | (956) 381-0825 | CONFIRMATION NO: (956) 383-7441 |

RE:  Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District;* In the United States District Court for the Southern District of Texas, Brownsville Division

FROM:  Stephen R. Wedemeyer

DATE:  June 10, 2004

FILE NO:  030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.
NOTE: PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887

510606.1

Confirmation Report — Memory Send

```
                              Time    : 06-10-2004   17:20
                              Tel line : 2142374341
                              Name    : BEIRNEMAYNARDPARSON
```

| | | |
|---|---|---|
| Job number | : | 355 |
| Date | : | 06-10  17:19 |
| To | : | 728#030098#12#919563810825 |
| Document pages | : | 002 |
| Start time | : | 06-10  17:19 |
| End time | : | 06-10  17:20 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number     : 355              *** SEND SUCCESSFUL ***


**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas  77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (2) PAGES
INCLUDING COVER SHEET

**FACSIMILE COVER SHEET**

| | | |
|---|---|---|
| TO: | Baltazar Salazar | |
| TELECOPY NO: | (281) 749-8104 | CONFIRMATION NO: (713) 655-1300 |
| CC: | Craig Smith | |
| TELECOPY NO: | (361) 949-0843 | CONFIRMATION NO: (361) 949-6906 |
| CC: | Ramon Garcia | |
| TELECOPY NO: | (956) 381-0825 | CONFIRMATION NO: (956) 383-7441 |

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division

FROM:    Stephen R. Wedemeyer

DATE:    June 10, 2004

FILE NO:    030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.
NOTE: PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887

510606.1

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (2) PAGES
INCLUDING COVER SHEET

## FACSIMILE COVER SHEET

TO:       Baltazar Salazar

**TELECOPY NO:   (281) 749-8104**          CONFIRMATION NO: (713) 655-1300

CC:       Craig Smith

**TELECOPY NO:   (361) 949-0843**          CONFIRMATION NO: (361) 949-6906

CC:       Ramon Garcia

**TELECOPY NO: (956) 381-0825**          CONFIRMATION NO: (956) 383-7441

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School   District;* In the United States District Court for the Southern District of Texas, Brownsville Division

FROM:   Stephen R. Wedemeyer

DATE:    June 10, 2004

FILE NO:   030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. **Thank you.**
NOTE:  PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887

510606.1

# EXHIBIT "E"

JUN-15-2004(TUE) 13:23    BROWNSVILLE ISD MOLD          (FAX)956 381 0825          P. 002/003

Law Office Of

# RAMON GARCIA
### A PROFESSIONAL CORPORATION

AMON GARCIA
ATHERINE W. SMITH
ONIA I. LOPEZ
RIC B. JARVIS
ICY A. WILLIAMSON
ANIEL R. SANTOS
SCAR R. ALVAREZ

2 W. University Dr.
linburg, Texas 78539

8.383.7441

6.381.0825 FAX

June 15, 2004

Mr. Stephen Wedemeyer
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Boulevard
Suite 2500
Houston, Texas 77056-3000

**TELEFAX (713) 960-1527**
**& REGULAR MAIL**

RE:    *Civil Action No. B-03-109*
       *Royal Surplus Lines Insurance v. Brownsville Independent School District*

Dear Mr. Wedemeyer:

This is in response to your letter sent to me by telefax and email this morning.

First of all, as you understand and appreciate I am sure, neither I nor anyone from this office is lead counsel in this case. That is Mr. Baltazar Salazar. Second, I was not a party to any conversation between you and Mr. Salazar regarding depositions. Let's just say, however, that your version of the conversations and his are completely opposite. I derive from your letter that you were and are aware that Mr. Salazar is out of town and on vacation, and that he informed you of that fact prior to his leaving. I would have thought, therefore, that you would have shown him the courtesy of not noticing matters pertaining to this case during his absence.

As to your contention that he told you this office would be presenting BISD witnesses, be advised we knew nothing of this. I cannot imagine that Mr. Salazar would have agreed to any such thing without notifying me. I am not aware of the identity of any witnesses who may have been selected to address the issues on which you request testimony, and I am not prepared to present them. I notified you in writing of that, and I tell you once more: **BISD will not be presenting witnesses beginning on the 16th or later this week.**

Mr. Salazar is available by his email and is available by telephone at (713) 256-7777. If he does not answer the telephone immediately, please leave him a message. He has been pretty consistent in returning telephone calls if he does not answer the ring. As to any proposed agreements set out in the last paragraph of your letter, those agreements will have to be addressed and made with Mr. Salazar as lead counsel. I will tell you this - it has always been my understanding that you would be presenting witnesses for deposition at the same time that BISD did. It is true that I obtained that understanding from Mr. Salazar; nonetheless, he has been consistent in this contention, and I have no reason to doubt him.



**EXHIBIT**

_E_

tabbies

Mr. Stephen R. Wedemeyer
June 15, 2004
Page 2

The most important thing is that you should not, under any circumstances, go to the time and expense of coming to the Rio Grande Valley for depositions commencing tomorrow the 16th. No witnesses will be presented and no deposition will take place.

Please get in touch with Mr. Salazar.

Very truly yours,

LAW OFFICES OF RAMON GARCIA, P.C.

CATHERINE W. SMITH

CWS/sl
xc:     Baltazar Salazar
        Craig Smith

# EXHIBIT "F"

AO-88 (Rev 11/91) Subpoena in a Civil Case

# United States District Court

## FOR THE SOUTHERN DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

| | |
|---|---|
| **ROYAL SURPLUS LINES INSURANCE COMPANY,** | |
| | CIVIL ACTION NO. B-03-109 |
| **VS.** | |
| **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT** | |

TO:     MR. DENNIS NICKOLOFF
        G.A.B. ROBINS
        632 ED CAREY DRIVE, SUITE 700
        HARLINGEN, TEXAS 78550-7965.

( ) YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the following subjects:

| Offices of Brownsville Independent School District 1900 Price Road Brownsville, Texas 78520 | DATE AND TIME JUNE 25, 2004 AT 9:00 A.M. |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects listed in

| See Exhibit A to the Notice of Intent to take Oral-Videotape Deposition of Dennis Nickoloff. | DATE AND TIME JUNE 25, 2004 AT 9:00 A.M. |
|---|---|

( ) YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEYS FOR DEFENDANT   *Baltazar Salazar* | JUNE 15, 2004 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| BALTAZAR SALAZAR STATE BAR NO. 00791590 1612 WINBERN HOUSTON, TEXAS 77004 (713) 655-1300 | |

EXHIBIT
tabbies®
F

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO-88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE 6-16-04 | PLACE 632 ED CARREY DRIVE HARLINGEN, TX |

SERVED ON (PRINT NAME)

DENNI'S NICKOLOFF

MANNER OF SERVICE

HAND DELIVERED

SERVED BY (PRINT NAME)

ROBERTO G. LOPEZ

TITLE

C. P.

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6-16-04

SIGNATURE OF SERVER

3440 SAGUA LA GRANDE

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

Error! Unknown document property name.

## IN THE UNITED STATES DISTRSTICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

### NOTICE OF ORAL AND VIDEOTAPE DEPOSITION OF DENNIS NICKOLOFF

TO:    Mr. Dennis Nickoloff of GAB Robins, 632 Ed Carey Drive, Suite 700, Harlingen, Texas 78550-7965.

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 30(b)(6), Defendant Brownsville Independent School District will take the Oral-Videotape Deposition of Mr. Dennis Nickoloff of GAB Robins on Friday, June 25, 2004 beginning at 9:00 a.m. at the offices of Brownsville Independent School District located at 1900 Price Road, Brownsville, Texas 78520, (956) 548-8000, and continuing thereafter until completed.

The deposition shall be conducted by Diana Weibel, a court reporter and Notary Public in and for the State of Texas or another individual authorized by law to administer oaths and take depositions. The deposition will be videotaped.

### SUBPOENA DUCES TECUM

This notice shall also constitute a Subpoena Duces Tecum to Mr. Dennis Nickoloff to produce with him the following:

### EXHIBIT A

#### Documents to be Produced

1.    All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

1

2.   Provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

    (a)   all personnel file(s) (including both "official" and "desk" versions);

    (b)   resume;

    (c)   the size of their caseload (number of pending claim files);

    (d)   all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

    (e)   all orientation manuals or handbooks given to these person(s).

3.   All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

4.   All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claim (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

5.   All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

6.   A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

7.   All underwriting file(s) for all policies issued to BISD since 1996.

8.   All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

9.   All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

10.   All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

2

11.   Primary pleading(s) (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which in was filed.)

12.   All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

13.   All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

14.   A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

15.   All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

16.   All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

17.   Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

18.   All documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

19.   Any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

20.   Any and all documents supporting your contention that you did not breach your contract with BISD.

21.   Any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

22.   Any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

3

23.   Any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

24.   Any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

25.   Any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

26.   All credited and uncredited financial statements for the last five years that reflect your net worth.

27.   All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

28.   All documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

29.   All documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

30.   All documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

31.   All documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

32.   All documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

33.   All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

4

34.  All documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

35.  All documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

36.  All documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

37.  All documents reflecting the relationship between G.A.B. Robins and EFI.

38.  All documents reflecting the selection and/or approval of EFI by G.A.B. Robins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

39.  All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robins.

40.  All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robins and EFI.

Respectfully submitted:

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
(713) 655-1300
(281) 749-8104 (Telefax)

BY: _____
BALTAZAR SALALZAR
State Bar No. 00791590
Federal Bar No. 18536

ATTORNEYS FOR BISD

5

OF COUNSEL:
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

CRAIG S. SMITH
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Notice of Oral and Videotape Deposition of Dennis Nickoloff on this the 15th day of June, 2004, was sent via certified United States Mail, return receipt requested to:

Mr. Jay Brown
Mr. Stephen Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd.
**Suite 2500**
Houston, Texas 77056-3000

BALTAZAR SALAZAR

6

RAMON GARCIA, P.C.
EXPENSE ACCOUNT
2221 W. UNIVERSITY DR.
EDINBURG, TX 78539
(956) 383-7441

29453

INTERNATIONAL BANK OF COMMERCE
MCALLEN BRANCH (956) 994-9494
MC ALLEN, TX 78501
88-5782-1149

6/15/2004

PAY TO THE
ORDER OF: DENNIS NICKOLOFF

DENNIS NICKOLOFF

DOLLARS

Security Features included. Details on back.

MEMO: RGSD/6309/WITNESS FEE

RAMON GARCIA, P.C. EXPENSE ACCOUNT

⑈029453⑈ ⑆114911823⑆ 555224701⑈

# EXHIBIT "G"

### IN THE UNITED STATES DISTRSTICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

### NOTICE OF ORAL AND VIDEOTAPE DEPOSITION OF DENNIS NICKOLOFF

TO:    Mr. Dennis Nickoloff of GAB Robins, 632 Ed Carey Drive, Suite 700, Harlingen, Texas 78550-7965.

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 30(b)(6), Defendant Brownsville Independent School District will take the Oral-Videotape Deposition of Mr. Dennis Nickoloff of GAB Robins on Friday, June 25, 2004 beginning at 9:00 a.m. at the offices of Brownsville Independent School District located at 1900 Price Road, Brownsville, Texas 78520, (956) 548-8000, and continuing thereafter until completed.

The deposition shall be conducted by Diana Weihel, a court reporter and Notary Public in and for the State of Texas or another individual authorized by law to administer oaths and take depositions. The deposition will be videotaped.

### SUBPOENA DUCES TECUM

This notice shall also constitute a Subpoena Duces Tecum to Mr. Dennis Nickoloff to produce with him the following:

### EXHIBIT A

### Documents to be Produced

1.    All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.



EXHIBIT

G

1

2.    Provide the following documents for each of the person(s) involved in
      investigating, monitoring, and/or adjusting BISD's claims for the damages to the
      Besteiro Middle School and Bruce Aiken Elementary School.

      (a)    all personnel file(s) (including both "official" and "desk" versions);

      (b)    resume;

      (c)    the size of their caseload (number of pending claim files);

      (d)    all documents discussing or concerning their ability to handle claim files
             (including all reprimands, goals for future performance, or notes of any
             such conversations); and

      (e)    all orientation manuals or handbooks given to these person(s).

3.    All files (including claims file(s), coverage question files, and investigation files)
      relating in any way to BISD's claims for the damages to the Besteiro Middle
      School and Bruce Aiken Elementary School (including any such files maintained
      by the insurance agent or broker, your local claims office, your home office, and
      any claim file(s) set up by independent insurance adjusters or private
      investigators).

4.    All claims manuals used by the person(s) involved in monitoring, investigating,
      and/or adjusting BISD's claim (including any such manuals used by the insurance
      agent or broker, your local claims office, your home office, or any independent
      insurance adjusters).

5.    All policy manuals and procedural manuals used by the person(s) involved in
      monitoring, investigating, and/or adjusting of BISD's claims for the damages to
      the Besteiro Middle School and Bruce Aiken Elementary School (including any
      such manuals used by the insurance agent or broker, your local claims office, your
      home office, or any independent insurance adjusters).

6.    A complete copy of all policies you have issued to BISD since 1996 (include the
      policy jacket, any amendments, endorsements, declaration sheets, and the
      application for each policy).

7.    All underwriting file(s) for all policies issued to BISD since 1996.

8.    All brochures, handbooks, or marketing materials relating to the policies you have
      issued to BISD since 1996.

9.    All customer survey reports or compilations relating to commercial property
      policies you have issued since 1996.

10.   All complaint logs, reports or compilations relating to commercial property
      policies you have issued since 1996.

11.  Primary pleading(s) (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which in was filed.)

12.  All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

13.  All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

14.  A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

15.  All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

16.  All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

17.  Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

18.  All documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

19.  Any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

20.  Any and all documents supporting your contention that you did not breach your contract with BISD.

21.  Any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

22.  Any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

3

23. Any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

24. Any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

25. Any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

26. All credited and uncredited financial statements for the last five years that reflect your net worth.

27. All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

28. All documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

29. All documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

30. All documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

31. All documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

32. All documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

33. All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

4

34.    All documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

35.    All documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

36.    All documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

37.    All documents reflecting the relationship between G.A.B. Robins and EFI.

38.    All documents reflecting the selection and/or approval of EFI by G.A.B. Robins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

39.    All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robins.

40.    All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robins and EFI.

*Respectfully submitted:*

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
(713) 655-1300
(281) 749-8104 (Telefax)

BY: _____
BALTAZAR SALAZAR
State Bar No. 00791590
Federal Bar No. 18536

ATTORNEYS FOR BISD

OF COUNSEL:
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

CRAIG S. SMITH
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843

### CERTIFICATE OF SERVICE

I, Baltazar Salazar, hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Notice of Oral and Videotape Deposition of Dennis Nickoloff on this the 15th day of June, 2004, was sent via certified United States Mail, return receipt requested to:

Mr. Jay Brown
Mr. Stephen Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd.
Suite 2500
Houston, Texas 77056-3000

BALTAZAR SALAZAR

6



# EXHIBIT "H"

IN THE UNITED STATES DISTRSTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

## BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
## REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, Brownsville Independent School District, requests that Plaintiff Royal Surplus Lines Insurance Company, produce for inspection and copying the documents and tangible things described below. Production of the documents and tangible things requested herein shall occur on the thirty-first (31st) day following service of this request, at either of the offices of Defendant's counsel, beginning at 9:00 am, or at such time and at such other location as may be agreed upon by the parties, or as the court may direct, and shall continue during regular business hours until completed. The following definitions and instructions apply to this request for production and your production and responses thereto.

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the word "document" shall mean and include every writing or record of every type and description printed or recorded or reproduced by mechanical means or hand that is or has been in your possession, custody or control or of which you have knowledge, including, without limitation, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, video recordings, stenographic or tape or wire recordings, maps, surveys, minutes or statistical data, data processing cards, computer records or type or printout, every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy contains any commentary or notations whatsoever that do not appear on the original, agreements,



EXHIBIT
H

contracts, telegrams, summaries, including, without limitation, summaries of telephone conversations and summaries or reports of investigations or negotiations, photographs, negatives, motion picture film, magnetic tapes, newspaper stories or clippings and drafts of any of the foregoing.

2       "You," "your" and "Plaintiff" shall mean Royal Surplus Lines Insurance Company and each and every servant, employee, expert witness, independent contractor, attorney, and all other persons acting on or for Plaintiff's behalf.

3.      As used herein, the word "person" shall mean and include an individual, association, firm, partnership, corporation, board, committee, agency or commission, or any legal entity of any type, or any other organization or entity, whether public or private.

4.      The singular and masculine form of any noun or pronoun shall embrace and be read and applied as the plural or the feminine or the neuter, as circumstances shall be appropriate.

5.      Each request should be construed independently and not be referenced to any other request therein for purposes of limitation, unless one request specifically refers to another request.

6.      Privilege: If response to any request is withheld under claim of privilege, state with specificity the claim of privilege or other grounds for refusing to respond and provide all information necessary to evaluate the claim of privilege, including, without limitation, the date of each document and the subject matter thereof, identify the persons named therein, and identify all persons to whom any portion of the content of that document has been disclosed. Such information should be provided in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted.

7.      Documents produced pursuant to this request should be tendered either in the precise form or manner as they are kept in the usual and ordinary course of business or organized and labeled to correspond with the categories, which follow.

8.      If any document or material requested herein has been destroyed or lost, describe in detail the circumstances of, and the reasons for, such destruction or loss and produce all documents that relate to either the circumstances or the reasons for such destruction or loss.

9.      If you have ever had any of the documents requested in your possession, custody or control, but at the present do not have these documents in your possession, custody or control, you are requested to state the following with respect to each such document or material:

    a.      The present location, if known;

    b.      The date each such document or material left your possession, custody, or control;

    c.      The reasons why each such document left your possession, custody or control; and;

    d.      The names and addresses of all persons having knowledge about the matters inquired about in the immediately preceding subparagraphs a-c.

10. This request is continuing in nature. If further information comes into your possession or is brought to your attention or to your attorney's attention in the course of trial or preparation for trial, supplementation of the responses is required.

11. As used herein, a document or tangible thing "relating to" or "pertaining to" a given subject means any document or tangible thing that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent, directly or indirectly, to that subject including, without limitation, documents concerning the presentation and preparation of other documents or tangible things.

BY: _____

Baltazar Salazar
State Bar No. 00791590
Fed. Bar No. 18536
**Law Offices of Baltazar Salazar**
1612 Winbern
Houston, Texas 77004
Tel: 713-655-1300
Fax: 713-807-1930
Attorney in Charge for BISD

OF COUNSEL FOR BISD:
Ramon Garcia
State Bar No. 07641800
Fed. Bar No. 3936
Catherine W. Smith
State Bar No. 18547080
Fed. Bar No. 19360
**Law Offices of Ramon Garcia, P.C.**
222 W. University Drive
Edinburg, Texas 78539
Tel: 956-383-7441
Fax: 956-381-0825

## CERTIFICATE OF SERVICE

I hereby certify that these discovery requests were served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the 16th day of March, 2004, addressed as follows:

Mr. Jay Brown
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd.
Suite 2500
Houston, Texas  77056-3000

BALTAZAR SALAZAR

4

## REQUEST FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION 1:**

All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 2:**

Please provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

(a)     all personnel file(s) (including both "official" and "desk" versions);

(b)     resume;

(c)     the size of their caseload (number of pending claim files);

(d)     all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

   (e)     all orientation manuals or handbooks given to these person(s).

   (f)

**RESPONSE:**

**REQUEST FOR PRODUCTION 3:**

All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:**

All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claim (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

**RESPONSE:**


**REQUEST FOR PRODUCTION 5:**

All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

**RESPONSE:**


**REQUEST FOR PRODUCTION 6:**

A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

**RESPONSE:**


**REQUEST FOR PRODUCTION 7:**

All underwriting file(s) for all policies issued to BISD since 1996.

**RESPONSE:**


**REQUEST FOR PRODUCTION 8:**

All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

**RESPONSE:**


**REQUEST FOR PRODUCTION 9:**

All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

**RESPONSE:**

**REQUEST FOR PRODUCTION 10:**

All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

**RESPONSE:**

**REQUEST FOR PRODUCTION 11:**

Produce the primary pleading (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which was filed.)

**RESPONSE:**

**REQUEST FOR PRODUCTION 12:**

All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 13:**

All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

**RESPONSE:**

**REQUEST FOR PRODUCTION 14:**

A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

**RESPONSE:**

**REQUEST FOR PRODUCTION 15:**

All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:**

All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 17:**

Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 18:**

Produce all documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 19:**

Produce any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION 20:**

Produce any and all documents supporting your contention that you did not breach your contract with BISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION 21:**

Produce any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION 22:**

Produce any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 23:**

Produce any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION 24:**

Produce any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION 25:**

Produce any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 26:**

Produce all credited and uncredited financial statements for the last five years that reflect your net worth.

**RESPONSE:**


**REQUEST FOR PRODUCTION 27:**

Produce all documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

**RESPONSE:**


**REQUEST FOR PRODUCTION 28:**

Produce all documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 29:**

Produce all documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 30:**

Produce all documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:**

Produce all documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 32:**

Produce all documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 33:**

Produce all documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

**RESPONSE:**

**REQUEST FOR PRODUCTION 34:**

Produce all documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 35:**

Produce all documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

**RESPONSE:**

**REQUEST FOR PRODUCTION 36:**

Produce all documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 37:**

Produce all documents reflecting the relationship between G.A.B. Robbins and EFI.

**RESPONSE:**

**REQUEST FOR PRODUCTION 38:**

Produce all documents reflecting the selection and/or approval of EFI by G.A.B. Robbins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 39:**

Produce all correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robbins.

**RESPONSE:**

**REQUEST FOR PRODUCTION 40:**

Produce all correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robbins and EFI.

**RESPONSE:**

# EXHIBIT "I"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROYAL SURPLUS LINES        §
INSURANCE COMPANY,         §
           Plaintiff,      §
                      §
vs.                        §          CIVIL ACTION NO. B-03-109
                      §          JURY DEMANDED
BROWNSVILLE INDEPENDENT    §
SCHOOL DISTRICT,           §
           Defendant.      §

## PLAINTIFF ROYAL'S OBJECTIONS AND RESPONSES TO
## DEFENDANT BISD'S REQUEST FOR PRODUCTION

TO:    Brownsville Independent School District, by and through its attorney of record, Baltazar
       Salazar, 1612 Winbern, Houston, Texas 77004.

       Plaintiff Royal Surplus Lines Insurance Company ("Royal") hereby serves its Objections and

Responses to Request for Production of Defendant Brownsville Independent School District

("BISD"), pursuant to the Federal Rules of Civil Procedure, including Rule 36.

       Respectfully submitted,

                _Jay W. Brown_

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF,**
**ROYAL SURPLUS LINES INSURANCE COMPANY**

EXHIBIT
I

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
Stephen R. Wedemeyer
State Bar No. 00794832
S.D.T. No. 19797
John V. Trevino
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing discovery responses was served on all counsel of record on April 16, 2004.

Baltazar Salazar                           *Via Certified Mail Return Receipt Requested*
1612 Winbern
Houston, Texas 77004

Craig S. Smith                             *Via Certified Mail Return Receipt Requested*
Law Office of Craig S. Smith
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Ramon Garcia                               *Via Certified Mail Return Receipt Requested*
Law Office Ramon Garcia, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

Stephen R. Wedemeyer

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

### DEFINITIONS

Royal objects to the definition of the terms **"you," "your"** and **"Plaintiff"**. The definition is overbroad and ambiguous. Because the terms are defined so broadly, and specifically include Plaintiff's lawyers, the discovery requests using such terms improperly include within their scope Plaintiff's work product and privileged attorney-client communications, including portions or all of the litigation files of Plaintiff's counsel.

For each request to Royal using one or more of these objectionable terms, Royal hereby incorporates by reference into its response these objections to the definitions, as if set forth fully therein.

### REQUEST FOR PRODUCTION 1.

All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claim for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

### RESPONSE:

Objection. This request is vague and ambiguous as to which claims and to whose investigation, monitoring and adjustment, and whether it includes the files of Royal's counsel. As a result, it is overbroad. Also, the request is unclear as to whether it is directed at activities that pre-date this litigation as well as activities and documents during this litigation.

In addition, BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. **BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004.**

Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Further, as phrased, the request invades Royal's work product and attorney client-communications, essentially asking for Royal's counsel entire litigation file.

Subject to and without waiver of these objections, many persons have investigated BISD's many claims relating to Aiken Elementary and Besteiro Middle School, including contractors, students, staff, BISD, CIGNA, lawyers and other representatives of same, and possibly others. BISD is directed to Royal's Rule 26 initial disclosures in this matter, BISD's initial disclosures, as well as Royal's response to Interrogatory No. 2.

BISD is also directed to Royal's expert designation and BISD's expert designation in this matter, and the reports and other documents produced to date that were authored by the following entities, among others:

> **Rimkus Consulting Group, Inc.**
> **(including Jerry Mercer, P.E.)**
> 1431 Greenway Drive, Suite 100
> Irving, Texas 75038
> Tel.: 972-518-0900
> Eight Greenway Plaza, Suite 500
> Houston, Texas 77046
> Tel.: 713-621-3550

**Gobbell Hays Partners, Inc.**
**Steve M. Hays, PE, CIH, FACEC**
**Stephen Kenoyer**
4040 Broadway # 105
San Antonio, Tx 78209
Tel.: 210-824-5600

**Duane Swoveland**
296 Leafy Hollow Lane
McGregor, Texas   77657
Tel.: 254-848-2386

**Engineering and Fire Investigations ("EFI")**
9700 Richmond, Suite 201
Houston, Texas 77042
Tel.: 866-464-2127

**Boatwright Engineering, Inc.**
629 Santa Monica
Corpus Christi, Texas 78411

**Ambiotec Environmental Consultants, Inc.  ("Ambiotec")**
PO Box 2565
1101 East Harrison Avenue
Harlingen, Texas 78550
Tel.: 956-423-7807

**Assured Indoor Air Quality, LP ("AIAQ")**
750 N. St. Paul # 888
Dallas, Texas 75201
6616 Forest Park Road
Dallas, Texas 75235
Tel.: 214-855-0222

**Center for Toxicology and Environmental Health  ("CTEH")**
**(including David Weeks)**
356 Oaks Trail, Suite 105
Garland, Texas 75043
Tel: 972-203-2011

**Texas Department of Health ("TDH")**
**(including William A. Ashton, R.S.)**
Public Health Region 11
601 W. Sesame Dr.
Harlingen, Texas 78550
Tel.: 956-423-0130

**CRC Engineering, Inc.**
**(including Charles R. Clark, P.E.)**
CRC Engineering, Inc.
119 W. McIntyre
Edinburg, Texas 78539

## REQUEST FOR PRODUCTION 2.

Please provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

(a)     all personnel file(s) (including both "official" and "desk" versions);

(b)     resume;

(c)     the size of their caseload (number of pending claim files);

(d)     all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

(e)     all orientation manuals or handbooks given to these person(s).

## RESPONSE:

Objection. This request is overbroad in time and scope, and is vague and ambiguous as to which claims and to whose investigation, monitoring and adjustment. As a result, it is overbroad. Also, the request is unclear as to whether it is directed at activities that pre-date this litigation as well as activities and documents during this litigation.

In addition, BISD failed to and continues to fail to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs.*

853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

The request is harassing, burdensome and seeks confidential, private and proprietary materials.

## REQUEST FOR PRODUCTION 3.

All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

## RESPONSE:

Objection. This request for "All files", including Royal's claim file, is overbroad and fails to identify documents with the requisite specificity. The request is unclear as to whether it is directed at activities and documents that pre-date this litigation as well as activities during this litigation. In addition, BISD failed to and continues to fail to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy

requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.,* 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Further, as phrased, the request invades Royal's work product and attorney client-communications, essentially asking for Royal's counsel's entire litigation file.

## REQUEST FOR PRODUCTION 4.

All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claims (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters):

## RESPONSE:

Objection. This request is vague, ambiguous, and overbroad in time and scope.

In addition, BISD failed to and continues to fail to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, as well as other claims, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The documents sought by BISD are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual actions so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985);

OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon"). ·

## REQUEST FOR PRODUCTION 5.

All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

## RESPONSE:

Objection. This request is vague, ambiguous, and overbroad in time and scope. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, as well as other claims, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The manuals and similar documents sought by BISD are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex.

1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.–Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

## REQUEST FOR PRODUCTION 6.

A complete copy of all policies you have issued to BISD since 1996 (include [*sic*] the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

## RESPONSE:

Objection. Vague, overbroad and incorrectly states that certain items are included in Royal's Policies, including "the policy jacket" and "the application".

Subject to and without waiver of these objections, Royal offered to make the following policies (including declarations, forms, amendments and endorsements) available to BISD for inspection in January 2004 as part of Royal's Rule 26 Initial Disclosures, but BISD has never requested to inspect the documents:

- ▸ Royal Policy No. KHT 307564, with effective dates of September 1, 1996 to September 1, 1997 (cancelled effective April 1, 1997);

- ▸ Royal Policy No. KHT 308599, with effective dates of April 1, 1997 to April 1, 1998;

- ▸ Royal Policy No. KHT 310355, with effective dates of April 1, 1998 to April 1, 2001; and

- ▸ Royal Policy No. KHT 318271, with effective dates of April 1, 2001 to April 1, 2002.

Royal remains willing, upon reasonable notice, to make these policies and any relevant policy applications available for inspection by BISD at Royal's counsel's office in Houston.

## REQUEST FOR PRODUCTION 7.

All underwriting file(s) for all policies issued to BISD since 1996.

## RESPONSE:

Objection. This request is overbroad, vague and ambiguous, and is not properly limited in time and scope. The request is not even limited to Royal policies or to property insurance policies. Further, it is not limited to the policies under which BISD has made its claim against Royal. As a result, the request is impossibly overbroad and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Royal further objects that the underwriting files for the unambiguous insurance policies claimed under are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, especially as to the threshold coverage/contractual issues.

Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). This request is nothing more than impermissible fishing expedition.

Under Texas law, the interpretation of an unambiguous contract, including an insurance policy, is matter to be determined by the court as a matter of law. *See, e.g., Weir v. Federal Asset Disposition Ass'n.*, 123 F.3d 281, 286 (5th Cir. 1997); *Duratherm, Inc. v. Onsite Technology LLC*, 141 F.Supp.2d 657, 658 (S.D. Tex. 2001); *National Union Fire Ins. Co. v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex.1995); *Lyons v. State Farm Lloyds and National Casualty Co.*, 41 S.W.3d 201, 206 (Tex. App.–Hous. [14th Dist.] 2001, pet. denied). Whether a contract is ambiguous is a question of law. *CBI Industries*, 907 S.W.2d at 520.

**Only where a contract is first determined to be ambiguous may the courts consider the parties' interpretation,** *see Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, 732 (Tex.1981), and admit extraneous evidence to determine the true meaning of the instrument. *See R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980). In this instance, the Court has found no ambiguity. Indeed, Defendant BISD has not even alleged an ambiguity or offered a "conflicting interpretation" of any insurance policy.

Under Texas law, a contract is unambiguous if it can be given a definite or certain legal meaning *CBI Industries*, 907 S.W.2d at 520. When the language used in the four corners of the contract can have only one reasonable interpretation, then a court must confine itself to the writing itself, and may not consider parol evidence, such as the parties' interpretations. *Id.* at 520-21. Further, and importantly, *parol evidence is not admissible for the purpose of creating an ambiguity. Id.* at 520. Indeed, the Texas Supreme Court made clear in *CBI Industries that an insured is not even entitled to <u>discover</u> parol evidence in an attempt to try to create an ambiguity in an insurance policy. Id.* at 521.

Any information in the underwriting files as to Royal's interpretation of policy provisions is parol evidence, and thus may not be offered -- or even discovered -- by Defendant in attempt to create an ambiguity, and is not otherwise relevant to any other issue.

Royal further objects that the underwriting files for the relevant Royal policies contain confidential and proprietary information of Royal, including but not limited to information pertaining to rate/premium calculations and any reinsurance.

## REQUEST FOR PRODUCTION 8.

All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

## RESPONSE:

Objection. Overbroad, vague and ambiguous, and fails to identify any policies, or even the types of policies. Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *In re Alford Chevrolet-Geo*, 997S.W.2d 173, 180-181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996).

BISD's pleadings do not support this discovery seeking any "brochures, handbooks or marketing materials." This request is nothing more than impermissible "fishing expedition" aimed "not at supporting existing claims, but at finding new ones." *See Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, especially as to the threshold contract/coverage claims, and thus, should not be permitted at this time, if ever.

Subject to and without waiver of these objections, none.

## REQUEST FOR PRODUCTION 9.

All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

## RESPONSE:

Objection. Overbroad in time and scope. The request, particularly the phrase "compilations relating to commercial property policies," is vague and ambiguous. The request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The request is not even limited to *Texas* customers, which Royal contends are also irrelevant, but slightly less objectionable than any and all customers in the entire country. The court may *not* consider any out-of-state conduct by Royal directed at an insured other than BISD that does not have a nexus to the specific harm alleged by BISD in this lawsuit. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, 1521-24 (2003).

Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). This request is nothing more than impermissible "fishing expedition" aimed "not at supporting existing claims, but at finding new ones." *See Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995).

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to other customers and Royal's *handling* of *other* insurance claims, among other irrelevant issues. *Royal's handling of BISD's claim (much less other claims) is irrelevant. The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing). BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004.

## REQUEST FOR PRODUCTION 10.

All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

## RESPONSE:

Objection. Overbroad in time and scope. The request, particularly the phrase "complaint logs, reports or compilations," is vague and ambiguous. The request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The request is not even limited to conduct *Texas* claims, which Royal contends is also irrelevant, but slightly less objectionable than any and all conduct and claims in the entire country. The court may *not* consider any out-of-state conduct by Royal directed at an insured other than BISD that does not have a nexus to the specific harm alleged by BISD in this lawsuit. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, 1521-24 (2003).

Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery

expenses on the opposing party. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). This request is nothing more than impermissible "fishing expedition" aimed "not at supporting existing claims but at finding new ones." *See Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of *other* insurance claims, among other irrelevant issues. *Royal's handling of BISD's claim (much less other claims) is irrelevant. The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

## REQUEST FOR PRODUCTION 11.

Produce the primary pleading (*i.e.*, petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which it was filed.)

## RESPONSE:

Objection. This request is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad in time and scope. The request is not even limited to any lawsuits in Texas, which Royal contends are also irrelevant, but slightly less objectionable than "any and all lawsuits" in the entire country. The court may *not* consider any out-of-state conduct by Royal directed at an insured other than BISD that does not have a nexus to the specific harm alleged by BISD in this lawsuit. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513, 1521-24 (2003).

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's handling and payment/denial of *other* insurance claims, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. The handling, payment and/or denial of any other claims is wholly irrelevant.*

Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). This request is nothing more than impermissible "fishing expedition" aimed "not at supporting existing claims, but at finding new ones." *See Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). *Other lawsuits and claims have no relevance to the threshold contractual/coverage issues in this case*, which are questions of law for the Court, nor could they have any bearing on the extra-contractual issues in this case (*e.g.*, whether Royal's liability for BISD's claim ever became "reasonably clear").

## REQUEST FOR PRODUCTION 12.

All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. This request for "All documents...relating to the investigations and coverage ," is impossibly overbroad and fails to identify documents with the requisite specificity. The request is unclear as to whether it is directed at activities and documents that pre-date this litigation as well as activities during this litigation. In addition, BISD failed to and continues to fail to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Further, as phrased ("All documents...regarding or relating..."), the request encompasses Royal's work product and privileged attorney-client communications, as well as Royal's counsel's entire litigation file for this matter.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, especially as it relates to the contract/coverage claims, and thus, should not be permitted at this time, if ever. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. *Under Texas law, an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex. App.- Houston.[14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.,* 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Subject to and without waiver of these objections, by way of example only and without limitation, BISD is directed to the Royal Policies, the parties' expert designations and expert reports, the various reports prepared by others (such as EFI, AIAQ, CTEH, Ambiotec, Rimkus, Gobbell-Hays, and CRC Engineering), Royal's Complaint, and the other documents produced by Royal in this lawsuit or referenced in other discovery responses. Further, BISD is directed to Royal's Response to Interrogatory No. 14.

## REQUEST FOR PRODUCTION 13.

All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

## RESPONSE:

Objection. This request is vague and ambiguous as to the time period made the subject of this request, and is apparently not even limited to pre-litigation activities. It is also unclear as to whether BISD is seeking documents reflecting any reserves set by Royal, or whether the request is limited to documents reflecting the conduct, if any, involved in setting any reserves.

Further, BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise satisfy the policy requirement that BISD provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

In addition, as phrased ("all documents"), the request improperly invades Royal's work product and communications protected by the attorney-client privilege.

*Under Texas law, an insurer's reserve information is neither admissible nor discoverable. See In re American Home Assur. Co.,* 88 S.W.3d 370, 377 (Tex. App. – Texarkana 2002, orig. proceeding) (holding that trial court's order requiring insurer to provide "documentation and deposition information regarding the setting of reserves" is improper because the information sought is not admissible and would not lead to the discovery of admissible evidence).

Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *In re Alford Chevrolet-Geo,* 997 S.W.2d 173, 180-181 (Tex. 1999); *In re American Optical Corp.,* 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429, 431 (Tex. 1996). This request is nothing more than impermissible fishing expedition. **Any documents reflecting or relating to whether Royal has set any reserves, the details of any such reserves, or the amount of any reserves, is neither relevant nor reasonably calculated to lead to the discovery of any admissible evidence, particularly with regard to the contractual/coverage issues in this lawsuit.**

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time, if ever. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. *See Liberty National Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996). *The determination of the coverage issue made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. See, Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds*

*Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App!- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

## REQUEST FOR PRODUCTION 14.

A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

## RESPONSE:

Objection. This request is vague, ambiguous and overbroad in time and scope. Further, it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, as well as other unrelated claims, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. **The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling and underwriting is irrelevant. Claims handling is not relevant unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim.** *See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. *See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627,

629 (Tex. 1996). The determination of the coverage issue made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.,* 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Furthermore, the request is misleading in that it improperly assumes that Plaintiff Royal Surplus has an underwriting department and one or more subsidiaries.

## REQUEST FOR PRODUCTION 15.

All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

## RESPONSE:

Objection. This request invades Royal's work product. Subject to and without waiver of these objections, Royal has not made such a determination, but will comply with any Scheduling Order entered by the Court.

## REQUEST FOR PRODUCTION 16.

All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

## RESPONSE:

Objection. This request is overbroad in time and scope. Further, the request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, none.

**REQUEST FOR PRODUCTION 17.**

Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

Objection. This request is unclear as to whether it is directed at activities and documents that pre-date this litigation as well as activities during this litigation. In addition, BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request expressly calls for the production of Royal's work product and privileged attorney-client communications.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, especially as it relates to the contract/coverage claims, and thus, should not be permitted at this time, if ever. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. *Under Texas law, an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense

of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

## REQUEST FOR PRODUCTION 18.

Produce all documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. The term "party" is vague and ambiguous, but Royal assumes BISD is referring to the two parties to this lawsuit, Royal and BISD. Subject to and without waiver of these objections, Royal is aware of its communications with BISD before and during this litigation. Please advise if BISD would like copies of these documents, which should already be in BISD's files.

## REQUEST FOR PRODUCTION 19.

Produce any and all documents supporting your contention that you did not violate Section 21.21 of the Texas Insurance Code.

## RESPONSE:

Objection. This request is impossibly overbroad, vague and burdensome. The request fails to identify a claim, a policy, an insured, or any alleged conduct by Royal in connection with any claim or during any particular time period. The burden to prove any statutory violation belongs to BISD, not Royal.

Further, as phrased ("any and all documents"), the request improperly invades Royal's work product and communications protected by the attorney-client privilege.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of*

*this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to the the Royal Policies listed in Royal's Complaint; the EUOs of BISD's Oscar Tapia and Raul Vasquez; Royal's responses to Interrogatory Nos. 7, 11, 14, 15, 16, 17, 20, 21, and 23; Royal's responses to Request for Production Nos. 20, 27, 28, 29, 30, 33, 34, 35, and 36; Royal's Complaint for Declaratory Relief; correspondence between Royal and BISD; correspondence between GAB Robins and BISD; Royal's March 5, 2004 Motion to Compel, Royal's March 29, 2004 Reply to BISD's Response to Royal's Motion to Compel, and the exhibits to same, including the February 20, 2004 and February 24, 2004 letters to BISD's counsel; Royal's expert designations and reports; and the many documents indicating that there is no coverage for BISD's claim, including but not limited to: Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated

January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002; BISD's January 23, 2003 defective proof of loss; GAB's February 21, 2003 correspondence to BISD; and GAB's requests to inspect the schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002).

Royal reserves the right to supplement or amend this response, if necessary, if BISD ever describes its claim as required by the Royal Policies.

## REQUEST FOR PRODUCTION 20.

Produce any and all documents supporting your contention that you did not breach your contract with BISD.

## RESPONSE:

Objection. This request is impossibly overbroad, vague and burdensome. The request fails to identify a claim, a policy, or any alleged conduct by Royal in connection with any claim or during any specific time period. The burden to prove any breach of contract belongs to BISD, not Royal.

Further, as phrased ("any and all documents"), the request improperly invades Royal's work product and communications protected by the attorney-client privilege.

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to the Royal Policies listed in Royal's Complaint; the EUOs of BISD's Oscar Tapia and Raul Vasquez; Royal's responses to Interrogatory Nos. 7, 11, 14, 15, 16, 17, 20, 21, and 23; Royal's responses to Request for Production Nos. 27, 28, 29, 30, 33, 34, 35, and 36; Royal's Complaint for Declaratory Relief; correspondence between Royal and BISD; correspondence between GAB Robins and BISD; Royal's March 5, 2004 Motion to Compel, Royal's March 29, 2004 Reply to BISD's Response to Royal's Motion to Compel, and the exhibits to same, including the February 20, 2004 and February 24, 2004 letters to BISD's counsel; Royal's expert designations and reports; and the many documents indicating that there is no coverage for BISD's claim, including but not limited to: Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report;

CRC's reports and documents from 1998-1999; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002; BISD's January 23, 2003 defective proof of loss; GAB's February 21, 2003 correspondence to BISD; and GAB's requests to inspect the schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002).

Royal reserves the right to supplement or amend this response, if necessary, if BISD ever describes its claim as required by the Royal Policies.

## REQUEST FOR PRODUCTION 21.

Produce any and all documents supporting your contention that you did not violate Section 21.55 of the Texas Insurance Code.

## RESPONSE:

Objection. This request is impossibly overbroad, vague and burdensome. The request fails to identify a claim, a policy, an insured, or any alleged conduct by Royal in connection with any claim or during any particular time period. The burden to prove any statutory violation belongs to BISD, not Royal.

Further, as phrased ("any and all documents"), the request improperly invades Royal's work product and communications protected by the attorney-client privilege.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer*

*breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to the Royal Policies listed in Royal's Complaint; the EUOs of BISD's Oscar Tapia and Raul Vasquez; Royal's responses to Interrogatory Nos. 7, 11, 14, 15, 16, 17, 20, 21, and 23; Royal's responses to Request for Production Nos. 20, 27, 28, 29, 30, 33, 34, 35, and 36; Royal's Complaint for Declaratory Relief; correspondence between Royal and BISD; correspondence between GAB Robins and BISD; Royal's March 5, 2004 Motion to Compel, Royal's March 29, 2004 Reply to BISD's Response to Royal's Motion to Compel, and the exhibits to same, including the February 20, 2004 and February 24, 2004 letters to BISD's counsel; Royal's expert designations and reports; and the many documents indicating that there is no coverage for BISD's claim, including but not limited to: Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002; BISD's January 23, 2003 defective proof of loss; GAB's February 21, 2003 correspondence to BISD; and GAB's requests to inspect the schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002).

Royal reserves the right to supplement or amend this response, if necessary, if BISD ever describes its claim as required by the Royal Policies."

## REQUEST FOR PRODUCTION 22.

Produce any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees [sic] in this lawsuit.

## RESPONSE:

Objection. Overbroad, vague, ambiguous and unintelligible. Subject to and without waiver of these objections, if Royal pursues a claim for attorney's fees at trial or upon resolution of this matter by dispositive motion, Royal will supplement its production with documents to support any claim for attorney's fees.

## REQUEST FOR PRODUCTION 23.

Produce any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

## RESPONSE:

Objection. This request is impossibly overbroad, vague and burdensome. The request fails to identify a claim, a policy, or any alleged conduct by Royal in connection with any claim or during any particular time period. The burden to prove any duty and breach belongs to BISD, not Royal.
Further, as phrased ("any and all documents"), the request improperly invades Royal's work product and communications protected by the attorney-client privilege. .

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim.* See, e.g., Republic Ins. Co. v. Stoker, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and

Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.–Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to the Royal Policies listed in Royal's Complaint; the EUOs of BISD's Oscar Tapia and Raul Vasquez; Royal's responses to Interrogatory Nos. 7, 11, 14, 15, 16, 17, 20, 21, and 23; Royal's responses to Request for Production Nos. 20, 27, 28, 29, 30, 33, 34, 35, and 36; Royal's Complaint for Declaratory Relief; correspondence between Royal and BISD; correspondence between GAB Robins and BISD; Royal's March 5, 2004 Motion to Compel, Royal's March 29, 2004 Reply to BISD's Response to Royal's Motion to Compel, and the exhibits to same, including the February 20, 2004 and February 24, 2004 letters to BISD's counsel; Royal's expert designations and reports; and the many documents indicating that there is no coverage for BISD's claim, including but not limited to: Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002; BISD's January 23, 2003 defective proof of loss; GAB's February 21, 2003 correspondence to BISD; and GAB's requests to inspect the

schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002).

Royal reserves the right to supplement or amend this response, if necessary, if BISD ever describes its claim as required by the Royal Policies.

## REQUEST FOR PRODUCTION 24.

Produce any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

## RESPONSE:

Objection. This request is impossibly overbroad, vague and burdensome. The request fails to identify a claim, a policy, or any alleged conduct by Royal in connection with any claim or during any particular time period. In addition, BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad. Further, the request is misleading and vague due to the phrase "denying BISD's claim." The burden to prove any lack of "reasonable basis" or "good faith basis" belongs to BISD, not Royal.

Further, as phrased ("any and all documents"), the request improperly invades Royal's work product and communications protected by the attorney-client privilege.

Instead of simply seeking to discover evidence relevant to the breach of contract and coverage claims/issues, BISD improperly seeks to discover documents and information relating to Royal's *handling* of the insurance claim underlying this lawsuit, Royal's communications with investigators, adjusters and attorneys it hired in connection with such claim, and Royal's thought process in handling the underlying claim, among other irrelevant issues. *The only relevant issue at this stage of this lawsuit is coverage for the damage made the subject of BISD's insurance claim. Royal's claim handling is irrelevant, unless and until the Court determines that coverage exists for the damage made the subject of this insurance claim. See, e.g., Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy); *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied) (holding that a lack of coverage precludes a finding of breach of the duty of good faith and fair dealing).

The information sought by BISD is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relating to the contract/coverage claims, and thus, should not be permitted at this time. BISD is directed to Royal's Motion for Severance and Abatement of Extra-Contractual Causes of Action filed on April 16, 2004. Under Texas law, *an insured may not prevail on a bad faith claim without first showing that the insurer breached the insurance contract. See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). The determination of the coverage issues made the subject of this contract action may completely obviate the need to address any extra contractual claims

based on bad faith, alleged denial of coverage, and any purported Texas Insurance Code violations. *See, Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex. App.--Fort Worth 1993, writ denied); *see also, State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex. App.- Houston [14th Dist.] 1992, orig. proceeding) (abating the proceedings on the bad faith claim until final disposition of the uninsured motorist claim); *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.- Houston [1st Dist.] 1993, orig. proceeding) (abating extra-contractual issues so that the parties would not be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed in a previous trial); *O'Malley v. United States Fidelity & Guar. Co.,* 776 F.2d 494, 500 (5th Cir. 1985); OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to the Royal Policies listed in Royal's Complaint; the EUOs of BISD's Oscar Tapia and Raul Vasquez; Royal's responses to Interrogatory Nos. 7, 11, 14, 15, 16, 17, 20, 21, and 23; Royal's responses to Request for Production Nos. 27, 28, 29, 30, 33, 34, 35, and 36; Royal's Complaint for Declaratory Relief; correspondence between Royal and BISD; correspondence between GAB Robins and BISD; Royal's March 5, 2004 Motion to Compel, Royal's March 29, 2004 Reply to Royal's Motion to Compel, and the exhibits to same, including the February 20, 2004 and February 24, 2004 letters to BISD's counsel; Royal's expert designations and reports; and the many documents indicating that there is no coverage for BISD's claim, including but not limited to: Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002; BISD's January 23, 2003 defective proof of loss; GAB's February 21, 2003 correspondence to BISD; and GAB's requests to inspect the schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002).

Royal reserves the right to supplement or amend this response, if necessary, if BISD ever describes its claim as required by the Royal Policies.

## REQUEST FOR PRODUCTION 25.

Produce any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. This request is overbroad, vague and ambiguous. As phrased, Royal is unable to discern whether this request is simply directed at "tape, electrical, or mechanical recordings or transcription[s]" of statements of BISD, or is intended to be broader. Perhaps Royal can respond further if BISD will clarify the request.

Subject to and without waiver of these objections, other than the documents produced by BISD before and during this litigation, BISD's correspondence to Royal, BISD's defective proof of loss, and BISD's pleadings and discovery responses in the Cameron County lawsuits involving the two schools, the only statements of BISD of which Royal is aware are the examinations under oath taken of Tony Fuller, Oscar Tapia and Raul Vasquez.

Although all three of these transcripts were sent to BISD's counsel via e-mail on February 16, 2004, upon request, Royal will again make them available to BISD. Royal will also make the other referenced documents, and discovery responses and pleadings of BISD available upon request and reasonable notice, although BISD should already have them in its files.

## REQUEST FOR PRODUCTION 26.

Produce all credited and uncredited financial statements for the last five years that reflect your net worth.

## RESPONSE:

Objection. Overbroad, vague ("credited and uncredited"), ambiguous, and seeks information and documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BISD's pleadings do not support any issue of punitive damages or the discovery of Royal's net worth. BISD is directed to Royal's March 30, 2004 Expedited Motion to Dismiss Defendant's Original and Supplemental Counterclaims, as well as the Court's March 5, 2004 Order on Royal's Motion for More Definite Statement.

Subject to and without waiver of these objections, upon any ruling by the Court that BISD has adequately pleaded a basis under Texas substantive law for the imposition of punitive damages against Plaintiff, Royal will produce to BISD evidence of Royal's net worth. BISD is also directed to Royal's Response to Interrogatory No. 8.

**REQUEST FOR PRODUCTION 27.**

Produce all documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

**RESPONSE:**

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages, or even limit the request to claimed damages. As a result, the request is impossibly vague, ambiguous and overbroad. Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to Royal's responses to Interrogatory Nos. 14, 15, 16, 17, 20, and 23, as well as the documents referenced in response to other document requests. Royal also directs BISD to the following: Assured Indoor Air Quality, L.P. status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; and Gobbell-Hays Partners' report dated January 21, 2004. These reports, among other documents produced by the parties in this matter, indicate a long history and many years of indoor air, humidity, fungal, HVAC, drainage, defective and faulty design/construction/maintenance (including acts, inaction, and decisions of contractors and district personnel), siting/drainage, and other similar problems at the two subject schools. They also indicate that the principal and pervasive causes have been found to be defectively designed, constructed, installed and maintained HVAC systems. Other significant causes have been found to be leaks from roofs and windows, and condensation on the HVAC systems' chill water pipe insulation, all of which were due to improper construction, repair and maintenance.

**REQUEST FOR PRODUCTION 28.**

Produce all documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages, or even limit the request to claimed damages. As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request is overbroad and misleading in light of the fact that Royal has *never* stated that all of the cited provisions apply to exclude coverage for BISD's claim. Royal did, however, cite *some* of these provisions in its Original Complaint and made it clear that the provisions cited therein were "[a]mong the provisions of the Royal Policies that *may* apply to, limit, preclude or otherwise impact coverage for BISD's claim."

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

By way of example and without limitation, BISD is directed to Royal's Response to Interrogatory No. 14, Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools.

## REQUEST FOR PRODUCTION 29.

Produce all documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages. As a result, the request is impossibly vague, ambiguous and overbroad. Further, BISD, not Royal, has the burden to prove the applicability of any exception to any exclusion.

Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to Royal's responses to Interrogatory Nos. 14 and 16, Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; the EUOs taken of Mr. Tapia and Mr.

Vasquez of BISD; and the many documents produced by BISD detailing the long history of many years of indoor air quality, humidity, fungal, HVAC, drainage, corrosion, wear and tear, and other similar problems at the schools, as well as the causation opinions of experts.

## REQUEST FOR PRODUCTION 30.

Produce all documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages, or even limit the request to claimed damages. As a result, the request is impossibly vague, ambiguous and overbroad. Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to Royal's Response to Interrogatory Nos. 14 and 17; Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; CRC's reports and documents from 1998-1999; the EUOs taken of Mr. Tapia and Mr. Vasquez of BISD; the documents produced by BISD detailing the long history and many years of indoor air, humidity, fungal, HVAC, drainage, defective and faulty design/construction/maintenance/materials (including acts, inaction, and decisions of contractors and district personnel), siting/drainage, and other similar problems at the two subject schools; and the causation opinions of experts.

## REQUEST FOR PRODUCTION 31.

Produce all documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages, or even limit the request to claimed damages. As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request is misleading in light of the fact that Royal has *never* stated that Limitation C5 applies to coverage for BISD's claim. Royal did, however, cite some provisions in its Original Complaint and made it clear that the provisions cited therein were "[a]mong the provisions of the Royal Policies that *may* apply to, limit, preclude or otherwise impact coverage for BISD's claim."

Subject to and without waiver of these objections, none at this time. Royal directs BISD to Royal's response to Interrogatory No. 18. Royal will supplement its response if it is provided with any facts that may bring this limitation into play as it relates to any "cost[s] to repair any defect to a system or appliance from which water ...escapes."

## REQUEST FOR PRODUCTION 32.

Produce all documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages, or even limit the request to claimed damages. As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request is misleading in light of the fact that Royal has *never* stated that Additional Coverage Extension E.2. ("Water Damage, Other Liquids, Powder or Molten Material Damage") applies to exclude coverage for BISD's claim. Royal did, however, cite some provisions in its Original Complaint and made it clear that the provisions cited therein were "[a]mong the provisions of the Royal Policies that *may* apply to, limit, preclude or otherwise impact coverage for BISD's claim." Furthermore, the request is non-sensical because it suggests that an "extension" of coverage *excludes* coverage.

Subject to and without waiver of these objections, none. Royal directs BISD to Royal's response to Interrogatory No. 19.

## REQUEST FOR PRODUCTION 33.

Produce all documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of

how, when and where the loss or damage occurred." The request fails to identify a policy or any particular damages, or even limit the request to claimed damages. As a result, the request is impossibly vague, ambiguous and overbroad. Subject to and without waiver of these objections, Royal responds as follows:

Because Section A of CP 00 10 06 95 ("Building and Personal Property Coverage Form") references the applicable causes of loss form (Causes of Loss--Special Form), this request overlaps Request Nos. 28, 29, 30, 31, and 32, all of which inquire as to provisions within the Causes of Loss--Special Form. Accordingly, BISD is directed to Royal's responses to Request Nos. 28, 29, 30, 31, and 32, as well as Royal's responses to Interrogatory Nos. 14, 15, 16, 17, 18, 19, and 20.

## REQUEST FOR PRODUCTION 34.

Produce all documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request also fails to identify any particular damages, or even a particular policy. As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request is misleading in light of the fact that Royal has never stated that BISD has failed to fulfill *all* conditions listed in Loss Conditions E.3a. and E.3.b. Royal did, however, cite some provisions in its Original Complaint and made it clear that the provisions cited therein were "[a]mong the provisions of the Royal Policies that *may* apply to, limit, preclude or otherwise impact coverage for BISD's claim." Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

BISD is directed to Royal's responses to Interrogatory Nos. 21, 22 and 23, as they pertain to loss conditions.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002, BISD's January 23, 2003 defective proof of loss, GAB's February 21, 2003 correspondence to BISD, GAB's requests to inspect the schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002), and the Royal Policies under which BISD has made its claim. BISD is also directed to Royal's Response to Interrogatory No. 14; Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to

BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; the documents produced by BISD detailing the long history and many years of indoor air, humidity, fungal, HVAC, drainage, defective and faulty design/construction/maintenance (including acts, inaction, and decisions of contractors and district personnel), siting/drainage, and other similar problems at the two subject schools; and causation opinions of experts.

Royal reserves the right to supplement or amend this response, if necessary, if BISD ever describes its claim as required by the Royal Policies.

## REQUEST FOR PRODUCTION 35.

Produce all documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify any particular damages, or even a particular policy. As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request is misleading in light of the fact that Royal has never stated that none of the damage claimed by BISD falls within the coverage provided by Business Income (And Extra Expense) Coverage Form [CP 00 30 06 95]. Royal did, however, cite some provisions in its Original Complaint and made it clear that the provisions cited therein were "[a]mong the provisions of the Royal Policies that *may* apply to, limit, preclude or otherwise impact coverage for BISD's claim." Subject to and without waiver of these objections, Royal responds as follows to this request, as understood by Royal:

Because Section A, ¶ 2. ("Covered Causes of Loss") of the Business Income (And Extra Expense) Coverage Form references the applicable causes of loss form (Causes of Loss-- Special Form), this request overlaps Request Nos. 28, 29, 30, 31, and 32, all of which inquire as to provisions within the Causes of Loss--Special Form. Accordingly, BISD is directed to Royal's responses to Request Nos. 28, 29, 30, 31, and 32. BISD is also directed to Royal's responses to Interrogatory Nos. 14, 15, 16, 17, 18, 19, 21, and 22.

Request 35 also overlaps Request 34. In light of Section D, Loss Conditions, ¶2, ("Duties in the Event of Loss") in the Business Income (And Extra Expense) Coverage Form, BISD is directed to Royal's response to Request No. 34 pertaining to loss conditions.

Royal reserves the right to supplement this response after the receipt of any information from BISD purporting to support any claim for damages under the form made the subject of this request.

## REQUEST FOR PRODUCTION 36.

Produce all documents supporting your contention that BISD failed to comply with any condition set forth in Section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. BISD has failed to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." The request fails to identify any particular damages, or even a particular policy. As a result, the request is impossibly vague, ambiguous and overbroad.

Further, the request is misleading in light of the fact that Royal has never stated that BISD failed to comply with all the conditions listed in Section D, Loss Conditions, ¶2 ("Duties in the Event of Loss"). Royal did, however, cite some provisions in its Original Complaint and made it clear that the provisions cited therein were "[a]mong the provisions of the Royal Policies that *may* apply to, limit, preclude or otherwise impact coverage for BISD's claim."

Subject to and without waiver of these objections, Request 36 overlaps Request 34, and thus, BISD is directed to Royal's response to Request 34 pertaining to loss conditions. BISD is also directed to Royal's response to Interrogatory Nos. 21, 22 and 23 as they pertain to loss conditions.

BISD is also directed to BISD's notices of loss (correspondence from BISD's counsel) dated November 29, 2001 and April 2, 2002, BISD's January 23, 2003 defective proof of loss, GAB's February 21, 2003 correspondence to BISD, GAB's requests to inspect the schools (including but not limited to correspondence from GAB to BISD dated December 11, 2001 and January 21, 2002), and the Royal Policies under which BISD has made its claim. BISD is also directed to Royal's Response to Interrogatory No. 14; Assured Indoor Air Quality, L.P.'s status report to BISD dated January 25, 2002; AIAQ's November 2001 reports to BISD; Ambiotec Environmental Consultants, Inc.'s May 2002 report to BISD; Engineering & Fire Investigations January 20, 2003 report to BISD; Rimkus' July 26, 1999 Report to BISD's retained engineer, Mody Boatwright; Rimkus' December 20, 2002 Report; CTEH's January 10, 2003 "Indoor Air Quality Report;" Rimkus' report dated January 26, 2004; Gobbell-Hays Partners' report dated January 21, 2004; Mr. Swoveland's report; the documents produced by BISD detailing the long history and many years of indoor air, humidity, fungal, HVAC, drainage, defective and faulty design/construction/maintenance (including acts, inaction, and decisions of contractors and district personnel), siting/drainage, and other similar problems at the two subject schools; and causation opinions of experts.

Royal reserves the right to supplement this response after the receipt of any information from BISD purporting to support any claim for damages under the form made the subject of this interrogatory.

## REQUEST FOR PRODUCTION 37.

Produce all documents reflecting the relationship between G.A.B. Robbins [*sic*] and EFI.

## RESPONSE:

Objection. Overbroad, vague and ambiguous. Subject to and without waiver of these objections, none.

## REQUEST FOR PRODUCTION 38.

Produce all documents reflecting the selection and/or approval of EFI by G.A.B. Robbins [*sic*] to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

## RESPONSE:

Objection. Overbroad and misleading; EFI was selected, hired and approved by BISD, not by GAB Robins N.A., Inc. or Plaintiff Royal. Vague as to "work". Subject to and without waiver of these objections, none.

## REQUEST FOR PRODUCTION 39.

Produce all correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI and G.A.B. Robbins [*sic*].

## RESPONSE:

Objection. Vague as to time. BISD continues to fail to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Subject to and without waiver of these objections, none.

## REQUEST FOR PRODUCTION 40.

Produce all correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robbins [*sic*] and EFI.

## RESPONSE:

Objection. Vague as to time. BISD continues to fail to identify the particular damage made the subject of "BISD's claims" or otherwise comply with the policy requirement to provide Royal "a description of how, when and where the loss or damage occurred." As a result, the request is impossibly vague, ambiguous and overbroad.

Subject to and without waiver of these objections, none.