

United States District Court
Southern District of Texas
FILED

JUN 2 1 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

ROYAL SURPLUS LINES                    §
INSURANCE COMPANY,                     §
                                       §
    **Plaintiff,**                       §
                                       §
vs.                                    §          CIVIL ACTION NO. B-03-109
                                       §
BROWNSVILLE INDEPENDENT                §
SCHOOL DISTRICT,                       §
                                       §
    **Defendant.**                       §

**PLAINTIFF ROYAL'S EXPEDITED MOTION TO COMPEL DEPOSITIONS
OF BISD REPRESENTATIVE AND DESIGNATED EXPERTS**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

      Plaintiff Royal Surplus Lines Insurance Company  ("Royal") files its Expedited Motion to

Compel Depositions of Brownsville Independent School District's ("BISD's") Representative and

Designated Experts and respectfully shows:

**Relief Requested**

      1.     Royal asks this Court to compel BISD to produce a representative for deposition,

pursuant to Fed. R. Civ. P. 30(b)(6), as well as the depositions of two BISD's designated experts,

James Bettis and Engineering and Fire Investigations ("EFI"),  no later than July 1, 2004.  If the

witnesses and counsel are not available or if the parties are otherwise unable to complete the

depositions by July 1, 2004, Royal asks that the Court enlarge the discovery period for the sole

purpose of completing these previously requested (and in the case of some, previously noticed)

depositions.

      2.     It is with reluctance that Royal files this motion to compel and burdens this Court to

rule on a routine discovery issue  like these deposition requests to BISD.  However, in light of

BISD's past refusal to provide initial disclosures, answer and responses to interrogatories, requests

for production, and requests for admission, as well as BISD's instant refusal to provide deposition

dates (much less present witnesses for deposition), Royal feels compelled to file this motion in order

properly prepare this case for trial.

### Grounds for Relief

3.      This declaratory judgment action is set for trial on September 2, 2004. The discovery

cutoff is July 1, 2004. (*See* Doc. No. 34).

4.      Royal conferred with counsel for BISD in an attempt to secure dates for a Fed. R. Civ.

P. 30(b)(6) of BISD's representative to be completed before the discovery cutoff in this case. (*See*

Exhibit A.).   Royal began requesting dates on May 20, 2004. (*See id.*).   BISD never responded to

Royal's request and never provided proposed dates for deposition. With the July 1, 2004 discovery

cutoff fast approaching, Royal was forced to notice a Fed. R. Civ. P. 30(b)(6) deposition of a BISD

representative for June 16, 2004, a date convenient to Royal. (*See* Exhibit B). BISD is fully aware

of the importance of a Fed. R. Civ. P. 30(b)(6) deposition of a BISD representative in this case.  In

fact, the Court suggested that Royal take a Rule 30(b)(6) deposition on BISD's alleged damages

during its March 19, 2004 telephonic conference, and both parties acknowledged the likely value of

such a deposition at such time.   The primary focus of the requested Rule 30(b)(6) deposition is

BISD's alleged damages (due to the sparse written documentation provided by BISD, as discussed

during the March 19, 2004 teleconference). On June 7, 2004, Royal amended its Rule 30(b)(6)

notice of deposition at the request of Mr. Baltazar Salazar, who requested that the deposition be

conducted in Brownsville, Texas, instead of Houston.   (*See* Exhibit C.).   Mr. Salazar informed

Royal's counsel on May 28, 2004 that someone in Mr. Ramon Garcia's (co-counsel for BISD) office

would be presenting the BISD representative, due to Mr. Salazar's conflicting vacation scheduled

520374.1                                          -2-

during that time. (*See* Exhibit H.). Consistent with these representations, before Mr. Salazar's vacation, BISD **never** moved to quash Royal's Rule 30(b)(b) notice of deposition, **never** asked for the deposition to be rescheduled, or otherwise indicated to counsel for Royal that the Rule 30(b)(6) deposition would not go forward.

5.    On June 11, 2004, however, Ms. Catherine Smith, counsel for BISD, notified Royal for the first time that BISD "need[ed] considerably more lead-time in order to find the appropriate person or persons to testify" on the issues in the Fed. R. Civ. P. 30(b)(6) notice of deposition. (*See* Exhibit D.). This despite Royal's request beginning on May 20, 2004. Additionally, Ms. Smith suggested that counsel for Royal instead confer with Mr. Salazar for proposed deposition dates when he returned from a two-week vacation sometime during the week of June 21, 2004 (nine days before the discovery cutoff), because Mr. Salazar had to be "consulted on every aspect of the case." (*See id.*). Counsel for Royal in response again stressed the importance of the deposition in light of the pending discovery cutoff and expressed Royal's intention to depose the BISD representative starting on June 16, 2004, as previously agreed upon. (*See* Exhibits G, H, I.).

6.    BISD, through Ms. Smith, on June 15, 2004 (the day before the deposition), then wrote to advise counsel for Royal that **"BISD will not be presenting witnesses beginning on the 16[th] or later this week."** (*See* Exhibit E at p.1 (emphasis in original).). Ms. Smith went on to say that Royal ". . . should not, under any circumstances, go to the time and expense of coming to the Rio Grande Valley for depositions . . .[because][n]o witnesses will be presented and **no deposition will take place."** (*See id.* (emphasis added).).

7.    Despite BISD's unwillingness and professed "inability" to go forward on June 16 with the Fed. R. Civ. P. 30(b)(6) deposition noticed by Royal, BISD, **through Mr. Salazar**, issued

a subpoena on June 16, 2004 commanding the deposition of Dennis Nickoloff, Royal's independent adjuster, for June 25, 2004. (*See* Exhibit F.). This is curious because Ms. Smith explained to Royal that BISD could not go forward with Royal's noticed deposition due Mr. Salazar's unavailability due to Mr. Salazar's vacation out of the country. That, however, did not prevent Mr. Salazar's co-counsel to sign for him and issue a subpoena on June 15, 2004, commanding the deposition of Dennis Nickoloff of GAB Robins, NA, Royal's independent adjuster, and the production of a multitude of documents.

8.    BISD has repeatedly refused to provide Royal with proposed dates for deposition of a BISD representative or even confirm the name(s) of such representative(s). Due to BISD's refusal to cooperate in the discovery process, the Court's intervention is necessary in order for Royal to properly prepare for trial, and understand BISD's claim and contentions, particularly BISD's alleged damages.

9.    Royal has also requested dates from BISD for deposition of BISD's designated experts, James Bettis and Engineering and Fire Investigations ("EFI"). (*See* Exhibit J). BISD has not provided any such dates to Royal.

## Expedited Hearing/Consideration Requested.

10.    Royal respectfully requests an expedited hearing on its motion.

## Conclusion

11.    Royal asks that this Court compel BISD to identify its representative for deposition, pursuant to Royal's previous request under Fed. R. Civ. P. 30(b)(6), and present such representative for deposition as requested by Royal no later than July 1, 2004, on a date convenient to Royal. Additionally, Royal asks the Court to compel BISD to present its designated experts, James Bettis

and EFI for deposition no later than July 1, 2004, on a date convenient to Royal. Although Royal

is hopeful that the parties can complete these depositions by the discovery cutoff of July 1, 2004, it

respectfully asks this Court to extend such deadline if necessary for the sole purpose of taking these

requested depositions.

                                        Respectfully submitted,

                                        Richard Bunst
                                        by express permission

                                        Jay W. Brown
                                        State Bar No. 03138830
                                        S.D.T. No. 1314
                                        1300 Post Oak Blvd., Suite 2400
                                        Houston, Texas 77056
                                        Telephone: (713) 623-0887
                                        Facsimile: (713) 960-1527

                                        **ATTORNEY-IN-CHARGE FOR PLAINTIFF
                                        ROYAL SURPLUS LINES INSURANCE
                                        COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

I certify that we have conferred with Baltazar Salazar and Catherine Smith, counsel for Defendant BISD, regarding the scheduling of deposition of its representative and its designated experts prior to the July 1, 2004 discovery cutoff, but have been unable to reach an agreement.

Jay W. Brown

Richard Burst
by express permission

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on June 21, 2004.

Honorable Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

*Via Certified Mail/RRR and Facsimile*

Mr. Baltazar Salazar
Attorney at Law
1612 Winbern
Houston, Texas 77004

*Via Certified Mail/RRR and Facsimile*

Mr. Craig Smith
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

*Via Certified Mail/RRR and Facsimile*

Jay W. Brown

Richard Burst
by express permission

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 980-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

May 20, 2004

***Via Facsimile 281-749-8104***
Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

      RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance Company v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Salazar:

      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Royal Surplus Lines Insurance Company ("Royal") hereby requests that BISD produce for examination within the next thirty (30) days a representative of BISD with knowledge of the following subject matters:

1.    The nature, type, location and scope of property damage made the subject of BISD's insurance claim against Royal and this lawsuit;

2.    For each "occurrence" or "loss" made the basis of BISD's subject claim, (i) the date the occurrence or loss "commenced"at Aiken or Besteiro, (ii) the date the occurrence or loss was reported to Royal, (iii) the date the occurrence or loss was discovered, (iv) the cause(s) of the occurrence or loss, and (v) the resulting damage (including the particular area of the school alleged to have been damaged);

3.    BISD's damages, including all categories of damages sought by BISD, including but not limited to those categories listed by BISD in their January 16, 2004 interrogatory responses, to wit:



EXHIBIT

A

Mr. Baltazar Salazar
May 20, 2004
Page 2

---

- past repair and reconstruction costs,
- present repair and reconstruction costs,
- future repair and reconstruction costs,
- past remedial costs to clean up moisture build-up and contamination,
- present remedial costs to clean up moisture build-up and contamination,
- future remedial costs to clean up moisture build-up and contamination,
- past costs to repair construction defects and compliance with ADA building codes,
- present costs to repair construction defects and compliance with ADA building codes,
- future costs to repair construction defects and compliance with ADA building codes,
- costs to retain professional architects,
- costs to retain professional engineers,
- costs to retain independent contractors,
- costs for past inspections for mold and humidity testing in the buildings,
- costs for present inspections for mold and humidity testing in the buildings,
- costs for future inspections for mold and humidity testing in the buildings,
- costs of labor to properly remediate contaminated schools,
- equipment replacement costs,
- relocation costs for temporary facilities for both schools,
- costs associated with busing students to temporary facilities,
- loss of funding from the State of Texas based on loss of average daily attendance, and
- attorney's fees;

4. The total amount of damages claimed by BISD, and the calculation of such amount, including but not limited to a description of what each dollar of damages claimed by BISD was spent on by BISD;

5. The terms of any and all oral or written Mary Carter agreements, settlement agreements, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings", releases or any similar agreement between BISD and any other person or entity that relates to (1) water damage or mold or other fungal contamination at or construction or maintenance of the subject schools, or (2) the events and issues giving rise to this lawsuit and/or the subject claim, including but not limited to BISD's settlement with RBM Engineering for $170,000 and any other contractors involved in the design, construction, maintenance or repair of the subject schools;

6. Any alleged misrepresentation to BISD allegedly made by or on behalf of Royal;

Mr. Baltazar Salazar
May 20, 2004
Page 3

7.  The factual basis for BISD's counterclaims against Royal for extra-contractual damages;

8.  The factual basis for BISD's contention in ¶ 37(c) of BISD's Original Answer and Original Counterclaim that Royal's "liability has become reasonably clear;"

9.  Whether BISD agrees with conclusions and recommendations in the Assured Indoor Air Quality, L.P. Status Report to BISD dated January 25, 2002 and if not, why not;

10. Whether BISD agrees with the conclusions and recommendations in the Ambiotec Environmental Consultants, Inc. Report to BISD dated May 2002 (entitled "Preliminary Mold Investigation"), and if not, why not;

11. Whether BISD agrees with the findings, observations, and conclusions in the Engineering & Fire Investigations Report to BISD dated January 20, 2003 (entitled "Remediation Evaluation Assessment"), and if not, why not;

12. Whether BISD agrees with the allegations it made in BISD's Original Third-Party Petition in Cause No. 2003-08-4078-E, *American Standard, et al. vs. BISD and Al Cardenas Masonry, Inc., et al.*, In the 357th District Court of Cameron County, Texas, and if not, why not;

13. BISD's position as to whether <u>all</u> of the water damage and mold damage at the subject schools since 1995 was caused by a cause of loss covered by the subject Royal Policies;

14. Any alleged accidental discharges or leakages of water as the direct result of the breaking apart or cracking of any part of a system or appliance at Aiken or Besteiro containing water or steam that allegedly caused any damage made the subject of BISD's insurance claim against Royal or this lawsuit;

15. Any repair, remodeling and remediation efforts pertaining to the the claimed damages or any unclaimed damages, at the subject schools since 1994;

16. Any and all lawsuits and insurance claims made by, on behalf of, or against BISD relating to the construction, repair, maintenance, or air quality of Besteiro and/or Aiken, or any problem with water leakage, water intrusion or mold or fungal contamination alleged at one or more of the subject schools since 1994;

Mr. Baltazar Salazar
May 20, 2004
Page 4

17.    Any and all repairs or other efforts BISD has made, if any, to repair, replace or
remediate any electronic data processing systems, electronic communications
equipment, electronic media, and/or converted data at Aiken or Besteiro that BISD
claims as part of the subject claim or this lawsuit, the timing cost of same, and the cause
of any claimed damage to such equipment, data or materials.

Please provide Royal dates for these 30(b)(6) depositions by noon on Wednesday, May 26,
2004. If we do not have firm dates from you by such time, Royal will have no option but to issue
deposition notices for dates convenient to Royal.

In addition, Royal still awaits a verification to BISD's interrogatory responses, which should
have been served upon Royal many months ago on January 16, 2004. Further, BISD has failed to
supplement its interrogatory responses to indicate who provided the information therein, despite
BISD's representation to the Court long ago that it would do so. I ask again that BISD cure these
deficiencies immediately.

Thank you for your attention to this matter. I look forward to hearing from you.

Very truly yours,

Stephen R. Wedemeyer

SRW/ccc
515108.1

cc:    Ramon Garcia - **VIA FAX (956) 381-0825**
Craig Smith - **VIA FAX (361) 949-0843**

Job number    : 449    *** SEND SUCCESSFUL ***

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (5) PAGES
INCLUDING COVER SHEET

## FACSIMILE COVER SHEET

TO:    Baltazar Salazar

TELECOPY NO:    (281) 749-8104    CONFIRMATION NO: (713) 655-1300

CC:    Craig Smith

TELECOPY NO:    (361) 949-0843    CONFIRMATION NO: (361) 949-6906

CC:    Ramon Garcia

TELECOPY NO:    (956) 381-0825    CONFIRMATION NO: (956) 383-7441

FROM:    Steve Wedemeyer

DATE:    May 20, 2004

FILE NO:    030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.
NOTE: PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887

504053.1

# Group Send Report

Date & Time: May-20-2004  11:26
Tel line   : +7139601678
Machine ID : BEIRNE MAYNARD

Job number                  :   449

Date & Time                 :   May-20 11:17

Number of pages             :   005

Start time                  :   May-20 11:20

End time                    :   May-20 11:25

Successful numbers

  Fax numbers

        ☎873■03009■12■2817498104
        ☎873■03009■12■13619490843
        ☎873■03009■12■19563810825

Unsuccessful numbers                                          Pages sent

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

May 26, 2004

Mr. Baltazar Salazar                    **VIA CM, RRR # 7003 2260 0004 0909 3207**
1612 Winbern                                          **AND FAX (281) 749-8104**
Houston, Texas  77004

Mr. Craig Smith                          **VIA CM, RRR # 7003 2260 0004 0909 3214**
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas  78418

Mr. Ramon Garcia                        **VIA CM, RRR # 7003 2260 0004 0909 3221**
222 West University
Edinburg, Texas  78539

     RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

    Enclosed please find Notice of Oral and Videotaped Deposition of Brownsville Independent School District.  Such deposition is set for June 16, 2004 at 9:00 a.m. in our offices, but we are willing to consider reasonable and convenient alternatives to this date and location.

    Very truly yours,

    Stephen R. Wedemeyer

ccc
Enclosures

508067.1
030098

EXHIBIT
*B*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF
BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

TO:    Brownsville Independent School District, by and through their attorneys of record, Baltazar
       Salazar, 1612 Winbern, Houston, Texas 77004.

       Please take notice that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff Royal Surplus Lines Insurance

Company ("Royal") will take the oral deposition of Brownsville Independent School District ("BISD")

concerning the matters specified in **Exhibit "A"** hereto, in the order specified, at the offices of Beirne,

Maynard & Parsons, LLP, 1300 Post Oak Blvd, Suite 2400, Houston, Texas, 77056, beginning at **9:00**

**a.m.** on **June 16, 2004** (or at another location, date and time agreed upon by counsel in this lawsuit), and

continuing thereafter until completed. Defendant BISD shall designate one or more persons to testify on

its behalf as required by Fed. R. Civ. P. 30(b)(6).

       The deposition shall be conducted before a certified court reporter or other individual authorized

by law to administer oaths and take depositions. The deposition will be videotaped.

Respectfully submitted,

_Jay W. Brown_        ⌐ By permission.

**Jay W. Brown**
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
Stephen R. Wedemeyer
State Bar No. 00794832
S.D.T. No. 19797
John V. Trevino, Jr.
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

516388.1                    2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Royal's Deposition Notice to BISD was served on all counsel of record on May 26, 2004.

Baltazar Salazar          *Via Certified Mail Return Receipt Requested <u>and</u> facsimile*
1612 Winbern
Houston, Texas 77004

Craig S. Smith          *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas  78418

Ramon Garcia          *Via Certified Mail Return Receipt Requested*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

_____
Stephen R. Wedemeyer

516388.1                    3

**EXHIBIT "A"**

**DEPOSITION TOPICS**

BISD shall produce a witness on the following subject matters:

1.    BISD's damages, including all categories of damages sought by BISD, including but not limited to those categories listed by BISD in their January 16, 2004 interrogatory responses, to wit:

- past repair and reconstruction costs,
- present repair and reconstruction costs,
- future repair and reconstruction costs,
- past remedial costs to clean up moisture build-up and contamination,
- present remedial costs to clean up moisture build-up and contamination,
- future remedial costs to clean up moisture build-up and contamination,
- past costs to repair construction defects and compliance with ADA building codes,
- present costs to repair construction defects and compliance with ADA building codes,
- future costs to repair construction defects and compliance with ADA building codes,
- costs to retain professional architects,
- costs to retain professional engineers,
- costs to retain independent contractors,
- costs for past inspections for mold and humidity testing in the buildings,
- costs for present inspections for mold and humidity testing in the buildings,
- costs for future inspections for mold and humidity testing in the buildings,
- costs of labor to properly remediate contaminated schools,
- equipment replacement costs,
- relocation costs for temporary facilities for both schools,
- costs associated with busing students to temporary facilities,
- loss of funding from the State of Texas based on loss of average daily attendance, and
- attorney's fees;

2.    The total amount of damages claimed by BISD, and the calculation of such amount, including but not limited to a description of what each dollar of damages claimed by BISD was spent on by BISD;

516388.1                                    4

3. The terms of any and all oral or written Mary Carter agreements, settlement agreements, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings", releases or any similar agreement between BISD and any other person or entity that relates to (1) water damage or mold or other fungal contamination at or construction or maintenance of the subject schools, or (2) the events and issues giving rise to this lawsuit and/or the subject claim, including but not limited to BISD's settlement with RBM Engineering for $170,000 and any other contractors involved in the design, construction, maintenance or repair of the subject schools;

4. The nature, type, location and scope of property damage made the subject of BISD's insurance claim against Royal and this lawsuit;

5. For each "occurrence" or "loss" made the basis of BISD's subject claim, (i) the date the occurrence or loss "commenced" at Aiken or Besteiro, (ii) the date the occurrence or loss was reported to Royal, (iii) the date the occurrence or loss was discovered, (iv) the cause(s) of the occurrence or loss, and (v) the resulting damage (including the particular area of the school alleged to have been damaged);

6. Any and all lawsuits and insurance claims made by, on behalf of, or against BISD relating to the construction, repair, maintenance, or air quality of Besteiro and/or Aiken, or any problem with water leakage, water intrusion or mold or fungal contamination alleged at one or more of the subject schools since 1994;

7. Whether BISD agrees with conclusions and recommendations in the Assured Indoor Air Quality, L.P. Status Report to BISD dated January 25, 2002 and if not, why not;

8. Whether BISD agrees with the conclusions and recommendations in the Ambiotec Environmental Consultants, Inc. Report to BISD dated May 2002 (entitled "Preliminary Mold Investigation"), and if not, why not;

9. Whether BISD agrees with the findings, observations, and conclusions in the Engineering & Fire Investigations Report to BISD dated January 20, 2003 (entitled "Remediation Evaluation Assessment"), and if not, why not;

10. Whether BISD agrees with the allegations it made in BISD's Original Third-Party Petition in Cause No. 2003-08-4078-E, *American Standard, et al. vs. BISD and Al Cardenas Masonry, Inc., et al.*, In the 357th District Court of Cameron County, Texas, and if not, why not;

11.   BISD's position as to whether <u>all</u> of the water damage and mold damage at the subject schools since 1995 was caused by a cause of loss covered by the subject Royal Policies;

12.   Any alleged accidental discharges or leakages of water as the direct result of the breaking apart or cracking of any part of a system or appliance at Aiken or Besteiro containing water or steam that allegedly caused any damage made the subject of BISD's insurance claim against Royal or this lawsuit;

13.   Any repair, remodeling and remediation efforts pertaining to the claimed damages or any unclaimed damages, at the subject schools since 1994;

14.   Any and all repairs or other efforts BISD has made, if any, to repair, replace or remediate any electronic data processing systems, electronic communications equipment, electronic media, and/or converted data at Aiken or Besteiro that BISD claims as part of the subject claim or this lawsuit, the timing cost of same, and the cause of any claimed damage to such equipment, data or materials;

15.   Any alleged misrepresentation to BISD allegedly made by or on behalf of Royal;

16.   The factual basis for BISD's counterclaims against Royal for extra-contractual damages; and

17.   The factual basis for BISD's contention in ¶ 37(c) of BISD's Original Answer and Original Counterclaim that Royal's "liability has become reasonably clear."

# BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

·SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

June 7, 2004

Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

**VIA CM, RRR # 7003 2260 0004 0909 3269
AND FAX (281) 749-8104**

Mr. Craig Smith
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

**VIA CM, RRR # 7003 2260 0004 0909 3276**

Mr. Ramon Garcia
222 West University
Edinburg, Texas 78539

**VIA CM, RRR # 7003 2260 0004 0909 3283**

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Counsel:

Enclosed please find Royal's First Amended Notice of Oral and Videotaped Deposition of Brownsville Independent School District. Such deposition is set for June 16, 2004 at 9:00 a.m. Please note that the location has changed from our office to the school district's office in Brownsville, per Mr. Salazar's request. If part of the corporate representative's deposition needs to be taken elsewhere, I will be glad to try to accommodate the district. Please call me with any questions.

Very truly yours,

Stephen R. Wedemeyer

ccc
Enclosure

518597.1
030098



EXHIBIT
C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-03-109** |
| | § | **JURY DEMANDED** |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

**FIRST AMENDED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF**
**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**

TO:    Brownsville Independent School District, by and through their attorneys of record, Baltazar Salazar, 1612 Winbern, Houston, Texas 77004.

Please take notice that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff Royal Surplus Lines Insurance Company ("Royal") will take the oral deposition of Brownsville Independent School District ("BISD") concerning the matters specified in **Exhibit "A"** hereto, in the order specified (unless otherwise agreed by counsel), at the **offices of Brownsville Independent School District, 1900 Price Rd., Brownsville, Texas 78521**, beginning at **9:00 a.m.** on **June 16, 2004** (or at another location, date and time agreed upon by counsel in this lawsuit), and continuing thereafter until completed. Defendant BISD shall designate one or more persons to testify on its behalf, as required by Fed. R. Civ. P. 30(b)(6).

The deposition shall be conducted before a certified court reporter or other individual authorized by law to administer oaths and take depositions. The deposition will be videotaped.

Respectfully submitted,

* By permission.

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**ROYAL SURPLUS LINES INSURANCE**
**COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
Stephen R. Wedemeyer
State Bar No. 00794832
S.D.T. No. 19797
John V. Trevino, Jr.
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

518579.1                             2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Royal's First Amended Deposition Notice to BISD was served on all counsel of record on June 7, 2004.

Baltazar Salazar          *Via Certified Mail Return Receipt Requested and facsimile*
1612 Winbern
Houston, Texas 77004

Craig S. Smith               *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Ramon Garcia                 *Via Certified Mail Return Receipt Requested*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

_____
Stephen R. Wedemeyer

**EXHIBIT "A"**

**DEPOSITION TOPICS**

BISD shall produce a witness on the following subject matters:

1.    BISD's damages, including all categories of damages sought by BISD, including but not limited to those categories listed by BISD in their January 16, 2004 interrogatory responses, to wit:

- past repair and reconstruction costs,
- present repair and reconstruction costs,
- future repair and reconstruction costs,
- past remedial costs to clean up moisture build-up and contamination,
- present remedial costs to clean up moisture build-up and contamination,
- future remedial costs to clean up moisture build-up and contamination,
- past costs to repair construction defects and compliance with ADA building codes,
- present costs to repair construction defects and compliance with ADA building codes,
- future costs to repair construction defects and compliance with ADA building codes,
- costs to retain professional architects,
- costs to retain professional engineers,
- costs to retain independent contractors,
- costs for past inspections for mold and humidity testing in the buildings,
- costs for present inspections for mold and humidity testing in the buildings,
- costs for future inspections for mold and humidity testing in the buildings,
- costs of labor to properly remediate contaminated schools,
- equipment replacement costs,
- relocation costs for temporary facilities for both schools,
- costs associated with busing students to temporary facilities,
- loss of funding from the State of Texas based on loss of average daily attendance, and
- attorney's fees;

2.    The total amount of damages claimed by BISD, and the calculation of such amount, including but not limited to a description of what each dollar of damages claimed by BISD was spent on by BISD;

3.    The terms of any and all oral or written Mary Carter agreements, settlement agreements, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings", releases or any similar agreement between BISD and any other person or entity that relates to (1) water damage or mold or other fungal contamination at or construction or maintenance of the subject schools, or (2) the events and issues giving rise to this lawsuit and/or the subject claim, including but not limited to BISD's settlement with RBM Engineering for $170,000, BISD's settlement with CRC Engineering, and any other contractors involved in the design, construction, maintenance or repair of the subject schools;

4.    The nature, type, location and scope of property damage made the subject of BISD's insurance claim against Royal and this lawsuit;

5.    For each "occurrence" or "loss" made the basis of BISD's subject claim, (i) the date the occurrence or loss "commenced" at Aiken or Besteiro, (ii) the date the occurrence or loss was reported to Royal, (iii) the date the occurrence or loss was discovered, (iv) the cause(s) of the occurrence or loss, and (v) the resulting damage (including the particular area of the school alleged to have been damaged);

6.    Any and all lawsuits and insurance claims made by, on behalf of, or against BISD relating to the construction, repair, maintenance, or air quality of Besteiro and/or Aiken, or any problem with water leakage, water intrusion or mold or fungal contamination alleged at one or more of the subject schools since 1994;

7.    Whether BISD agrees with conclusions and recommendations in the Assured Indoor Air Quality, L.P. Status Report to BISD dated January 25, 2002 and if not, why not;

8.    Whether BISD agrees with the conclusions and recommendations in the Ambiotec Environmental Consultants, Inc. Report to BISD dated May 2002 (entitled "Preliminary Mold Investigation"), and if not, why not;

9.    Whether BISD agrees with the findings, observations, and conclusions in the Engineering & Fire Investigations Report to BISD dated January 20, 2003 (entitled "Remediation Evaluation Assessment"), and if not, why not;

10.    Whether BISD agrees with the allegations it made in BISD's Original Third-Party Petition in Cause No. 2003-08-4078-E, *American Standard, et al. vs. BISD and Al Cardenas Masonry, Inc., et al.*, In the 357th District Court of Cameron County, Texas, and if not, why not;

11.    BISD's position as to whether <u>all</u> of the water damage and mold damage at the subject schools since 1995 was caused by a cause of loss covered by the subject Royal Policies;

12.    Any alleged accidental discharges or leakages of water as the direct result of the breaking apart or cracking of any part of a system or appliance at Aiken or Besteiro containing water or steam that allegedly caused any damage made the subject of BISD's insurance claim against Royal or this lawsuit;

13.    Any repair, remodeling and remediation efforts pertaining to the claimed damages or any unclaimed damages, at the subject schools since 1994;

14.    Any and all repairs or other efforts BISD has made, if any, to repair, replace or remediate any electronic data processing systems, electronic communications equipment, electronic media, and/or converted data at Aiken or Besteiro that BISD claims as part of the subject claim or this lawsuit, the timing cost of same, and the cause of any claimed damage to such equipment, data or materials;

15.    Any alleged misrepresentation to BISD allegedly made by or on behalf of Royal;

16.    The factual basis for BISD's counterclaims against Royal for extra-contractual damages;

17.    The factual basis for BISD's contention in ¶ 37(c) of BISD's Original Answer and Original Counterclaim that Royal's "liability has become reasonably clear; and

18.    BISD's retention of EFI with regard to the Aiken and Besteiro schools, including but not limited to the timing and reason(s) for hiring EFI, any related contract/agreement between BISD and EFI, the amounts paid to EFI by BISD, and any alleged communications between BISD and (i) Royal and/or (ii) GAB Robins concerning EFI.

Law Office Of
❖
# RAMON GARCIA
A PROFESSIONAL CORPORATION



RAMON GARCIA
CATHERINE W. SMITH
SONIA I. LOPEZ
ERIC S. JARVIS
LUCY A. WILLIAMSON
DANIEL R. SANTOS
OSCAR R. ALVAREZ

———❖———

222 W. University Dr.
Edinburg, Texas 78539

956.383.7441

956.381.0825 FAX

June 11, 2004

Mr. Stephen Wedemeyer                    **TELEFAX (713) 960-1527**
**Beirne, Maynard & Parsons, L.L.P.**        **& REGULAR MAIL**
1300 Post Oak Boulevard
Suite 2500
Houston, Texas 77056-3000

RE:     *Civil Action No. B-03-109*
        *Royal Surplus Lines Insurance v. Brownsville Independent School District*

Dear Mr. Wedemeyer:

This office has received copies of your First Amended Notice of Oral and Videotaped Deposition of Brownsville Independent School District pursuant to Fed.R.Civ.P. 30(b)(6) which contains a list of eighteen categories on which you wish to depose a representative of BISD. In addition, we have received a copy of your June 10, 2004 correspondence. As you know, both of these items were addressed to Mr. Baltazar Salazar.

I am sure you are aware that Mr. Salazar is out of his office and out of the country on vacation this week and next. He informed us prior to his leaving that you and he had discussed the issue of the 30(b)(6) deposition and that you would not be taking it during his absence. Nonetheless, upon seeing your notice, I did contact the retained counsel for the school district, who tells me it is difficult to schedule people for depositions.

For that reason, he needs considerably more lead-time in order to find the appropriate person or persons to testify on the issues you address in your notice. From now until next Wednesday is just not enough time for this, since many people are difficult to reach. I called and left a message recording on your direct dial line informing you of this, but I want to make sure you get the message and also ask that you please give me a call so that we can discuss this matter.

I note on your notice that it is open to negotiation as to time, place and location. Consequently, I feel that it is very important that we set up a time after Mr. Salazar returns from his vacation and when we will have enough lead time to locate and have ready to testify the person or persons who can best address your issues. We are in the process of identifying the persons best suited to testify on the issues you raise, and the deposition should proceed promptly on Mr. Salazar's return.



**EXHIBIT**
D

Mr. Stephen R. Wedemeyer
June 11, 2004
Page 2

As to your June 10th letter pertaining to additional production, we are looking into that matter and will get back in touch with you on that issue as soon as possible.

I am sure you know that Mr. Salazar is lead counsel on this matter and, for that reason, must be consulted on every aspect of the case.

Thank you for your kind attention to this matter, and please do not hesitate to call. I would appreciate hearing from you.

Very truly yours,

LAW OFFICES OF RAMON GARCIA, P.C.

CATHERINE W. SMITH

CWS/sl
xc:      Baltazar Salazar
         Mike Saldaña

JUN-15-2004(TUE) 13:23 BROWNSVILLE ISD MOLD (FAX)956 381 0825 P. 002/003

Law Office Of



**RAMON GARCIA**
A PROFESSIONAL CORPORATION

RAMON GARCIA,
CATHERINE W. SMITH
SONIA L. LOPEZ
ERIC S. JARVIS
LUCY A. WILLIAMSON
DANIEL R. SANTOS
OSCAR R. ALVAREZ

222 W. University Dr.
Edinburg, Texas 78539

956.383.7441

956.381.0825 FAX

June 15, 2004

Mr. Stephen Wedemeyer      **TELEFAX (713) 960-1527**
Beirne, Maynard & Parsons, L.L.P.      **& REGULAR MAIL**
1300 Post Oak Boulevard
Suite 2500
Houston, Texas 77056-3000

RE:      *Civil Action No. B-03-109*
         *Royal Surplus Lines Insurance v. Brownsville Independent School District*

Dear Mr. Wedemeyer:

This is in response to your letter sent to me by telefax and email this morning.

First of all, as you understand and appreciate I am sure, neither I nor anyone from this office is lead counsel in this case. That is Mr. Baltazar Salazar. Second, I was not a party to any conversation between you and Mr. Salazar regarding depositions. Let's just say, however, that your version of the conversations and his are completely opposite. I derive from your letter that you were and are aware that Mr. Salazar is out of town and on vacation, and that he informed you of that fact prior to his leaving. I would have thought, therefore, that you would have shown him the courtesy of not noticing matters pertaining to this case during his absence.

As to your contention that he told you this office would be presenting BISD witnesses, be advised we knew nothing of this. I cannot imagine that Mr. Salazar would have agreed to any such thing without notifying me. I am not aware of the identity of any witnesses who may have been selected to address the issues on which you request testimony, and I am not prepared to present them. I notified you in writing of that, and I tell you once more: **BISD will not be presenting witnesses beginning on the 16th or later this week.**

Mr. Salazar is available by his email and is available by telephone at (713) 256-7777. If he does not answer the telephone immediately, please leave him a message. He has been pretty consistent in returning telephone calls if he does not answer the ring. As to any proposed agreements set out in the last paragraph of your letter, those agreements will have to be addressed and made with Mr. Salazar as lead counsel. I will tell you this - it has always been my understanding that you would be presenting witnesses for deposition at the same time that BISD did. It is true that I obtained that understanding from Mr. Salazar; nonetheless, he has been consistent in this contention, and I have no reason to doubt him.



**EXHIBIT**

E

Mr. Stephen R. Wedemeyer
June 15, 2004
Page 2


The most important thing is that you should not, under any circumstances, go to the time and expense of coming to the Rio Grande Valley for depositions commencing tomorrow the 16th. No witnesses will be presented and no deposition will take place.

Please get in touch with Mr. Salazar.

Very truly yours,

LAW OFFICES OF RAMON GARCIA, P.C.

CATHERINE W. SMITH

CWS/sl
xc:     Baltazar Salazar
        Craig Smith

JUN-16-04 WED 2:02 PM  GAB ROI. O N. A. INC.          FAX NO. 9564232J7          P. 2

AO-88 (Rev 11/91) Subpoena in a Civil Case

# United States District Court

## FOR THE SOUTHERN DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

**ROYAL SURPLUS LINES INSURANCE
COMPANY,**

CIVIL ACTION NO. B-03-109

**VS.**

**BROWNSVILLE INDEPENDENT SCHOOL
DISTRICT**

TO:       **MR. DENNIS NICKOLOFF
          G.A.B. ROBINS
          632 ED CAREY DRIVE, SUITE 700
          HARLINGEN, TEXAS 78550-7965.**

( ) YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the following subjects:

| Offices of Brownsville Independent School District 1900 Price Road Brownsville, Texas 78520 | DATE AND TIME JUNE 25, 2004 AT 9:00 A.M. |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects listed in

| See Exhibit A to the Notice of Intent to take Oral-Videotape Deposition of Dennis Nickoloff. | DATE AND TIME JUNE 25, 2004 AT 9:00 A.M. |
|---|---|

.    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEYS FOR DEFENDANT   *Baltazar Salazar* | JUNE 15, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**BALTAZAR SALAZAR**

**STATE BAR NO. 00791590**

**1612 WINBERN**

**HOUSTON, TEXAS 77004**

**(713) 655-1300**

```
EXHIBIT

F
```

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

JUN-16 04 WED  2:03 PM  UAB A...  AO  R, A, INC,        FAX NO.  5504c...  301                    P. 3

AO-88 (Rev 11/91) Subpoena in a Civil Case

| | | PROOF OF SERVICE | |
|---|---|---|---|
| | DATE 6-16-04 | PLACE 632 ED CARRY DRIVE HARLINGEN, TX | |
| SERVED ON (PRINT NAME) DENNIS NICKOLOFF | | MANNER OF SERVICE HAND DELIVERED | |
| SERVED BY (PRINT NAME) ROBERIO G LOPEZ | | TITLE C. P. | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  6-16-04

SIGNATURE OF SERVER  Roberio G Lopez

ADDRESS OF SERVER  3400 SAGUA LA GRANDE

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

Error! Unknown document property name.

JUN-16-04 WED 2:05 PM     GAB RC..NS N. A. INC.          FAX NO. 9564242407                    P. 4

IN THE UNITED STATES DISTRSTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

## NOTICE OF ORAL AND VIDEOTAPE DEPOSITION OF DENNIS NICKOLOFF

TO:   Mr. Dennis Nickoloff of GAB Robins, 632 Ed Carey Drive, Suite 700, Harlingen, Texas 78550-7965.

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 30(b)(6), Defendant Brownsville Independent School District will take the Oral-Videotape Deposition of Mr. Dennis Nickoloff of GAB Robins on Friday, June 25, 2004 beginning at 9:00 a.m. at the offices of Brownsville Independent School District located at 1900 Price Road, Brownsville, Texas 78520, (956) 548-8000, and continuing thereafter until completed.

The deposition shall be conducted by Diana Weibel, a court reporter and Notary Public in and for the State of Texas or another individual authorized by law to administer oaths and take depositions. The deposition will be videotaped.

## SUBPOENA DUCES TECUM

This notice shall also constitute a Subpoena Duces Tecum to Mr. Dennis Nickoloff to produce with him the following:

### EXHIBIT A

### Documents to be Produced

1.    All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

1

2. Provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

    (a)    all personnel file(s) (including both "official" and "desk" versions);

    (b)    resume;

    (c)    the size of their caseload (number of pending claim files);

    (d)    all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

    (e)    all orientation manuals or handbooks given to these person(s).

3. All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

4. All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claim (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

5. All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

6. A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

7. All underwriting file(s) for all policies issued to BISD since 1996.

8. All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

9. All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

10. All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

2

JUN-16-04 WED 2:06 PM    GAB RO .NS N. A. INC.        FAX NO. 95642__407              P. 6

11. Primary pleading(s) (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which in was filed.)

12. All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

13. All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

14. A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

15. All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

16. All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

17. Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

18. All documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

19. Any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

20. Any and all documents supporting your contention that you did not breach your contract with BISD.

21. Any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

22. Any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

3

JUN-16-04 WED 2:07 PM   GAB R&.NS N, A, INC.   FAX NO, 95644..407   P, 7

23.   Any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

24.   Any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

25.   Any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

26.   All credited and uncredited financial statements for the last five years that reflect your net worth.

27.   All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

28.   All documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

29.   All documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

30.   All documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

31.   All documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

32.   All documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

33.   All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

4

JUN-16-04 WED 2:06 PM    GAB RO... S R. A. INC.    FAX NO. 9564231...07    P. 8

34.    All documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

35.    All documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

36.    All documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

37.    All documents reflecting the relationship between G.A.B. Robins and EFI.

38.    All documents reflecting the selection and/or approval of EFI by G.A.B. Robins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

39.    All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robins.

40.    All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robins and EFI.

Respectfully submitted:

LAW OFFICES OF BALTAZAR SALAZAR
1612 Winbern
Houston, Texas 77004
(713) 655-1300
(281) 749-8104 (Telefax)

BY: _____
BALTAZAR SALAZAR
State Bar No. 00791590
Federal Bar No. 18536

ATTORNEYS FOR BISD

5

OF COUNSEL:
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

CRAIG S. SMITH
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Notice of Oral and Videotape Deposition of Dennis Nickoloff on this the 15th day of June, 2004, was sent via certified United States Mail, return receipt requested to:

Mr. Jay Brown
Mr. Stephen Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd.
Suite 2500
Houston, Texas 77056-3000

BALTAZAR SALAZAR

6

RAMON GARCIA, P.C.
EXPENSE ACCOUNT
222 W. UNIVERSITY DR.
EDINBURG, TX 78539
(956) 383-7441

29453

PAY TO THE
ORDER OF    DENNIS NICKOLOFF

DENNIS NICKOLOFF

Forty and 00/100-------------------------------------    DOLLARS

INTERNATIONAL BANK OF COMMERCE
MCALLEN BRANCH (956) 664-8464
MCALLEN, TX 78501
88-7782-1149

2/11/2004

$ 40.00

Security Features included.    Details on back.

MEMO    BESD/NICKOLOFF/WITNESS FEE

RAMON GARCIA, P.C. EXPENSE ACCOUNT

DENNIS NICKOLOFF
Forty and 00/100
BESD/NICKOLOFF WITNESS FEE

29453

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

June 14, 2004

**VIA FAX (956) 381-0825**
Ms. Catherine Smith
Mr. Ramon Garcia
222 West University
Edinburg, Texas 78539

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Ms. Smith:

I returned to the office today from being out of town last week and received both your June 11, 2004 voice-mail and June 11, 2004 letter concerning Royal's Amended Notice of Deposition of BISD's corporate representatives.

Your letter is premised upon several inaccuracies, including, most notably, that Royal has agreed to postpone any depositions in this matter until Mr. Baltazar Salazar returns from a two week vacation. Based upon your letter alone, I assumed that there had simply been some mis-communication between your office and Mr. Salazar. However, upon reading Mr. Salazar's e-mail to me dated June 14, 2004, I realize that there was indeed *no* mis-communication between Mr. Salazar and you--Mr. Salazar simply provided you with inaccurate information concerning the depositions and my conversation with Mr. Salazar.

In your letter, you indicate that the district's retained counsel has advised you that "it is difficult to schedule [BISD] people for depositions." This, of course, is generally the case with depositions where multiple counsel are involved, and especially where the deposition is of an entity, and not an individual. Recognizing this potential difficulty long ago, *I wrote to BISD's lead counsel, Mr. Salazar, on May 20, 2004 and asked for deposition dates in June*. Your office, as well as that of Craig Smith, was copied on my correspondence. My letter asked for deposition dates to be provided by May 26, and advised that if dates were not forthcoming, Royal would simply issue notices for dates convenient to Royal.

**EXHIBIT**
G

Ms. Catherine Smith
June 14, 2004
Page 2

Like with many other letters, *I never heard from Mr. Salazar or anyone else on BISD's behalf in response to my May 20 letter*. In light of the rapidly approaching discovery cut-off date, on May 26, Royal issued the first Notice of Deposition to BISD. Again, the notice was sent to your office, Mr. Smith's office, and Mr. Salazar. I finally heard from Mr. Salazar on May 28 (which is the only time I have spoken to him since my May 20 letter). Mr. Salazar and I discussed the deposition notice and he advised that he was lining up several witnesses to testify on the topics listed in the May 26 deposition notice, including BISD employees and employees of Satterfield and Pontikes. He promised to call again the following week with additional details and names.

Although Mr. Salazar, during our May 28 phone call, mentioned his upcoming vacation, we did **not** discuss that Royal "would not be taking [the 30(b)(6) deposition] in his absence," as you suggest in your June 11 letter. In fact, when Mr. Salazar mentioned his June vacation, I advised him that Royal had to press forward with the depositions in light of the July 1 discovery cut-off. Mr. Salazar indicated that Ramon Garcia's (your) office, not Mr. Salazar, would be presenting the BISD corporate representatives for deposition, so his vacation would not cause any delay.

Mr. Salazar also indicated that he would like the BISD employees to be presented in Brownsville at the school district's office on Price Road. I indicated that that was fine with me. Accordingly, having never heard again from Mr. Salazar, your office, or anyone else on BISD's behalf, I issued an amended deposition notice on June 7, 2004. Again, the amended notice was sent to Mr. Salazar, your office, and Mr. Smith's office.

I am quite disturbed by the statements in your June 11 letter that BISD needs "considerably more lead time in order to find the appropriate person or persons to testify on the issues" in Royal's notice. I did not ask for these depositions on short notice, as your letter suggests. *I have been asking for dates to depose BISD corporate representatives since May 20*, but BISD has obviously chosen not to cooperate with the deposition process, just as with written discovery.[1] The June deposition dates are almost a month from when I (unsuccessfully) began asking BISD for deposition dates in May. This is more than reasonable, especially with the time constraints that we are under in this lawsuit.

---

[1] Royal still awaits, among other things, a verification to BISD's January 2004 discovery responses, complete responses to Royal's many sets of written discovery, a supplemental interrogatory response as to whom at BISD answered Royal's discovery, BISD's settlements with CRC Engineering, RBM Engineering, and others, and expert reports that comply with Rule 26. All of these things are many months overdue and included in Royal's March 9, 2004 Motion to Compel Discovery.

Ms. Catherine Smith
June 14, 2004
Page 3


Based upon your June 11 letter and Mr. Salazar's June 14th e-mail, BISD apparently intends to not produce its corporate representatives on June 16-18, as noticed by Royal. This is unacceptable in light of the July 1 discovery cut-off, the July 23 deadline for the pre-trial order, and our September 2, 2004 trial setting. We simply cannot wait to begin the deposition(s) of BISD's corporate representatives until the "second and third week of July", as Mr. Salazar suggests today in his e-mail. Further, Royal has not and will not agree to wait to depose BISD's witnesses until such time as BISD wants to depose any Royal or GAB Robins witnesses. The scheduling of these depositions are unrelated, but for the fact that Royal will insist upon deposing BISD first, in light of the fact that Royal requested these depositions long ago, and well before BISD ever made any mention of wanting to depose anyone from GAB Robins or Royal.

Nevertheless, if BISD will **(1)** agree in writing that it will begin presenting its witnesses for deposition next week on June 23-24, <u>and</u> **(2)** agree in writing that, in the event that the parties and witnesses' schedules do not allow the completion of these noticed depositions by July 1, 2004, BISD will not object to completing these depositions after the July 1, 2004 discovery deadline, then Royal will, reluctantly, agree to wait until June 23 to begin the depositions. Otherwise, Royal will again be forced to immediately seek relief from the Court.

I look forward to hearing from you. Thank you for your prompt attention to these matters.

Very truly yours,

Stephen R. Wedemeyer


ccc
519804.1


cc:    Mr. Baltazar Salazar                    *Via Facsimile and E-mail*
       Mr. Craig Smith                          *Via Facsimile*

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

June 14, 2004

*Via Facsimile 281-749-8104 and e-mail (balsalazar@sbcglobal.net)*
Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

RE:     Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville
        Independent School District*; In the United States District Court for the
        Southern District of Texas, Brownsville Division.

Dear Mr. Salazar:

I am in receipt of your June 14, 2004 e-mail. It is full of so many mis-statements, inaccuracies and misrepresentations, that I hardly know where to begin. I am responding to your e-mail both by facsimile and e-mail to ensure that you and your co-counsel receive a copy of this letter today. Needless to say, this matter requires immediate attention.

First of all, ***Royal never agreed to not notice any depositions for the period of your two week vacation in June.*** In response to my May 26, 2004 Deposition Notice to BISD, you called me on May 28. This was the first time you ever called me about the requested BISD depositions, although we began asking for deposition dates in writing on May 20. When we spoke, you advised that you were lining up several witnesses to testify on the topics listed in the May 26 deposition notice, including BISD employees and employees of Satterfield and Pontikes.

Although you mentioned that you had a vacation upcoming, Royal never agreed to wait to begin the 30(b)(6) depositions until you returned. As you recall, I advised you that Royal had to press forward with the depositions in light of the July 1 discovery cut-off and other looming deadlines. **You indicated that Ramon Garcia's office would be presenting the BISD corporate representatives for deposition, so your vacation would not cause any delay.** You never contacted my office again before you left for vacation.



EXHIBIT

H

Mr. Baltazar Salazar
June 14, 2004
Page 2

Second, ***Royal never agreed to wait until the second, third or fourth week of July to begin depositions in this lawsuit.*** I first wrote to you, BISD's lead counsel, long ago on May 20, 2004 and asked for deposition dates. Ramon Garcia's office, as well as that of Craig Smith, was copied on my correspondence. My faxed letter asked for deposition dates to be provided by May 26, and advised that if dates were not forthcoming, Royal would simply issue notices for dates convenient to Royal. Like with many other letters, I never heard from you or anyone else on BISD's behalf in response to my May 20 letter. In light of the rapidly approaching discovery cut-off date, on May 26, Royal issued the first Notice of Deposition to BISD, which scheduled the corporate representative depositions to begin June 16. Again, the notice was sent to all counsel for BISD.

I heard from you for the first and only time on this matter when you called on May 28. You indicated on May 28 that BISD would like the BISD employees to be presented in Brownsville at the district's office on Price Road. I indicated that that was fine with me. Having never heard again from you or anyone else on BISD's behalf, I issued an amended deposition notice on June 7, 2004, which set the depositions in Brownsville (instead of Houston) for the same date in the original notice (beginning June 16).

We must proceed with these depositions in June. Waiting until July to *begin* these depositions is unacceptable in light of the July 1 discovery cut-off, the July 23 deadline for the pre-trial order, and our September 2, 2004 trial setting. We simply cannot wait to begin the deposition(s) of BISD's representatives until the "second and third week of July," as you suggest.

Third, ***Royal never agreed to present its witnesses during the same week that BISD deposes Royal witnesses, nor did it agree to wait to depose BISD until after the Court rules on Royal's Motion to Sever and Abate.*** In fact, when we spoke on May 28, you indicated that BISD intended to file a motion to compel relating to Royal's claims file, and that it made sense for BISD to obtain a ruling before proceeding with deposing GAB Robins. I agreed that, although Royal would oppose any motion to compel filed by BISD, it would make sense for BISD to first obtain a ruling on the discovery issue so that BISD would know in advance whether it was permitted to address claims-handling questions with any GAB witness, and whether it would even have access to the claims file during this stage of the litigation. I also suggested that it would make sense for the Court to rule on Royal's April 16 Motion to Sever and Abate when it addresses any such motion to compel filed by BISD. (By the way, despite our May 28 conversation, Royal has never been served with any motion to compel, so maybe

Mr. Baltazar Salazar
June 14, 2004
Page 3

you changed your mind). Royal never agreed, however, to wait to depose any BISD witnesses until such time as the discovery motion or motion to sever is decided by the Court. Why would Royal even consider such a proposal, as the requested deposition of BISD will not be impacted by any ruling by the Court?

Further, in your June 14 e-mail, you indicate that, "as soon as you give me some dates of availability of your witness, with the above mentioned paramaters, I will provide you with dates for BISD representatives, which will be no earlier than the second and third week of July." For the reasons already addressed, mid- or late-July is unacceptable. Furthermore, in light of the fact that Royal began requesting deposition dates on May 20 and is entitled to depose BISD first, it is similarly unacceptable for BISD to condition giving dates to Royal on first receiving dates from Royal. I would strongly ask that BISD reconsider this position. If this is truly BISD's position, please advise and Royal will simply, and immediately, move the Court to compel the depositions of BISD.

Because you indicated on May 28 that you intended to wait for a ruling on a forthcoming motion to compel before deposing the GAB adjuster, I have not inquired about dates from Mr. Nickoloff. If you have changed your mind and intend to proceed without first obtaining a ruling on the discoverability of Royal's claims files, please advise and I will be glad to request dates from Mr. Nickoloff. However, be advised that Royal does not intend to present Mr. Nickoloff or any Royal representatives for deposition until Royal first completes the depositions of the BISD representatives.

In addition, your June 14 e-mail mentions for the first time BISD's desire to depose, in addition to Mr. Nickoloff of GAB Robins, unnamed "Royal representatives." Please advise as to whom specifically BISD wishes to depose, or the topics on which BISD seeks a corporate representative from Royal. Your request is too vague for Royal to further respond, much less provide dates.

Based upon your June 14th e-mail and the June 11th letter from Ms. Smith, BISD apparently intends to not produce its corporate representatives on June 16-18, as noticed by Royal. This is unacceptable in light of the July 1 discovery cut-off, the July 23 deadline for the pre-trial order deadline, and our September 2, 2004 trial setting. We simply cannot wait.

However, if BISD will (1) agree in writing that it will begin presenting its witnesses for deposition next week on June 23-24, and (2) agree in writing that, in the event that the parties and witnesses' schedules do not allow the completion of these noticed depositions by July 1, BISD will not object to completing these depositions after the July 1, 2004 discovery deadline,

Mr. Baltazar Salazar
June 14, 2004
Page 4


then Royal will, reluctantly, agree to wait until June 23 to begin the depositions. Otherwise, Royal will again be forced to immediately seek relief from the Court.

I look forward to hearing from you. Thank you for your prompt attention to these matters.

Very truly yours,

Stephen R. Wedemeyer

ccc
519835.1

cc:    Mr. Craig Smith                          *Via Facsimile*
       Ms. Catherine Smith/Mr. Ramon Garcia     *Via Facsimile*

BEIRNE, MAYNARD & PARSONS, L.L.P.

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

June 15, 2004

<u>VIA FAX (956) 381-0825</u>
Ms. Catherine Smith
222 West University
Edinburg, Texas  78539

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Ms. Smith:

I am in receipt of your letter dated June 15, 2004 in response to my letter and e-mail of June 14. I will wait to hear from Mr. Salazar about the requested 30(b)(6) depositions in response to my correspondence dated June 15, which I faxed and e-mailed to Mr. Salazar.

You state in your letter to me that "you were and are aware that Mr. Salazar is out of town and on vacation, and that he informed you of that fact prior to his leaving. I would have thought, therefore, that you would have shown him the courtesy of not noticing matters pertaining to this case during his absence." Just so the record is clear, ***Royal did not notice anything for the first time during Mr. Salazar's absence***. As you know, I requested deposition dates as early as May 20, 2004 – long before Mr. Salazar began his vacation. BISD did not respond. I also sent out the first deposition notice on May 26, 2004 -- long before Mr. Salazar began his vacation.

If Mr. Salazar did not intend for Royal to proceed with the deposition on June 16, 2004, as noticed, BISD should have offered alternative dates for the deposition before the July 1 discovery deadline, pursued a letter agreement to postpone the depositions noticed for June 16, and/or filed a motion for protection. BISD did none of these things. Instead, Mr. Salazar advised me on May 28 – long before his vacation began – that Ramon Garcia's office would be covering the depositions during his absence.


EXHIBIT
I

Ms. Catherine Smith
June 15, 2004
Page 2


Relying on Mr. Salazar's May 28th representation to me, and in the absence of any letter agreement to the contrary or motion for protection, Royal issued an amended 30(b)(6) deposition notice on June 7, 2004. Note that *this amended deposition notice simply changed the location of the deposition to Brownsville*, as requested by Mr. Salazar, since the original (May 26) deposition notice indicated that the deposition would be taken in Houston. There was no surprise to BISD or its counsel.

I look forward to hearing from you, or other counsel for BISD, in response to my June 14 letter. Thank you for your prompt attention to these matters.

Very truly yours,

Stephen R. Wedemeyer


ccc
520148.1


cc:   Mr. Baltazar Salazar                           *Via Facsimile and E-mail*
      Mr. Craig Smith                                      *Via Facsimile*

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

1300 POST OAK BOULEVARD

SUITE 2500

HOUSTON, TEXAS 77056-3000

(713) 623-0887

FAX. (713) 960-1527

STEPHEN R. WEDEMEYER
PARTNER

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

June 17, 2004

***Via Facsimile 281-749-8104***
Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

RE:    Civil Action No. B-03-109; *Royal Surplus Lines Insurance Company v. Brownsville Independent School District*; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Salazar:

In addition to the Rule 30(b)(6) deposition previously requested and made the subject of Royal's Notice and Amended Notice, please provide dates for the depositions of (1) James Bettis and (2) Engineering and Fire Investigation. Please provide these dates to me by Monday, June 20, 2004 at 4:00 p.m. Also indicate where you intend to present these witnesses. If dates for these designated experts are not forthcoming, we will simply notice the depositions at our convenience.

Thank you for your prompt attention to this matter. I look forward to hearing from you.

Very truly yours,

Stephen R. Wedemeyer

SRW/ccc
520806.1

cc:    Ramon Garcia - **VIA FAX (956) 381-0825**
       Craig Smith - **VIA FAX (361) 949-0843**

EXHIBIT
J

Job number    : 704    *** SEND SUCCESSFUL ***

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
Wells Fargo Tower, 24th Floor
1300 Post Oak Boulevard
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (fax)

PAGE (1) OF (2) PAGES
INCLUDING COVER SHEET

## FACSIMILE COVER SHEET

**TO:**    Baltazar Salazar

**TELECOPY NO:    (281) 749-8104**    CONFIRMATION NO: (713) 655-1300

**CC:**    Craig Smith

**TELECOPY NO:    (361) 949-0843**    CONFIRMATION NO: (361) 949-6906

**CC:**    Catherine Smith and Ramon Garcia

**TELECOPY NO:    (956) 381-0825**    CONFIRMATION NO: (956) 383-7441

**RE:**    Civil Action No. B-03-109; *Royal Surplus Lines Insurance v. Brownsville Independent School District;* In the United States District Court for the Southern District of Texas, Brownsville Division

**FROM:**    Stephen R. Wedemeyer

**DATE:**    June 17, 2004

**FILE NO:**    030098

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.
NOTE: PLEASE CALL IMMEDIATELY
IF ALL PAGES ARE NOT RECEIVED
(713) 623-0887

510606.1

# Group Send Report

Date & Time: Jun-17-2004  18:42
Tel line  : +7139600934
Machine ID : BEIRNE MAYNARD

Job number                :   704

Date & Time               :   Jun-17 18:39

Number of pages           :   002

Start time                :   Jun-17 18:39

End time                  :   Jun-17 18:42

Successful numbers

   Fax numbers

        ☎873#030098#12#2817498104
        ☎873#030098#12#13619490843
        ☎873#030098#12#19563810825


Unsuccessful numbers                                              Pages sent

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-03-109** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

On this date, the Court considered Plaintiff Royal Surplus Lines Insurance Company's ("Royal's") Expedited Motion to Compel Depositions of Brownsville Independent School District's ("BISD's") Representative and Designated Experts. The Court, having considered the Motion, is of the opinion that the motion has merit. Therefore, it is

ORDERED Defendant BISD designate a representative for deposition as requested by Royal pursuant to Fed. R. Civ. P. 30(b)(6) and make such representative available for deposition no later than _____, 2004. It is further

ORDERED that Defendant BISD present its designated experts , James Bettis and Engineering and Fire Investigations ("EFI"), no later than _____, 2004.

SIGNED at Brownsville, Texas on _____, 2004.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE