

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 2 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
RESPONSE TO PLAINTIFF'S MOTIONS TO EXCEED
PAGE LIMIT AND ITS EMERGENCY MOTION TO STRIKE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Brownsville Independent School District ("BISD"), asks the court to deny Royal Surplus Lines Ins. Co.'s ("Royal") motions for leave to exceed page limit and files its emergency motion to strike as follows:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

1.      This is a suit filed by Royal involving coverage for losses to two schools owned and operated by BISD under four commercial property insurance policies issued by Royal for the period of September 1, 1996 until April 1, 2002. The case has been pending for approximately one year. The two schools at issue are Aiken Elementary School ("Aiken") and Besterio Middle School ("Besterio").

2.      Royal filed a declaratory judgment action seeking a coverage determination by this court. BISD filed an action in state court against Royal. Eventually, the parties agreed to abate the state action. BISD filed a counterclaim against Royal alleging breach of contract and

extra contractual claims, including claims for Insurance Code violations and breach of the duty of good faith and fair dealing.

3.    Discovery has been ongoing and BISD has produced in excess of one hundred thousand pages of documents to Royal. BISD propounded discovery to Royal. Rather than responding appropriately to the discovery, Royal filed a motion under FRCP 21 and/or 42(b) seeking to sever and/or set separate trials for the breach of contract and extra-contractual claims and to abate the extra contractual case until the breach of contract case is resolved. The court denied Royal's motion for severance and/or separate trial.

4.    On May 14, 2004, Royal filed a 60 page motion for summary judgment without leave of court. Thereafter, the court issued an order dated May 19, 2004, admonishing Royal to follow the 20 page limitation in the local rules or to seek leave to exceed that limitation in the future. Although the court granted special dispensation to BISD to exceed the 20 page limit with its response, BISD timely responded to the motion for summary judgment within the page limitations.

5.    On May 27, 2004, lead counsel for BISD, Baltazar Salazar, informed counsel for Royal that he would be out of the country on vacation with his family from June 6 through June 20. Notwithstanding the fact that counsel for Royal knew that lead counsel for BISD was out of the country for an extended period of time, and while Royal's first motion for summary judgment was still pending, Royal filed two more motions for summary judgment. The first motion is entitled Plaintiff's "Rule 56(c) 'No-Evidence' Motion for Summary Judgment." That motion was filed on June 9, 2004. The second motion is entitled Plaintiff's "Motion for Summary Judgment on Defendant [BISD's] Extra Contractual Claims." That motion was filed

2

on June 10, 2004. Both motions were filed in such a manner as to leave very little time for lead counsel for BISD to respond upon returning from his trip.

6.     Royal's no evidence motion for summary judgment has 19 pages of text and the motion for summary judgment on the extra-contractual claims has 32 pages of text. Thus, when added to the 60 pages of the first motion for summary judgment that is still pending, Royal seeks to have over 110 pages of summary judgment motion text outstanding.

7.     Following the courts earlier admonishment, Royal did file motions for leave to exceed the page limit on its motion for summary judgment on the extra-contractual claims and on its no evidence motion for summary judgment. Royal's only basis for the motions is the blanket statement that in order to thoroughly address the issues, the motions for summary judgment are necessarily longer than 20 pages.

## ISSUES TO BE RULED ON AND STANDARD OF REVIEW

8.     Royal seeks leave to exceed the 20 page limit for motions set by Rule 5 H of the Court's civil procedures. Whether to allow leave is in the discretion of the court.

## ARGUMENTS AND AUTHORITY

9.     Royal's motions for leave to exceed the page limit should be denied and Royal's motion for summary judgment on BISD's extra-contractual claims and Royal's no evidence motion for summary judgment should be stricken. Royal's motions for leave are directed at the 32 page (text only) motion for summary judgment on the extra-contractual claims and the 18 page (text only) no evidence motion for summary judgment. However, Royal has three summary judgment motions on file, which total over 110 pages of text, not including the multiple pages for nature and stage of the proceedings, statement of the issues, summary of the argument, table of contents, table of authorities, *etc.* Royal is attempting to circumvent the rules by filing three

separate motions for summary judgment. If this strategy were allowed, then every litigant could circumvent the rules and inundate the court with unlimited pages of motions just by breaking up the arguments and filing them as multiple separate motions.

10.     Royal represents in the motions for leave that it attempted to confer with counsel on the motion before filing. Royal knew that lead counsel was out of the country. Regardless, Royal sent an email after 5:00 PM on June 7, 2004, stating it intended to file the motions for summary judgment and the motions for leave. The email set a deadline of June 8, 2004 before 5:00 PM for Mr. Salazar to respond with an indication of opposition or no opposition. Royal then filed the motions on June 9 and June 10 respectively, again knowing that counsel was out of the country and would not be back until the time to respond to the motions would nearly be expired.

11.     Additionally, the motions for summary judgment are not proper at this time for other reasons. BISD served specific discovery requests upon Royal seeking information relevant to its claims. Royal resisted that discovery at every turn. Rather than responding appropriately to the discovery, Royal filed a motion under FRCP 21 and/or 42(b) seeking to sever and/or set separate trials for the breach of contract and extra-contractual claims. The motion also sought to abate the extra contractual case and the discovery until the breach of contract case was resolved. On June 15, 2004, the court denied Royal's motion to sever. Royal recently served some additional documents upon BISD on June 21, 2004 and on June 22, 2004 (after the response to the first motion for summary judgment was filed and just days before BISD's responses to the two new summary judgments are due), but has not responded completely to the discovery requests. Additionally, the documents provided have what appear to be critical portions redacted. Thus, Royal has filed three motions for summary judgment, yet Royal still has never

4

completely responded to the discovery drafted and served by BISD. The information sought by BISD in the discovery and not provided by Royal is clearly relevant to the issues raised in Royal's summary judgment motions and may be critical to BISD's response.

12.    Finally, Royal's no evidence motion for summary judgment is dependent on the outcome of its first summary judgment and it makes no sense to have both pending at the same time. Royal's first motion seeks a determination as to whether there is coverage under the policy for the claims made by BISD. BISD has responded and shown that there is coverage under the policy. Perhaps in apparent recognition of BISD's response, Royal filed two more motions for summary judgment. However, because Royal's no evidence motion for summary judgment is dependent on the court's ruling as to coverage on it first summary judgment motion that is still pending, Royal's no evidence motion should be stricken at this time for this additional reason.

## CONCLUSION

13.    For all the reasons set forth above, BISD requests that the court deny Plaintiff's motions for leave to exceed the 20 page limit and that Plaintiff's motion for summary judgment on the extra-contractual claims and Plaintiff's no evidence motion for summary judgment be stricken from the record. In the alternative, BISD requests any other relief that the court deems appropriate.

Respectfully submitted,

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
(713) 655-1300 and (281) 749-8104 (Telefax)

BY: _____
     BALTAZAR SALAZAR
     State Bar No. 00791590
     Federal Bar No. 18536

ATTORNEYS FOR BISD

OF COUNSEL:
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

CRAIG S. SMITH
State Bar No. 18553570
**LAW OFFICES OF CRAIG S. SMITH**
14493 S.P.I.D., Suite A, PMB 240
Corpus Christi, Texas 78418
(361) 949-6906 and (361) 949-0843 (Telefax)

## CERTIFICATE OF SERVICE

I, BALTAZAR SALAZAR, hereby certifies that this pleading was served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the 23rd day of June, 2004, addressed as follows:

Mr. Jay Brown
Mr. Steven Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000

BALTAZAR SALAZAR