United States District Court
Southern District of Texas
FILED

JUL 0 7 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**PLAINTIFF ROYAL'S REPLY IN SUPPORT OF ITS MOTIONS FOR LEAVE
TO EXCEED PAGE LIMIT ON ITS MOTIONS FOR SUMMARY JUDGMENT**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Reply in Support of its Motions

for Leave to Exceed Page Limit on its Motions for Summary Judgment [Doc. Nos. 46 and 48] ("Motions

for Leave to Exceed Page Limit").

**Relief Requested**

1.      Royal's Motions for Leave to Exceed Page Limit should be granted because Royal's Rule

56(c) "No Evidence" Motion for Summary Judgment [Doc. No. 47] and Motion for Summary Judgment

on BISD's Extra-contractual Claims [Doc. No. 49] ("Motions for Summary Judgment") do not contain

cumulative or extraneous information; the motions include only necessary facts and legal arguments.

2.      Rule 5(H) of the Court's Procedure Manual requires that a party request leave before filing

any motion over twenty (20) pages; therefore, the Court has discretion in granting Royal leave to file its

motions for summary judgment in excess of twenty (20) pages.

### Grounds for Relief

3.      This is a complex insurance coverage case. As Royal has stressed in the past, it believes that this case will be resolved through one or more dispositive motions. Because of the nature of this case, however, extensive legal briefing and argument were necessary to address adequately the various claims.

4.      Royal filed a comprehensive motion for summary judgment [Doc. No. 42] on May 17, 2004. BISD filed a response to that motion on June 3, 2004. Subsequently, Royal filed two separate motions for summary judgment on discrete issues. Addressing these issues by separate motions streamlines consideration of the issues for both BISD and the Court.

5.      BISD, however, objects to the filing of the additional motions and to the page length of the motions and asks the court to strike Royal's motions. In its response, BISD explains that "Royal's no evidence motion for summary judgment has 19 pages of text and the motion for summary judgment on the extra-contractual claims has 32 pages of text." BISD concludes, ". . .when added to the 60 pages of the first motion for summary judgment that is still pending, Royal seeks to have over 110 pages of summary judgment motion text outstanding." (*See* Response at ¶ 6). Although BISD's response contains a good discussion on simple mathematics for determining the number of pending motions for summary judgment filed by Royal and the total pages of "motion text" in the motions, it fails to provide this court with any **legal** basis for denying the Motions for Leave, let alone **any** basis for striking Royal's motions for summary judgment.

6.      BISD also argues that "Royal is attempting to circumvent *the rules* by filing three separate motions for summary judgment." (*See* Response ¶ 9 (emphasis added)). However, it is unclear upon

which "rules" BISD's response is based. BISD cites no specific rule or case to support its position against "unlimited pages of motions" and "multiple separate motions." (*See* Response at ¶ 9).

7.     Royal timely filed its motions for summary judgment only after attempting to confer with counsel for BISD. BISD argues that Royal filed the motions for summary judgment "in such a manner as to leave very little time for lead counsel for BISD to respond upon returning from his [out of the country] trip." (*See* Response at ¶ 5). The deadline for filing dispositive motions in this case was June 11, 2004.[1] (*See* Doc. Nos. 33 and 34). Because the federal courthouse was closed on June 11, 2004, in observance of the national day of mourning, Royal filed its motions on June 9 and 10. BISD appears to suggest Royal should have paid more attention to Mr. Salazar's vacation schedule rather than this Court's dispositive motion deadline. In order to timely present its motions, Royal, naturally, filed its motions in accordance with the Court's scheduling order.

8.     Royal's motions for summary judgment were timely filed to present the additional issues to the Court. Despite BISD's contention, all the issues addressed in Royal's motions are ripe for the Court's consideration. BISD argues that Royal's "no-evidence" motion for summary judgment "should be stricken" because the motion "is dependent on the court's ruling as to coverage." (*See* Response at ¶12). BISD fails to cite any legal basis for striking the "no-evidence" motion. In fact, based on BISD's position, Royal would be in the unenviable position of filing an untimely "no-evidence" motion for summary judgment if it were forced to file its motion after the Court's ruling on the coverage issue.

---

[1] The Court has since assigned new deadlines by order dated July 2, 2004. [Doc. No. 60].

523640.1                                          -3-

## Conclusion

9.     For the all the forgoing reasons, Royal respectfully requests the Court grant its Motion for

Leave to Exceed Page Limit on its Motion for Summary Judgment on BISD'S Extra-Contractual

Counterclaims [Doc. No. 48] and Motion for Leave to Exceed Page Limit on its Rule 56(c) "No Evidence"

Motion for Summary Judgment [Doc. No. 46].

                              Respectfully submitted,

                              Edgar Juarez with
                              express premission

                              **Jay W. Brown**
                              State Bar No. 03138830
                              S.D.T. No. 1314
                              1300 Post Oak Blvd., Suite 2400
                              Houston, Texas 77056
                              Telephone: (713) 623-0887
                              Facsimile:  (713) 960-1527

                              **ATTORNEY-IN-CHARGE FOR PLAINTIFF
                              ROYAL SURPLUS LINES INSURANCE
                              COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on July 6, 2004.

Honorable Ramon Garcia                    *Via Certified Mail/Return Receipt Requested*
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

Mr. Baltazar Salazar                      *Via Certified Mail/Return Receipt Requested*
Attorney at Law
1612 Winbern
Houston, Texas 77004

Mr. Craig Smith                           *Via Certified Mail/Return Receipt Requested*
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Jay W. Brown                    Edgar Juarez with express permission

523640.1                                -5-