United States District Court
Southern District of Texas
FILED

JUL 0 8 2004

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

## PLAINTIFF ROYAL'S ANSWER
## TO DEFENDANT BISD'S SECOND AMENDED COUNTERCLAIM

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff/Counter-Defendant Royal Surplus Lines Insurance Company ("Royal") files its

Answer to Defendant/Counter-Plaintiff Brownsville Independent School District's (BISD's) Second

Amended Counterclaim, respectfully showing:

### I.

### First Defense

1.    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, BISD's second

amended counterclaim fails to state a claim upon which relief can be granted.

### II.

### Answer

Subject to and without waiving the foregoing defenses, Royal answers the specific allegations

of BISD's second amended counterclaim as follows:

523581.1

A.    **Counterclaim Facts**

2.    Royal admits the portions of paragraph 1 that BISD is the insured under "series of commercial property insurance policies issued . . . by [RSL] that were effective between September 1, 1996 and April 1, 2002." Royal admits that these policies insured Besterio Middle School ("Besterio") and Bruce Aiken Elementary School ("Aiken"). However, Royal does not have sufficient information or knowledge to form a belief as to whether or not both schools were "closed" in January 2002 due to "water damage."

3.    Royal admits the allegations in paragraph 2 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies all other allegations and/or statements in paragraph 2.

4.    Royal does not have sufficient information or knowledge to form a belief on paragraph 3 as to whether or not BISD has suffered "property losses" at Besterio and Aiken, although Royal is aware BISD has experienced mold problems at their facilities. Royal denies the portion of paragraph 3 that states: "[t]his has caused various property losses which are covered by one or more of the policies."

523581.1                                      2

B.    **Causes of Action**

5.    Royal admits paragraph 4 only to the extent that it issued certain insurance policies to    BISD, which contain appropriate conditions of coverage, exclusions, and limitations.

6.    Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has "suffered losses to covered property at the Schools", as vaguely stated in paragraph 5 of BISD's second amended counterclaim. Royal denies the allegations in the remainder of paragraph 5 of BISD's second amended counterclaim.

7.    Royal denies the allegations in paragraph 6 of BISD's second amended counterclaim.

8.    Royal admits the allegations in paragraph 7 only to the extent that BISD has provided late notice of loss under four Royal policies. Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has paid for the costs of investigating the cause of loss, whether BISD hired EFI, or what, if anything, GAB Robins "told" BISD about the cost estimates, investigation, findings, and costs produced by EFI. Royal denies the allegations in the remainder of paragraph 7 of BISD's second amended counterclaim.

9.    Royal denies the allegations in paragraph 8 of BISD's second amended counterclaim.

10.    The allegations in paragraph 9 of BISD's second amended counterclaim do not require a response. To the extent they do, Royal admits only that BISD has made a breach of contract claim in its second amended counterclaim, and Royal denies that BISD has such a cause of action.

11.    Royal admits the allegations in paragraph 10 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it

received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal denies the allegations in the remainder of paragraph 10 of BISD's second amended counterclaim.

12. Royal denies the allegations in paragraph 11 of BISD's second amended counterclaim.

13. Royal admits the allegations in paragraph 12 only to the extent that BISD first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has paid for the costs of investigating the cause of loss, whether BISD hired EFI, or what, if anything, anyone with GAB Robins told BISD about the cost estimates, investigation, findings, and costs produced by EFI. Royal denies the allegations in the remainder of paragraph 12 of BISD's second amended counterclaim.

14. There is no numbered paragraph 13 in BISD's second amended complaint.

15. Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has paid for the costs of investigating the cause of loss, whether BISD hired EFI, or what, if anything, anyone with GAB Robins told BISD about the cost estimates,

investigation, findings, and costs produced by EFI, as stated in paragraph 14 of BISD's second amended counterclaim. Royal denies the allegations in the remainder of paragraph 14 of BISD's second amended counterclaim.

16.    Royal denies the allegations in paragraph 15 of BISD's second amended counterclaim.

17.    There is no numbered paragraph 16 in BISD's second amended complaint.

18.    Royal admits the allegations in paragraph 17 only to the extent that BISD is the insured under four Royal insurance policies and first filed a notice of loss on or around November 29, 2001. Royal admits that BISD provided late notice of a claim under Policy No. KHT318271 and, subsequently, three others. Royal also admits that it received notice of BISD's claim and began its investigation of the claim. Royal admits that it received a second notice of loss from BISD. Further, Royal admits that it has neither accepted or rejected BISD's claim under any policy, and, indeed, awaits a coverage declaration in this action. Royal does not have sufficient information or knowledge to form a belief as to whether or not BISD has paid for the costs of investigating the cause of loss, whether BISD hired EFI, or what, if anything, anyone with GAB Robins told BISD about the cost estimates, investigation, findings, and costs produced by EFI. Royal denies the allegations in the remainder of paragraph 17 of BISD's second amended counterclaim.

19.    Royal denies the allegations in paragraph 18 of BISD's second amended counterclaim.

20.    Paragraph 19 of BISD's second amended counterclaim does not require a response.

21.    Royal denies that BISD is entitled to the relief sought in its prayer for relief, numbered as paragraph 20 of BISD's second amended counterclaim.

## III.

### Affirmative Defenses

Subject to and without waiving the foregoing, and for further answer, Royal asserts the following conjunctive and/or alternative affirmative defenses:

22.    BISD's damages, if any, are the result, in whole or in part, of BISD's own negligence, fault, acts and/or omissions, or breach of contract, breach of other duties, or violation of statute by BISD or its agents, representatives, and/or employees;

23.    BISD's damages, if any, are the result of acts and/or omissions, fault, negligence, or breach of contract, or breach of other duties, of persons, entities, or parties over whom Royal had no control and for whom Royal has no legal responsibility;

24.    If BISD has suffered any damages, it has failed to mitigate them;

25.    Royal denies that it breached any duty of good faith and fair dealing;

26.    Royal denies that it failed to conduct a reasonable and proper investigation of the claim;

27.    Royal denies that it breached any contract of insurance;

28.    BISD's counterclaims are barred because BISD breached one or more contracts of insurance by failing to cooperate with Royal and failing to comply with other conditions precedent contained in the Policies. BISD failed to comply with the proof of loss provisions of the policy, failed to provide "prompt notice," failed to take all reasonable steps to protect covered property from further damage, and failed to make its records available to Royal (*see* Loss Conditions);

29.     BISD disregarded Royal's rights under the Policies, and thereby failed to cooperate and comply with the cooperation clause of the Policies, as well as the other conditions precedent to coverage;

30.     The Policies do not provide coverage for loss or damage caused directly or indirectly by water (Exclusion 1.g (1), (3) and (4));

31.     The Policies do not provide coverage for loss or damage caused by or resulting from "dampness or dryness, cold or heat, extremes or changes in temperature", and/or from wear and tear, fungus, decay, deterioration, hidden or latent defect, or any quality in the property that causes it to damage or destroy itself, and/or from the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" (Exclusions 2.d (1), (2), (7); 2(e)).  Further, expenses to extract "pollutants" and contaminants may have special reporting requirements and special limits, depending on the applicable forms allegedly triggered;

32.     The Policies do not provide coverage for loss or damage caused by or resulting from faulty, inadequate or defective planning, surveying, siting, grading, design, specifications, workmanship, repair, construction, renovation; materials used in repair, construction, renovation or remodeling; or maintenance (Exclusion 3.c (1)-(4));

33.     BISD's claim for insurance coverage is time-barred;

34.     BISD's claim for insurance coverage is barred by laches;

35.     BISD's claim for insurance coverage is excluded by the explicit Policy exclusion for fungus (Exclusion 2.d);

36.     BISD's alleged claim for mold and/or water damage is barred because any such loss was not fortuitous;

523581.1                                        7

37.    BISD's alleged claim for insurance coverage is barred because it was not made timely as required under the Policy;

38.    BISD's counterclaims are barred under the Policies for any loss or damage that did not commence during a policy period;

39.    BISD's counterclaims are barred under the Policies based on the "known loss"/"loss in progress" doctrine;

40.    BISD has failed to show any damage or loss that comes within the terms and conditions of any potentially applicable contract of insurance, and, thus, its extra-contractual counterclaims are barred;

41.    Any claimed loss or damage coming within the terms and conditions of any potentially applicable contract of insurance may be excluded and/or limited by applicable policy exclusions and/or limitations;

42.    BISD's counterclaims are barred because BISD failed to comply with all applicable notice provisions;

43.    BISD's counterclaim for insurance coverage is barred under one or more Policies, because BISD failed to bring its alleged action against Royal "within 2 years and one day after the date on which the direct physical loss or damage occurred." (*See* Commercial Property Conditions, D., Texas Changes, F.1.b.);

44.    BISD's counterclaims are barred because BISD does not come within the insuring language of the policies and policy terms, on which BISD has the burden of proof;

45.    BISD's counterclaims are barred by the terms, conditions, definitions, exclusions, and limitations in the Policies;

46.    BISD failed to act as a reasonably prudent insured;

47.    BISD's counterclaims for extra-contractual damages must be denied because the acts and/or omissions of BISD or its agents, representatives, and/or employees constitute a waiver of such claims against Royal, or as a result of such acts and/or omissions, BISD is estopped from asserting counterclaims for extra-contractual damages whether under the common law or the Texas Insurance Code, or any other statute;

48.    BISD is not a consumer under the Texas Business and Commerce Code and therefore is barred from asserting a counterclaim under that statute.

49.    Royal pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case;

50.    Royal acted in good faith in handling and investigating BISD's claim;

51.    BISD's counterclaims against Royal are barred by the doctrine of unclean hands;

52.    BISD cannot recover punitive damages in this case because such an award would be unconstitutional, illegal, and against public policy. In the alternative, any award of punitive damages must be supported by clear and convincing evidence and further, the ratio of punitive damage to actual damages must be constitutionally permissible;

53.    BISD's extra-contractual counterclaims are barred because BISD's contractual counterclaims are barred;

54.    BISD's counterclaims are barred because BISD has failed to comply with conditions precedent;

55.    BISD's counterclaims are precluded from coverage under the policies pursuant to the limitations clause; and/or

523581.1                                    9

56.    BISD's counterclaims are barred based on judicial estoppel.

THEREFORE, Plaintiff/Counter-Defendant Royal prays that upon trial hereof, it have

judgment that Defendant/Counter-Plaintiff BISD take nothing against Royal, and that Royal receive

its reasonable and necessary attorney's fees and costs, as well as all other relief, at law or in equity,

to which it may be justly entitled.

Respectfully submitted,

**Jay W. Brown**
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

523581.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on July 7, 2004.

| | |
|---|---|
| Honorable Ramon Garcia<br>Law Office of Ramon Garcia, P.C.<br>222 W. University Drive<br>Edinburg, Texas 78539 | *Via Certified Mail/Return Receipt Requested* |
| Mr. Baltazar Salazar<br>Attorney at Law<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail/Return Receipt Requested* |
| Mr. Craig Smith<br>Law Offices of Craig S. Smith<br>14493 SPID, Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via Certified Mail/Return Receipt Requested* |

Jay W. Brown

523581.1                                    11