

United States District Court
Southern District of Texas
FILED

JUL 1 3 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** <br> **INSURANCE COMPANY,** | § <br> § <br> § | |
| **Plaintiff,** | § <br> § <br> § | |
| **vs.** | § <br> § | **CIVIL ACTION NO. B-03-109** |
| **BROWNSVILLE INDEPENDENT** <br> **SCHOOL DISTRICT,** | § <br> § <br> § | |
| **Defendant.** | § | |

<u>**PLAINTIFF ROYAL'S RESPONSE TO BISD'S EMERGENCY MOTION TO STRIKE**</u>

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Response to BISD's Emergency Motion to Strike [Doc. No. 55 (part 2 of 2)].

<u>**Relief Requested**</u>

1.      The Court should retain Royal's Rule 56(c) "No Evidence" Motion for Summary Judgment [Doc. No. 47] and Motion for Summary Judgment on BISD's Extra-contractual Claims [Doc. No. 49] ("Motions for Summary Judgment") on its current pending motion docket because the motions are ripe and do not contain cumulative or extraneous information.

2.      Pursuant to the Court's civil procedure manual, Royal has requested (by separate motion) leave from the Court to file its motions for summary judgment in excess of twenty (20) pages.

3.      Although Royal believes BISD's Emergency Motion to Strike [Doc. No. 55] to be moot due to the Court's rulings at the July 2, 2004 status conference, Royal files its response to BISD's motion in an abundance of caution.

4.      BISD filed its response to Royal's motions for leave to exceed page limit and its emergency motion to strike [Doc. No. 55] as one instrument; however, the district clerk has docketed the response and motion as separate entries. Royal has filed a reply in support of its motions for leave [Doc. No. 61] and now files its response to BISD's emergency motion to strike as a separate instrument. Royal incorporates by reference its reply in support of its motion for leave as if specifically stated herein.

### Grounds for Relief

5.      This is a complex insurance coverage case. As Royal has stressed in the past, it believes that this case will be resolved through one or more dispositive motions.

6.      Royal filed a comprehensive motion for summary judgment [Doc. No. 42] on May 17, 2004. BISD filed a response to that motion on June 3, 2004. Subsequently, Royal filed two separate motions for summary judgment on discrete issues. [Doc. Nos. 47 and 49]. Addressing these issues by separate motions streamlines consideration of the issues for both BISD and the Court.

7.      BISD objects to the filing of the additional motions and to the page length of the motions and asks the court to strike Royal's motions. (*See* Mot. to Strike at ¶ 6). However, BISD's motion to strike fails to provide this court with any **legal** basis for striking Royal's motions for summary judgment.

8.      Royal is completely within its right to file separate dispositive motions on discrete issues. BISD argues that "Royal is attempting to circumvent ***the rules*** by filing three separate motions for summary judgment." (*See* Mot. to Strike ¶ 9 (emphasis added)). However, BISD fails to point this Court to a specific rule (or even set of rules) or case to support its position against "unlimited pages of motions" and "multiple separate motions." (*See* Mot. to Strike at ¶ 9). Without any such legal basis, BISD's motion to strike cannot be granted.

9.    Royal timely filed its motions for summary judgment only after attempting to confer with counsel for BISD. BISD argues that Royal filed the motions for summary judgment "in such a manner as to leave very little time for lead counsel for BISD to respond upon returning from his [out of the country] trip." (*See* Mot. to Strike at ¶ 5). The deadline for filing dispositive motions in this case was June 11, 2004.[1] (*See* Doc. Nos. 33 and 34). Royal filed its motions on June 9 and 10, due to fact that the federal courthouse was closed in observance of the national day of mourning. BISD's motion to strike suggests that Royal should have paid more attention to BISD's lead counsel's vacation schedule than this Court's dispositive motion deadline. In order to timely present its motions, Royal, naturally, filed its motions in accordance with the Court's scheduling order.

10.    Royal's motions for summary judgment were timely filed to present the additional issues to the Court. Despite BISD's contention, all the issues addressed in Royal's motions are ripe for the Court's consideration. BISD argues that Royal's "no-evidence" motion for summary judgment "should be stricken" because the motion "is dependent on the court's ruling as to coverage." (*See* Mot. to Strike at ¶12). This is simply not true, as made clear by the motions for summary judgment themselves. Neither motion depends on the other. Each provides the Court an independent basis for granting summary judgment to Royal. Both motions are ripe for consideration.

11.    Further, BISD fails to cite any legal basis for striking the "no-evidence" motion. In fact, based on BISD's position, Royal would be in the unenviable position of filing an untimely "no-evidence"

---

[1] The Court has since assigned new deadlines by order dated July 2, 2004. [Doc. No. 60].

motion for summary judgment if it were forced to file its motion after the Court's ruling on the coverage issue.

12.     BISD also argues that it needed additional time and/or discovery in order to respond to Royal's motions for summary judgment. This argument is now moot due to the Court's rulings on various scheduling issues during the July 2, 2004 status conference.

### Conclusion

13.     For the all the forgoing reasons, Royal respectfully requests the Court deny BISD's Emergency Motion to Strike [Doc. No. 55 (part 2 of 2)].

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**ROYAL SURPLUS LINES INSURANCE**
**COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on July 13, 2004.

Honorable Ramon Garcia                    *Via Certified Mail/Return Receipt Requested*
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

Mr. Baltazar Salazar                      *Via Certified Mail/Return Receipt Requested*
Attorney at Law
1612 Winbern
Houston, Texas 77004

Mr. Craig Smith                           *Via Certified Mail/Return Receipt Requested*
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Jay W. Brown

524741.1                              -5-