**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES<br>INSURANCE COMPANY, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT<br>SCHOOL DISTRICT, | § | |
| Defendant. | § | |

<u>PLAINTIFF ROYAL'S RESPONSE TO BISD'S EXPEDITED MOTION TO COMPEL</u>

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Response to Defendant Brownsville Independent School District's (BISD's) Expedited Motion to Compel ("Motion to Compel") [Doc. No. 66].

<u>**Relief Requested**</u>

1.    Royal has produced additional documents pursuant to the Court's instruction at the June 29, 2004 status conference. Contemporaneously with the production of those documents, Royal produced privilege logs for both claim files of the Royal adjuster, Mark Schwartz, and the independent adjuster hired by Royal, Dennis Nickoloff of GAB Robins, N.A., in accordance with Fed. R. Civ. P. 26(b)(5). **(Exhibits 1 and 2)**.

2.    Royal objects to the disclosure of the materials and documents identified on its Privilege Log based upon the specific privileges and objections asserted. Therefore, Royal stands by its assertions of privilege and its objections to the relevant discovery requests and asks the Court to deny BISD's Motion to Compel.

3.       BISD fails to identify any specific document for which it seeks production; therefore, it is unclear which documents it now seeks to have produced. Royal's privilege log was produced in accordance with Rule 26(b)(5) of the Fed. R. Civ. P. and includes a detailed description as to each document. Despite its compliance with Rule 26(b)(5), Royal is now presented with a situation in which it must respond to BISD's Motion to Compel without any information as to which specific documents, privileges, and objections asserted BISD now challenges in its "expedited" Motion to Compel.

4.       It should be noted that the BISD's only attempt to resolve any issues/concerns with Royal's privileges asserted in its privilege logs prior to filing its Motion to Compel were telephone messages left by Mr. Baltazar Salazar for Jay Brown and Stephen Wedemeyer, both attorneys for Royal, simply made for a certificate of conference for BISD's Expedited Motion to Compel. Mr. Wedemeyer promptly returned the phone call in an attempt discuss and thereby resolve some or all of the issues without burdening the Court with such a discovery dispute. However, Mr. Salazar – without any legal basis – informed counsel for Royal that BISD felt it was entitled to all the documents listed in the privilege log, including the communication between Royal and its counsel. In an attempt to identify and narrow the issues, and try to timely resolve same, Royal inquired as to the reasons that BISD believed any documents listed on Royal's privilege log are discoverable. BISD could provide no basis or explanation.

5.       Further, BISD tells this Court that it is trying to expedite the resolution of the "discovery issue" because depositions were tentatively set for the first week of August 2004. (*See* Mot. to Compel at ¶ 2). Despite BISD's alleged eagerness to speed up the resolution of these "discovery issues" by filing its motion as an "expedited" motion, it served Royal with such motion

532303.1                                              -2-

by U.S. Mail, has done nothing to request an expedited submission or hearing before the Court, and has done nothing further to proceed with the depositions of Mark Schwartz and/or Dennis Nickoloff. However, in an effort to resolve (yet another) discovery dispute, Royal provides the Court additional information as to the categories of documents withheld and/or information redacted from the claim files of Mark Schwartz and Dennis Nickoloff.

### Grounds for Relief

6.     The Court held a status conference on June 29, 2004 and ordered that Royal produce a privilege log for any documents and/or information from Royal and GAB Robins claim files, that had been withheld or redacted. Accordingly, Royal has produced a comprehensive and detailed privilege log for documents from Mark Schwartz and Dennis Nickoloff. In the privilege logs, Royal lists doucments that have been withheld and/or redacted by Royal under claims of privilege, as well as objections as to relevance.[1] (*See* Exhibits 1 and 2). For each document, Royal identified the type, date, subject matter, author, recipient(s), and the specific privilege/objection asserted.

7.     BISD filed its Motion to Compel on July 30, 2004 complaining generically that "many of [Royal's] claims of privileges are implausible." (*See* Mot. to Compel at ¶ 4). It includes no additional argument or any indication as to a specific document or privilege. BISD, without identifying any specific entries on the privilege log, instead asks this Court to order Royal to produce under seal all the documents listed in the privilege log so that the Court can evaluate all the documents listed therein and evaluate each and every asserted privilege. (*See id.* at ¶ 5).

---

[1] Exhibits 1 and 2 include the identical entries of the previously filed privilege logs of Mark Schwartz and Dennis Nickoloff. To assist the Court it reviewing the entries for each description of the documents and the claimed privileges and objection, and allowing the Court to specify with precision which document it may need to review in camera, Royal has included an additional column referencing corresponding Bates Numbers for each document.

8.     Royal has complied with the Rules and has identified the type, subject matter, author, recipient(s), and the specific privilege and/or objection being asserted.  Nothing more is contemplated by Rule 26(b)(5) of the Fed. R. Civ. P.  Despite Royal's descriptions, and Royal's efforts to narrow the issues, BISD has filed this Motion to Compel as to all documents listed on Royal's privilege log.  Royal (as well as this Court) is now left with the burdensome task of addressing each and every entry listed in its privilege log, whether or not BISD has an actual challenge to it.

9.     As clearly indicated on the privilege log, the documents listed in the privilege log essentially fall under four (4) different categories: (1) privileged communications between counsel and Royal; (2) privileged communications between counsel and Royal's representative/adjuster, GAB Robins; (3) documents that were prepared in the anticipation of litigation and/or communications between Royal and its representatives made in anticipation of litigation (work product); and (4) documents containing or reflecting irrelevant information regarding the amount of insurance reserve and reinsurance.

10.     In diversity cases, such as this declaratory action, state law governs the applicability of privileges asserted under state law.  *See* Fed. R. Civ. P. 501; *Favala v. Cumberland Eng'g. Co.*, 17 F.3d 987, 989 (7th Cir. 1994); *EEOC v. Illinois Dept. Of Empl. Sec.*, 995 F.2d 106, 107 (7th Cir. 1993).  Royal has complied with Texas law and rules in asserting its privileges in this action and now files, in support of this Response and its claimed privileges, the Affidavits of Mark Schwartz (**Exhibit 3**), Dennis Nickoloff (**Exhibit 4**), and Jay Brown (**Exhibit 5**).  These Affidavits prove up the applicability of the privileges asserted in Royal's privilege logs, although many of the privileges

are evident by the very language used to describe them in the privilege log entries (e.g., Communication between Counsel and Royal).

**A.   *Communications Between Royal and its Attorneys***

11.    It is well settled in Texas law that attorney-client communications are privileged. *See* Tex. R. Evid. 503; *In re Ford Motor Co.*, 998 S.W.2d 714, 718 (Tex. 1998).  The purpose of the attorney-client privilege is to foster the client's confidence in the lawyer and to encourage free communication between them. *Id.*

12.    The attorney-client privilege covers attorney-client communications between (1) counsel, (2) counsel's representatives, (3) client, and (4) client's representatives. Tex. R. Evid. 503; *National Tank Co. v. Brotherton*, 851 S.W.2d 193, 197 (Tex. 1993); *Bearden v. Boone*, 693 S.W.2d 25, 28 (Tex. App. -- amarillo 1985, orig. proceeding) (privilege includes attorney's secretaries, paralegals and investigators); *In re Monsanto Co.*, 998 S.W.2d 917, 922 (Tex. App. – Waco 1999, orig. proceeding) (client includes a person having the authority to obtain legal services or to act on legal advice rendered on behalf of the client).

13.    Attorney-client communication is protected by this privilege if there is a confidential communication between the lawyer or lawyer's representative and the client or client's representative made to facilitate the rendition of professional legal services. *See* Tex. R. Evid. 503(b); *Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex. 1996).  Moreover, the attorney-client privilege attaches to the complete communication, including legal advice, opinions, mental analysis, and the specific facts on which they are based. *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 425 (Tex. App. – Houston [14th Dist.] 1993, org. proceeding) (privilege covers the whole document, not just parts relating to legal advice).

14.    In its privilege logs, Royal has clearly asserted the attorney-client privilege with regard to documents containing or reflecting confidential communications between Royal, counsel, counsel's representatives (including GAB Robins, the independent adjuster it retained), and Royal's representatives, made in order to facilitate the rendition of professional legal services. TABLE ONE below lists by description and Bates Numbers (for easier reference by the Court) the various documents constituting, containing, or reflecting communications between counsel and Royal.

| TABLE ONE: COMMUNICATIONS BETWEEN COUNSEL AND ROYAL | | | |
|---|---|---|---|
| Date | RSL P Log | Author | Recipients |
| Spring 2002 | 0033 | M. Schwartz (Royal) | |
| 03/22/02 | 0034 - 0054 | D. Nickoloff (GAB) | M. Schwartz (Royal) |
| 03/27/02 | 0056 - 0066 | Outside counsel | M. Schwartz (Royal) |
| 04/11/02 | 0055 | M. Schwartz (Royal) | Outside counsel,  GAB |
| 04/16/02 | 0067 | M. Schwartz (Royal) | |
| 04/17/02 | 0068 - 0069 | M. Schwartz (Royal) | Pruett Moore (BISD counsel), bcc: D. Nickoloff (GAB) bcc: outside counsel. |
| 04/18/02 | 0070 | Outside counsel | D. Nickoloff (GAB), M. Schwartz (Royal) |
| 04/22/02 | 0071 - 0072 | D. Nickoloff (GAB) | M. Schwartz (Royal) |
| 04/25/02 | 0073 | Outside counsel | M. Schwartz (Royal), cc: D. Nickoloff (GAB) |
| 01/24/03 | 0099 | M. Schwartz (Royal) | None |
| 02/21/03 | 104.1 -104.2 | Counsel | M. Schwartz (Royal) |
| 02/27/03 | 0141 - 0148 | Counsel | M. Schwartz (Royal) |
| 04/30/03 | 0226 | Counsel | M. Schwartz (Royal) |
| 05/01/03 | 0227 - 0245 | Counsel | Royal |
| 05/01/03 | 0246 - 0247 | M. Schwartz (Royal) | Counsel |

| TABLE ONE: COMMUNICATIONS BETWEEN COUNSEL AND ROYAL | | | |
|---|---|---|---|
| Date | RSL P Log | Author | Recipients |
| 05/01/03 | 0248 - 0249 | M. Schwartz (Royal) | Counsel |
| 05/27/03 | 0252 | Counsel | M. Schwartz (Royal) |
| 05/28/03 | 0256 | Counsel | M. Schwartz (Royal) |
| 06/02/03 | 0257 - 0280 | Counsel | Royal |
| 06/05/03 | 0281 - 0314 | Counsel | M. Schwartz (Royal) |
| 06/24/03 | 0315 - 0316 | Royal | |
| 10/22/03 | 0323 - 0326 | M. Schwartz (Royal) | Royal |
| 12/03/03 | 0333 - 0345 | Royal | M. Schwartz (Royal) |
| 12/18/03 | 0347 | Wellington Underwriting, Inc. | M. Schwartz (Royal) |
| 12/23/03 | 0348 - 0349 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 01/06/04 | 0350 - 0389 | Royal | M. Schwartz (Royal) |
| 01/28/04 | 0390 - 0435 | Royal | M. Schwartz (Royal) |
| 03/03/04 | 0436 - 0438 | Royal | M. Schwartz (Royal) |
| 03/26/04 | 0447 - 0449 | Royal | M. Schwartz (Royal) |
| 05/12/04 | 0451 - 0453 | Royal | M. Schwartz (Royal) |
| 06/25/04 | 0515 - 0516 | M. Schwartz (Royal) | Wellington Underwriting, Inc. |
| 06/25/04 | 0518 | Royal | Willis Re-Atlanta |
| 03/22/02 | 0528 - 0548 | D. Nickoloff (GAB) | M. Schwartz (Royal) |
| 04/11/02 | 0549 | M. Schwartz (Royal) | Outside counsel, D. Nickoloff (GAB) |
| 03/27/02 | 0550 - 0559 | Outside counsel | D. Nickoloff (GAB) |
| 04/17/02 | 0560 - 0561 | M. Schwartz (Royal) | Pruett Moore (BISD counsel), bcc: D. Nickoloff (GAB) bcc: outside counsel |
| 04/22/02 | 0562 - 0563 | D. Nickoloff (GAB) | M. Schwartz (Royal) |
| 04/25/02 | 0564 | Outside counsel | M. Schwartz (Royal), D. Nickoloff (GAB) |

532303.1

| TABLE ONE: COMMUNICATIONS BETWEEN COUNSEL AND ROYAL | | | |
|---|---|---|---|
| Date | RSL P Log | Author | Recipients |
| 04/29/02 | 0565 | D. Nickoloff (GAB) | M. Schwartz (Royal) |
| 04/30/02 | 0566 | M. Schwartz (Royal) | D. Nickoloff (GAB) |
| 05/01/03 | 0227 - 0245 | Counsel/BMP | Royal |
| 06/02/03 | 0257 - 0280 | Counsel/BMP | Royal |

15.    Similarly, TABLE TWO refers to the entries containing or reflecting communications between counsel and Royal's retained adjuster, Dennis Nickoloff of GAB Robins, N.A.

| TABLE TWO: COMMUNICATIONS BETWEEN COUNSEL AND ROYAL'S REPRESENTATIVE | | | |
|---|---|---|---|
| Date | RSL P No. | Author | Recipients |
| 12/03/01-03/24/04 | 0001 - 0008 | D. Nickoloff (GAB) | Royal |
| 02/21/03 | 0105 - 0129 | GAB | S. Wedemeyer (BMP) |
| 02/24/03 | 0130 - 0140 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 03/25/03 | 0149 - 0157 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 04/24/03 | 0223 - 0225 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 05/16/03 | 0250 - 0251 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 07/21/03 | 0318 - 0319 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 09/24/03 | 0321 - 0322 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 3/23/04 | 0440 - 0443 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 06/23/04 | 0472 - 0482 | Counsel | D. Nickoloff (GAB) |
| 06/23/04 | 0460 - 0471 | Counsel | D. Nickoloff (GAB) |
| 06/24/04 | 0483 - 0514 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 12/03/01-06/23/04 | 0519 - 0527 | D. Nickoloff (GAB) | Royal |
| 02/21/03 | 0596 | GAB | Counsel |
| 02/24/03 | 0597 - 0633 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |

| TABLE TWO: COMMUNICATIONS BETWEEN COUNSEL AND ROYAL'S REPRESENTATIVE | | | |
|---|---|---|---|
| **Date** | **RSL P No.** | **Author** | **Recipients** |
| 03/25/03 | 0634 - 0643 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 04/24/03 | 0644 - 0646 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 05/16/03 | 0647 - 0648 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 07/21/03 | 0649 - 0650 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 09/24/03 | 0651 - 0652 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 12/23/03 | 0653 - 0654 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 03/24/04 | 0655 - 0656 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |
| 06/24/04 | 0661 - 0717 | D. Nickoloff (GAB) | M. Schwartz (Royal); counsel |

16.     Moreover, the Affidavits from Mark Schwartz (**Exhibit 3**), Dennis Nickoloff (**Exhibit 4**), and Jay Brown (**Exhibit 5**) prove up the attorney-client privilege for confidential communication between (1) counsel for Royal or counsel's representative, and (2) Royal or Royal's representative, made to facilitate the rendition of professional legal services.

**B.**     ***Work Product***

17.     In addition, many of the documents listed by description in Royal's privilege logs contain or reflect core work product. It is also well settled in Texas that the work product of an attorney or an attorney's representative that contains or reflects the attorney's mental impressions, opinions, conclusions, or legal theories is not discoverable. *See* Tex. R. Civ. P. 192.5(b)(1); *Occidental Chem. Corp. v. Banales*, 907 S.W.2d 488, 490 (Tex. 1995). The work product privilege includes (1) materials prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or its representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; and (2) a communication made in anticipation of litigation or for trial if made between a party and its representatives or among a party's

532303.1                                    -9-

representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents. Tex. R. Civ. P. 192.5(b)(1).

      18.    In its privilege log, Royal has very clearly described the documents falling under the work product privilege. TABLE THREE below lists these documents by Bates Numbers for easy reference by the Court. As established by the Affidavits of Mark Schwartz **(Exhibit 3)**, Dennis Nickoloff **(Exhibit 4)**, and Jay Brown **(Exhibit 5)**, these documents contain or reflect (1) mental impressions developed in anticipation of litigation by Royal, including Royal's attorneys and/or its agents; and (2) communication made in anticipation of litigation or for trial between Royal and its representatives or among Royal's representatives.

| TABLE THREE: WORK PRODUCT | | | |
|---|---|---|---|
| Date | RSL P Log | Author | Recipients |
| 04/24/03 | 0223 - 0225 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 06/24/03 | 0315 - 0316 | Royal | |
| 07/10/03 | 0317 | M. Schwartz (Royal) | Royal |
| 10/22/03 | 0323 - 0326 | M. Schwartz (Royal) | Royal |
| 12/03/03 | 0333 - 0345 | Royal | M. Schwartz (Royal) |
| 12/18/03 | 0347 | Wellington Underwriting, Inc. | M. Schwartz (Royal) |
| 12/23/03 | 0348 - 0349 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 01/06/04 | 0350 - 0389 | Royal | M. Schwartz (Royal) |
| 01/28/04 | 0390 - 0435 | Royal | M. Schwartz (Royal) |
| 03/03/04 | 0436 - 0438 | Royal | M. Schwartz (Royal) |
| 03/08/04 | 0439 | Royal | M. Schwartz (Royal) |
| 3/23/04 | 0440 - 0443 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 03/25/04 | 0444 - 0446 | GAB | Royal |

| TABLE THREE: WORK PRODUCT | | | |
|---|---|---|---|
| Date | RSL P Log | Author | Recipients |
| 03/26/04 | 0447 - 0449 | Royal | M. Schwartz (Royal) |
| 04/26/04 | 0450 | Royal | M. Schwartz (Royal) |
| 05/12/04 | 0451 - 0453 | Royal | M. Schwartz (Royal) |
| 06/23/04 | 0460 - 0471 | Counsel | D. Nickoloff (GAB) |
| 06/23/04 | 0472 - 0482 | Counsel | D. Nickoloff (GAB) |
| 06/24/04 | 0483 - 0514 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 06/25/04 | 0515 - 0516 | M. Schwartz (Royal) | Wellington Underwriting, Inc. |
| 06/25/04 | 0518 | Royal | Willis Re-Atlanta |
| 12/03/01-06/23/04 | 0519 - 0527 | D. Nickoloff (GAB) | Royal |
| 12/23/03 | 0653 - 0654 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 03/24/04 | 0655 - 0656 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |
| 03/25/04 | 0657 - 0660 | GAB | Royal |
| 06/24/04 | 0661 - 0717 | D. Nickoloff (GAB) | M. Schwartz (Royal), Counsel |

19.     In addition, TABLE FOUR lists separately fee bills from Royal's counsel and related documents, all of which clearly fall under work product privilege. Therefore, these documents are privileged and not discoverable.

| TABLE FOUR: FEE BILLS AND RELATED DOCUMENTS | | | |
|---|---|---|---|
| Date | Bates no. | Author | Recipients |
| 12/03/03 | 0333 - 0345 | Royal | M. Schwartz (Royal) |
| 01/06/04 | 0350 - 0389 | Royal | M. Schwartz (Royal) |
| 01/28/04 | 0390 - 0435 | Royal | M. Schwartz (Royal) |
| 03/03/04 | 0436 - 0438 | Royal | M. Schwartz (Royal) |
| 03/26/04 | 0447 - 0449 | Royal | M. Schwartz (Royal) |
| 05/12/04 | 0451 - 0453 | Royal | M. Schwartz (Royal) |

**C.**    ***Documents Regarding Insurance Reserve and/or Reinsurance are not Relevant***

       **Rule 402**

20.    Reserve information is not relevant under Federal Rule of Evidence 402 because it does not constitute evidence of liability on the part of an insurer, nor is it evidence of purported lack of good faith. *See Greil v. Geico*, 184 F.Supp.2d 541 (N.D. Tex. 2002); *Signature Dev. Cos., Inc. v. Royal Ins. Co. of Am.*, 230 F.3d 1215 (10th Cir. 2000) (Colorado law). Likewise, any information regarding reinsurance is not relevant. As indicated in its privilege logs, Royal has therefore redacted or withheld information regarding reserves and/or reinsurance.

21.    In *Greil v. Geico*, the court found that the insured's argument that the adjuster's settlement authority equated to the insured's actual valuation of the UIM claim was unfounded. *Griel*, 184 F. Supp. 2d at 545-46. The court also held that reserve information cannot be evidence of misrepresentation or an Insurance Code violation. *Id.* As the court noted, numerous factors other than the actual value of a claim, including the desire to avoid a trial, go into calculating a settlement amount. *Id.* at 545-46.

22.    Similarly, the court in *Signature Dev. Cos., Inc. v. Royal Ins. Co. of Am.* held that a liability insurer's establishment of a $400,000 reserve for negligence actions against the insured did not constitute an admission of liability on the part of the insurer, nor did the failure to contribute that amount to the settlement constitute evidence of bad faith. *Signature*, 230 F.3d at 1224. The court observed that the insurer's reserve calculation was merely an amount it set aside to cover potential future liabilities. *Id.* at 1224. The court also noted that settlement authority was not evidence of a final, objective assessment of a claim's worth to an insurer to which an insurer may be held on penalty of bad faith. *Id.* at 1223-24.

23.     Reserve information is inadmissible under Texas law as well. *In re American Home Assur. Co.*, 88 S.W.3d 370, 377 (Tex. App. – Texarkana 2002, orig. proceeding) (holding that trial court's order requiring insurer to provide "documentation and deposition information regarding the setting of reserves for third-party claims against the plaintiffs is improper because the information sought is not admissible and would not lead to the discovery of admissible evidence").

24.     Therefore, Royal stands by its objection to producing any document that contains or reflects information as to reserves. BISD should be precluded from discovering or admitting into evidence Royal's reserve information because such evidence is wholly irrelevant to any coverage/contractual issue in this case.

25.     Similarly, any information regarding reinsurance should also be excluded because it is equally irrelevant.

### Rule 408

26.     Reserve information should also be excluded under Rule 408 of the Federal Rules of Evidence, which provides as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, **is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.** This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. (emphasis added)

27.     Rule 408 specifically bars evidence of settlement negotiations offered to prove liability. *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F.Supp.2d 1253, 1258 (D. Colo. 2003). In *Southwest Nurseries,* the court observed that "settlement strategies are more the product

of art than science, and fraught with the potential for mis-perception by all parties. Several factors

may influence the formulation of a settlement offer, including a party's or counsel's analysis of the

legal and/or factual merits of that party's position in the litigation. . . . If an insurance company risks

a bad faith claim for failing to make a settlement offer deemed acceptable by the insured, then the

price of peace becomes total capitulation." *Id.*

       28.     In addition to settlement negotiations, the Fifth Circuit has held that a company's

internal reports "made in the course of an effort to compromise" are considered to fall within Rule

408 and are thus excluded. *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106-07 (5th Cir. 1981); *see*

*also Affiliated Manufacturers, Inc.*, 56 F.3d 521, 529 (3d Cir. 1995). The Fifth Circuit has held that

Rule 408 applies to **all conduct** or statements made in the context of compromise. *Ramada*, 664

F.2d at 1006; *see also Affiliated Manufacturers, Inc.*, 56 F.3d at 529. The communication need not

be made to the opposing party to be excluded; internal documents are also excluded. *Ramada*, 664

F.2d; *see also Affiliated Manufacturers, Inc.*, 56 F.3d at 529 (holding that any statements prepared

by company representatives that function as the basis for compromise negotiations demonstrate

evidence of conduct in compromise negotiations).

       29.     In *Ramada*, the report sought to be excluded was created by an architect hired for the

purpose of preparing an analysis of construction defects in a motel the plaintiff had contracted to

have built. 644 F.2d at 1099, 1106. Testimony indicated that the architect was "commissioned by

Ramada to prepare a report that would function as a basis of settlement negotiations regarding the

alleged defects in the motel." *Id.* at 1107. Accordingly, the Fifth Circuit determined that because

the report had been prepared as a tool for settlement negotiations, it fell within the scope of Rule

408. *Id.*

30.     The intent of Rule 408 is to exclude evidence concerning settlement or compromise, where the evidence is offered to establish liability or the validity of the amount of the claim. *Affiliated Manufacturers, Inc. v. Aluminum Co. of Am.*, 56 F.3d at 526. Internal reserves set by Royal are clearly used by Royal as a tool for settlement purposes. Since no offer in excess of reserves can be made, establishing a reserve is conduct necessary to settlement negotiations.

31.     Therefore, information as to reserves must also be excluded under Rule 408.

### Conclusion

32.     For the all the forgoing reasons, Royal respectfully requests the Court deny BISD's Motion to Compel [Doc. No. 66].

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on August 18, 2004.

| | |
|---|---|
| Honorable Ramon Garcia | *Via Certified Mail/Return Receipt Requested* |
| Law Office of Ramon Garcia, P.C. | |
| 222 W. University Drive | |
| Edinburg, Texas 78539 | |
| | |
| Mr. Baltazar Salazar | *Via Certified Mail/Return Receipt Requested* |
| Attorney at Law | |
| 1612 Winbern | |
| Houston, Texas 77004 | |
| | |
| Mr. Craig Smith | *Via Certified Mail/Return Receipt Requested* |
| Law Offices of Craig S. Smith | |
| 14493 SPID, Suite A, P.M.B. 240 | |
| Corpus Christi, Texas 78418 | |

Jay W. Brown

*With express permission by*
John V. Trevino

## SECOND AMENDED PRIVILEGE LOG FOR CLAIM FILE OF MARK SCHWARTZ (ROYAL)

*Royal Surplus v. BISD*

July 29, 2004

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|------|---------------|--------|------------|---------------------|------------------------------------------|
| 12/03/01 - 03/24/04 | GAB Activity Report (detailed invoice to Royal) | D. Nickoloff (GAB independent adjuster) | Royal | Detailed summary of the independent adjuster's activities; discloses work product (after 6/9/03); also discloses substance of communications with Royal's counsel. | Attorney-Client, Work Product. Royal produced redacted report for entries up until 6/9/03. All entries after lawsuit was filed on 6/9/03 have been redacted. |
| 12/7/01 1/29/02 4/4/02 3/3/03 10/22/03 11/14/03 | Royal Notice of Initial Reserve/Reserve Revision | Royal | Re-insurers (Wellington-Atlanta, Willis Faber, N.A., XL Re-Atlanta) | Irrelevant reserve information. | Withheld. Contain irrelevant reserve and reinsurance information. FRCP 402, 403, 408; *In re: American Home Assurance*, 88 S.W.3d 370, 377 (Tex. App. – Texarkana 2002, orig. proceeding); *Greil v. Geico*, 184 F.Supp.2d 541 (N.D. Tex. 2002); *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106-1107 (5th Cir. 1981). Attorney-Client, Work Product (attachments referenced in 3/3/03 Notice). |
| Spring 2002 | Royal Claim Progress Notes | M. Schwartz (Royal claims adjuster) | | Notes disclose Royal's substantive communications with its outside counsel re: claim. | Withheld.  Attorney-Client. |
| 03/22/02 | GAB Status Report #4 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Adjuster's claim investigation; discloses communications with Royal's outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/27/02 | Letter | Outside counsel | M. Schwartz (Royal) | Claim analysis. | Withheld.  Attorney-Client. |

#528615.1

RSL 005559

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 04/11/02 | Fax with h/w notes on 3/27/02 letter from outside counsel | M. Schwartz (Royal) | Outside counsel, cc: D. Nickoloff (GAB) | Letter forwarded to Royal's outside counsel. | Withheld.  Attorney-Client. |
| 04/16/02 | Royal Claim Progress Notes | M. Schwartz (Royal) | | Adjuster's notes disclose substantive communications with Royal's outside counsel re: claim. | Withheld.  Attorney-Client. |
| 04/17/02 | Fax | M. Schwartz (Royal) | Pruett Moore (BISD counsel), bcc: D. Nickoloff (GAB) bcc: outside counsel. | Re: Royal's claim investigation and policy conditions.  Discloses substantive communications with Royal's outside counsel. | Redacted version produced. Attorney-Client (bcc: portion). |
| 04/18/02 | Letter | Outside counsel | D. Nickoloff (GAB), cc: M. Schwartz (Royal) | Re: claim analysis. | Withheld.  Attorney-Client. |
| 04/22/02 | GAB Status Report #5 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. Discloses substance of Royal's communications with outside counsel. | Redacted version produced. Contains irrelevant reserve information.  Attorney-Client. |
| 04/25/02 | Letter | Outside counsel | M. Schwartz (Royal), cc: D. Nickoloff (GAB) | Re: claim analysis | Withheld.  Attorney-Client. |
| 05/22/02 | GAB Status Report #6 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 06/20/02 | GAB Status Report #7 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 07/24/02 | GAB Status Report #8 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |

RSL 005560

#5286615.1 Pg. 2 of 9

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 07/29/02 | Handwritten notes faxed on GAB Status Report #8 | M. Schwartz (Royal) | D. Nickoloff (GAB) | M. Schwartz responds to questions in GAB's 7/24/02 Status Report (#8). | Redacted version produced. Contains irrelevant reserve information. |
| 8/22/02 | GAB Status Report #10 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 09/26/02 | GAB Status Report #11 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 10/25/02 | GAB Status Report #12 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 11/07/02 | Fax forwarding letter. | Willis Re Inc. | M. Schwartz (Royal) | Re: reinsurance. | Withheld. Contains irrelevant information re: reinsurance. FRCP 402, 403. |
| 11/26/02 | GAB Status Report #13 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 12/23/02 | GAB Status Report #14 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 01/24/03 | Adjuster's Claim Progress Notes | M. Schwartz (Royal) | None | Royal claim adjuster's notes re: claim, engineering reports, causation. Notes disclose substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client. |
| 01/24/03 | GAB Status Report #15 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |

#528615.1

RSL 005561

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 02/21/03 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 02/21/03 | Fax Cover Sheet | GAB | S. Wedemeyer (BMP) | Re: claim investigation. | Redacted version produced. Attorney-Client. |
| 02/24/03 | GAB Status Report #16 (mis-marked #11) | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of Royal's communications with outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 02/27/03 | Fax with handwritten notes added. | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Ongoing claim investigation. | Withheld. Attorney-Client. Contains irrelevant handwritten notes re: reinsurance. |
| 03/25/03 | GAB Status Report #17 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 3/27/03 5/28/03 5/30/03 6/24/03 6/30/03 7/22/03 8/4/03 9/16/03 12/12/03 1/15/04 1/15/04 1/6/04 2/19/04 3/9/04 3/31/04 4/6/04 | Royal Paid Expense Proof | Royal | Re-insurers (Wellington-Atlanta, Willis Faber, N.A., XL Re-Atlanta) | Proof of Royal's paid expenses re: claim/litigation. | Withheld. Contains irrelevant reserve and reinsurance information.  Attorney-Client and Work Product (certain referenced attachments dated after the 6/9/03 filing of complaint). |

#528615.1

RSL 005562

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 04/21/03 | Letter | Transatlantic Reinsurance Company | Willis Re Inc. | Reinsurance agreement. | Withheld. Contains irrelevant reinsurance information. |
| 04/24/03 | GAB Status Report #18 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/30/03 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Information requested by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/01/03 | Invoice with Royal handwritten notes thereon | BMP | Royal | 5/1/03 invoice for services by Royal's outside counsel. Royal handwritten notes re: reinsurance. | Withheld. Attorney-Client, Work Product. Notes contain irrelevant information re: reinsurance. |
| 05/01/03 | E-mail | M. Schwartz (Royal) | S. Wedemeyer (BMP) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/01/03 | E-mail (duplicate) | M. Schwartz (Royal) | S. Wedemeyer (BMP) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/16/03 | GAB Status Report #19 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client; also contains irrelevant reserve and reinsurance information. |
| 05/27/03 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/27/03 | Letter | Willis Re Inc. | M. Schwartz (Royal) | Claim update. | Withheld. Contains irrelevant reinsurance information. |
| 05/28/03 | Fax | M. Schwartz (Royal) | Willis Re Inc. | Claim update. | Withheld. Contains irrelevant reinsurance information. |

RSL 005563

#528615.1

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 05/28/03 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Re: BISD claim. Request for information needed by outside counsel. | Withheld. Attorney-Client. |
| 05/29/03 | Fax | M. Schwartz (Royal) | S. Wedemeyer (BMP) | Response to outside counsel's request for information. | Withheld. Attorney-Client. |
| 06/02/03 | Invoice | BMP | Royal | 6/2/03 invoice for services by Royal's outside counsel. | Withheld. Attorney-Client. |
| 06/05/03 | Letter | J. Brown (BMP) | M. Schwartz (Royal) [Schwartz subsequently forwards outside counsel's analysis to other Royal personnel.] | Analysis by Royal's outside counsel. | Withheld. Attorney-Client. |
| 06/24/03 | Royal Narrative Report | Royal | | Royal internal captioned narrative report, which discloses communications and analysis by its outside counsel, and litigation strategy. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |
| 07/10/03 | Royal Internal Routing Slip | M. Schwartz (Royal) | Royal | Ongoing litigation. | Work Product (Party Communication) Privilege. |
| 07/21/03 | GAB Status Report #20 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 08/04/03 | Routing slip and handwritten notes | M. Schwartz (Royal) | Royal | Re: ongoing litigation and irrelevant reinsurance information. | Withheld. Not relevant. FRCP 402, 403. |
| 09/24/03 | GAB Status Report #21 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 10/2/03 | Royal Proof of Recovered Expense | Royal | Re-insurers (Wellington-Atlanta, Willis Faber, N.A., XL Re-Atlanta) | Proof of Recovered Expenses for claim/litigation. | Withheld. Contains irrelevant reserve and reinsurance information. |

RSL 005564

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 10/22/03 | Fax | M. Schwartz (Royal) | Royal | Internal litigation update/evaluation, including input from Royal's outside counsel. | Withheld. Work Product; Attorney-Client; also contains irrelevant reserve information. |
| 10/22/03 | Handwritten notes | M. Schwartz (Royal) | R. Axson (Royal) | Adjuster's internal notes to assistant during litigation. | Withheld. Contains irrelevant reserve information. |
| 11/14/03 | Handwritten notes | M. Schwartz (Royal) | R. Axson (Royal) | Adjuster's internal notes to assistant during litigation. | Withheld. Contains irrelevant reserve and reinsurance information. |
| 12/03/03 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 12/11/03 | Note | M. Schwartz (Royal) | Wellington Underwriting, Inc. | Status update on the ongoing litigation. | Withheld. Contains irrelevant reinsurance information. |
| 12/18/03 | Letter | Wellington Underwriting, Inc. | M. Schwartz (Royal) | Status report on the ongoing litigation. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve and reinsurance information. |
| 12/23/03 | GAB Status Report #22 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 01/06/04 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 01/28/04 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |

RSL 005565

#528615.1                Pg. 7 of 9

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 03/03/04 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 03/08/04 | E-mail | Royal | M. Schwartz (Royal) | Request for status of litigation since 10/22/03. | Withheld. Work Product (Party Communications) Privilege. |
| 03/09/04 | E-mail | M. Schwartz (Royal) | Royal | Litigation status. | Withheld. Work Product (Party Communications) Privilege. |
| 3/23/04 | GAB Status Report #23 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/25/04 | GAB (independent adjuster) Service Invoice | GAB | Royal | GAB invoice to Royal; includes services provided by GAB during litigation. | Withheld. Work Product. Also contains irrelevant handwritten notes re: reinsurance. |
| 03/26/04 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 04/26/04 | Internal Royal e-mail | Royal | M. Schwartz (Royal) | Re: status of ongoing litigation. | Withheld. Work Product (Party Communication) Privilege. |
| 05/12/04 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 05/25/04 | Royal Paid Expense and Reserve Decrease Proof | Royal | Re-insurers (Wellington-Atlanta, Willis Faber, N.A., XL Re-Atlanta) | Proof of Royal's paid expenses and reserve decreases during litigation. | Withheld. Contains irrelevant reserve and reinsurance information. |
| 06/21/04 | Letter | Wellington Underwriting, Inc. | Royal (M. Schwartz) | Ongoing claim/litigation. | Withheld. Contains irrelevant reinsurance information. |

#528615.1

RSL 005566

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 06/23/04 | Letter | S. Wedemeyer (BMP) | D. Nickoloff (GAB) | Deposition and Motion to Quash in ongoing litigation. Discloses analysis and strategy. | Withheld. Attorney-Client, Work Product. |
| 06/24/04 | GAB Status Report #24 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |
| 06/25/04 | Fax | M. Schwartz (Royal) | Wellington Underwriting, Inc. | Royal forwards letter from outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reinsurance information. |
| 06/25/04 | Handwritten notes | M. Schwartz (Royal) | | Re: reinsurance for claim. | Withheld. Contains irrelevant reinsurance information. |
| 06/25/04 | Letter | Royal | Willis Re-Atlanta | Royal forwards letter from outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reinsurance information. |

RSL 005567

#528615.1

# PRIVILEGE LOG FOR CLAIM FILE OF DENNIS NICKOLOFF (GAB ROBINS)

*Royal Surplus v. BISD*
July 27, 2004

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 12/03/01 - 06/23/04 | GAB Activity Report (detailed invoice to Royal) | D. Nickoloff (GAB independent adjuster) | Royal | Detailed summary of the independent adjuster's activities; discloses work product (after 6/9/03); also discloses substance of communications with Royal's counsel. | Attorney-Client, Work Product. Royal produced redacted report for entries up until 6/9/03. All entries after lawsuit was filed on 6/9/03 have been redacted. |
| 03/22/02 | GAB Status Report #4 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Adjuster's claim investigation; discloses communications with Royal's outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/27/02 | Fax/letter | Outside counsel | D. Nickoloff (GAB) | Claim analysis. | Withheld. Attorney-Client. |
| 04/11/02 | Fax | M. Schwartz (Royal) | Outside counsel, cc: D. Nickoloff (GAB) | Letter forwarded to Royal's outside counsel. | Withheld. Attorney-Client. |
| 04/17/02 | Fax | M. Schwartz (Royal) | Pruett Moore (BISD counsel), bcc: D. Nickoloff (GAB) bcc: outside counsel | Re: Royal's claim investigation and policy conditions. Discloses substantive communications with Royal's outside counsel. | Redacted version produced. Attorney-Client (bcc: portion). |
| 04/22/02 | GAB Status Report #5 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. Discloses substance of Royal's communications with outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/25/02 | Letter | Outside counsel | M. Schwartz (Royal), cc: D. Nickoloff (GAB) | Re: claim analysis | Withheld. Attorney-Client. |
| 04/29/02 | E-mail | D. Nickoloff (GAB) | M. Schwartz (Royal) | Re: claim analysis. | Redacted version produced. Attorney-Client. |

RSL 005509

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 04/30/02 | E-mail | M. Schwartz (Royal) | D. Nickoloff (GAB) | Re: claim analysis. Discloses substance of communications with Royal's counsel. | Redacted version produced. Attorney-Client. |
| 05/22/02 | GAB Status Report #6 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 06/20/02 | GAB Status Report #7 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 07/24/02 | GAB Status Report #8 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 07/29/02 | Handwritten notes faxed on GAB Status Report #8 | M. Schwartz (Royal) | D. Nickoloff (GAB) | M. Schwartz responds to questions in GAB's 7/24/02 Status Report (#8). | Redacted version produced. Contains irrelevant reserve information. |
| 8/22/02 | GAB Status Report #10 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 09/26/02 | GAB Status Report #11 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 10/25/02 | GAB Status Report #12 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 10/25/02 | GAB Status Report #12 (Duplicate) | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |

RSL 005510

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|------|---------------|--------|------------|---------------------|------------------------------------------|
| 11/26/02 | GAB Status Report #13 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 12/23/02 | GAB Status Report #14 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 01/24/03 | GAB Status Report #15 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. | Redacted version produced. Contains irrelevant reserve information. |
| 02/21/03 | Fax Cover Sheet | GAB | S. Wedemeyer (BMP) | Re: claim investigation. | Redacted version produced. Attorney-Client. |
| 02/24/03 | GAB Status Report #16 (mis-marked #11) | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of Royal's communications with outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/25/03 | GAB Status Report #17 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/24/03 | GAB Status Report #18 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 05/16/03 | GAB Status Report #19 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client; also contains irrelevant reserve and reinsurance information. |
| 07/21/03 | GAB Status Report #20 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |

RSL 005511

| Date | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|
| 09/24/03 | GAB Status Report #21 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 12/23/03 | GAB Status Report #22 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/24/04 | GAB Status Report #23 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/25/04 | GAB (independent adjuster) Service Invoice | GAB | Royal | GAB invoice to Royal; includes services provided by GAB during litigation. | Withheld. Work Product. |
| 06/24/04 | GAB Status Report #24 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status update re: ongoing claim/litigation. Report/enclosures disclose substance of communications with Royal's counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |

RSL 005512

#527926.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. B-03-109** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| Defendant. | § | |

## <u>AFFIDAVIT OF MARK SCHWARTZ</u>

| | |
|---|---|
| STATE OF GEORGIA | § |
| | § |
| COUNTY OF FULTON | § |

BEFORE ME, the undersigned authority, on this day, personally appeared Mark Schwartz who, being duly sworn upon his oath according to law, did depose and state the following:

1.  "My name is Mark Schwartz. I reside in the State of Georgia. I am over the age of twenty-one (21) years and am competent to make this affidavit. I have never been convicted of a felony or any other crime involving moral turpitude.

2.  I am currently an Assistant Vice President for Resurgens Specialty Underwriting, Inc. and have served in this capacity (or a similar capacity with Royal Specialty Underwriting, Inc.) at all relevant times since November 29, 2001, when Royal Surplus Lines Insurance Company ("Royal") received notice of the claim underlying this lawsuit. As a result, I have personal knowledge of the facts set forth in this affidavit, and those facts are true and correct.

3.  Exhibit A to this affidavit lists documents by description which constitute, contain or reflect (1) confidential attorney-client communications among me, counsel, and Dennis Nickoloff, a general adjuster hired by Royal to investigate the claim filed by Brownsville Independent School District ("BISD"), arising from an alleged loss at the Besteiro Middle School ("Besteiro") and Bruce Aiken Elementary School ("Aiken"), for the purpose of effectuating legal representation for Royal, and/or (2) confidential communications among me, counsel,

and Dennis Nickoloff generated in preparation for trial in the above-styled matter. These documents containing confidential communications among me, counsel, and Mr. Nickoloff were intended to be and were kept confidential.

4.      Exhibit A also lists documents by description (Bates Nos. RSL P Log 0001-0008, 0170-0221, 0227-0245, 0315-0316, 0317, 0323-0326, 0327-0330, 0333-0345, 0347, 0348-0349, 0350-0389, 0390-0435, 0436-0438, 0439, 0440-0443, 0444-0446, 0447-0449, 0450, 0451-0453, 0460-0471, 0472-0482, 0483-0514, 0515-0516, and 0518), which contain or reflect confidential attorney-client communications, as well as work product. These documents, created after this lawsuit was filed on June 9, 2003, contain or reflect confidential communications among counsel and Royal employees, representatives, or agents that were intended to be and were kept confidential, and were  made for the purposes of facilitating the rendition of professional legal services."

FURTHER AFFIANT SAYETH NOT.



MARK SCHWARTZ

SWORN TO AND SUBSCRIBED this __18__ day of __AUGUST__ 2004.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF GEORGIA

My Commission expires: __3/12/07__

PAMELA E. CONGER
NOTARY PUBLIC
Cobb County
State of Georgia
My Comm. Expires March 12, 2007

531576.1                          2 of 2

EXHIBIT A

| Date | Bates No. for the Priv. Doc. | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 12/03/01 - 03/24/04 | RSL P Log 0001 - 0008 | GAB Activity Report (detailed invoice to Royal) | D. Nickoloff (GAB independent adjuster) | Royal | Detailed summary of the independent adjuster's activities; discloses work product (after 6/9/03); also discloses substance of communications with Royal's counsel. | Attorney-Client, Work Product. Royal produced redacted report for entries up until 6/9/03. All entries after lawsuit was filed on 6/9/03 have been redacted. |
| Spring 2002 | RSL P Log 0033 | Royal Claim Progress Notes | M. Schwartz (Royal claims adjuster) | | Notes disclose Royal's substantive communications with its outside counsel re: claim. | Withheld. Attorney-Client. |
| 03/22/02 | RSL P Log 0034 - 0054 | GAB Status Report #4 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Adjuster's claim investigation; discloses communications with Royal's outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/27/02 | RSL P Log 0056 - 0066 | Letter | Outside counsel | M. Schwartz (Royal) | Claim analysis. | Withheld. Attorney-Client. |
| 04/11/02 | RSL P Log 0055 | Fax with h/w notes on 3/27/02 letter from outside counsel | M. Schwartz (Royal) | Outside counsel, cc: D. Nickoloff (GAB) | Letter forwarded to Royal's outside counsel. | Withheld. Attorney-Client. |
| 04/16/02 | RSL P Log 0067 | Royal Claim Progress Notes | M. Schwartz (Royal) | | Adjuster's notes disclose substantive communications with Royal's outside counsel re: claim. | Withheld. Attorney-Client. |
| 04/17/02 | RSL P Log 0068 - 0069 | Fax | M. Schwartz (Royal) | Pruett Moore (BISD counsel), bcc: D. Nickoloff (GAB) bcc: outside counsel. | Re: Royal's claim investigation and policy conditions. Discloses substantive communications with Royal's outside counsel. | Redacted version produced. Attorney-Client (bcc: portion). |

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 04/18/02 | RSL P Log 0070 | Letter | Outside counsel | D. Nickoloff (GAB), cc: M. Schwartz (Royal) | Re: claim analysis. | Withheld. Attorney-Client. |
| 04/22/02 | RSL P Log 0071 - 0072 | GAB Status Report #5 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. Discloses substance of Royal's communications with outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/25/02 | RSL P Log 0073 | Letter | Outside counsel | M. Schwartz (Royal), cc: D. Nickoloff (GAB) | Re: claim analysis | Withheld. Attorney-Client. |
| 01/24/03 | RSL P Log 0099 | Adjuster's Claim Progress Notes | M. Schwartz (Royal) | None | Royal claim adjuster's notes re: claim, engineering reports, causation. Notes disclose substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client. |
| 02/21/03 | RSL P Log 104.1 - 104.2 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 02/21/03 | RSL P Log 0105 - 0129 | Fax Cover Sheet | GAB | S. Wedemeyer (BMP) | Re: claim investigation. | Redacted version produced. Attorney-Client. |
| 02/24/03 | RSL P Log 0130 - 0140 | GAB Status Report #16 (mis-marked #11) | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of Royal's communications with outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |

#531697.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 02/27/03 | RSL P Log 0141 - 0148 | Fax with handwritten notes added. | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Ongoing claim investigation. | Withheld. Attorney-Client. Contains irrelevant handwritten notes re: reinsurance. |
| 03/25/03 | RSL P Log 0149 - 0157 | GAB Status Report #17 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 3/27/03 5/28/03 5/30/03 6/24/03 6/30/03 7/22/03 8/4/03 9/16/03 12/12/03 1/15/04 1/15/04 1/6/04 2/19/04 3/9/04 3/31/04 4/6/04 | RSL P Log 0158 - 0221 | Royal Paid Expense Proof | Royal | Re-insurers (Wellington-Atlanta, Willis Faber, N.A., XL Re-Atlanta) | Proof of Royal's paid expenses re: claim/litigation. | Withheld. Contains irrelevant reserve and reinsurance information. Attorney-Client and Work Product (certain referenced attachments dated after the 6/9/03 filing of complaint). |
| 04/24/03 | RSL P Log 0223 - 0225 | GAB Status Report #18 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |

Pg. 3 of 8

#531697.1

| Date | Bates No. for the Priv. Doc. | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 04/30/03 | RSL P Log 0226 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Information requested by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/01/03 | RSL P Log 0227 - 0245 | Invoice with Royal handwritten notes thereon | BMP | Royal | 5/1/03 invoice for services by Royal's outside counsel. Royal handwritten notes re: reinsurance. | Withheld. Attorney-Client, Work Product. Notes contain irrelevant information re: reinsurance. |
| 05/01/03 | RSL P Log 0246 - 0247 | E-mail | M. Schwartz (Royal) | S. Wedemeyer (BMP) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/01/03 | RSL P Log 0248 - 0249 | E-mail (duplicate) | M. Schwartz (Royal) | S. Wedemeyer (BMP) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/16/03 | RSL P Log 0250 - 0251 | GAB Status Report #19 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client; also contains irrelevant reserve and reinsurance information. |
| 05/27/03 | RSL P Log 0252 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Information needed by Royal's outside counsel for analysis. | Withheld. Attorney-Client. |
| 05/28/03 | RSL P Log 0256 | E-mail | S. Wedemeyer (BMP) | M. Schwartz (Royal) | Re: BISD claim. Request for information needed by outside counsel. | Withheld. Attorney-Client. |
| 05/29/03 | RSL P Log 0256 | Fax | M. Schwartz (Royal) | S. Wedemeyer (BMP) | Response to outside counsel's request for information. | Withheld. Attorney-Client. |
| 06/02/03 | RSL P Log 0257 - 0280 | Invoice | BMP | Royal | 6/2/03 invoice for services by Royal's outside counsel. | Withheld. Attorney-Client. |

#531697.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 06/05/03 | RSL P Log 0281 - 0316 | Letter | J. Brown (BMP) | M. Schwartz (Royal) [Schwartz subsequently forwards outside counsel's analysis to other Royal personnel.] | Analysis by Royal's outside counsel. | Withheld. Attorney-Client. |
| 06/24/03 | RSL P Log 0315 - 0316 | Royal Narrative Report | Royal | | Royal internal captioned narrative report, which discloses communications and analysis by its outside counsel, and litigation strategy. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |
| 07/10/03 | RSL P Log 0317 | Royal Internal Routing Slip | M. Schwartz (Royal) | Royal | Ongoing litigation. | Work Product (Party Communication) Privilege. |
| 07/21/03 | RSL P Log 0318 - 0319 | GAB Status Report #20 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 09/24/03 | RSL P Log 0321 - 0322 | GAB Status Report #21 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |

#531697.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 10/2/03 | RSL P Log 0327 - 0330 | Royal Proof of Recovered Expense | Royal | Re-insurers (Wellington-Atlanta, Willis Faber, N.A., XL Re-Atlanta) | Proof of Recovered Expenses for claim/litigation. | Withheld. Contains irrelevant reserve and reinsurance information. |
| 10/22/03 | RSL P Log 0323 - 0326 | Fax | M. Schwartz (Royal) | Royal | Internal litigation update/evaluation, including input from Royal's outside counsel. | Withheld. Work Product; Attorney-Client; also contains irrelevant reserve information. |
| 12/03/03 | RSL P Log 0333 - 0345 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client; Work Product, confidential, proprietary, irrelevant. |
| 12/18/03 | RSL P Log 0347 | Letter | Wellington Underwriting, Inc. | M. Schwartz (Royal) | Status report on the ongoing litigation. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve and reinsurance information. |
| 12/23/03 | RSL P Log 0348 - 0349 | GAB Status Report #22 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 01/06/04 | RSL P Log 0350 - 0389 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 01/28/04 | RSL P Log 0390 - 0435 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |

#531697.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 03/03/04 | RSL P Log 0436 - 0438 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 03/08/04 | RSL P Log 0439 | E-mail | Royal | M. Schwartz (Royal) | Request for status of litigation since 10/22/03. | Withheld. Work Product (Party Communications) Privilege. |
| 03/09/04 | RSL P Log 0439 | E-mail | M. Schwartz (Royal) | Royal | Litigation status. | Withheld. Work Product (Party Communications) Privilege. |
| 3/23/04 | RSL P Log 0440 - 0443 | GAB Status Report #23 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/25/04 | RSL P Log 0444 - 0446 | GAB (independent adjuster) Service Invoice | GAB | Royal | GAB invoice to Royal; includes services provided by GAB during litigation. | Withheld. Work Product. Also contains irrelevant handwritten notes re: reinsurance. |
| 03/26/04 | RSL P Log 0447 - 0449 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 04/26/04 | RSL P Log 0450 | Internal Royal e-mail | Royal | M. Schwartz (Royal) | Re: status of ongoing litigation. | Withheld. Work Product (Party Communication) Privilege. |
| 05/12/04 | RSL P Log 0451 - 0453 | Royal Memo and related BMP fee invoice | Royal | M. Schwartz (Royal) | Attorney invoice and Royal's allocation of invoice amount among claim numbers. | Withheld. Attorney-Client, Work Product, confidential, proprietary, irrelevant. |
| 06/23/04 | RSL P Log 0460 - 0471 | Letter | S. Wedemeyer (BMP) | D. Nickoloff (GAB) | Deposition and Motion to Quash in ongoing litigation. Discloses analysis and strategy. | Withheld. Attorney-Client, Work Product. |

#531697.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 06/23/04 | RSL P Log 0472 - 0482 | Fax/Letter | S. Wedemeyer (BMP) | D. Nickoloff (GAB) | Deposition and Motion to Quash in ongoing litigation. Discloses analysis and strategy. | Withheld. Attorney-Client; Work Product. |
| 06/24/04 | RSL P Log 0483 - 0514 | GAB Status Report #24 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |
| 06/25/04 | RSL P Log 0515 - 0516 | Fax | M. Schwartz (Royal) | Wellington Underwriting, Inc. | Royal forwards letter from outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reinsurance information. |
| 06/25/04 | RSL P Log 0518 | Letter | Royal | Willis Re-Atlanta | Royal forwards letter from outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reinsurance information. |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| **Defendant.** | § | |

## AFFIDAVIT OF DENNIS NICKOLOFF

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned authority, on this day, personally appeared Dennis Nickoloff who, being duly sworn upon his oath according to law, did depose and state the following:

1.  "My name is Dennis Nickoloff. I reside in the State of Texas. I am over the age of twenty-one (21) years and am competent to make this affidavit. I have never been convicted of a felony or any other crime involving moral turpitude. I have personal knowledge of the facts set forth in this affidavit, and those facts are true and correct.

2.  I am an Adjuster of GAB Robins, N.A. I was hired on or around December 3, 2001 by or on behalf of Royal Surplus Lines Insurnace Company ("Royal") to investigate the claims reported by Brownsville Independent School District ("BISD") in November 2001 that relate to the Besteiro Middle School ("Besteiro") and Bruce Aiken Elementary School ("Aiken"), which are both located in Brownsville, Cameron County, Texas and underlie the captioned matter. I also continued to investigate the claim when, in April 2002, BISD reported the cliam under three additional (prior) policies. As the adjuster on these claims, I am familiar with the claims and the claim file, including the fact that the claims were made under Policy Nos. KHT 307564; KHT 308599; KHT 310355; and KHT 318271.

3.  During the course of providing services to Royal in connection with the claims and various issues arising from Policy Nos. KHT 307564; KHT 308599; KHT 310355; and KHT

318271 and the subject schools, I generated documents containing or reflecting confidential attorney-client communications, as well as documents containing communications made in anticipation of litigation and in preparation for trial. Attached hereto as Exhibit A to this Affidavit is a list of documents by description which contain or reflect (1) confidential attorney-client communications among me and Royal's attorneys and/or employees, made for the purposes of facilitating the rendition of professional legal services for Royal, or (2) confidential communications among me and Royal employees generated in anticipation of litigation and in preparation for trial in the above-styled matter. Those documents containing confidential communications among me and Royal's attorneys and/or employees were intended to be and were kept confidential."

FURTHER AFFIANT SAYETH NOT.

DENNIS NICKOLOFF

SWORN TO AND SUBSCRIBED this _18th_ day of _Aug._ 2004.

LISA MARTINEZ
Notary Public, State of Texas
My Commission Expires
OCTOBER 23, 2005

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission expires: _10 - 23 - 05_

**EXHIBIT A**

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 12/03/01 - 06/23/04 | RSL P Log 0519 - 0527 | GAB Activity Report (detailed invoice to Royal) | D. Nickoloff (GAB independent adjuster) | Royal | Detailed summary of the independent adjuster's activities; discloses work product (after 6/9/03); also discloses substance of communications with Royal's counsel. | Attorney-Client, Work Product. Royal produced redacted report for entries up until 6/9/03. All entries after lawsuit was filed on 6/9/03 have been redacted. |
| 03/22/02 | RSL P Log 0528 - 0548 | GAB Status Report #4 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Adjuster's claim investigation; discloses communications with Royal's outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/27/02 | RSL P Log 0550 - 0559 | Fax/letter | Outside counsel | D. Nickoloff (GAB) | Claim analysis. | Withheld.  Attorney-Client. |
| 04/11/02 | RSL P Log 0549 | Fax | M. Schwartz (Royal) | Outside counsel, cc: D. Nickoloff (GAB) | Letter forwarded to Royal's outside counsel. | Withheld.  Attorney-Client. |
| 04/17/02 | RSL P Log 0560 - 0561 | Fax | M. Schwartz (Royal) | Pruett Moore (BISD counsel), bcc: D. Nickoloff (GAB) bcc: outside counsel | Re: Royal's claim investigation and policy conditions.  Discloses substantive communications with Royal's outside counsel. | Redacted version produced. Attorney-Client (bcc: portion). |
| 04/22/02 | RSL P Log 0562 - 0563 | GAB Status Report #5 | D. Nickoloff (GAB) | M. Schwartz (Royal) | Status report on claim investigation. Discloses substance of Royal's communications with outside counsel. | Redacted version produced. Contains irrelevant reserve information.  Attorney-Client. |

| Date | Bates No. for the Priv. Doc. | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 04/25/02 | RSL P Log 0564 | Letter | Outside counsel | M. Schwartz (Royal), cc: D. Nickoloff (GAB) | Re: claim analysis | Withheld. Attorney-Client. |
| 04/29/02 | RSL P Log 0565 | E-mail | D. Nickoloff (GAB) | M. Schwartz (Royal) | Re: claim analysis. | Redacted version produced. Attorney-Client. |
| 04/30/02 | RSL P Log 0566 | E-mail | M. Schwartz (Royal) | D. Nickoloff (GAB) | Re: claim analysis. Discloses substance of communications with Royal's counsel. | Redacted version produced. Attorney-Client. |
| 02/21/03 | RSL P Log 0596 | Fax Cover Sheet | GAB | S. Wedemeyer (BMP) | Re: claim investigation. | Redacted version produced. Attorney-Client. |
| 02/24/03 | RSL P Log 0597 - 0633 | GAB Status Report #16 (mis-marked #11) | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of Royal's communications with outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/25/03 | RSL P Log 0634 - 0643 | GAB Status Report #17 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/24/03 | RSL P Log 0644 - 0646 | GAB Status Report #18 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |

#532032.1

Pg. 2 of 4

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|------|------|------|------|------|------|------|
| 05/16/03 | RSL P Log 0647 - 0648 | GAB Status Report #19 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client; also contains irrelevant reserve and reinsurance information. |
| 07/21/03 | RSL P Log 0649 - 0650 | GAB Status Report #20 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 09/24/03 | RSL P Log 0651 - 0652 | GAB Status Report #21 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 12/23/03 | RSL P Log 0653 - 0654 | GAB Status Report #22 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/24/04 | RSL P Log 0655 - 0656 | GAB Status Report #23 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |

#512032.1

| Date | Bates No. for the Priv. Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 03/25/04 | RSL P Log 0657 - 0660 | GAB (independent adjuster) Service Invoice | GAB | Royal | GAB invoice to Royal; includes services provided by GAB during litigation. | Withheld.  Work Product. |
| 06/24/04 | RSL P Log 0661 - 0717 | GAB Status Report #24 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status update re: ongoing claim/litigation.  Report/enclosures disclose substance of communications with Royal's counsel. | Withheld.  Attorney-Client; Work Product; also contains irrelevant reserve information. |

#532032.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-03-109** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**AFFIDAVIT OF JAY BROWN**</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day, personally appeared Jay Brown who, being duly sworn upon his oath according to law, did depose and state the following:

1.  "My name is Jay Brown. I reside in the State of Texas. I am over the age of twenty-one (21) years and am competent to make this affidavit. I have never been convicted of a felony or any other crime involving moral turpitude. I have personal knowledge of the facts set forth in this affidavit, and those facts are true and correct.

2.  I am an attorney and a partner with the law firm of Beirne, Maynard & Parsons, L.L.P. and have been licensed to practice law in the State of Texas since 1984. For several years I have provided legal services to Royal Surplus Lines Insurance Company ("Royal"), Resurgens Specialty Underwriting, Inc, and other entities related to Royal & Sun Alliance (collectively referred to as "Royal" for simplicity). I was asked to and have, in fact, provided legal services to Royal in connection with claim and coverage issues arising from Policy Nos. KHT 307564; KHT 308599; KHT 310355; and KHT 318271 and the insured, Brownsville Independent School District ("BISD"), as well as the resulting litigation. As a result, I am familiar with the claim, this litigation, and our file.

3.  During the course of providing legal services to Royal in connection with the subject claim, documents containing and reflecting confidential attorney-client communications were

generated, regarding coverage issues arising from Policy Nos. KHT 307564; KHT 308599; KHT 310355; and KHT 318271, the insured, and this litigation. Attached hereto as Exhibit A to this Affidavit is a list of documents by description which contain or reflect confidential attorney-client communications among my firm and Royal employees, representatives, and/or agents. These documents containing confidential communications among my firm and Royal employees, representatives, or agents were intended to be and were kept confidential, and were made for the purposes of facilitating the rendition of professional legal services.

4.    Also listed by description are documents which contain or reflect confidential attorney-client communications, as well as work product. These documents, created after this lawsuit was filed in June 9, 2003, contain confidential communications among my firm and Royal employees, representatives, or agents that were intended to be and were kept confidential, and were made for the purposes of facilitating the rendition of professional legal services."

FURTHER AFFIANT SAYETH NOT.

JAY BROWN

SWORN TO AND SUBSCRIBED this _18th_ day of _Aug._, 2004.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission expires: _3/14/05_

LYDIA Y. GARZA
Notary Public, State of Texas
My Commission Expires 03/14/05

## EXHIBIT A

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 12/03/01 - 03/24/04 | RSL P Log 0001 - 0008 | GAB Activity Report (detailed invoice to Royal) | D. Nickoloff (GAB independent adjuster) | Royal | Detailed summary of the independent adjuster's activities; discloses work product (after 6/9/03); also discloses substance of communications with Royal's counsel. | Attorney-Client, Work Product. Royal produced redacted report for entries up until 6/9/03. All entries after lawsuit was filed on 6/9/03 have been redacted. |
| 02/21/03 | RSL P Log 0105 - 0129 | Fax Cover Sheet | GAB | S. Wedemeyer (BMP) | Re: claim investigation. | Redacted version produced. Attorney-Client. |
| 02/24/03 | RSL P Log 0130 - 0140 | GAB Status Report #16 (mis-marked #11) | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of Royal's communications with outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/25/03 | RSL P Log 0149 - 0157 | GAB Status Report #17 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/24/03 | RSL P Log 0223 - 0225 | GAB Status Report #18 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |

#531678.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|------|------|------|------|------|------|------|
| 05/16/03 | RSL P Log 0250 - 0251 | GAB Status Report #19 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client; also contains irrelevant reserve and reinsurance information. |
| 06/24/03 | RSL P Log 0315 - 0316 | Royal Narrative Report | Royal | | Royal internal captioned narrative report, which discloses communications and analysis by its outside counsel, and litigation strategy. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |
| 07/21/03 | RSL P Log 0318 - 0319 | GAB Status Report #20 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 09/24/03 | RSL P Log 0321 - 0322 | GAB Status Report #21 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 12/23/03 | RSL P Log 0348 - 0349 | GAB Status Report #22 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |

Pg. 2 of 6

#531678.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|------|------|------|------|------|------|------|
| 3/23/04 | RSL P Log 0440 - 0443 | GAB Status Report #23 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/25/04 | RSL P Log 0444 - 0446 | GAB (independent adjuster) Service Invoice | GAB | Royal | GAB invoice to Royal; includes services provided by GAB during litigation. | Withheld. Work Product. Also contains irrelevant handwritten notes re: reinsurance. |
| 06/23/04 | RSL P Log 0460 - 0471 | Letter | S. Wedemeyer (BMP) | D. Nickoloff (GAB) | Deposition and Motion to Quash in ongoing litigation. Discloses analysis and strategy. | Withheld. Attorney-Client, Work Product. |
| 06/23/04 | RSL P Log 0472 - 0482 | Fax/Letter | S. Wedemeyer (BMP) | D. Nickoloff (GAB) | Deposition and Motion to Quash in ongoing litigation. Discloses analysis and strategy. | Withheld. Attorney-Client, Work Product. |
| 06/24/04 | RSL P Log 0483 - 0514 | GAB Status Report #24 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |
| 06/25/04 | RSL P Log 0515 - 0516 | Fax | M. Schwartz (Royal) | Wellington Underwriting, Inc. | Royal forwards letter from outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reinsurance information. |
| 06/25/04 | RSL P Log 0518 | Letter | Royal | Willis Re-Atlanta | Royal forwards letter from outside counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reinsurance information. |

Pg. 3 of 6

#531678.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 12/03/01 - 06/23/04 | RSL P Log 0519 - 0527 | GAB Activity Report (detailed invoice to Royal) | D. Nickoloff (GAB independent adjuster) | Royal | Detailed summary of the independent adjuster's activities; discloses work product (after 6/9/03); also discloses substance of communications with Royal's counsel. | Attorney-Client, Work Product. Royal produced redacted report for entries up until 6/9/03. All entries after lawsuit was filed on 6/9/03 have been redacted. |
| 02/21/03 | RSL P Log 0596 | Fax Cover Sheet | GAB | S. Wedemeyer (BMP) | Re: claim investigation. | Redacted version produced. Attorney-Client. |
| 02/24/03 | RSL P Log 0597 - 0633 | GAB Status Report #16 (mis-marked #11) | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of Royal's communications with outside counsel. | Redacted version produced. Attorney-Client. Contains irrelevant reserve information. |
| 03/25/03 | RSL P Log 0634 - 0643 | GAB Status Report #17 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 04/24/03 | RSL P Log 0644 - 0646 | GAB Status Report #18 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Contains irrelevant reserve information. Attorney-Client. |
| 05/16/03 | RSL P Log 0647 - 0648 | GAB Status Report #19 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on claim investigation; discloses substance of communications with Royal's outside counsel. | Redacted version produced. Attorney-Client; also contains irrelevant reserve and reinsurance information. |

#531678.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|---|---|---|---|---|---|---|
| 07/21/03 | RSL P Log 0649 - 0650 | GAB Status Report #20 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 09/24/03 | RSL P Log 0651 - 0652 | GAB Status Report #21 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | Status report on ongoing claim/litigation; discloses communications with Royal's outside counsel. | Withheld. Attorney-Client; also contains irrelevant reserve information. |
| 12/23/03 | RSL P Log 0653 - 0654 | GAB Status Report #22 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/24/04 | RSL P Log 0655 - 0656 | GAB Status Report #23 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status report on claim/ongoing litigation; discloses substance of communications with Royal's outside counsel. | Withheld. Attorney-Client; Work Product; contains irrelevant reserve information. |
| 03/25/04 | RSL P Log 0657 - 0660 | GAB (independent adjuster) Service Invoice | GAB | Royal | GAB invoice to Royal; includes services provided by GAB during litigation. | Withheld. Work Product. |

Pg. 5 of 6

#531678.1

| Date | Bates No. for the Priv Doc | Document Type | Author | Recipients | Description/Subject | Withheld/Redacted (Objection/Privilege) |
|------|------|------|------|------|------|------|
| 06/24/04 | RSL P Log 0661 - 0717 | GAB Status Report #24 | D. Nickoloff (GAB) | M. Schwartz (Royal), cc: J. Brown (BMP), cc: S. Wedemeyer (BMP) | GAB status update re: ongoing claim/litigation. Report/enclosures disclose substance of communications with Royal's counsel. | Withheld. Attorney-Client; Work Product; also contains irrelevant reserve information. |

#531678.1