IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

AUG 3 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk D. Chumma

| | |
|---|---|
| ROYAL SURPLUS LINES INS. CO., § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-109 |
| § | |
| BROWNSVILLE INDEP. SCH. DIST., § | |
| Defendant. § | |

## ORDER

Pending is Defendant Brownsville Indep. Sch. Dist.'s ("BISD") Expedited Motion to Compel. Docket No. 66. Plaintiff Royal Surplus Lines Ins. Co. ("Royal") has duly filed a response to the same. Docket No. 67. Having considered the motion and the response thereto, the Court hereby **DENIES** BISD's Expedited Motion to Compel without prejudice to reasserting the same in greater detail as outlined below.

Royal has submitted a privilege log and affidavits in support of its decision to withhold multiple documents from production on the grounds of the attorney-client privilege, the work-product doctrine, and relevance. BISD's argument in favor of compelling production of the same consists of a single conclusory allegation: "[a] cursory review of Royal's privilege log shows many of its claims of privileges are implausible" (emphasis added).

In a lawsuit in which federal jurisdiction is premised solely on complete diversity of the parties, attorney-client privilege is governed by the law of the forum state (Texas), while the work-product doctrine is governed by federal law. Navigant Consulting, Inc. v. Wilkinson, 220 F.R.D. 467, 473, 476 (N.D. Tex. 2004). The differences between federal and Texas law in this case, if any, are entirely negligible.

The party asserting these privileges carries the initial burden of proof. Varo, Inc. v. Litton Syss., Inc., 129 F.R.D. 139, 141 (N.D. Tex. 1989). Once the party asserting the privilege has made a prima facie showing of the privilege's validity, however, the burden shifts to the party that protests the invocation of privilege. See, e.g., In re E.I. DuPont De Nemours and Co., 136 S.W.3d 218, 223-27 (Tex. 2004) (per curiam); In re Monsanto Co., 998 S.W.2d 917, 925 (Tex. App.—Waco 1999). Such a prima facie showing may be made, and has been made in the instant case, by way of

sufficiently detailed affidavits and a privilege log.

Accordingly, this Court hereby **DENIES** Defendant BISD's Expedited Motion to Compel. Said denial, however, is without prejudice to the reassertion of the same, provided that any future motion to compel is sufficiently specific. Taken at face value, BISD's motion contains a concession that some of the asserted claims of privilege are valid. In the face of Royal's prima facie showing, any future motion should, at a minimum, identify specific documents and articulate specific reasons for rejecting a particular assertion of privilege and compelling production, rather than seeking in camera examination en masse.

Signed in Brownsville, Texas, this 30th day of August, 2004.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE