reduction or suspension of your "operations."

(3)   If you are denied access to the premises by action of a civil authority because of damage to adjacent property caused by a Covered Cause of Loss. This coverage will apply for up to two consecutive weeks from the date of that action.

**What we will pay for "Extra Expense:"**

If "loss" to Covered Property results in "Extra Expense" we will pay up to the Limit of Insurance shown on the Declarations all expenses that exceed normal operating expenses beginning with the date of "loss" and not limited by the expiration date of this policy as it should reasonably take to rebuild, repair or replace the damaged property.

We will deduct from the total of such expenses the salvage value that remains of any property bought for temporary use during the "period of restoration" once "operations" are resumed.

b.   **Loss of Income**

When a Limit of Insurance is shown on the Declarations we will pay the actual Loss of Income you sustain due to the necessary suspension of your "operations." The suspension must be caused by direct physical "loss" to the Covered Property. The "loss" must be caused by or result from a Covered Cause of Loss.

We will also cover Loss of Income you sustain:

(1)   If the premises where the property is located is damaged and you are prevented from using the Covered Property.

(2)   If the air conditioning or electrical system necessary for the operation of the Covered Property is damaged and this causes a reduction or suspension of your "operations."

(3)   If you are denied access to the premises by action of a civil authority because of damage to adjacent property caused by a Covered Cause of Loss. This coverage will apply for up to two consecutive weeks from the date of that action.

#541440

37

**What we will pay for Loss of Income:**

If "loss" to Covered Property results in total or partial suspension of your "operations" we will pay up to the Limit of Insurance shown on the Declarations.

(1) The actual Loss of Income you sustain beginning with the date of "loss" and not limited by the expiration date of this policy as it should reasonably take to rebuild, repair or replace the damaged property. We will deduct from this amount all charges and expenses which do not necessarily continue during the "period of restoration."

(2) All necessary expenses that you incur to reduce Loss of Income, other than expenses for putting out a fire.

But we will not pay more than the actual amount by which the Loss of Income is reduced.

You must take all reasonable steps to minimize your Loss of Income either by making partial use of your own property or property of others to continue your "operations."

B. **EXCLUSIONS**

1. We will not pay for a "loss" caused by or resulting from:

    a. Delay, loss of use, loss of market or any other consequential loss.

    b. Wear and tear, any quality in the property that causes it to damage or destroy itself, hidden or latent defect, gradual deterioration or depreciation.

    * * *

    f. Corrosion, rust, dampness or dryness, cold or heat, extremes or changes in temperature.

    But we will pay for such "loss" resulting from direct physical "loss" to the air conditioning system that services the Covered Property if the damage to such property is caused by a Covered Cause of Loss.

    * * *

#541440

38

     e.    **Water**

         (1)    Flood, surface water, waves, tides, tidal waves, overflow of any body of water or their spray, all whether driven by wind or not;

                    \* \* \*

         (3)    Water that backs up from any sewer or drain;

         (4)    Water that seeps, leaks or flows from below the surface of the ground; or

                    \* \* \*

**C.**    **LIMITS OF INSURANCE**

The most we will pay for "loss" in any one occurrence is the applicable Limit of Insurance shown on the Declarations.

**D.**    **DEDUCTIBLE**

We will not pay for "loss" or damage in any one occurrence until the amount of loss or damage exceeds the Deductible shown in the Declarations. We will then pay the amount of loss or damage in excess of the Deductible, up to the applicable Limit of Insurance, after any deduction required by the Coinsurance condition.

                    \* \* \*

    3.    **Duties In The Event of Loss or Damage**

        a.    You must see that the following are done in the event of loss or damage to Covered Property:

                    \* \* \*

         (2)    Give us prompt notice of the loss or damage. Include a description of the property involved.

         (3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.

         (4)    Take all reasonable steps to protect the Covered Property from further damage by a Covered Cause of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a

record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim. This will not increase the Limit of Insurance.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while no the presence of any other insured and at such times as may be reasonably required about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

4. **Loss Payment**

a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1) Pay the value of lose or damaged property;

(2) Pay the cost of repairing or replacing the lost or damaged property;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quantity.

\* \* \*

#541440

40

F.  **DEFINITIONS**

\* \* \*

2.  "Loss" means accidental loss or damage.

3.  "Electronic Media" means all forms of data including computer instructions and programs which are converted to a form usable in your "operations." This also includes the materials on which the data is recorded.

4.  "Extra Expense" means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical "loss" to the property.

5.  "Operations" means your business activities occurring at the described premises.

6.  "Period of Restoration" means the period of time that:

    a.  Begins with the date of direct physical "loss" or damage caused by or resulting from any Covered Cause of Loss at the described premises; and

    b.  Ends of the date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality.

    "Period of restoration" does not include any increased period required due to the enforcement of any ordinance or law that regulates the construction, use or repair, or requires the tearing down of any property.

    The expiration date of this policy will not cut short the "period of restoration."

\* \* \*

34.  There may be other terms and conditions in the Royal Policies that apply to, limit, preclude or otherwise impact Royal's coverage for BISD's claims.

## V. CLAIM FOR DECLARATORY JUDGMENT

35.  Royal hereby incorporates by reference the preceding paragraphs.

#541440

36. Pursuant to 28 U.S.C. § 2201 and Chapter 37 of the TEX. CIV. PRAC. & REM. CODE (Uniform Declaratory Judgment Act), Royal requests that the Court declare its coverage obligations under the Royal Policies relative to the first-party property claims made thereunder by BISD. Specifically, Royal requests that the Court declare the following:

    a. Whether BISD fully complied with all applicable terms, conditions, conditions precedent and duties of the insured under the Royal Policies;

    b. Whether the application of the facts to the various policy provisions establishes coverage under one or more of the Royal Policies for any of the loss or damage to Aiken and Besteiro claimed by BISD.

37. Royal requests that the Court make such other and further declarations as may be appropriate.

## VI. REQUEST FOR ATTORNEY'S FEES AND COSTS

38. Royal hereby incorporates by reference the preceding paragraphs.

39. Royal respectfully requests that the Court award Royal its reasonable and necessary attorney's fees and costs incurred in the prosecution of this declaratory judgment action.

## VII. PRAYER

Wherefore, Plaintiff Royal Surplus Lines Insurance Company prays that Defendant BISD be cited to appear and answer herein, and that upon trial hereof, the Court (i) declare the parties' rights and obligations under the Royal Policies relating to the Aiken and Besteiro schools in Brownsville, Texas, including a declaration of whether Royal owes coverage to BISD under one or more of the Royal Policies for the claimed loss or damage to Aiken and Besteiro, (ii) grant

Royal its reasonable and necessary attorney's fees and costs, and (iii) award Royal all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*[signature]* *

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF,
ROYAL SURPLUS LINES INSURANCE
COMPANY**

\* by express permission by
John V. Trevino

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

#541440

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Royal's First Amended Complaint was served on counsel of record for BISD on October 1, 2004, as follows:

| | |
|---|---|
| Craig S. Smith<br>LAW OFFICE OF CRAIG S. SMITH<br>14493 S.P.I.D., Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via Certified Mail/Return Receipt Requested* |
| Baltazar Salazar<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail Return Receipt Requested* |
| Ramon Garcia<br>LAW OFFICE RAMON GARCIA, P.C.<br>222 W. University<br>Edinburg, Texas 78539 | *Via Certified Mail Return Receipt Requested* |

*Attorneys for Defendant BISD*

_____
Stephen R. Wedemeyer

*#with express permission by John V. Fuertz*

#541440

44