United States District Court
Southern District of Texas
FILED

OCT 1 5 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| | § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

## PLAINTIFF ROYAL'S MOTION TO ENFORCE COURT ORDERS, AND FOR SANCTIONS

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company (Royal) files its Motion to Enforce Court Orders, and for Sanctions, respectfully showing:

### I.
### SUMMARY OF MOTION

1. Royal has served several sets of discovery on its insured, Defendant/Counter-Plaintiff, Brownsville Independent School District ("BISD"), so that Royal may determine BISD's insurance claim and positions in this lawsuit, as well as any bases for same. As set forth in Royal's Motion to Compel Discovery (Doc. 28), BISD has wholly failed to comply with its discovery obligations in many regards. Some of the more basic issues were addressed during the June 29, 2004 hearing that all parties attended in Brownsville.

2.  BISD has failed to comply with, and Royal hereby seeks to enforce, the following Court Orders:

◊ **Court Order for BISD to verify its interrogatory responses;**

◊ **Court Order for BISD to produce its settlement agreements concerning damage to Aiken and Besteiro;**

◊ **Court Order for BISD to identify its trial expert witnesses; and**

◊ **Court Order for BISD to identify any witnesses who will testify as to "water damage," as defined by the Royal Policy, at the schools.**

3.  Because of BISD's continuing disregard of its obligations under the Federal Rules of Civil Procedure, including BISD's failure to comply with various orders of this Court, Royal (again) reluctantly seeks relief from this Court. Royal has brought these discovery issues to BISD's attention (Royal's latest effort is an October 5, 2004 letter, attached as **Exh. A**), but BISD refuses to even acknowledge Royal's correspondence.

## II.
## FACTUAL BACKGROUND

4.  This is an insurance coverage dispute involving alleged water damage and mold contamination over the course of several years at two adjoined schools, Besteiro Middle School and Aiken Elementary, in Brownsville, Texas. Both Aiken and Besteiro have suffered from problems associated with high humidity, water intrusion, and poor indoor air quality, including mold/mildew, that began around the time that each school opened in the mid-1990s. The primary conclusion by most engineers over the years, including those retained by BISD, has been that the defective HVAC system has caused an excessively damp

environment, where the relative humidity inside the schools exceeded 60% and provided a perfect environment for the development of mold.

5. BISD made an insurance claim with its property insurer, Royal, in November 2001 under a policy effective April 1, 2001 until April 1, 2002. Months later, BISD expanded its claim to seek recovery for the first time under other Royal policies effective September 1, 1996 until April 1, 2001. In January 2003, BISD finally submitted a sworn statement in proof of loss, as requested by Royal and required by the policies. The proof of loss advised only that BISD was making a claim for a "loss by covered causes of loss," and that the property loss occurred "at an unknown date and time." The proof of loss simply advised Royal that the cause(s) and origin of the claimed loss were "mold manifestations," and, notably, failed to identify the claimed cause of the loss or the claimed date(s) of the loss.

6. Royal filed this declaratory judgment action on June 9, 2003. BISD filed a counterclaim against Royal on December 12, 2003. The pleading deadline was October 1, 2004. The Court's two discovery deadlines are October 15, 2004 and October 29, 2004. Royal is required to supplement its various motions for summary judgment, if necessary, by October 29, 2004. This matter is set for trial on the March 2005 trial docket.

7. In order to discover BISD's contentions in this lawsuit (including basic information about its insurance claim), and in an attempt to narrow the issues in this case for dispositive motions and/or trial, Royal served BISD with the following written discovery:

(1) Royal's First Request for Production Nos. 1-87 (served 12/10/03);[1]

---

[1] BISD's Objections and Responses to Royal's First Request for Production are attached as Exhibit B to Royal's March 9, 2004 Motion to Compel (Doc. 28).

3

 (2) Royal's Interrogatory Nos. 1-14 (served 12/10/03);[2]

 (3) Royal's First Request for Admissions Nos. 1-72 (served 12/17/03);[3]

 (4) Royal's Interrogatory Nos. 15-19 (served 12/18/03);[4]

 (5) Royal's Second Request for Production Nos. 1-19 (served 12/18/03);[5]

 (6) Royal's Second Request for Admissions Nos. 1-25 (served 12/18/03).[6]

 8. BISD served its responses to Royal's written discovery on January 16, 19 and 20, 2004. BISD provided little more than objections and produced no documents in response to the extensive discovery requests. BISD eventually offered a limited number of documents for inspection, but failed to produce many responsive documents that were in its possession. Although Royal attempted to address these and other discovery issues with BISD's counsel,[7] BISD refused to even respond, much less correct the many deficiencies in its discovery responses. As a result, Royal filed a Motion to Compel on March 9, 2004. *See* Doc. 28.

---

[2] BISD's Objections and Responses to Royal's Interrogatory Nos. 1-14 are attached as Exhibit C to Royal's March 9, 2004 Motion to Compel (Doc. 28).

[3] BISD's Objections and Responses to Royal's First Request for Admissions Nos. 1-72 are attached as Exhibit D to Royal's March 9, 2004 Motion to Compel (Doc. 28).

[4] BISD's Objections and Responses to Royal's Interrogatory Nos. 15-19 are attached as Exhibit E to Royal's March 9, 2004 Motion to Compel (Doc. 28).

[5] BISD's Objections and Responses to Royal's Royal Second Request for Production are attached as Exhibit F to Royal's March 9, 2004 Motion to Compel (Doc. 28).

[6] BISD's Objections and Responses to Royal's Second Request for Admissions are attached as Exhibit G to Royal's March 9, 2004 Motion to Compel (Doc. 28).

[7] *See* letters to BISD's counsel dated February 20, 2004 and February 24, 2004, attached as Exhibits H and I to Royal's March 9, 2004 Motion to Compel (Doc. 28).

9. The Court considered some of the issues in Royal's Motion to Compel at the June 29, 2004 hearing. At the hearing, the Court Ordered BISD to: (1) verify its interrogatory responses; (2) produce its settlement agreements concerning damage to Aiken and Besteiro; (3) identify its trial expert witnesses; and (4) identify any witnesses who will testify as to the identification of "water damage" at the schools, as defined by the Royal Policy.

### III.
### COURT ORDER FOR BISD TO VERIFY BISD'S
### INTERROGATORY RESPONSES TO ROYAL

10. Royal served very precise interrogatories aimed at learning BISD's contentions as to the timing, scope, and cause of the alleged mold contamination. FED. R. CIV. P. 33(b)(1) provides that "each interrogatory shall be answered separately and fully in writing *under oath*...." BISD provided little in the way of responsive information, and contrary to Rule 33(b)(1), failed to verify its interrogatory responses. Since serving its responses in January 2004 and its supplementary responses in March 2004, BISD has continued to refuse to provide a verification for any of its "responses." Royal has asked many, many times for a verification so that Royal may determine whether the witness should be deposed, but remarkably and without explanation, BISD refuses to provide one.

11. On June 29, 2004, **BISD was ordered by the Court to verify its responses, and BISD's counsel agreed to do so:**

> MR. BROWN: Your Honor, .....We learned more here today about these settlements that we've inquired about so long, we'd like to have the documentation on those settlements produced. **And we've also been asking that their interrogatories be verified since February or so; and in our last telephonic conference, the representation**

> was made that they would be verified. They still haven't been verified.
>
> * * *
>
> **THE COURT:** Now, and let's also verify the interrogatory answers.
>
> **MR. SALAZAR:** Yes, Your Honor.

See **Exh. B,** June 29, 2004 Hearing Transcript, pp. 42-43 (emphasis added).

12. Nevertheless, BISD has blatantly ignored the Federal Rules, the Court's June 29, 2004 Order, and its promise to provide a verification. On October 5, 2004, Royal sent a letter to BISD reminding them yet again that BISD had still not verified their interrogatory responses. (See **Exh. A,** Letter, at p. 15). BISD never responded. Accordingly, Royal asks that the Court: order BISD (again) to comply with its obligations under the Federal Rules and verify all responses and supplemental responses to Royal's interrogatories, enforce its June 29, 2004 Order, and levy an appropriate sanction against BISD under Rule 37 for BISD's continuing discovery abuse and blatant disregard for the Court's Orders and the Federal Rules.

## IV.
## COURT ORDER FOR BISD TO PRODUCE ITS SETTLEMENT AGREEMENTS CONCERNING AIKEN AND BESTEIRO

33. In addition to the insurance claims made against Royal, BISD has asserted numerous claims against other insurers and contractors over the past three-plus years concerning the condition of Aiken and Besteiro, including high humidity, mold and other damage. Numerous claims have been resolved by BISD, resulting in BISD being paid *at least* several hundred thousand dollars. Since December 2003, Royal has been asking that

BISD disclose the terms of its many settlement agreements concerning Aiken and Besterio. Royal served the following discovery on BISD in December 2003:

> **Interrogatory No. 5**: Please identify the terms of any and all oral or written Mary Carter agreements, **settlement agreements**, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings", releases or any similar agreement between BISD and any other person or entity that relates to (1) **water damage or mold** or other fungal contamination at or construction or maintenance of the **Subject Schools**, or (2) the events and issues giving rise to this lawsuit and/or the Subject Claim.
>
> **First Request for Production No. 71**: Any and all Mary Carter agreements, **settlement agreements**, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings," releases or any similar agreement between BISD and any other person or entity that relates to (1) water damage, mold or other fungal contamination at, or the construction or maintenance of one or more of the subject schools since 1994, or (2) the events and issues giving rise to this lawsuit, and/or the subject claim.
>
> **Second Request for Production No. 18**: Any and all documents reflecting any **payments made to BISD** by or on behalf of any contractor involved in the design or construction of the Subject Schools as a result of any claim asserted by BISD (during or outside of litigation) relating to water leaks, water intrusion, water damage, plumbing or HVAC problems, excessive humidity, mold, mildew, or fungal contamination at Aiken and/or Besteiro.

13.    Royal, of course, is entitled to know the amount of dollars paid to BISD for essentially the same damage claimed against Royal. BISD's corporate representative and general counsel, Miguel Saldana, confirmed during his deposition on July 23, 2004, that BISD has settled with RBM Engineering, the Mijares Mora Group and CRC Engineering for a total of approximately $500,000, and that BISD has copies of written settlement agreements with each entity. *See* **Exh. C**, Miguel Saldana Deposition, pp. 73-74. Further, BISD's counsel confirmed these settlements in open court on June 29, 2004. *See* **Exh. B**, Hearing Transcript, pp. 42-43.

14.    Despite comprehensive discovery requests outstanding for many months, and

many inquiries from Royal's counsel, BISD has never produced these settlement agreements.[8] **The Court ordered BISD to produce them on June 29, 2004** (Transcript, **Exh. B.**, p. 43), and **BISD's counsel agreed to produce them**, as ordered (*id.*, at p. 43):

> MR. BROWN: Your Honor, .....We learned more here today about these settlements that we've inquired about so long, **we'd like to have the documentation on those settlements produced.** And we've also been asking that their interrogatories be verified since February or so; and in our last telephonic conference, the representation was made that they would be verified. They still haven't been verified.
>
> **THE COURT: Let's take those one at a time. Are the settlements confidential or confidentiality agreements in there?**
>
> MR. SALAZAR: No, Your Honor.
>
> **THE COURT: All right. Well, let's produce them.**
>
> **MR. SALAZAR: Yes, Your Honor.**

*See* **Exh. B,** Hearing Transcript, pp. 42-43.

15. Despite the Court's Order, BISD's discovery obligations under the Federal Rules, and BISD's representation to the Court at the June 29th hearing, BISD has refused to produce the Settlement Agreements. Since the hearing, Royal again tried to resolve the issue without the Court's intervention (*See* October 5th letter, **Exh. A**, p. 13), but BISD never responded. Accordingly, Royal asks that the Court: order BISD (again) to comply with its obligations under the Federal Rules and produce all settlement agreements, enforce its June 29, 2004 Order, and levy an appropriate sanction against BISD under Rule 37 for BISD's continuing discovery abuse.

---

[8] Indeed, in BISD's January 16, 2004 discovery responses, BISD erroneously claimed that none

## V.
## COURT ORDER FOR BISD TO IDENTIFY
## ITS TRIAL EXPERT WITNESSES

16. In BISD's March 12, 2004 Designation of Experts (Doc. 29), BISD designated twenty-six (26) experts. Of the twenty-six (26) witnesses designated, BISD indicated that only two were retained expert witnesses: Jim Bettis (designated as an expert on claims handling) and Ramon Garcia (designated as an expert on attorney's fees). BISD only produced one expert report – a brief report from Mr. Bettis that did not comply with Rule 26. BISD did not designate any "retained" expert on causation or damages, or produce any such reports with its March 2004 designation. BISD has never supplemented its expert designation or reports.

17. Other than the two "retained" experts, BISD listed twenty-four (24) others that BISD claimed had "not been retained by BISD in this matter, but were hired by BISD and/or others before this litigation ensued". *See* BISD's Expert Designation, Doc. 29, at p.2. Many of these twenty-four (24) witnesses are simply entities that were involved in the evaluation, repair and/or remediation of the schools over the years, and have never produced any report (much less a report complying with Rule 26).

18. BISD's Designation was unclear as to whom from its lengthy list BISD truly intended to call at trial or otherwise rely on to support its claims for coverage, damages, or alleged "bad faith." As a result, Royal asked that the Court order BISD to identify its expert witnesses that it intended to call at trial. Royal asked for such a ruling so that it could determine who it needed to depose before trial, given the dearth of reports produced by

---
existed.

BISD. The Court, understanding Royal's dilemma, ordered BISD to identify it trial experts:

> MR. BROWN: Yeah. Your Honor, **we would like to depose those experts that BISD intends to testify at trial**, if there's any way to accomplish that. That would require BISD to identify those that they intend to call at trial.
>
> THE COURT: Well, they might as well, because you're going to have to put them in your pretrial order anyway. So, I mean, **figure out, Mr. Salazar, who you're calling, and let them depose them.**
>
> * * *
>
> THE COURT: All right. Now, is there any need for me to talk about all these witnesses by name? I mean, because I -- these experts by name? Because I -- my -- my thought on this is, you know, if -- well, it's more than just a thought. **If you're going to call them, tell the other side, and the other side has the chance to either depose them or not depose them.** The other side can make that decision as they see fit, but I would -- I would strongly suggest that each of you **write each other a letter saying, "Here's who I'm going to call. Do you want to depose him?"**
>
> MR. BROWN: Yes, Your Honor.
>
> THE COURT: So each of you can -- when we have this fight at trial, you can say, "Judge, here's my letter of July 15th where I told them every little expert I was going to call. And he knew about it, and it's not my fault he chose not to depose him." I mean, you know, the amount of money at stake in the pleadings here justifies going forward with this. You know, but that's your clients' decision. You may have the report, and the report may be so detailed you can't just imagine him saying anything else; and if that's the case, you may choose not to depose the guy. Or he may write a report that's so favorable to the other side, you may not want to depose him.

*See* **Exh. B**, June 29, 2004 Hearing Transcript, pp. 50-53 (emphasis added).

19. Despite the Court's clear mandate to the parties, BISD has refused to identify the experts it intends to call at trial. On October 5, 2004, Royal sent a letter to BISD requesting that BISD comply with the Court's June 29, 2004 Order. *See* Letter, **Exh. A**, pp. 16-17. BISD never responded. Accordingly, Royal asks that the Court: order BISD (again)

to comply with its obligations, order BISD to identify its trial expert witnesses, in writing, within five (5) days, order BISD to present the identified trial expert witnesses for deposition within fourteen (14) days, and enforce its June 29, 2004 Order. Royal would further ask that it be allowed the opportunity to depose any "experts" that BISD, in compliance with the Court's Order, subsequently indicates that it intends to call at trial. Additionally, Royal asks that it be allowed to supplement its motions for summary judgment with any additional expert testimony that BISD offers in compliance with the Court's June 29, 2004 Order.

## VI.
## COURT ORDER FOR BISD TO IDENTIFY FACT WITNESSES WHO WILL TESTIFY AS TO WATER DAMAGE

20. The Royal Policies define the term "water damage" very precisely as "accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of any part of a system or appliance . . .containing water or steam." Without any evidence, BISD has alleged, in response to Royal's Motion for Summary Judgment that "water damage" at the schools provides a basis for coverage under the Royal Policies. Thus, the identification of any evidence of alleged "water damage" is critical.

21. Royal has repeatedly asked that BISD identify any claimed "water damage" so that Royal may investigate and assess potential coverage under the policies for any such "water damage." Royal's Interrogatory No. 4 (served on BISD in December 2003) asked that BISD:

> Identify any and all any **accidental discharges or leakages of water** as the direct result of the **breaking apart or cracking** of any part of a system or appliance at Aiken or Besteiro containing water or steam that caused any damage made the

subject of the Subject Claim or claimed in this lawsuit. (For each occurrence identified, your response should include: date; precise location of the event; identity of system containing water or steam; how, when and by whom the event was discovered; and any resulting water and/or mold damage).

22.  BISD has refused to respond to this interrogatory or identify any alleged accidental discharges or leakages of water at Aiken or Besteiro that allegedly caused any damage claimed in this lawsuit. Likewise, despite Royal's numerous discovery requests, BISD has refused to identify/produce any documents or witnesses that purport to identify "water damage."

23.  On June 29, 2004, the Court ordered BISD to identify any witnesses that it intended to call at trial to identify alleged "water damage," in order to prevent a trial by ambush:

> THE COURT: Yeah, but here's what I don't want to have happen. I don't want to have -- let's take an expert, for example, Mr. Smith. He's done work on one of the schools, and he's renovated one of the floors or however -- the areas that are in question, and he's provided a report to Mr. – to Mr. Brown, and Mr. Brown has deposed him based on that report. I don't want him coming up with something that's not in that report, okay? Now, if it's not in that report and, for instance, he's got personal knowledge or whatever of it, I want you or -- and this works both ways. **I want the lawyers to make sure the other side knows, hey, you need to ask him about the second floor bathroom because he knows there was a leak there. What I don't want is either side to be surprised by any testimony at trial, okay?** I want you to know what it is because it's the only way you can analyze your positions. So, you know, if he's provided – just because he's provided a report and just because he's been deposed, if it's not in the report, you know, that's -- that's kind of misleading if there's no other way that Mr. Brown will know about it. And again, this goes both ways.
>
> MR. BROWN: Right.
>
> THE COURT: So do you understand what I'm saying?

> MR. SALAZAR: Yes, Your Honor.
>
> THE COURT: I mean, **I want each side to know about it.**
>
> MR. BROWN: We're certainly not going to depose all the experts in the case, because there's been dozens that have gone out there and looked at the schools.
>
> THE COURT: All right.
>
> MR. BROWN: But they've all written reports, and they've all been produced.
>
> THE COURT: For instance, because if that's the case, **Mr. Salazar, the burden is on you. If you've got an expert that has information that's not in the reports, you need to make sure they do a supplemental report and get it to them so they know about it.**
>
> MR. SALAZAR: Yes, Your Honor.
>
> THE COURT: Okay. Because I don't -- I mean, you know, and if there's -- if it's in there, obviously I'm going to let him testify about it even if you haven't deposed him.
>
> MR. BROWN: Absolutely.

See **Exh. B**, Hearing Transcript, pp. 41-42.

24. Despite the Court's Order and BISD's discovery obligations (as well as its burden to prove that its claims come within coverage of the Royal Policy), BISD has not identified any fact or expert witness that has such knowledge of "water damage," nor has BISD produced any document that identifies any "water damage."

25. In response to the Court's June 29, 2004 Order, on October 5, 2004, Royal wrote to BISD again and asked that BISD comply:

> In compliance with the Court's June 29, 2004 mandate to BISD, Royal requests that BISD immediately identify in writing:

(1) **any witnesses that claim to have knowledge or evidence of "water damage"** (as defined by the Royal Policy to mean "accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of any part of a system or appliance . . . containing water or steam") **at either Aiken or Besteiro** [*See* Hearing Transcript, pp. 41-42], **and**

(2) **those experts that BISD intends to have testify at trial.** [Hearing Transcript, pp. 50-52].

*This will ensure that Royal has the opportunity to depose any person that BISD claims supports its (1) contention/claim that BISD is entitled to insurance coverage under one or more of the Royal Policies for the alleged damages and losses at Aiken and Besteiro, and/or (2) BISD's alleged damages.*

*See* **Exh. A**, October 5th letter, at pp. 16-17. BISD never responded to Royal's October 5th letter.

26. Because BISD has failed to comply with the Court's June 29th Order and BISD's discovery obligations, Royal asks that the Court preclude BISD from calling any witness or offering any previously-undisclosed testimony concerning the occurrence, location of, timing of, cause of, or damage allegedly caused by any "water damage" at either Aiken or Besteiro.

## VII.
## CONCLUSION

27. For all the reasons provided herein, Plaintiff Royal Surplus Lines Insurance Company asks that the Court grant Royal's Motion to Enforce Court Orders and for Sanctions, and order BISD to, within seven (7) days, comply with all court orders, including those requiring BISD to (1) verify its interrogatory responses; (2) produce its settlement agreements concerning damage to Aiken and Besteiro; (3) identify its trial expert witnesses;

and (4) identify any witnesses who will testify as to the identification of any alleged "water damage" at the schools, as defined by the Royal Policy. Royal also requests that the Court sanction BISD in an appropriate amount to be determined by the Court, but in an amount no less than $1,000. Royal requests all other just relief.

                                  Respectfully submitted,

                                  _____ w/p
                                **Jay W. Brown**
                                State Bar No. 03138830
                                SDT No. 1314
                                1300 Post Oak Blvd., Suite 2400
                                Houston, Texas  77056
                                Telephone:  (713) 623-0887
                                Facsimile:  (713) 960-1527

                                **ATTORNEY-IN-CHARGE FOR
                                PLAINTIFF ROYAL SURPLUS
                                LINES INSURANCE COMPANY**

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

15

## CERTIFICATE OF CONFERENCE

Counsel for Royal Surplus has attempted to confer with opposing counsel numerous times, including writing numerous letters addressing these issues, then filing motions to compel, and its latest attempt on October 5, 2004 (Letter attached as **Exhibit A**).

_____
Counsel for Plaintiff, Royal Surplus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on October 15, 2004, as follows:

| | |
|---|---|
| Baltazar Salazar<br>1612 Winbern<br>Houston, Texas 77004 | *Via CM/RRR and facsimile* |
| Craig S. Smith<br>LAW OFFICE OF CRAIG S. SMITH<br>14493 S.P.I.D., Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via U.S. Mail* |
| Ramon Garcia<br>Catherine Smith<br>LAW OFFICE RAMON GARCIA, P.C.<br>222 W. University<br>Edinburg, Texas 78539 | *Via U.S. Mail* |

*Attorneys for Defendant BISD*

_____
Jay W. Brown

#545008v1