# EXHIBIT "B"

```
                                                                    1
1              IN THE UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF TEXAS
2                    BROWNSVILLE DIVISION

3    _____
                                   )
     ROYAL SURPLUS LINES INSURANCE )
4    COMPANY                       )
                                   )
5                                  ) CIVIL ACTION NO.
     VS.                           ) B-03-109
6                                  )
     BROWNSVILLE INDEPENDENT SCHOOL)
7    DISTRICT                      )
     _____)
8

9                      MOTIONS HEARING
          BEFORE THE HONORABLE ANDREW S. HANEN
10                    JUNE 29, 2004

11   APPEARANCES:

12   For the Plaintiff:      Mr. Jay W. Brown
                             Mr. Stephen Russell Wedemeyer
13                           Beirne, Maynard & Parsons, L.L.P.
                             1300 Post Oak Boulevard, Suite 2500
14                           Houston, Texas   77056

15   For the Defendant:      Mr. Baltazar Salazar
                             1612 Winbern
16                           Houston, Texas   77004

17   For the Defendant:      MR. CRAIG STEPHEN SMITH
                             14493 SPID
18                           Suite A, PMB 240
                             Corpus Christi, Texas   78418
19
     For the Defendant:      MR. RAMON GARCIA
20                           MS. CATHERINE W. SMITH
                             Law Offices of Ramon Garcia
21                           222 W. University
                             Edinburg, Texas   78539
22
     For the Defendant:      MR. MIGUEL A. SALDANA
23                           Suite 109, 302 Kings Highway
                             Brownsville, Texas   78521
24

25
```

EXHIBIT B

**CERTIFIED COPY**

40

```
 1   if they don't provide the information, then -- and it's not
 2   provided later, then it's not coming in?
 3           THE COURT:  Yeah, I mean, because I -- but I'm --
 4           MR. BROWN:  So many of their --
 5           THE COURT:  I don't know what's different from what you
 6   just said that I just said, is what I'm worried about.
 7           MR. BROWN:  Well, the written discovery is what I'm
 8   concerned about because, for instance, we asked, you know,
 9   please identify, you know, any broken or cracked pipes.  And
10   sometimes the answer would be, well, this will be in our expert
11   reports.  Expert reports haven't been produced yet.  So then
12   when they finally designate experts, they just list the same
13   people whose reports we had already had for some time; and it's
14   not in there either, so I just don't want to be -- if it's not
15   there, it's not there.
16           THE COURT:  Okay.  Do you understand what he's saying?
17   Now, what am I --
18           MR. SALAZAR:  I understand.
19           THE COURT:  Before I get down the road, I want to know
20   if this is going to happen.
21           MR. SALAZAR:  I understand the court's ruling.  What the
22   court said and what Mr. Brown said are two different things.
23   The court said if it's part of the deposition, if it's either
24   discovery or supplemental discovery, which we've done a lot of,
25   or in any of the experts' reports, it can be used in trial.  If
```

41

```
 1    it's not, it won't for either side, correct?
 2         THE COURT:  Yeah, but here's what I don't want to have
 3    happen.  I don't want to have -- let's take an expert, for
 4    example, Mr. Smith.  He's done work on one of the schools, and
 5    he's renovated one of the floors or however -- the areas that
 6    are in question, and he's provided a report to Mr. -- to
 7    Mr. Brown, and Mr. Brown has deposed him based on that report.
 8    I don't want him coming up with something that's not in that
 9    report, okay?
10         Now, if it's not in that report and, for instance, he's got
11    personal knowledge or whatever of it, I want you or -- and this
12    works both ways.  I want the lawyers to make sure the other side
13    knows, hey, you need to ask him about the second floor bathroom
14    because he knows there was a leak there.  What I don't want is
15    either side to be surprised by any testimony at trial, okay?  I
16    want you to know what it is because it's the only way you can
17    analyze your positions.  So, you know, if he's provided -- just
18    because he's provided a report and just because he's been
19    deposed, if it's not in the report, you know, that's -- that's
20    kind of misleading if there's no other way that Mr. Brown will
21    know about it.  And again, this goes both ways.
22         MR. BROWN:  Right.
23         THE COURT:  So do you understand what I'm saying?
24         MR. SALAZAR:  Yes, Your Honor.
25         THE COURT:  I mean, I want each side to know about it.
```

1   MR. BROWN: We're certainly not going to depose all the
2   experts in the case, because there's been dozens that have gone
3   out there and looked at the schools.
4   THE COURT: All right.
5   MR. BROWN: But they've all written reports, and they've
6   all been produced.
7   THE COURT: For instance, because if that's the case,
8   Mr. Salazar, the burden is on you. If you've got an expert that
9   has information that's not in the reports, you need to make sure
10  they do a supplemental report and get it to them so they know
11  about it.
12  MR. SALAZAR: Yes, Your Honor.
13  THE COURT: Okay. Because I don't -- I mean, you know,
14  and if there's -- if it's in there, obviously I'm going to let
15  him testify about it even if you haven't deposed him.
16  MR. BROWN: Absolutely.
17  THE COURT: Okay. All right. What about any other --
18  any other fact witnesses? Now, some of these guys are experts
19  and fact witnesses. I understand that. I mean, they're
20  construction experts and they've --
21  MR. BROWN: Your Honor, in terms of not a fact witness,
22  but we learned more here today about these settlements that
23  we've inquired about so long, we'd like to have the
24  documentation on those settlements produced. And we've also
25  been asking that their interrogatories be verified since

43

1  February or so; and in our last telephonic conference, the
2  representation was made that they would be verified.  They still
3  haven't been verified.
4           THE COURT:  Let's take those one at a time.  Are the
5  settlements confidential or confidentiality agreements in there?
6           MR. SALAZAR:  No, Your Honor.
7           THE COURT:  All right.  Well, let's produce them.
8           MR. SALAZAR:  Yes, Your Honor.
9           THE COURT:  Now, and let's also verify the interrogatory
10 answers.
11          MR. SALAZAR:  Yes, Your Honor.
12          THE COURT:  Let's switch gears then.  Are we done?
13 Let's talk about experts.
14          MR. SALAZAR:  Yes, Your Honor.
15          THE COURT:  Well, hold on.  I -- I asked Mr. Brown about
16 documents that they hadn't gotten.  I didn't ask you about
17 documents you hadn't gotten.  Are there documents that the
18 school district is owed?
19          MR. SALAZAR:  Yes, Your Honor.  We've only -- we don't
20 have any documents from Royal's file.  We had a -- we requested
21 production early on, January or February.  We have gotten zero
22 documents to that response.  The only response we've gotten from
23 opposing counsel was all the discovery that we gave them.  They
24 Bates stamped it and gave it back to me.  We don't -- I have one
25 document from Royal's file that says it's a fax cover sheet

50

```
 1   motion to sever and there's bad faith that's still pending."
 2   Well, it's not pending.  The court has already ruled that that
 3   order has been denied.  They must produce it at this point.
 4        So we just want to make sure that they don't hide behind the
 5   same little song and dance that they started from day one; you
 6   know, "We still have this motion."
 7             THE COURT:  Well, I'm not necessarily agreeing or
 8   disagreeing with the song and dance part, but I'm ordering them
 9   to produce it.
10             MR. SALAZAR:  Thank you, Your Honor.
11             THE COURT:  And/or a log.
12             MR. SALAZAR:  Yes, sir.
13             MR. BROWN:  I understand, Your Honor.
14             THE COURT:  All right.  Does that take care of all the
15   documents that everybody needs?
16        Okay.  Let's talk about experts then.  Now, Mr. Brown has
17   already mentioned one expert that he wants to depose, and I
18   forgot his name.  It began with a B, I think.
19             MR. BROWN:  It was EFI.
20             THE COURT:  It's EFI's?  Okay.
21             MR. BROWN:  Yeah.  Your Honor, we would like to depose
22   those experts that BISD intends to testify at trial, if there's
23   any way to accomplish that.  That would require BISD to identify
24   those that they intend to call at trial.
25             THE COURT:  Well, they might as well, because you're
```

1  going to have to put them in your pretrial order anyway.  So, I
2  mean, figure out, Mr. Salazar, who you're calling, and let them
3  depose them.
4          MR. BROWN:  That's what we want.
5          MR. SALAZAR:  Would that be a two-way street, Your
6  Honor?
7          THE COURT:  Oh, yeah.  Absolutely.  Absolutely.  And
8  that's why I'm trying to build in some time.  Because these guys
9  are engineering types or construction types and there are
10 multiple of them, it's going to take some time.
11     And again, you know, my strong recommendation to y'all is
12 either, you know, agree that they're -- if they're BISD's
13 experts, we're going to depose them in Brownsville; and if
14 they're Royal's, we're going to depose them in Houston or
15 whatever is easiest.  I mean, y'all work with that.  I mean,
16 don't run each other through the wringer on where you're doing
17 it.  I mean, if the expert is in Houston and you guys are both
18 in Houston, you know, do it in Houston.
19         MR. BROWN:  We haven't had a problem with that, Your
20 Honor.
21         THE COURT:  Well, I think maybe you haven't had a
22 problem because you haven't got a deposition taken.
23         MR. BROWN:  It's just the dates that we seem to have a
24 lot of trouble with.
25         MR. SALAZAR:  It's been a problem, Your Honor.

1    THE COURT: Well, what I'm telling you, I don't referee
2    that, but my rule -- I'm just -- you know, I've already given
3    you my rule. So if you get in a fight, my rule is whoever is
4    producing the witness gets to choose where we're producing them.
5    MR. SALAZAR: Yes, Your Honor.
6    THE COURT: All right. Now, is there any need for me to
7    talk about all these witnesses by name? I mean, because I --
8    these experts by name? Because I -- my -- my thought on this
9    is, you know, if -- well, it's more than just a thought. If
10   you're going to call them, tell the other side, and the other
11   side has the chance to either depose them or not depose them.
12   The other side can make that decision as they see fit, but I
13   would -- I would strongly suggest that each of you write each
14   other a letter saying, "Here's who I'm going to call. Do you
15   want to depose him?"
16   MR. BROWN: Yes, Your Honor.
17   THE COURT: So each of you can -- when we have this
18   fight at trial, you can say, "Judge, here's my letter of
19   July 15th where I told them every little expert I was going to
20   call. And he knew about it, and it's not my fault he chose not
21   to depose him." I mean, you know, the amount of money at stake
22   in the pleadings here justifies going forward with this. You
23   know, but that's your clients' decision. You may have the
24   report, and the report may be so detailed you can't just imagine
25   him saying anything else; and if that's the case, you may choose

```
 1  not to depose the guy.  Or he may write a report that's so
 2  favorable to the other side, you may not want to depose him.
 3       All right.  Any other discovery issues?  Let's take care of
 4  them now.
 5       MR. SALAZAR:  Would the responses to summary judgment be
 6  considered a discovery issue, Your Honor?
 7       THE COURT:  Well, let me talk about that, and then you
 8  can decide.  You have any other discovery issues, Mr. Brown?
 9       MR. BROWN:  No, Your Honor.
10       THE COURT:  All right.  Here's what I want to do.  I'm
11  not going to rule on the -- my goal in this is for you guys to
12  have everybody deposed by October 15th.  And so what that
13  basically does is it gives you, you know, two-and-a-half, three
14  months to do all the fact witnesses and to make sure we have all
15  the documents exchanged and to get the experts deposed, all
16  right?
17       Between October 15th and the 29th, that two-week period
18  following that -- and I'm not necessarily making October 15th a
19  firm discovery cutoff because it's going to -- I'm going to give
20  you some leeway on that if you haven't gotten somebody in.  But
21  between October 15th and October 29th, that two-week period, I'm
22  going to give Mr. Brown the opportunity to supplement in any way
23  he wants to his motion for summary judgment and his motion to
24  sever, okay?
25       Then I'm going to give BISD from the 29th to the 19th of
```