# EXHIBIT "A"

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 POST OAK BOULEVARD
SUITE 2500
HOUSTON, TEXAS 77056-3000

STEPHEN R. WEDEMEYER
PARTNER

(713) 623-0887

FAX. (713) 960-1527

Direct Dial (713) 960-7349
E-mail: swedemeyer@bmpllp.com

October 15, 2004

<u>**VIA FAX (281) 749-8104**</u>
Mr. Baltazar Salazar
1612 Winbern
Houston, Texas 77004

RE: Civil Action No. B-03-109; Royal Surplus Lines Insurance v. Brownsville Independent School District; In the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Salazar:

Pursuant to the Court's June 29, 2004 directive (see enclosed hearing transcript, pp. 50-53), please be advised that, as of this date and the current status of discovery, and in light of BISD's continuing failure to comply with its discovery obligations and various Court Orders, **Plaintiff Royal intends to call the following witnesses to testify at trial, either live or by deposition, and provide expert testimony:**

1. **Rimkus Consulting Group, Inc.**
   **Jerry Mercer, P.E.**
   1431 Greenway Drive, Suite 100
   Irving, Texas 75038
   Tel.: 972-518-0900
   Eight Greenway Plaza, Suite 500
   Houston, Texas 77046

2. **Gobbell Hays Partners, Inc.**
   **Steve M. Hays, PE, CIH, FACEC**
   **Stephen Kenoyer**
   4040 Broadway, # 105
   San Antonio, Texas 78209
   Tel: 210-824-5600

3. **Duane Swoveland**
   296 Leafy Hollow Lane
   McGregor, Texas 77657
   Tel.: 254-848-2386

EXHIBIT A

Mr. Baltazar Salazar
October 15, 2004
Page 2

|  |  |  |
|---|---|---|
| 4. | Juan A. Magallanes       and/or<br>Gilberto Hinojosa<br>**Magallanes & Hinojosa, P.C.**<br>1713 Boca Chica Blvd.<br>Brownsville, Texas 78520<br>Tel: 956-544-6571 | Jay W. Brown<br>**Beirne, Maynard & Parsons LLP**<br>1300 Post Oak Blvd, Suite 2400<br>Houston, Texas  77056<br>Tel: 713-623-0887<br>Fax: 713-960-1527 |

5. **Engineering and Fire Investigations**
   Rick Anderson, P.E., CIAPQ
   Lee A. Burckle, P.E.
   9700 Richmond, Suite 201
   Houston, Texas 77042
   Tel.: 866-464-2127

6. **David A. Weeks, P.E. DEE, QEP**
   **Risk Management & Engineering, Ltd.**
   (formerly with Center for Toxicology and Environmental Health)
   9206 Briarcrest, Suite 102
   Rowlett, Texas  75089
   Tel: 972-412-6819

The topics for these witnesses are listed in Royal's Designation of Experts, which was filed on January 26, 2004 (Doc. 26).

Please be further advised that, depending on which witnesses and other evidence is offered at trial by BISD (which has the burden to prove its claims come within coverage of the Royal Policy), Royal's trial expert witness list may be revised. Thank you for your attention to this matter.

Very truly yours,

Jay W. Brown
Stephen R. Wedemeyer

SRW/ccc
Enclos.

```
 1  motion to sever and there's bad faith that's still pending."
 2  Well, it's not pending.  The court has already ruled that that
 3  order has been denied.  They must produce it at this point.
 4      So we just want to make sure that they don't hide behind the
 5  same little song and dance that they started from day one; you
 6  know, "We still have this motion."
 7          THE COURT:  Well, I'm not necessarily agreeing or
 8  disagreeing with the song and dance part, but I'm ordering them
 9  to produce it.
10          MR. SALAZAR:  Thank you, Your Honor.
11          THE COURT:  And/or a log.
12          MR. SALAZAR:  Yes, sir.
13          MR. BROWN:  I understand, Your Honor.
14          THE COURT:  All right.  Does that take care of all the
15  documents that everybody needs?
16      Okay.  Let's talk about experts then.  Now, Mr. Brown has
17  already mentioned one expert that he wants to depose, and I
18  forgot his name.  It began with a B, I think.
19          MR. BROWN:  It was EFI.
20          THE COURT:  It's EFI's?  Okay.
21          MR. BROWN:  Yeah.  Your Honor, we would like to depose
22  those experts that BISD intends to testify at trial, if there's
23  any way to accomplish that.  That would require BISD to identify
24  those that they intend to call at trial.
25          THE COURT:  Well, they might as well, because you're
```

1  going to have to put them in your pretrial order anyway.  So, I
2  mean, figure out, Mr. Salazar, who you're calling, and let them
3  depose them.
4         MR. BROWN:  That's what we want.
5         MR. SALAZAR:  Would that be a two-way street, Your
6  Honor?
7         THE COURT:  Oh, yeah.  Absolutely.  Absolutely.  And
8  that's why I'm trying to build in some time.  Because these guys
9  are engineering types or construction types and there are
10 multiple of them, it's going to take some time.
11        And again, you know, my strong recommendation to y'all is
12 either, you know, agree that they're -- if they're BISD's
13 experts, we're going to depose them in Brownsville; and if
14 they're Royal's, we're going to depose them in Houston or
15 whatever is easiest.  I mean, y'all work with that.  I mean,
16 don't run each other through the wringer on where you're doing
17 it.  I mean, if the expert is in Houston and you guys are both
18 in Houston, you know, do it in Houston.
19        MR. BROWN:  We haven't had a problem with that, Your
20 Honor.
21        THE COURT:  Well, I think maybe you haven't had a
22 problem because you haven't got a deposition taken.
23        MR. BROWN:  It's just the dates that we seem to have a
24 lot of trouble with.
25        MR. SALAZAR:  It's been a problem, Your Honor.

| | |
|---|---|
| 1 | THE COURT: Well, what I'm telling you, I don't referee |
| 2 | that, but my rule -- I'm just -- you know, I've already given |
| 3 | you my rule. So if you get in a fight, my rule is whoever is |
| 4 | producing the witness gets to choose where we're producing them. |
| 5 | MR. SALAZAR: Yes, Your Honor. |
| 6 | THE COURT: All right. Now, is there any need for me to |
| 7 | talk about all these witnesses by name? I mean, because I -- |
| 8 | these experts by name? Because I -- my -- my thought on this |
| 9 | is, you know, if -- well, it's more than just a thought. If |
| 10 | you're going to call them, tell the other side, and the other |
| 11 | side has the chance to either depose them or not depose them. |
| 12 | The other side can make that decision as they see fit, but I |
| 13 | would -- I would strongly suggest that each of you write each |
| 14 | other a letter saying, "Here's who I'm going to call. Do you |
| 15 | want to depose him?" |
| 16 | MR. BROWN: Yes, Your Honor. |
| 17 | THE COURT: So each of you can -- when we have this |
| 18 | fight at trial, you can say, "Judge, here's my letter of |
| 19 | July 15th where I told them every little expert I was going to |
| 20 | call. And he knew about it, and it's not my fault he chose not |
| 21 | to depose him." I mean, you know, the amount of money at stake |
| 22 | in the pleadings here justifies going forward with this. You |
| 23 | know, but that's your clients' decision. You may have the |
| 24 | report, and the report may be so detailed you can't just imagine |
| 25 | him saying anything else; and if that's the case, you may choose |

1  not to depose the guy.  Or he may write a report that's so
2  favorable to the other side, you may not want to depose him.
3      All right.  Any other discovery issues?  Let's take care of
4  them now.
5      MR. SALAZAR:  Would the responses to summary judgment be
6  considered a discovery issue, Your Honor?
7      THE COURT:  Well, let me talk about that, and then you
8  can decide.  You have any other discovery issues, Mr. Brown?
9      MR. BROWN:  No, Your Honor.
10     THE COURT:  All right.  Here's what I want to do.  I'm
11 not going to rule on the -- my goal in this is for you guys to
12 have everybody deposed by October 15th.  And so what that
13 basically does is it gives you, you know, two-and-a-half, three
14 months to do all the fact witnesses and to make sure we have all
15 the documents exchanged and to get the experts deposed, all
16 right?
17     Between October 15th and the 29th, that two-week period
18 following that -- and I'm not necessarily making October 15th a
19 firm discovery cutoff because it's going to -- I'm going to give
20 you some leeway on that if you haven't gotten somebody in.  But
21 between October 15th and October 29th, that two-week period, I'm
22 going to give Mr. Brown the opportunity to supplement in any way
23 he wants to his motion for summary judgment and his motion to
24 sever, okay?
25     Then I'm going to give BISD from the 29th to the 19th of