**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 29 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF ROYAL'S MOTION FOR SEPARATE TRIALS OF
EXTRA-CONTRACTUAL CAUSES OF ACTION**

Royal Surplus Lines Insurance Company (Royal) files its Motion for Separate Trials of Extra-Contractual Causes of Action, as authorized by Federal Rule of Civil Procedure 42(b).

### I. SUMMARY OF ARGUMENT

In Texas an insured cannot prevail on a bad faith claim without **first** showing that the insurer breached the contract. *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Consequently, there can be no claim for bad faith when an insurer has denied a claim that is, in fact, not covered, and it has not otherwise breached the contract. *Tapatio Springs Builders v. Maryland Cas. Ins. Co.*, 82 F. Supp.2d 633, 647 (W.D. Tex. 1999); *Akin*, 927 S.W.2d at 629. Accordingly, there must first be a breach of an insurance policy by the insurer before the insured could even have a colorable claim for bad faith claims handling.

It follows, therefore, that the insurance contract issues must be resolved before the issues raised by Defendant/Counter-Plaintiff Brownsville Independent School District's (BISD's) extra-

544132.1

-1-

contractual ("bad faith") claims are tried.  Accordingly, the Court should grant Royal's motion for

separate trials on extra-contractual causes of action, because Texas law requires that a showing that

an insurer breached the insurance policy before an insured can even have a colorable claim for bad

faith claims handling.  *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996);

*Tapatio Springs Builders v. Maryland Cas. Ins. Co.*, 82 F. Supp.2d 633, 647 (W.D. Tex. 1999).

Therefore, Royal asks that the Court set separate trials for the extra-contractual claims and

abate that setting until after the resolution of the contractual claims in this declaratory action.

## II.  FACTUAL BACKGROUND

This is an insurance coverage dispute.  BISD owns and operates Besteiro Middle School

(Besteiro) and Aiken Elementary School (Aiken) in Brownsville, Texas.  BISD is the named

insured under a series of commercial property policies issued by Royal that insured both Besteiro

and Aiken from September 1, 1996 through April 1, 2002.  On November 29, 2001, BISD made a

claim under one of the policies for damage and loss to Besteiro and Aiken.  Royal promptly

acknowledged receipt of the notice of loss and began its investigation.  Additionally, in April 2002,

BISD provided Royal a notice of loss for damages and loss under the three (3) prior policies.

On June 9, 2003, as a result of its investigation, Royal filed this action, seeking a declaratory

judgment and requesting that this Court declare Royal's obligations, if any, under the policies

relative to the claims made by BISD.  On December 12, 2003, BISD filed its counterclaim against

Royal alleging breach of contract, as well as extra-contractual claims alleging breach of the duty of

good faith and fair dealing, common law misrepresentation, violation of the Texas Deceptive Trade

Practices Act and violations of the Texas Insurance Code. (*See* Doc. No. 18, BISD's Counterclaim).

BISD's counterclaim contained only vague allegations, with almost no factual background to support

its claims. Moreover, BISD's claims sounding in fraud were not pleaded with particularity, as required by the Federal Rules of Civil Procedure. Therefore, Royal filed a motion for a more definite statement, as well as a motion to dismiss BISD's counterclaims. Royal also previously filed a motion seeking severance, or in the alternative, separate trial of the extra-contractual claims of BISD ("Motion for Severance").

As a result of Royal's motions, the Court on at least two occasions ordered BISD to amend its counterclaims to comply with the Federal Rules of Civil Procedure. On June 15, 2004, the Court ordered BISD to re-plead its counterclaims with specificity by June 28, 2004. (*See* Doc. No. 51). In that same order, the Court denied Royal's Motion for Severance without prejudice, indicating that such motion could be re-urged after BISD's June 28, 2004 deadline to re-plead.

BISD filed its Second Amended Counterclaim (its most recent pleading) on June 25, 2004, alleging breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. (*See* Doc. No. 56, BISD's Second Amended Counterclaim.).

Royal now files this motion for separate trials and requests that BISD's extra-contractual claims be tried separately from the contract claims.

## III. ARGUMENTS AND AUTHORITIES

District judges have express authority to bifurcate trials in appropriate cases, and the decision to do so is reviewed deferentially. Fed. R. Civ. P. 42(b); *see Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 890 (7th Cir. 1995). Additionally, pursuant to Rule 42(b), a court may order separate trials of any claim or separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed. R. Civ. P. 42(b). This case requires separate trials under Rule 42(b) because Defendants have alleged separate

claims and because conducting a separate trial of the bad faith claims will further convenience and economy.[1]

Therefore, before the issues raised by BISD's broad extra-contractual claims (should they survive summary judgment) are tried to a jury in this case, the insurance contract issues should first be resolved. Importantly, BISD's extra-contractual claims in this action should be tried after resolution of the contract claims to conserve judicial resources and those of the parties, as well as to avoid the effort and expense of trying bad faith claims that may be nullified by a judgment for Royal on the contract claims. In addition, BISD's extra-contractual claims should be tried separately to avoid prejudice to Royal, including the invasion of privileges.

### A.  *Trial on Extra-Contractual Claims will Focus on Different Facts and Issues than Those Necessary for the Contractual Claims.*

The extra-contractual claims made by BISD are not so interwoven with the contractual claims at issue that they involve the same identical facts and issues. *See United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 672 (Tex. App.–Houston [1st Dist.] 1993, original proceeding) ("[a] breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code or DTPA causes of action"); *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627 (Tex. 1996) (J. Abbott, dissenting).

---

[1]The Texas Rules of Civil Procedure also support this position. Under the Texas rules, any claim against a party may be severed and proceeded with separately. TEX. R. CIV. P. 41. The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

**B.**    ***Texas Law Requires at a Minimum Separate Trial of the Extra-Contractual Claims When a Settlement Offer Has Been Made.***

In Texas, severance of claims ordinarily rests within the sound discretion of the trial court. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).[2] However, Texas trial courts are ***required*** to sever and abate extra-contractual claims when an insurer has made an offer to settle the contract claim. *See In re Allstate Insurance Co. and Heidi Inglet*, 2003 WL 21026877 (Tex. App.–Houston [1st Dist.] May 8, 2003, orig. proceeding) (attached to this motion as Exhibit B); *see also In re Republic Lloyds, et al.*, 104 S.W.3d 354 (Tex.App.–Houston [14th Dist.] May 8, 2003, orig. proceeding).

Moreover, several Texas courts of appeals have held in "bad faith" cases, when an insurer has made an offer to settle the contract claim, the bad faith claims **must** be severed and abated to avoid undue prejudice to the insurer in its defense of the coverage/contract dispute. *See In Re: Foremost Ins. Co.*, 966 S.W.2d 770 (Tex. App.–Corpus Christi 1998, orig. proceeding); *Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App.–Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46-47 (Tex. App.–Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assocs. v. Millard*, 847 S.W.2d

---

[2]Rule 41, Texas R Civ. P., provides in pertinent part:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions, which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. *Any claim against a party may be severed and proceeded with separately.*

668, 673 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding).

Royal has had several settlement discussions with counsel for BISD, which have included offers to settle the disputed contractual claims in their entirety. (*See* Exhibit A, Affidavit of Jay W. Brown). In *Akin,* the Supreme Court specifically noted that an insurer would be unfairly prejudiced if the breach of contract and extra-contractual claims were tried together when the insurer has made a settlement offer on the disputed contract claim. *Akin,* 927 S.W.2d at 630. Thus, pursuant to *Akin,* a severance--**or at a minimum, a separate trial**-- is required in the present action as the insurer has made a settlement offer on the entire breach of contract claim. *Id.*; *see also In re Republic Lloyds,* 104 S.W.3d 354 (Tex.App.–Houston [14th Dist.] May 8, 2003, orig. proceeding).[3]

### C.    Texas Case Law Offers Federal Trial Courts Persuasive Guidance on Motions for Separate Trials.

Where Texas law forms the basis of a case, Texas courts are in the best position to determine whether the nature of the claims warrant separate trials. *Griel v. Geico,* 2001 WL 1148118, *1 (N.D. Tex.) (Exhibit C); *Karam v. Nationwide General Ins. Co.,* 1999 WL 1240791, *1 (N.D. Tex.) (Exhibit D); *Bays v. State Farm Mutual Automobile Ins. Co.,* 1999 WL 68648, *1 (N.D. Tex.) (Exhibit E). Therefore, several federal district courts confronted with motions for separate trials like Royal's have looked to Texas case law for guidance and followed those decisions. *See Griel,* 2001 WL 1148118 at *1; *Karam,* 1999 WL 1240791 at *1; *Bays,* 1999 WL 68648 at *1. The Texas Supreme Court has explained that a trial court "will undoubtedly confront instances in which

---

[3]If tried together, Royal would be in the unenviable position of having to argue a contradiction to the jury. The contract claim would require Royal to contend it had no obligation to pay out under the policies. At the same time, evidence of the offered pay out might be offered by Royal in defense of the bad faith claim. In a trial of these two matters together, the offer of settlement could be introduced in evidence by the court for the bad faith cause of action, but be highly prejudicial and not admissible in the contract case. Such a contradiction requires severance.

544132.1                    -6-

evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that fair trial on the contract claim would become unlikely." *See Griel*, 2001 WL 1148118 at *1 (quoting *Liberty Nat'l Fire. Ins. Co. v. Akin*, 927 S.W.2d 627, 639 (Tex. 1996)). One such instance would be where an insurer has made a settlement offer on the disputed contract claim. *See id.*

Royal has made a settlement offer to BISD that was declined. Allowing a jury to hear this evidence would create a great danger of prejudice to Royal; this could not be sufficiently mitigated by a limiting instruction. *See id*; *Karam*, 1999 WL 1240791 at *1. Contrary to BISD's previous assertion that no settlement discussions have taken place, the parties have discussed settlement, the substance of which was included in the parties Joint Discovery/Case Management Plan.[4] *See* Exhibit F, Joint Discovery/Case Management Plan at ¶ 14. In addition, Royal sent a formal settlement letter to BISD in June 2003. *See* Exhibit H, Letter to Ramon Garcia. Therefore, the contract claim must be tried separately and prior to BISD's extra-contractual claims. *See Karam*, 1999 WL 1240791 at *2.

### D.    *Bad Faith Claims Should Be Tried Separately to Avoid Prejudice to Royal.*

When contract and bad faith "claims handling" claims are tried together, the jury hears evidence not only about whether a claim is covered or not covered, but the insurer's conduct in investigating the claim. Not only can this lead to confusion of issues and unnecessary complexity, there is great potential for prejudice.

---

[4] BISD previously provided this Court with an affidavit signed by Baltazar Salazar suggesting that Royal approached BISD about the possibility of abating this declaratory action. That statement is not true. In fact, Mr. Salazar approached counsel Royal and proposed on behalf of BISD (1) to dismiss BSD's currently-abated state court law suit against Royal, and (2) to stay this declaratory action until the resolution of the state court lawsuits to which BISD is or was a party and that relate to the alleged contamination of Aiken and Besteiro schools. *See* Exhibit G, Letter to Baltazar Salazar dated February 23, 2004. Mr. Salazar suggested that BISD would like to stay this case and continue settlement discussions with Royal, which would also afford BISD additional time to attempt to resolve the other state court lawsuits.

Extensive discovery has been conducted in this case. Part of that discovery includes information and documents regarding Royal's investigation of the claim, its claims-handling of this, Royal's policies and procedures for adjusting claims, and the actions of the independent adjuster hired by Royal. Royal's insurance claim file, however, is privileged and protected from discovery on the contract cause of action. *See, e.g., Leski, Inc. v. Federal Ins. Co.,* 129 F.R.D. 99, 105-106 (D. N.J. 1989) (request for files from other insureds, reinsurance and reserve information denied); *Food Lion, Inc. v. United Food & Commercial Workers Union,* 103 F.3d 1007, 1012-13, (D.C. Cir. 1997) (a request for information that has no conceivable bearing on claims or defenses should be disallowed); *see also Maryland Am. Gen. Ins. v. Blackmon,* 639 S.W.2d 455, 458 (Tex. 1982) (finding that discovery relating to investigation of the insurance claim and materials relating to the insurer's decision to either pay or not pay the claim, and information relating to the claim, are privileged as to the contract claim). Therefore, although certain portions of the claim file may arguably be discoverable, in part, on the extra-contractual claims (and indeed, non-privileged and arguably relevant documents have been produced), it is neither admissible nor even discoverable on the contract claim under Texas law. Litigating contract and extra-contractual claims together is highly prejudicial to Royal and contrary to notions of justice.

Prejudice to Royal can also result because, in order to defend itself on BISD's extra-contractual allegations, Royal may have to waive certain privileges. Such waiver may negatively impact Royal's ability to defend the breach of contract/coverage claims. *See Mid-Century,* 901 S.W.2d at 752 (discussing the problems associated with forcing an insurer to choose between waiving attorney-client privilege to defend bad faith claim and protecting privileged material in breach of contract cases).

544132.1                                    -8-

For example, when the bad faith claims are tried with the contract claim, there is a conflict which may unfairly force the insurer to choose between (1) insisting on its right to exclude evidence of any settlement negotiations and coverage determinations (thereby losing the advantage of showing that it was attempting to be reasonable in defense of the bad faith claims) and (2) putting on such evidence and risking a prejudicial inference that it has admitted liability on the contract action. *See Akin*, 927 S.W.2d at 631 (Abbott, J., joined by Gonzales, Hecht & Owens, JJ., dissenting) (noting that undue prejudice can result from the presentation of inconsistent defenses).  Accordingly, Royal should not be forced to choose between waiving or not waiving privileges to defend itself, when separate trials will eliminate the prejudice to Royal and will promote justice and efficiency.

### E.   *Judicial Economy Dictates Separate Trials Because the Coverage Issue Must Be Resolved Prior to BISD's Bad Faith Claims.*

Because an insured's bad faith claims depend upon the outcome of the contract cause of action, "[t]rying these claims separately avoids potentially unnecessary litigation and expense." *Greil v. GEICO*, 2001 WL 1148118, *1 (N.D. Tex. Sept. 18, 2001); *see also South Hampton Refining Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 875 F. Supp. 382, 384 (E.D. Tex. 1995) (holding that where parties' contractual coverage issues are unresolved, severing the contractual coverage issues from the bad faith claims is warranted so that the court and parties do not waste valuable resources attending to claims which could be disposed of by a determination of the insurance coverage); *State Farm Mut. Auto Ins. Co. v. Wilborn*, 835 S.W.2d 260, 261 (Tex. App. – Houston [14th Dist.] 1992, orig. proceeding) (noting that breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code, or DTPA causes of action, and finding severance appropriate).

The Texas Supreme Court has observed that severance may be necessary in some bad faith cases. *Akin*, 927 S.W.2d at 630. As previously mentioned, one example cited by the Texas Supreme Court is when "the insurer has made a settlement offer on the disputed contract claim." *Id.*, citing *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 4 (Tex. 1986) (holding that settlement offers are inadmissible to prove or disprove liability on a claim). Accordingly, conducting separate trials for the bad faith claims, so that the contract issues can be resolved first, is warranted in this case.

Separate trials of the contractual and the extra-contractual claims is particularly appropriate in this case because the determination of the coverage/contractual issues may completely obviate the need to determine BISD's extra-contractual claims based on bad faith and purported Texas Insurance Code violations. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (as a general rule there can be no claim for bad faith where an insurer has denied a claim that is in fact not covered under the policy).[5]

Royal has filed three motions for summary judgment, and believes that this case will be resolved in its entirety by one or more of its dispositive motions. If this Court determines that there

---

[5]In *Stoker*, the Supreme Court of Texas cited the following cases in support of the general rule that there can be no claim for bad faith when an insurer has denied a claim that is in fact not covered: *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985) (noting that no Mississippi case has ever allowed bad faith recovery for the insured without first establishing liability under the policy); *Gilbert v. Congress Life Ins. Co.*, 646 So.2d 592, 593 (Ala. 1994) (plaintiff bears the burden of proving a breach of contract by the defendant); *Reuter v. State Farm Mut. Auto. Ins. Co., Inc.*, 469 N.W.2d 250, 253 (Iowa 1991) ("a bad faith failure to pay the insured when the insured event occurs...may subject the insurer to tort liability"); *Wittner v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (noting that in order to establish a tort action for bad faith the insured must first prove that the insurer was obligated to pay under the policy); *Pemberton v. Farmers Ins. Exchange*, 109 Nev. 789, 858 P.2d 380, 382 (1993) ("An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the insured for a loss covered by the policy"); *Bartlett v. John Hancock Mut. Life Ins. Co.*, 538 A.2d 997, 1000 (R.I. 1988) ("there can be no cause of action for an insurer's bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance"); *see also* OSTRAGER & NEWMAN, INSURANCE COVERAGE DISPUTES § 12.01 at 503 (7th ed. 1994) ("The determination of whether an insurer acted in bad faith generally requires as a predicate a determination that coverage exists for the loss in question"), 15A RHODES, COUCH ON INSURANCE LAW 2d § 58:1 at 249 (Rev. Ed 1983) ("As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance which establishes the duties sought to be sued upon").

is no coverage under the Royal insurance policies for BISD's claimed damages, BISD's extra-contractual claims become moot and ripe for dismissal. *Stoker,* 903 S.W.2d at 341. However, in the unlikely event the Court finds a fact issues remains as to coverage for some of the damages claimed by BISD under the Royal Policies, the parties can try the fact issues for the contract case, and then proceed to trial on the extra-contractual/bad faith claims.

## IV. CONCLUSION

Therefore, separate trial of the contract and the bad faith "claims-handling" claims in this matter will avoid the wholesale waste of time, money, and judicial resources. In addition, trying the claims separately will prevent prejudice to Royal and confusion of issues.

Royal Surplus Lines Insurance Company therefore asks that the Court grant its motion for separate trials of the extra-contractual claims and the contract claims; and grant Royal Surplus Lines Insurance Company all other relief to which it is justly entitled.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

544132.1

-11-

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
SDT No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
SDT No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

I certify that we have attempted to confer with Baltazar Salazar, counsel for Defendant BISD, but have been unable to reach him to discuss this motion. Therefore, BISD's opposition is presumed.

Jay W. Brown

544132.1                               -12-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on October 28, 2004.

Craig S. Smith                              *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas  78418

Baltazar Salazar                            *Via Certified Mail Return Receipt Requested*
1612 Winbern
Houston, Texas 77004

Ramon Garcia                                *Via Certified Mail Return Receipt Requested*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

Jay W. Brown
with express permission by