Case 1:03-cv-00109   Document 75-3   Filed in TXSD on 10/29/2004   Page 1 of 2

Not Reported in S.W.3d                                                Page 3
(Cite as: 2003 WL 21026877 (Tex.App.-Hous. (1 Dist.)))
<KeyCite Citations>

Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

MEMORANDUM OPINION

Court of Appeals of Texas,
Houston (1st Dist.).

In re ALLSTATE INSURANCE COMPANY and Heidi Inglet, Relators.

No. 01-02-01235-CV.

May 8, 2003.

Insured who was injured in a hit-and-run accident sued his uninsured/underinsured insurer, alleging breach of contract, breach of the duty of good faith and fair dealing, and Insurance Code violations. The 113th District Court, Harris County, Patricia Hancock, J., denied insurer's motion to sever and abate extra-contractual claims from breach of contract claim. Insurer filed petition for writ of mandamus. The Court of Appeals, Sherry Radack, C.J., held that trial court should have severed and abated bad faith claims, pending trial of breach of contract claim, which insurer had offered to settle.

Writ conditionally granted.

**Abatement and Revival** ⇐ 5
2k5
Trial court should have severed and abated insured's bad faith claims against uninsured/ underinsured insurer, pending trial of the breach of contract claim, which insurer had offered to settle, so that evidence of the settlement offer would not be admitted in the breach of contract case.

**Action** ⇐ 60
13k60
Trial court should have severed and abated insured's bad faith claims against uninsured/ underinsured insurer, pending trial of the breach of contract claim, which insurer had offered to settle, so that evidence of the settlement offer would not be admitted in the breach of contract case.

Original Proceeding on Petition for Writ of Mandamus.

David E. Lueders, Frank D. Lanter, Lueders & Boanerges, Houston, for appellant.

Nomaan Husain, Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HANKS.

MEMORANDUM OPINION

SHERRY RADACK, Chief Justice.

*1 Relators, Allstate Insurance Company and Heidi Inglet, filed a petition for writ of mandamus complaining about the trial court's [FN1] October 16, 2002 order denying Allstate's motion for separate trial and plea in abatement. We conditionally grant the writ.

> FN1. The Honorable Patricia Hancock, presiding judge of the 113th District Court of Harris County, Texas. The underlying lawsuit is trial court cause number 2002-41904, styled Jun Ho Baek v. Allstate Insurance Co. and Heidi Inglet.

After a hit-and-run accident in October 2001, the plaintiff/real party in interest, Jun Ho Baek, sued his uninsured/underinsured insurance carrier, Allstate Insurance Company, alleging (1) breach of contract, (2) breach of the duty of good faith and fair dealing, and (3) violations of article 21.21 of the Texas Insurance Code. Allstate moved to sever and abate the extra-contractual claims from the breach of contract claim. The trial court denied the motion, and this petition for writ of mandamus followed.

This court, and many others, have held that when an insurer has made an offer to settle the contract claim, a severance of the tort and contract claims is required to avoid undue prejudice to the insurer in its defense of the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

EXHIBIT "D"


Not Reported in S.W.3d                                                                 Page 4
(Cite as: 2003 WL 21026877, *1 (Tex.App.-Hous. (1 Dist.)))

coverage dispute. See Mid-Century Ins. Co. v. Lerner, 901 S.W.2d 749, 752-53 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding); Northwestern Nat'l Lloyds Ins. Co. v. Caldwell, 862 S.W.2d 44, 46-47 (Tex.App.-Houston [14th Dist.] 1993, orig. proceeding); F.A. Richard & Assocs. v. Millard, 856 S.W.2d 765, 767 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); United States Fire Ins. Co. v. Millard, 847 S.W.2d 668, 673 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); State Farm Mut. Auto. Ins. Co. v. Wilborn, 835 S.W.2d 260, 262 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding). The rationale of these cases is that, ordinarily, offers of settlement of a coverage dispute are inadmissible on the contract claim, but may nevertheless be admissible on the tort claim to rebut evidence of bad faith. Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex.1996).

In this case, Allstate offered to settle the breach of contract case for $1200. Therefore, under the reasoning of the cases cited above, the trial court should have severed and abated the bad faith claims, pending trial of the breach of contract claim, so that evidence of the $1200 settlement offer would not be admitted in the breach of contract case. See also Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 4 (Tex.1986) (holding that settlement offers are inadmissible to prove or disprove liability on a claim).

The present case is distinguishable from Akin, in which the supreme court held that severance and abatement was not required in a case in which "settlement negotiations" involved only the payment by the insurer of the undisputed portion of the claim. 927 S.W.2d at 630. In fact, the Akin court noted that an offer to settle the entire contract claim would have required a severance. Id. The record in this case shows that Allstate attempted to settle the entire breach of contract claim, not merely an undisputed portion of it. Therefore, we hold that the trial court erred by denying Allstate's motion to sever and abate the extra-contractual claims from the breach of contract claim. [FN2]

FN2. It appears the trial court was misled in this case by the plaintiff's response to the motion to sever, in which the plaintiff claimed that a severance is not permitted when the plaintiff's claims are brought pursuant to article 21.55 of the Texas Insurance Code, which imposes damages for failing to promptly pay claims. See Lusk v. Puryear, 896 S.W.2d 377, 379 (Tex.App.-Amarillo 1995, orig. proceeding) (holding severance improper because article 21.55 claims and breach of contract claim are not separate causes of action). Lusk is not applicable to this case because plaintiff did not sue pursuant to article 21.55--he sued under article 21.21 and bad faith. Plaintiff, apparently realizing that his pleadings do not permit him to rely on Lusk, has abandoned that argument as grounds for denying mandamus relief.

*2 Accordingly, we direct the trial court to (1) vacate her order of October 16, 2002, denying Allstate's motion to sever and abate the bad faith claims from the contract claim; (2) grant Allstate's October 3, 2002 motion for separate trial and plea in abatement; (3) sever the bad faith and article 21.21 claims from the contract claim; and (4) abate all proceedings on the bad faith claim and article 21.21 claims until the breach of contract claim is resolved. The writ of mandamus is conditionally granted and will issue only if the trial court fails to comply with the orders of this Court.

2003 WL 21026877 (Tex.App.-Hous. (1 Dist.))

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

