Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Roxanne GREIL, Plaintiff,
v.
GEICO, Geico General Insurance Company and Jenetha Holt, Defendants.

No. 3:01-CV-0352-H.

Sept. 18, 2001.

MEMORANDUM OPINION AND ORDER

SANDERS, Senior J.

*1 Before the Court is Defendants' Motion for Severance and Abatement, filed June 15, 2001, Plaintiff's Response, filed June 27, 2001, and Defendants' Reply to Plaintiff's Response, filed July 6, 2001.

I. BACKGROUND

Plaintiff Roxanne Greil was involved in an automobile accident with Stacy Howard on or about February 19, 1997. Greil suffered injuries as a result of this accident. Howard caused the collision, but she was underinsured for purposes of satisfying Greil's claims. At the time of the accident, Greil had Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverage with Geico. Greil filed her claim with Geico, but disputed the amount Geico offered to pay. Greil filed suit in the 134 th Judicial District Court of Dallas County alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of Articles 21.21 and 21.55 of the Texas Insurance Code. Greil also sought attorneys' fees pursuant to the DTPA and the Insurance Code. Geico removed the case to this Court based on diversity jurisdiction. See 28 U.S.C. §§ 1332 & 1446. The amount in controversy exceeds $75,000.

II. SEPARATE TRIALS

The Court will treat Defendants' motion to sever as a motion for separate trials. Pursuant to Fed. R. Civ. P. 42(b), the Court may order separate trials "to avoid prejudice" to a party. Here, Geico argues that defending the contract claim before the same jury that would hear evidence of a settlement offer relating to Greil's tort claims would be unfairly prejudicial. The Court agrees.

The Texas Supreme Court has implied that the presence of a settlement offer may make severance of contractual from extra-contractual claims necessary to ensure a fair trial. See Liberty National Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex.1996). This Court is not bound by Texas law on this procedural issue. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). However, Texas decisions aid the Court in determining whether separate trials should be ordered. See Karam v. Nationwide General Ins. Co., No. 3:99-CV-2047-G, 1999 WL 1240791, at *1 (N.D.Tex. Dec. 20, 1999). Texas courts are in the best position to determine when claims arising under Texas law warrant separate trials. See id. With this in mind, the Court finds the Texas Supreme Court's position on this issue highly persuasive. In Liberty, the court noted that "[a] trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely." Liberty, 927 S.W.2d at 630. The court explained that one instance would be where an insurer has made a settlement offer on the disputed contract claim. See id. It then endorsed several Texas appellate court decisions severing breach of contract claims from extra-contractual ones based on the presence of a settlement offer. See id.

*2 Geico has made a settlement offer to Greil that was declined. Allowing the jury to hear this evidence would create a great danger of prejudice to Geico; this could not be sufficiently mitigated by a limiting instruction. See Karam, 1999 WL 1240791, at *1. The Court also notes that Greil's bad faith,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

EXHIBIT "E"



Not Reported in F.Supp.2d  
(Cite as: 2001 WL 1148118, *2 (N.D.Tex.))

Page 15

Article 21.21 and DTPA claims depend upon the outcome of the contract cause of action. See U.S. Fire Ins. Co. v. Millard, 847 S.W.2d 668, 673 (Tex.App.-Houston [1 st Dist.] 1993, orig. proceeding), cited with approval in Liberty, 927 S.W.2d at 630. Trying these claims separately avoids potentially unnecessary litigation and expense. Accordingly, Geico's motion for separate trials for the contract and extra-contractual claims is GRANTED. Greil's breach of contract claims must be tried separately from, and prior to, her bad faith, Article 21.21 and DTPA claims. Greil's Article 21.55 claim will be tried with the contract claim as it is considered part of the same cause of action. See Hartman v. St. Paul Fire and Marine Ins. Co., 55 F.Supp.2d 600, 603 n. 2 (N.D.Tex.1998), aff'd in part, 95 F.3d 1149 (5 th Cir.1996) (TABLE, No. 94-11164); Lusk v. Puryear, 896 S.W.2d 377, 380 (Tex.App.-Amarillo 1995, no writ). Greil will also be entitled to pursue attorneys' fees under Insurance Code Article 21.55 or Tex. Civ. Prac. & Rem.Code § 38 .001 et. seq. arising from her contractual cause of action in the first trial.

### III. ABATEMENT

In addition to seeking separate trials, Geico moves to abate the bad faith claims pending trial of the contract issue. Geico argues abatement will conserve judicial resources and reduce the parties' expense. The latter point is especially well taken since reaching the bad faith claims is dependent upon the outcome of the trial on the contractual claims. See Millard, 847 S.W.2d at 673. Accordingly, Geico's motion to Abate the claims of breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of Article 21.21 of the Insurance Code is GRANTED pending trial on the contractual claim.

### IV. CONCLUSION

Greil's claims for breach of contract and violations of Insurance Code Article 21.55 will proceed in a SEPARATE TRIAL from her good faith and fair dealing, DTPA, and Insurance Code Article 21.21 claims. Further, Greil's good faith and fair dealing, DTPA, and Insurance Code Article 21.21 claims are ABATED pending the trial on the contractual claim. Greil's claim for attorneys' fees under Insurance Code Article 21.55 or Tex. Civ. Prac. & Rem.Code § 38 .001 et. seq. will be permitted in the first trial for fees related to the contractual claim.

THE CLERK IS DIRECTED TO IMMEDIATELY FAX THIS ORDER TO COUNSEL.

SO ORDERED.

2001 WL 1148118 (N.D.Tex.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

