1999 WL 1240791
(Cite as: 1999 WL 1240791 (N.D.Tex.))
<KeyCite Citations>

Page 4

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas.

**Mary Emma KARAM, Plaintiff,**
v.
**NATIONWIDE GENERAL INSURANCE COMPANY, Defendant.**

No. CIV.A. 3:99-CV-2047-.

Dec. 20, 1999.

MEMORANDUM ORDER

FISH, District J.

*1 Before the court is the motion of the defendant Nationwide General Insurance Company ("Nationwide") to sever the extracontractual claims of the plaintiff Mary Emma Karam ("Karam") and abate them until her contract claim has been adjudicated. Treating Nationwide's motion as a motion for separate trials under FED. R. CIV. P. 42(b), the court grants the motion to sever but denies the motion to abate.

I. BACKGROUND

On July 6, 1995, Karam was involved in an automobile accident with Bill Hooser ("Hooser"), while Hooser was conducting business for his employer, McFry, Inc. ("McFry"). Defendants's Amended Motion for Severance and Abatement ("Amended Motion") at 1. Karam settled with Hooser for $50,000--the limits Hooser's insurance policy--and with McFry, who was uninsured, for $666.00. Response to Defendant's Motion for Severance and Abatement and Protective Order ("Response") at 1. Karam then filed a claim with Nationwide, her own insurer, for benefits under the personal injury and under-insured motorist provisions of her policy. Id. Nationwide issued a check to Karam for $10,000 for her personal injuries but denied her claim based on the under-insured provision of her policy. Id. at 2. Believing the payment to be insufficient, Karam brought this action for (1) breach of contract; (2) violation of the duty of good faith and fair dealing; (3) violations of the Texas Administration Code; (4) violations of the Texas Business and Commerce Code; and (5) violations of the Texas Insurance Code. Amended Motion at 2. Nationwide then made a settlement offer to Karam of $10,000, which the plaintiff refused. Response at 2, 3; Amended Motion at 2. Contending that a trial of all these claims together would be unfairly prejudicial, Nationwide now files this motion to sever and abate.

II. ANALYSIS
A. Separate Trials

The court will treat Nationwide's motion to sever as a motion for separate trials. Pursuant to FED. R. CIV. P. 42(b), the court may order separate trials "to avoid prejudice" to a party. Here, Nationwide argues that having to defend the contract claim before the same jury that would also hear evidence that it made a settlement offer would be unfairly prejudicial. The court agrees.

Although not bound by Texas law on this procedural issue, [FN1] Texas "decisions are helpful in determining whether separate trials should be ordered." Bays v. State Farm Mutual Automobile Insurance Company, No. 3:98-CV-3027-D, 1999 WL 68648, at *1 (N.D.Tex. Feb. 4, 1999) (Fitzwater, J.). Where Texas law forms the basis of a case, "Texas courts are in the best position to determine whether the nature of the claims warrants bifurcation at trial." Id. The Texas Supreme Court has implied that the presence of a settlement offer may make severance of contractual from extracontractual claims necessary to ensure a fair trial. See Liberty National Fire Insurance Company v. Akin, 927 S.W.2d 627, 630 (Tex.1996). In Liberty, the court upheld a trial court's denial of severance but did note that "[a] trial court will undoubtably confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely." Id. One such instance, the court explained, is where an insurer has made a settlement offer on the disputed contract claim. Id. The court then endorsed several state courts of appeal decisions that severed breach of contract claims from extracontractual ones based on the presence of a settlement offer. Id.

*2 Here, Nationwide has made a settlement offer to Karam that was declined. To allow a jury to hear

1999 WL 1240791                                                                                            Page   5
(Cite as: 1999 WL 1240791, *2 (N.D.Tex.))

this evidence would create a great danger of prejudice to Nationwide, a danger that could not be sufficiently mitigated by a limiting instruction to the jury. Thus, Karam's breach of contract claims must be tried separately from, and prior to, her extracontractual claims. [FN2]

B. Abatement

Next, Nationwide argues that "certain information sought by [Karam] through discovery is privileged with respect to the Contract Claim" and thus, asks this court to abate Karam's other claims until the contractual claim is resolved.   Motion at 3. Nationwide, however, has not offered examples of such information and abating the noncontractual claims "would unduly prolong the litigation in the event [Nationwide] is found to have breached the insurance contract." Bays, 1999 WL 68648 at *2. Thus, at least at this stage, Nationwide has presented no demonstrable basis for abatement.

III. CONCLUSION

For the reasons discussed above, Nationwide's motion for separate trials of Karam's contractual and extracontractual claims is GRANTED. Its motion to abate the extracontractual claims, however, is DENIED.

SO ORDERED.

  FN1. Erie Railroad Company v. Tompkins, 304 U.S. 64 (1938).

  FN2. This result may be achieved by simply ordering the proof at a single trial. In this procedure, the contractual claim would be submitted to the jury first and a verdict received on that claim. Then evidence on the remaining claims would be presented to the same jury and a verdict received on those claims.

1999 WL 1240791 (N.D.Tex.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work