1999 WL 68648                                                                                          Page 7
(Cite as: 1999 WL 68648 (N.D.Tex.))
<KeyCite Citations>

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Jamie Bloxom BAYS, Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

No. Civ.A. 3:98-CV-3027-D.

Feb. 4, 1999.

MEMORANDUM OPINION AND ORDER

FITZWATER, J.

*1 In this removed action, defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves the court to sever the extracontractual claims of plaintiff Jamie Bloxom Bays ("Bays") and abate them until Bays' contract claim has been adjudicated. Treating State Farm's request for a severance as a motion for separate trials, the grants the motion and directs that Bays' contract claim be tried separately from, and prior to, her extracontractual claims. The court denies as premature State Farm's motion to abate.

I

Bays was injured while riding as a passenger in an automobile. She was covered under a policy issued by State Farm to Jacob Bays. State Farm paid personal injury protection benefits to her. The other driver's liability insurer apparently paid Bays its policy limits. Bays then made a claim under the State Farm policy for underinsured/uninsured motorist benefits. When she and State Farm could not resolve the claim, she filed the instant suit in state court, alleging claims for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code. State Farm removed the case to this court, and now moves the court to sever and abate the extracontractual claims. Bays has not responded to the motion.

II

At the outset, the court addresses, and rejects, State Farm's assertion that Texas law controls the disposition of this motion. State Farm recognizes that this question is resolved under Erie [FN1] principles, but contends that mandatory severance and abatement, as dictated by the Texas Supreme Court in Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627 (Tex.1996), is substantive law. The court disagrees. In Whittenburg v. State Farm Mut. Auto. Ins. Co., Civil Action No. 3:96-CV-2837-D, slip op. at 2 (N.D.Tex. Jan. 8, 1997) (Fitzwater, J.), this court held, in the context of another State Farm motion for severance and abatement, that "Texas court procedural decisions are not binding on this court." [FN2]

FN1. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

FN2. State Farm removed this case, as it did Whittenburg, from Texas state court to this court. If it desires to take advantage of mandatory Texas law of severance and abatement, it should allow these types of cases to remain in state court.

III
A

Although not bound by Texas law, the court concludes that State Farm's motion for severance should be treated as a motion for separate trials, and that separate trials should be conducted. In Whittenburg the court recognized that Texas decisions "are helpful in determining whether separate trials should be ordered" and that where "[t]he claims in question ... arise under Texas law ... Texas courts are in the best position to determine whether the nature of the claims warrants bifurcation at trial." Id. The court in Whittenburg treated State Farm's motion for severance as a motion for separate trials and, pursuant to Fed.R.Civ .P. 42(b) and to avoid undue prejudice, granted separate trials of the plaintiff's claim for breach of insurance contract, and his extracontractual claims for breach of duty of good faith and fair dealing, Texas Insurance Code and DTPA violations, and negligence based on State Farm's claims-handling practices. Id. The court reaches the same result in today's case, and concludes that Bays' breach of contract claim must be tried separately from, and prior to, her extracontractual claims.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work

1999 WL 68648
(Cite as: 1999 WL 68648, *1 (N.D.Tex.))

Page 8

B

*2 The court declined in Whittenburg, however, to abate the litigation of the extracontractual claims. The court held that "[t]his would unduly prolong the litigation in the event State Farm is found to have breached the insurance contract [and that] [t]he protection that State Farm should be accorded can adequately be conferred by conducting separate trials." Id. The court reaches the same result in the present case.

State Farm maintains that if the court does not abate the litigation of the extracontractual claims, and allows discovery to go forward, it will be forced to decide prematurely whether to waive the attorney-client privilege and work product doctrine. D. Mot. at 5. This assertion is very general at this stage. There is no indication in the record that State Farm has generated, in this fairly straightforward underinsured/uninsured case, privileged communications or attorney work product that it must rely on to defend against Bays' extracontractual claims. The court is hesitant to abate a lawsuit on a hypothetical ground. Accordingly, because this concern appears to be premature, and because the court can later enter an order of abatement upon a showing of demonstrable prejudice, the court denies State Farm's motion for abatement without prejudice to its later seeking this relief for good cause shown.

\* \* \*

The court grants State Farm's January 13, 1999 motion for severance to the extent that, treating the request as a motion for separate trials, the court grants the motion and directs that Bays' contract claim be tried separately from, and prior to, her extracontractual claims. The court denies without prejudice State Farm's motion to abate.

SO ORDERED.

1999 WL 68648 (N.D.Tex.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work