United States District Court
Southern District of Texas
FILED

OCT 29 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff | § | CIVIL ACTION NO. B-03-109 |
| vs. | § § § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant | § | |

**PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY'S
SUPPLEMENT TO ITS MOTION FOR SUMMARY JUDGMENT ON
DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
EXTRA-CONTRACTUAL COUNTERCLAIMS**

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files this Supplement to its Motion for Summary Judgment on Defendant Brownsville Independent School District's ("BISD") extra-contractual counterclaims, and respectfully shows the Court the following:

### I. SUMMARY OF SUPPLEMENT TO ROYAL'S MOTION

1. On June 10, 2004, Royal filed its Motion for Summary Judgment demonstrating that it is entitled to summary judgment on Brownsville Independent School District's ("BISD's") extra-contractual counterclaims ("Royal's Motion") (Dkt. #49). On June 29, 2004, the Court ordered that, after additional discovery, Royal could supplement its various motions for summary judgment. The Court ordered that Royal file any such supplements by October 29, 2004. (Dkt. #58). In compliance with the Court's June 29, 2004 ruling, Royal hereby files this supplement.

546044v.1

2. Royal's June 10, 2004 Motion for Summary Judgment (Dkt. #49) addressed BISD's extra-contractual counterclaims included in BISD's First Amended Counterclaim (Dkt. #38) filed on April 16, 2004. In its First Amended Counterclaim, BISD had alleged that Royal violated the Texas Deceptive Trade Practices Act ("DTPA") and Articles 21.21 and 21.55 of the Texas Insurance Code, and also breached the common law duty of good faith and fair dealing.

3. After Royal filed its June 10th Motion for Summary Judgment, BISD filed its Second Amended Counterclaim on June 25, 2004. (Dkt. #56). In it, BISD eliminated its claims for alleged violations of the DTPA, but again alleged that Royal violated Articles 21.21 and 21.55 of the Texas Insurance Code, and also breached the common law duty of good faith and fair dealing.

4. By way of Royal's June 10th Motion for Summary Judgment (Dkt. #49) and this Supplement thereto, Royal demonstrates that all of BISD's extra-contractual counterclaims, including those in its Second Amended Counterclaim, are wholly without merit, and that Royal is entitled to summary judgment as to these claims as a matter of law. There is no evidence to support any extra-contractual claim against Royal and there is no legal basis for any extra-contractual liability. Rather, because there is no coverage under the Royal policies for BISD's contract claim, BISD's extra-contractual claims fail as a matter of law. Alternatively, there is simply a bona fide dispute about whether the Royal policies provide coverage for BISD's insurance claim, and thus, as a matter of law, BISD's extra-contractual claims fail.

## II. SUPPLEMENTAL EVIDENCE AND ARGUMENT

5. With its Second Amended Counterclaim, BISD for the first time included some names and dates in connections with its allegations concerning the corporate relationship between GAB and EFI, as follows:

> In compliance with FRCP 9(b), the specifics of the misrepresentations are as follows: Dennis Nickoloff of GAB Robins made the misrepresentations over the phone to Miguel Saldana, general counsel for BISD, in the November 2002 time frame. One particular instance occurred on November 7, 2002. Mr. Nickoloff spoke with Mr. Saldana by telephone on that day and informed Mr. Saldana that since BISD hired EFI to investigate the loss and to put a value on the claim, that Royal would accept the costs, findings, and final recommendations of EFI report. The next day, Mr. Saldana sent a letter to Mr. Nickoloff confirming the conversation of November 7, 2002. In that letter, Mr. Saldana confirms that Royal "agreed to accept . . . the final report of EFI, Inc."
>
> * * *
>
> Dennis Nickoloff had ample opportunity to inform Mr. Saldana of the relationship between GAB Robins, N.A. Inc. and EFI when they spoke by telephone about EFI on November 7, 2002. Had BISD known of the relationship, it may have hired a different company to do the work.

See BISD's Second Amended Counterclaim, Dkt. #57, ¶12.a., ¶ 14.b.

6. Regardless of these sparse details finally provided by BISD, they do not change the substance or impact of BISD's prior *allegations* that GAB should have, but failed, to disclose a relationship with EFI, that GAB agreed that Royal would accept EFI's findings, and that Royal later failed to do so. As set forth in Royal's June 10th Motion, the conduct alleged by BISD, including that briefly described in BISD's latest amended counterclaim, does not support its extra-contractual claims.

7. While BISD claims to have been mislead by GAB, the lack of specificity in its allegations and discovery responses is quite telling. BISD is unable to identify <u>any</u> reliance on the alleged misrepresentations, much less any resulting damages. Notably, in discussing the relationship between GAB and EFI, BISD cannot even allege (much less prove) that, had it known of the relationship, it would have proceeded any differently when it hired EFI for the first

time in connection with Aiken and Besteiro around September/October 2002. Indeed, BISD simply alleges:

> Had BISD known of the relationship it **may** have hired another entity to do the work.

*See* Second Amended Counterclaim, Dkt. #57, ¶ 12.a. (emphasis added); *see also, id.* at ¶ 14.b.

8. Perhaps the reason that BISD can make no stronger *allegation* of reliance, much less any *proof* of reliance on the alleged misrepresentation, is that BISD's course of action would not have changed had it known of the relationship in the Fall of 2002. It is noteworthy that, even after BISD learned of the relationship between EFI and GAB, BISD hired EFI to prepare the specifications for the repairs of the school in 2003, and then proceeded to hire EFI to oversee the remediation/repairs from September 2003 until the Spring of 2004. *See* **Exh. 1**, L. Burckle Depo., pp. 105-106 (BISD knew of the relationship before EFI issued in its 1/20/03 Report, but hired EFI for additional services).

9. BISD employees testified that they never criticized EFI's work on the schools, and never questioned any of EFI's findings relating to the cause of the mold and other damage at Aiken and Besteiro. *See* **Exh. 2**, O. Tapia Depo., p. 130 (never questioned EFI or disagreed with EFI on any of their findings as to what was causing the damage at the two schools); **Exh. 3**, H. Gonzalez Depo., p. 35. EFI's Lee Burckle could not identify any complaints either. *See* **Exh. 1**, L. Burckle Depo., p. 40. In addition, BISD's corporate representative, Miguel Saladana, testified on the district's behalf that he could not identify **any** dollar amount that BISD has had to spend because of GAB's alleged non-disclosure of its relationship with EFI. *See* **Exh. 4**, M. Saldana Depo., pp. 100-101. Mr. Saldana could not identify any repairs left undone or any poor workmanship. *Id.* at pp. 92-94. EFI's representative, Lee Burckle, could not identify any inadequate or deferred repairs. *See* **Exh. 1**, L. Burckle Depo., p. 38.

10. Notably, other than the allegations described in ¶ 5 above, BISD was unable to describe any other alleged misrepresentations in connection with its policies or claims. While testifying on behalf of BISD,[1] Mr. Saldana was asked whether he could identify any other alleged misrepresentations to BISD, other than the allegation that Mr. Nickoloff of GAB failed to disclose a relationship between GAB and EFI. Mr. Saldana admitted he could identify no others. *See* **Exh. 4,** M. Saldana Depo., p. 83, l. 20 to p. 84, l. 8.

### III. CONCLUSION AND PRAYER

11. Royal is entitled to summary judgment on all of BISD's extra-contractual counter-claims because there is no evidence or law to support BISD's claims. Accordingly, Royal has shown that these claims can be decided as a matter of law in Royal's favor. Therefore, Royal requests that this Court (1) enter judgment in favor of Royal, (2) declare that BISD's extra-contractual counter-claims are barred as a matter of law; (3) dismiss all of BISD's extra-

---

[1] Mr. Saldana was designated as a 30(b)(6) representative of BISD on several topics, including:

16. Any alleged misrepresentation to BISD allegedly made by or on behalf of Royal, any alleged reliance thereon, and any allegedly resulting damage.

19. The factual basis for BISD's counterclaims against Royal for extra-contractual damages, including but not limited to any claim by BISD that Royal suggested or approved BISD's retention of EFI, or that Royal and/or any purported agent of Royal agreed to "accept" EFI's report and/or EFI's "cost estimates, investigation, findings, and costs."

contractual counterclaims against Royal with prejudice, and (4) grant Royal any and all other relief to which it is entitled.

                                                   Respectfully submitted,

                                        **Jay W. Brown**
                                        State Bar No. 03158830
                                        Fed. ID No. 1314
                                        1300 Post Oak Blvd., Suite 2400
                                        Houston, Texas 77056
                                        Telephone: (713) 623-0887
                                        Facsimile: (713) 960-1527

                                        ATTORNEY-IN-CHARGE FOR PLAINTIFF
                                        ROYAL SURPLUS LINES INSURANCE COMPANY

**OF COUNSEL:**
BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
Fed. ID No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
Fed. ID No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of October, 2004, a true and correct copy of the Supplement to Plaintiff Royal Surplus Lines Insurance Company's Motion for Summary Judgment on Defendant Brownsville Independent School District's Extra-Contractual Counterclaims is being served, via certified mail, with return receipt requested, on all known counsel of record, as follows:

Mr. Baltazar Salazar           *Via Certified Mail, Return Receipt Requested*
1612 Winbern
Houston, Texas 77004

Mr. Craig S. Smith             *Via Certified Mail, Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Mr. Ramon Garcia               *Via Certified Mail, Return Receipt Requested*
Ms. Catherine Smith
LAW OFFICE OF RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

_____
Jay W. Brown