United States District Court
Southern District of Texas
FILED

OCT 29 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff | § § § | CIVIL ACTION NO. B-03-109 |
| vs. | § § § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant | § | |

## SUPPLEMENT TO PLAINTIFF ROYAL SURPLUS LINES INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files this Supplement to its

Motion for Summary Judgment, respectfully showing:

### I. SUMMARY OF SUPPLEMENT TO MOTION

1.      On May 17, 2004, Royal filed its Motion for Summary Judgment demonstrating

that Royal is entitled to summary judgment because: (a) BISD's claims are excluded from

coverage due to the operation of various policy exclusions and the inapplicability of any

exceptions thereto, (b) the Limitations Clause of the Royal Policies applies to preclude coverage

for any loss or damage to the interior of the schools caused by or resulting from rain, (c) the

Additional Coverage Extension is not applicable and does not provide coverage, (d) BISD is

judicially estopped from asserting that its claimed damages were caused by anything other than

defective design and construction of the schools, (e) BISD's claims are barred under the known

loss/loss in progress doctrine, (f) BISD's claims are precluded because BISD failed to provide

Royal with "prompt notice" as required by the Royal Policies, and (g) BISD's counterclaim is

barred because BISD failed to comply with the "Legal Action Against Us" clause of the Royal Policies. (Royal's MSJ, Dkt. #42).

2.    On June 29, 2004, the Court ordered that, after additional discovery is conducted, Royal could supplement its various motions for summary judgment. The Court ordered that Royal file any such supplements by October 29, 2004. (Dkt. #58). In compliance with the Court's June 29, 2004 ruling, Royal hereby files this supplement.

3.    The additional summary judgment evidence cited herein and attached hereto provides additional support for Royal's Motion. The supplemental documentary and deposition evidence buttresses Royal's summary judgment position that:

A.    the Additional Coverage Extension is not applicable and does not provide coverage to BISD;

B.    the Limitations Clause of the Royal Policies applies to preclude coverage for any loss or damage to the interior of the schools caused by or resulting from rain; and

C.    BISD is judicially estopped from asserting that its claimed damages were caused by anything other than defective design and construction of the schools.

## II. SUPPLEMENTAL EVIDENCE AND ARGUMENT

A.    *Additional Evidence that the Additional Coverage Extension for Access Costs Related to Alleged "Water Damage" Is Not Applicable.*

4.    As pointed out in Royal's Motion (Dkt. #42) and Royal's Reply (Dkt. #50), BISD has offered no summary judgment evidence of any alleged "water damage" at the schools. Royal recently deposed several Rule 30(b)(6) representatives of BISD. Of the various deposition topics included in the deposition notice (**Exh. 1**), the following topic (No. 13) was designed to obtain from BISD any evidence of alleged "water damage":

546053v.1

13.    Any alleged **accidental discharges or leakages of water as the direct result of the breaking apart or cracking of any part of a system or appliance at Aiken or Besteiro containing water** or steam that allegedly caused any damage made the subject of BISD's insurance claim against Royal or this lawsuit, including the **location** of such alleged **breaks/cracks**, the **cause** and **timing** of same, the allegedly resulting damage, the date of discovery of the **resulting damage**, and the **dollars spent to repair** the damage resulting from each alleged "breaking apart" or "cracking" incident;

*See* **Exh. 1**, FRCP 30(b)(6) Deposition Notice, p. 6 (emphasis added).

5.    Mr. Oscar Tapia was designated as a 30(b)(6) representative of BISD on deposition topic No. 13. During Mr. Tapia's deposition, in order to *try* to provide some evidence of alleged "water damage," Mr. Tapia vaguely referenced an unspecified alleged problem with one or more roof drain hubs at the schools that he suggested might have been discovered in 2003 or 2004 (notably, <u>outside</u> the effective dates of the Royal Policies claimed under).[1] Although BISD is required by the Royal Policies to describe "how, when, and where the direct physical loss or damage occurred," **Mr. Tapia was unable to identify the locations or even the number of drains that were allegedly problematic.** *See* **Exh. 2**, O. Tapia Depo., pp. 145-148.

6.    When pressed, Mr. Tapia admitted that he had <u>not</u> seen any documents identifying the location of any cracked pipe or fixture, had <u>never</u> seen any allegedly cracked or loose drain hubs, did <u>not</u> know what had caused the alleged failures, did <u>not</u> know when the problem began, could <u>not</u> identify any interior damage to the schools caused by the allegedly leaking roof drain hubs, and did <u>not</u> know what amounts were spent to fix any damage surrounding the allegedly leaking drain hubs. *Id.* at 148-152. In other words, **BISD's representative could offer no**

---

[1] The Royal Policies only provide coverage for loss or damage commencing during the policy periods claimed under: September 1, 1996 until April 1, 2002. *See* Royal Policies, Dkt. 42, Exhs. 1-4; BISD's claim notices, Dkt. 42, Exhs. 35 and 44. Thus, the alleged losses vaguely referenced by Mr. Tapia do not qualify for coverage.

546053v.1

evidence of any "water damage" or any costs allegedly arising from such damage. The lack

of any evidence of "water damage" precludes the application of the Additional Coverage

Extension for access costs.

7.    Another BISD representative, Hector Gonzalez, was also designated on Topic No.

13. *See* **Exh. 1**, Notice, p. 6.  Like Mr. Tapia, Mr. Gonzalez could provide no evidence of any

"water damage":

> Q.    Okay, but my question is you're not aware of any report
> made to you that there was a broken or cracked pipe or
> plumbing fixture that was leaking water and causing
> damage?
>
> A.    Not directly to me verbally or anything now.  No.
>
> &ast; &ast; &ast;
>
> Q.    All right, but sitting here today you can't identify any
> occasion where it was reported to you that a broken or
> cracked pipe or plumbing fixture had leaked water and
> caused damage to the schools?
>
> A.    Once again I defer that [to] EFI.  But to me, no.

*See* **Exh. 3**, H. Gonzalez Depo., pp. 38-39.

8.    Lee Burckle, P.E., is an employee of EFI, the engineering firm hired by BISD in

the Fall of 2002 to determine the cause and scope of the mold and other problems at the two

schools.  EFI was later hired by BISD to prepare the specifications for the repairs to the schools,

and to oversee the repair/remediation work that was performed in 2003-2004.  BISD has

designated EFI as an expert on the cause of the damages to the schools. (Dkt. #29).

9.    Mr. Burckle, one of the authors of EFI's January 20, 2003 Report, was deposed

on October 26, 2004.  When asked about "water damage," he too was unable to identify any

broken or cracked pipes or fixtures that allowed water to escape and damage Aiken or Besteiro.

*See* **Exh. 4**, L. Burckle Depo., pp. 25-26, 43, 111-113, 116, 119, 122 and 123.  He also testified

546053v.1

that he knew of **no basis for anyone to conclude that mold or other damage at the schools was the result of water leaking out of broken or cracked pipes or plumbing fixtures**. *Id.* at p. 26, l. 7-12.

**B.**     *Additional Evidence that the Policy's Limitations Clause Precludes Coverage for Any Interior Damage Caused by or Resulting from Rain.*

10.     EFI hired Aestimo to perform an assessment of and identify any leaks in the schools' roofs in 2002; Aestimo did so, and presented a report of its findings to EFI on December 17, 2002. *See* **Exh. 4**, L. Burckle Depo., pp. 32-33. The Aestimo Report was incorporated into the EFI January 20, 2003 Report to BISD. *Id.* at p. 33. Aestimo's Report, which is attached hereto as **Exhibit 5** (and was made Exh. 8 to Mr. Burckle's deposition), does not identify any hailstorm, windstorm, or other covered cause of loss that caused a hole in any roof which subsequently allowed rain to enter the building. *See* **Exh. 5**, Aestimo Report. Similarly, the EFI Report identifies no such event. *See* EFI Report, Dkt. #1, Exh. C. Finally, Mr. Burckle testified that EFI did not identify any holes in the schools' roofs or walls from any storm event that allowed rain to enter the building. *See* **Exh. 4**, L. Burckle Depo., p. 26.

**C.**     *Additional Evidence Supporting the Application of Judicial Estoppel.*

11.     Since Royal filed its Motion for Summary Judgment, Royal has obtained additional evidence of BISD settling claims that it had made against parties involved in designing and/or constructing the subject schools. At the parties' June 29, 2004 hearing, BISD for the first time admitted to Royal (and provided details of) BISD's three settlements in the state court cases against the construction defendants. Counsel for BISD admitted in open court that BISD had -- up to that point in time -- received $470,000 in settlement dollars. *See* **Exh. 6**, Hearing Transcript, at pp. 12-13. BISD admitted that it had received $170,000 from RBM

546053v.1

Engineering, $50,000 from CRC Engineering, Inc. (mechanical engineer) and $250,000 from the

Mijares Mora Group (architects). *Id.*

12.     BISD's corporate representative and general counsel, Mr. Miguel Saldana,

confirmed the settlements during a 30(b)(6) deposition of BISD on July 23, 2004. *See* **Exh. 7,**

M. Saldana Deposition, pp. 73-76.  Mr. Saldana confirmed that BISD possessed copies of written

settlement agreements with each entity. *Id.* at p. 74.

13.     Despite being ordered on June 29, 2004 to produce the settlement agreements to

Royal (**Exh. 6,** Hrg. Trans., p. 43), BISD refused to do so for many months.  Finally, on October

27, 2004, BISD for the first time produced settlement agreements with two of the settling parties:

Mijares Mora Archictects, Inc./The Mijares Group and CRC Engineering, Inc.   While at least

one settlement agreement is still outstanding, the April 21, 2004 settlement agreement with

Mijares Mora Architects, Inc./The Mijares Group for $250,000 was produced by BISD and is

attached as **Exh. 8.**  Mijares Mora Architects, Inc./The Mijares Group was discharged of all

liability  by  BISD  for  "**all  costs  of  repair,  remediation  costs,**  costs  to  retain

experts/architects/engineers, cost of past and future **mold testing and elimination,** relocation

costs, costs of **temporary facilities,** busing costs, loss of funding issues and all other actual,

direct,  indirect,  consequential  and  incidental  damages . . . for  or  on  account  of  all **water**

**intrusion, environmental and mold conditions** relating to the **design, construction, operation**

**or maintenance**" of Besteiro and Aiken. *See* **Exh. 8** (emphasis added).

14.     BISD's April 21, 2004 settlement agreement with CRC Engineering, Inc. for

$50,000 was also produced by BISD and is attached as **Exh. 9.**   BISD released CRC

Engineering, Inc. from "all claims arising from the **design, construction and repair**" of Besteiro

and Aiken. *See* **Exh. 9** (emphasis added).

546053v.1

## III. CONCLUSION AND PRAYER

15.     In sum, for the reasons provided in Royal's Motion (Dkt. #42), Royal's Reply to
BISD's Response (Dkt. #50), and in this Supplement to Royal's Motion, Royal is entitled to
summary judgment and a declaration that BISD's claim for insurance is outside of coverage.
Plaintiff Royal prays that the Court grant its Motion for Summary Judgment, declare that BISD
is not entitled to coverage under any of the Royal Policies for any claimed damage or loss at
Besteiro and Aiken, dismiss  BISD's counterclaim against Royal, and grant Royal any and all
other relief to which it is entitled.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
Fed. ID No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE COMPANY**

OF COUNSEL:

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
Fed. ID No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
Fed. ID No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

546053v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Supplement to Royal's Motion for Summary Judgment was served on all counsel of record on October 29, 2004, as follows:

Baltazar Salazar                                    *Via Certified Mail Return Receipt Requested*
1612 Winbern
Houston, Texas  77004


Craig S. Smith                                      *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas  78418


Ramon Garcia                                        *Via Certified Mail Return Receipt Requested*
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas  78539

*Attorneys for Defendant BISD*


_____
Jay W. Brown

546053v.1