IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-109 |
| | § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

## SECOND AMENDED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

TO:  Brownsville Independent School District, by and through their attorneys of record, Baltazar Salazar, 1612 Winbern, Houston, Texas 77004.

Please take notice that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff Royal Surplus Lines Insurance Company ("Royal") will take the oral deposition of Brownsville Independent School District ("BISD") concerning the matters specified in **Exhibit "A"** hereto, in the order specified (unless otherwise agreed by counsel), at the offices of **Brownsville Independent School District, 1900 Price Rd., Brownsville, Texas 78521**, beginning at **9:00 a.m. on Wednesday, July 21, 2004**, and continuing thereafter until completed. In advance of the deposition, Defendant BISD shall designate one or more persons to testify on its behalf, as required by Fed. R. Civ. P. 30(b)(6), and indicate on which topic(s) each witness will testify.

The deposition shall be conducted before a certified court reporter or other individual authorized by law to administer oaths and take depositions. The deposition(s) will be videotaped.

EXHIBIT 1

Jul-21-2004  08:04    From-BEIRNE MAYNARD              +7139609469         T-594   P.005/010   F-284

Respectfully submitted,

*[signature: Michael for Jay W. Brown]*

Jay W. Brown
State Bar No. 03138830
SDT No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE
COMPANY**

OF COUNSEL:

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

525305.1                                  2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Royal's Second Amended Deposition Notice to BISD was served on all counsel of record on July 14, 2004.

Baltazar Salazar     *Via Certified Mail Return Receipt Requested and facsimile*
1612 Winbern
Houston, Texas 77004

Craig S. Smith     *Via Certified Mail/Return Receipt Requested*
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, Texas 78418

Ramon Garcia     *Via Certified Mail Return Receipt Requested and facsimile*
Catherine Smith
LAW OFFICE RAMON GARCIA, P.C.
222 W. University
Edinburg, Texas 78539

*Attorneys for Defendant BISD*

_____
Stephen R. Wedemeyer

525305.1                              3

Jul-21-2004 08:05    From-BEIRNE MAYNARD    +7139609469    T-584  P.007/010  F-284

# EXHIBIT "A"

## DEPOSITION TOPICS

BISD shall produce a witness on the following subject matters:

1. BISD's damages, including the amount of and basis for the categories of damages sought by BISD, including without limitation those categories listed by BISD in their January 16, 2004 interrogatory responses, to wit:

    - past repair and reconstruction costs,
    - present repair and reconstruction costs,
    - future repair and reconstruction costs,
    - past remedial costs to clean up moisture build-up and contamination,
    - present remedial costs to clean up moisture build-up and contamination,
    - future remedial costs to clean up moisture build-up and contamination,
    - past costs to repair construction defects and compliance with ADA building codes,
    - present costs to repair construction defects and compliance with ADA building codes,
    - future costs to repair construction defects and compliance with ADA building codes,
    - costs to retain professional architects,
    - costs to retain professional engineers,
    - costs to retain independent contractors,
    - costs for past inspections for mold and humidity testing in the buildings,
    - costs for present inspections for mold and humidity testing in the buildings,
    - costs for future inspections for mold and humidity testing in the buildings,
    - costs of labor to properly remediate contaminated schools,
    - equipment replacement costs,
    - relocation costs for temporary facilities for both schools,
    - costs associated with busing students to temporary facilities,
    - loss of funding from the State of Texas based on loss of average daily attendance, and
    -  attorney's fees;

2. The total amount of damages claimed by BISD, and the calculation of such amount, including but not limited to a description of what each dollar of damages claimed by BISD was spent on by BISD, and the cause of such damage;

Jul-23-2004  08:05     From-BEIRNE MAYNARD                    +7139608468            T-594   P 008/010   F-284

  3.  The terms of any and all oral or written Mary Carter agreements, settlement agreements, compromises, covenants not to sue, hold harmless agreements, indemnity agreements, procedural agreements, "understandings", releases or any similar agreement between BISD and any other person or entity that relates to (1) water damage or mold or other fungal contamination at or construction or maintenance of the subject schools, or (2) the events and issues giving rise to this lawsuit and/or the subject claim, including but not limited to BISD's settlement with RBM Engineering for $170,000, BISD's settlement with CRC Engineering for $50,000, BISD's settlement with the architects for $250,000 and any other contractors involved in the design, construction, maintenance or repair of the subject schools;

4.  The nature, type, location and scope of property damage made the subject of BISD's insurance claim against Royal and this lawsuit;

5.  The number of occurrences made the basis of BISD's subject claim;

6.  For each "occurrence" or "loss" made the basis of BISD's subject claim, (i) the date the occurrence or loss "commenced" at Aiken or Besteiro, (ii) the date the occurrence or loss was reported to Royal, (iii) the date the occurrence or loss was discovered, (iv) the cause(s) of the occurrence or loss, and (v) the resulting damage (including the particular area of the school alleged to have been damaged);

  7.  Any and all lawsuits and insurance claims made by, on behalf of, or against BISD relating to the construction, repair, maintenance, or air quality of Besteiro and/or Aiken, or any problem with water leakage, water intrusion or mold or fungal contamination alleged at one or more of the subject schools since 1994;

8.  Whether BISD agrees with conclusions and recommendations in the Assured Indoor Air Quality, L.P. Status Report to BISD dated January 25, 2002 and if not, why not;

9.  Whether BISD agrees with the conclusions and recommendations in the Ambiotec Environmental Consultants, Inc. Report to BISD dated May 2002 (entitled "Preliminary Mold Investigation"), and if not, why not;

10.  Whether BISD agrees with the findings, observations, and conclusions in the Engineering & Fire Investigations Report to BISD dated January 20, 2003 (entitled "Remediation Evaluation Assessment"), and if not, why not;

11.  Whether BISD agrees with the allegations it made in BISD's Original Third-Party Petition in Cause No. 2003-08-4078-E, *American Standard, et al. vs. BISD and Al Cardenas*

525305.1                                    5

*Masonry, Inc., et al.*, In the 357th District Court of Cameron County, Texas, and if not, why not;

12. BISD's position as to whether **all** of the water damage and mold damage at the subject schools since 1995 was caused by a cause of loss covered by the subject Royal Policies;


13. Any alleged accidental discharges or leakages of water as the direct result of the breaking apart or cracking of any part of a system or appliance at Aiken or Besteiro containing water or steam that allegedly caused any damage made the subject of BISD's insurance claim against Royal or this lawsuit, including the location of such alleged breaks/cracks, the cause and timing of same, the allegedly resulting damage, the date of discovery of the resulting damage, and the dollars spent to repair the damage resulting from each alleged "breaking apart" or "cracking" incident;


14. Any repair, remodeling and remediation efforts pertaining to the claimed damages or any unclaimed damages, at the subject schools since 1994;


15. Any and all repairs or other efforts BISD has made, if any, to repair, replace or remediate any electronic data processing systems, electronic communications equipment, electronic media, and/or converted data at Aiken or Besteiro that BISD claims as part of the subject claim or this lawsuit, the timing cost of same, and the cause of any claimed damage to such equipment, data or materials;


16. Any alleged misrepresentation to BISD allegedly made by or on behalf of Royal, any alleged reliance thereon, and any allegedly resulting damage;

17. Any alleged admission made by or on behalf of Royal concerning the subject policies, the subject schools, or BISD's claims;

18. Any communications between (i) BISD, and (ii) Royal and/or GAB Robins before this lawsuit was filed relating to the two subject schools, the subject policies, and/or BISD's claims;

19. The factual basis for BISD's counterclaims against Royal for extra-contractual damages, including but not limited to any claim by BISD that Royal suggested or approved BISD's retention of EFI, or that Royal and/or any purported agent of Royal agreed to "accept" EFI's report and/or EFI's "cost estimates, investigation, findings, and costs";

20. The factual basis for BISD's contention that Royal has never submitted a reservation of rights letter (see ¶12 d.2 of BISD's Second Amended Counterclaim).;

525305.1

6

21. The factual basis for BISD's contention in ¶12(b) of BISD's Second Amended Counterclaim that "Royal's liability is reasonably clear," including the date on which BISD alleges that Royal's liability became reasonably clear; and

22. BISD's retention of and relationship with EFI with regard to the Aiken and Besteiro schools, including but not limited to the timing and reason(s) for BISD hiring EFI, the identity of who at BISD decided to hire EFI, any related contract/agreement between BISD and EFI, the amounts paid to EFI by BISD, whether BISD agrees or disagrees with BISD's findings, the scope and date of services provided to BISD by EFI, BISD's knowledge of any relationship between GAB Robins and EFI, when and how BISD learned of an alleged relationship between GAB Robins and EFI, and any alleged communications between BISD and (i) Royal and/or (ii) GAB Robins concerning EFI.