United States District Court
Southern District of Texas
ENTERED

NOV 17 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INS. CO., Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEP. SCH. DIST., Defendant. | § § § | |

## ORDER

On June 9, 2003, Royal Surplus Lines Insurance Company ("Royal") filed a lawsuit for declaratory judgment (Docket No. 1) requesting that the court elucidate its coverage obligations under four policies purchased by the Brownsville Independent School District ("BISD"). The policies covered Aiken Elementary and Besteiro Middle School and were effective between September 1, 1996, and April 1, 2002. Currently, a number of motions are pending before the court. The purpose of this order is: (1) to detail to the clerk's office which motions have already been addressed and (2) to rule on pending motions.

The court has already ruled on some of the motions that are listed on the court's docket as pending. First, Royal's Motion to Compel Written Discovery Responses (Docket No. 28) was orally granted during a hearing held on March 19, 2004. *Transcript of Hearing held March 19, 2004, pp.14:23–15:2*. Second, Royal's Motion to Abate and Sever Extra-Contractual Causes of Action (Docket No. 37) was denied without prejudice in an order issued on June 15, 2004. *Docket No. 51*. Finally, Royal's Motion to Quash Deposition of Dennis Nickoloff (Docket No. 52), Royal's Expedited Motion to Compel Depositions of BISD Representative and Designated Experts (Docket No. 53), and BISD's Motion to Compel Written Discovery Responses and Productions (Docket No. 57) were all addressed during a hearing held on June 29, 2004. *See Docket No. 65*. Royal was

ordered to produce Dennis Nickoloff (22:24), BISD was ordered to produce its "most knowledgeable" representative (30:14–16), and Royal was ordered to do a privilege log (44:14). *Docket No. 65*. All three of these motions were granted.

**IT IS THEREFORE ORDERED** that the clerk's office correct the status of these motions to show that Docket Nos. 28, 52, 53, and 57 were granted and Docket No. 37 was denied without prejudice.

During the June 29, 2004 hearing, the court also gave the parties express permission to amend their pleadings by October 29, 2004. Therefore, Royal's Motion for Leave to File First Amended Complaint (Docket No. 71) is timely, and is hereby **GRANTED**.

Also pending are Royal's motions to exceed the page limit regarding its Rule 56(c) "No Evidence" Motion for Summary Judgment (Docket No. 47) and its Motion for Summary Judgment on Defendant's Extra-Contractual Claims (Docket No. 49). *Docket Nos. 46 & 48*. This Court's "Civil Procedures" guidelines limit motions for summary judgment to twenty pages in length in the absence of express permission to exceed the aforesaid limit.

Having considered Docket Nos. 46 and 48, the court hereby **GRANTS** Plaintiff's Motions to Exceed the Page Limit (Docket Nos. 46 & 48). Therefore, Defendant's Emergency Motion to Strike the Motions to Exceed Page Limit (Docket No. 55) is hereby **DENIED**. The Defendant is authorized, but by no means obligated, to likewise exceed the twenty-page limit in its responses to the motions for summary judgment. This dispensation does not extend to any other future filings.

As a final matter, Royal's Expedited Motion to Dismiss Counterclaims (Docket No. 35) has been pending since March 30, 2004. Said motion asserted that because BISD's counterclaims raise claims sounding in fraud, BISD's Original and Supplemental Counterclaims (Docket Nos. 18 & 30)

are not stated with sufficient particularity under Federal Rule of Civil Procedure 9(b).[1] BISD subsequently filed an Amended Counterclaim (Docket No. 38) that was identical in all but title to its Supplemental Counterclaim. A Second Amended Counterclaim (Docket No. 56) was filed on June 25, 2004, that no longer asserted claims sounding in fraud. Thus, Royal's Expedited Motion to Dismiss Counterclaims (Docket No. 35) is hereby **DENIED** as moot.

Signed in Brownsville, Texas, this 17th day of November, 2004.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

---

[1] Under Federal Rule of Civil Procedure 15, an amended counterclaim would have been the proper filing rather than a supplemental counterclaim.

3