IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JAN 1 4 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROYAL SURPLUS LINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF ROYAL'S OBJECTIONS TO THE REPORT OF
DEFENDANTS' EXPERT JAMES E. BETTIS, AND
MOTION TO EXCLUDE OR LIMIT JAMES E. BETTIS' TESTIMONY**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Objections to the Report of James E. Bettis, proffered by Defendant Brownsville Independent School District ("BISD") as an expert report in this case, and its Motion to Exclude or Limit Mr. Bettis' testimony based on his inadequate expert report and qualifications. Royal respectfully shows the Court as follows:

### I. INTRODUCTION

1. Royal filed this declaratory judgment action on June 9, 2003. Trial is set for March 3, 2005.

2. BISD designated James Bettis as an expert to testify about the following matters:

> Mr. Bettis may offer opinions as to Royal's handling of the claims, BISD's compliance with policy terms and conditions, coverage, BISD's extra-contractual claims, and related issues.

1

(*See* Exhibit B, BISD's Expert Designations, [Doc. No. 29]). Mr. Bettis is a licensed attorney in Texas, having practiced for 15 years. (*See* Exhibit A, Bettis Report at p. 1). BISD apparently intends to use Mr. Bettis as its expert to testify on both insurance coverage and claims handling ("bad faith") issues.

3. This Motion focuses on why Mr. Bettis' opinions are inadmissible under Rule 702 of the Federal Rules of Evidence and the case law governing the standards for admissibility of expert testimony. *See Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999). In addition, this Motion also seeks to strike portions of Mr. Bettis' report that relate to, or involve, his inadmissible opinions.

4. Expert opinion evidence is not probative of material fact when the expert does not have the qualifications to render a reliable opinion, where the methods used by the expert are unreliable, or when the opinions are not tied to the facts of the case. *See id.*; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Testimony by an expert not supported by appropriate expertise and validation is unfairly prejudicial. "Unfair prejudice" has been defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997), *cert. denied*, 522 U.S. 1090 (1998) (citing Advisory Committee Notes to Federal Rule of Evidence 403). The obligation of the trial court to act as "gatekeeper" is founded on the potential for prejudice. *Id.* (citing *Daubert*, 509 U.S. at 589). Thus, the trial court should exclude expert opinions that are not relevant and reliable, or offered in areas beyond the expert's qualifications.

report alone, Royal is unable to discern what exactly Mr. Bettis has been provided, let alone what he has relied upon in forming his opinions.

9. His report provides no substance as to any opinions he may have. It provides virtually no opinions, other than conclusory statements.

10. On June 25, 2004, BISD filed its Second Amended Counterclaim, which again includes a misrepresentation claim with only vague assertions involving a business connection between GAB Robins, N.A., Inc., Royal's independent adjuster for the BISD claims, and Engineering and Fire Investigations ("EFI"), the entity hired by BISD to evaluate the cause and scope of the alleged damage at Aiken Elementary and Beteiro Middle schools. Mr. Bettis' report does not include any mention of the alleged connection between GAB Robins and EFI. At his deposition, Mr. Bettis could not identify any evidence, other than conclusory statements in BISD's Second Amended Counterclaim, to support BISD's claim of misrepresentation. Therefore, Mr. Bettis should not be allowed to testify regarding any alleged connection between EFI and GAB Robins, or any alleged liability of Royal arising therefrom.

## II. ARGUMENT AND AUTHORITIES

A. *Standards for Admissibility of Expert Testimony.*

11. The decision of whether to admit expert testimony is governed by Federal Rules of Evidence 402, 403, 702, 703 and the United States Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals* and *Kumho Tire Co. v. Carmichael*.

12. Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient

facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

13. Under *Daubert*, Rule 702 requires trial courts to act as "gatekeepers," making a preliminary assessment of whether the reasoning or methodology underlying the testimony is valid, and of whether that reasoning or methodology properly can be applied to the facts in issue. 509 U.S. at 592-93; *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002). This gate-keeping obligation "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co.*, 526 U.S. at 141; *Pipitone*, 288 F.3d at 244.

14. Pursuant to *Daubert*, in deciding admissibility, the trial judge should consider the soundness of the general principles or reasoning on which the expert relies and the propriety of the methodology applying those principles to the specific facts of the case. 509 U.S. at 589-92; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 600 (S.D. Tex. 2001).

15. The *Daubert* court set forth a non-exclusive list of four criteria to guide trial courts in determining if the testimony is reliable "scientific knowledge": (1) whether a theory or technique in question can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential rate of error along with the existence and maintenance of standards controlling the technique's operation; and (4) the degree of acceptance within the relevant scientific community (i.e., the *Frye* test). 509 U.S. at 592–94; *Brumley*, 200 F.R.D. at 600.

16. In *Kumho*, the Supreme Court reiterated the *Daubert* factors that a trial judge may consider in determining the admissibility of any expert's testimony. *Kumho Tire Co.*, 526 U.S.

at 149-51. The *Kumho* Court further stated that these factors may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony. *Id.* The *Kumho* Court concluded that the *Daubert* analysis applies to all expert matters described in Rule 702 as the rule establishes a standard of evidentiary reliability. *Id.* at 149. As the *Kumho* Court noted, where such "testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . , the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Id.* Under the Court's analysis in *Daubert* and its progeny, the following observations can be made:

- Reliability is to be assessed in terms of the validity of the principles and methodology underlying the opinion. *Daubert*, 509 U.S. at 590–93.

- The opinion of an expert is relevant only if the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact." *Id.*

- The court should determine whether an expert is a hired gun or a person whose opinion in the courtroom will withstand the same scrutiny that it would among his professional peers. *Watkins*, 121 F.3d at 991.

- To determine whether an expert's testimony is based on scientific, technical or other specialized knowledge, the district court must "evaluate the methods, analysis, and principles relied upon in reaching the opinion." *Watkins*, 121 F.3d at 991. The trial court "should ensure that the opinion comports with applicable professional standards outside the courtroom and that it will have a reliable basis in the knowledge and experience of the discipline." *Id.*

- The trial court must determine if the reasoning and methodology leading to an expert's conclusion is sound. *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 196 (5th Cir. 1996). An expert opinion must be based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation. *Brumley*, 200 F.R.D. at 600.

7. It is BISD's burden, not Royal's, to establish the admissibility of BISD's expert's opinions by a preponderance of the evidence. *Bennett v. PRC Public Sector, Inc.*, 931 F.Supp.

484, 490 (S.D. Tex. 1996). As shown below, BISD has failed to meet this burden, and, therefore, Mr. Bettis' testimony should be excluded or limited.

B. *Mr. Bettis is not qualified to give expert testimony on claims handling.*

18. Although Mr. Bettis has worked as a licensed attorney in the State of Texas for about 15 years, he is not qualified to provide expert opinions in this case for the claims handling by Royal. Mr. Bettis has never worked as an insurance adjuster, nor has he been an employee of an insurance company. (*See* Exhibit C, Deposition of Mr. Bettis at p. 9 lines 5 – 22 and p. 10 lines 14 - 16). Additionally, Mr. Bettis has never even testified in a case regarding claims handling. (*See* Exhibit C at p. 5 lines 14 – 17).

19. Because BISD has failed to prove that Mr. Bettis is qualified to testify regarding claims handling, his testimony on bad faith claims must be excluded at trial.

C. *Mr. Bettis' testimony will not help the jury because it is conclusory and not relevant.*

20. Rule 702 requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert,* 509 U.S. at 591. This condition goes primarily to relevance. *Id.* Expert testimony which does not relate to any issue in the case is not relevant and, therefore, not helpful. *Id.* An additional consideration under Rule 702 and another aspect of relevancy is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id.*

21. Conclusory opinions are deemed irrelevant. *See, e.g., Elder v. A.D. Tanner,* 205 F.R.D. 190, 193–94 (E.D. Beaumont 2001) (finding that the expert testimony at issue would not assist the trier of fact because the expert reports were conclusory — they stated the experts' ultimate opinions but without any elaboration or reasoning — and as such, were irrelevant).

22.     Here, Mr. Bettis has offered opinions that are not sufficiently tied to facts or his understanding of facts. For example, at his deposition, Mr. Bettis could not point to any evidence supporting BISD's bad-faith counterclaim; he has simply read the allegations in BISD's Second Amended Counterclaim concerning BISD's misrepresentation claim against Royal. (*See* Exhibit C, page 43 line 11 - page 44 line 16). Accordingly, his factually unsupported opinions will not aid the jury in resolving factual disputes. Simply stated, his opinions are conclusory *because* they are not based on facts. Further, his testimony is likely to confuse the issues for the jury, instead of helping the jury to resolve them. For these reasons, his irrelevant testimony must be excluded.

D.   *Mr. Bettis' testimony will not be helpful to the jury because it is unreliable.*

23.     Mr. Bettis' testimony is unreliable and, therefore, should be excluded. *See Daubert*, 509 U.S. at 592-93. An expert witness may be qualified and highly credible, but his or her conclusions may be unreliable. To be admissible, the expert must follow "in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. A court should exclude the opinion of an expert if the opinion will not assist the trier of fact in understanding the evidence or in determining a fact in issue. Fed. R. Evid. 403, 702.

24.     As shown above, Mr. Bettis has no experience as an insurance claims adjuster, as an employee of an insurance company, or other relevant experience and, therefore, his opinions on the conduct of Royal and its insurance claims handling are unreliable. Accordingly, these opinions are unreliable and should be excluded.

E.   *Any probative value of Mr. Bettis' testimony is outweighed by the dangers of confusion of the issues and misleading the jury.*

25. Federal Rule of Evidence 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Under Rule of 403, Mr. Bettis' testimony should be excluded because it is likely to confuse and mislead the jury, which substantially outweighs any probative value it may have.

26. Because he lacks experience as a claims adjuster or even in the insurance industry in general, Mr. Bettis testimony on these topics is likely to confuse the jury. Accordingly, this type of testimony should be excluded.

F. *Mr. Bettis' report fails to comply with the requirements of Rule 26.*

27. Expert reports must be "detailed and complete." 1993 Advisory Committee Notes to Fed. R. Civ. P. 26 (hereafter "Advisory Committee Notes"); *see also Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996), cert. denied, 519 U.S. 811, 117 S.Ct. 57 (1996); *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir. 1998). The Advisory Committee Notes explain that the purpose of expert reports is to avoid the disclosure of "sketchy and vague" expert information, as was the practice under the former rule. Advisory Committee Notes; *Sierra Club*, 73 F.3d at 571.

28. Rule 26 requires that a report include a complete statement of opinions to be expressed and the basis for them. FRCP 26(a)(2)(B). The Advisory Committee Notes explain that a complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. Advisory Committee Notes; *see also Salgado*, 150 F.3d at 741 n. 6; *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 53 (S.D. W.V. 1995) (quoting Advisory Committee Notes that an expert report should be written in a manner that reflects the testimony to be given by the expert). "The report must be complete

such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Salgado*, 150 F.3d at 741 n. 6 ; *see also Smith*, 164 F.R.D. at 53–54 (court found expert reports that were a page or two in length and referred to the basis for the opinions in vague terms, with few specific references, insufficient); *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. denied*, 516 U.S. 822, 116 S.Ct. 84 (1995) (court limited expert's testimony to content of his affidavit as a sanction for his failure to comply with court's scheduling order). Mr. Bettis' report does not satisfy the "detailed and complete" requirements. In fact, Mr. Bettis attempted for the first time to supplement his report with additional--and completely new and different--opinions on coverage at his deposition, taken on November 4, 2004 (8 months after issuing his March 1 expert report). (*See* Exhibit C, page 30 line 9 - page 34 line 9).

29. Further, expert reports must not be sketchy, vague or preliminary in nature. Advisory Committee Notes: *Sierra Club*, 73 F.3d at 571; *Salgado*,150 F.3d at 741 n. 6; *Sylla-Sawdon*, 47 F.3d at 284. Preliminary reports do not satisfy the express terms of Rule 26 because the rule requires a complete statement of all opinions to be expressed. *Smith*, 164 F.R.D. at 53 (finding that preliminary and vague reports fulfill none of the purposes of Rule 26 as they leave the opposing party open to unfair surprise); *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex. 2001). Expert reports must contain some discussion of their reasoning and thought process that led to the ultimate opinions. *Elder v. A.D. Tanner*, 205 F.R.D. 190, 193 (E.D. Tex. 2001); *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996).

30. In addition, "expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Salgado*, 150 F.3d at 741 n. 6; *Reed*, 165 F.R.D. at 429. Mr. Bettis' report includes only blanket conclusory opinions. For example, Bettis states that BISD's claims are covered under the policy because exceptions to the policy exclusions asserted by Royal apply in this case. Specifically, Mr. Bettis writes that "exclusion 2 provides that these exclusions will not apply when they result in 'specified cause of loss' . . . and exclusion 3 provides that exclusions will not apply if they result in a 'covered cause of loss.'" (*See* Exhibit A at p. 2). There is no further discussion or analysis. He simply and vaguely concludes that "some or all of the damages come within these exceptions." (*See id.*). Mr. Bettis' report does not contain any factual basis to support his position. In fact there is no further discussion as to the alleged application of the exceptions to the exclusions to which he refers. Moreover, Mr. Bettis never identifies – in his report or at his deposition -- the alleged "specified cause of loss" (i.e., an alleged broken pipe). In fact, his only discussion of these exceptions is in his criticism of the report prepared by Duane Swoveland, Royal's expert, which Mr. Bettis says does not discuss the exceptions. (*See id.*).

31. Additionally, Mr. Bettis offers no basis for his opinions regarding Royal's handling of BISD's claims. The report simply states that "**[Royal] kept asking for more information, did not undertake its own independent investigation and evaluation of the claim, did not provide BISD with an explanation of its conclusions, and did not make any reasonable efforts to settle.**" (*See* Exhibit A at p. 2). There is no further analysis or discussion of what Royal allegedly (i) did wrong, (ii) should have done, (iii) should not have done, or (iv) should have done differently or at a different time. Additionally, there is no mention of EFI, and

the alleged business relationship with GAB Robins, which, which is the crux of BISD's claims-handling/bad faith claims. Perhaps BISD constructed the flimsy basis for its bad faith claim only after Mr. Bettis gave his March 1, 2004 report. In fact, at his deposition, Mr. Bettis explained that he learned about the alleged statements by GAB Robins and its association with EFI after he wrote his report. Additionally, aside from statements in BISD's Second Amended Counterclaim, he was not able to identify any support for BISD's allegation regarding its misrepresentation claim against Royal. (*See* Exhibit C, page 43 line 11 - page 44 line 16).

32. In his report, Mr. Bettis does not attempt to explain the purported factual or informational basis of his conclusions and opinions. Because there is virtually nothing substantive in his report — virtually no analysis supporting his opinions, and the opinions that are mentioned are stated in vague terms with no specificity — neither Royal (nor this Court) can determine *how* Mr. Bettis reached his opinions, based on review of his report alone.

33. An expert report must also include any exhibits used as a summary of or support for the expert's opinion. FRCP 26(a)(2)(B); *see, e.g. Smith*, 164 F.R.D. at 54 (report was unsatisfactory because no exhibits were provided to support already vague opinions in report). Mr. Bettis failed to provide any such materials. Only Mr. Bettis' resume is attached as an exhibit to his report.

34. Furthermore, by his own admission, the report only contains Mr. Bettis' "initial opinions" (*See* Exhibit A at p. 1). This case is set for trial in March 2005. As a result, Royal was therefore forced to depose Mr. Bettis to attempt to get more information regarding BISD's "bad faith" expert's opinions. Otherwise it would have been impossible for Royal to know how

complete Mr. Bettis' report may have been, much less know the bases for his opinions contained in the report.

35. Rule 26, however, requires total disclosure. *See* Advisory Committee Notes. "The incentive for total disclosure is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1)." *Salgado*, 150 F.3d at 741 n. 6. If a party fails to comply with Rule 26, a trial court has discretion to impose sanctions, including the exclusion of evidence. *See, e.g., Sierra Club*, 73 F.3d at 572 (affirming the district court's decision to strike expert testimony as a sanction for failure to comply with the court's discovery order and Rule 26).

36. Here, because Mr. Bettis' report fails to satisfy the requirements for an expert report, the Court has discretion to exclude or limit his testimony. As a result of BISD's continued "hide the ball" pattern of conduct, Mr. Bettis should be excluded as an expert. Alternatively, Royal contends that Mr. Bettis' testimony should be limited to only those things stated in his report with no explanation, as his "report" provides no explanation. For example, the report contains no mention of any alleged relationship between EFI and GAB Robins, which again appears to be the crux of BISD's bad faith claims.

G. *Mr. Bettis cannot testify on legal matters.*

37. Mr. Bettis cannot testify on legal matters or otherwise give legal opinions as to the insurance coverage or Royal's claims handling because his report sets out only legal conclusions. *See, e.g., Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). The Fifth Circuit has held that in order for an attorney to be allowed to testify as an expert on legal matters, his testimony must involve questions of fact. *See id.* The sole basis for Mr. Bettis' purported



expertise is handling insurance matters as a lawyer and having "read countless articles". (*See* Exhibit A at page 1).

38. There is no such question of fact discussed in Mr. Bettis' report with regard to insurance coverage under the policies. In fact, there is absolutely no discussion of any facts as basis for his conclusion that "some or all of the damages come within [the] exceptions" to exclusion in the policy. (*See* Exhibit A at p. 2). He offers no further information by which to identify the damages to which he refers. Further, he offers no further explanation in his report as to the exceptions he alleges do not apply.

39. Additionally, Mr. Bettis fails to discuss any factual basis for his opinion that "Royal's actions are a violation of its duty of good faith and fair dealing, a violation of the Texas Insurance Code Section 21.21, and a violation for the Texas Insurance Code Section 21.55." (*See* Exhibit A at p. 2).

40. Because he offers only legal conclusions in his report, Mr. Bettis cannot offer testimony as an expert witness based on his opinions set forth in his expert report.

### III.   CONCLUSION AND PRAYER

41. Based on the foregoing, Mr. Bettis' report fails to meet the requirements of Federal Rules of Civil Procedure. Additionally, Mr. Bettis' reports offers only legal conclusions with no discussion of any questions of fact. Accordingly, the Court should exclude or limit the testimony of Mr. Bettis, BISD's insurance coverage and "bad faith" expert.

Respectfully submitted,

Jay W. Brown
State Bar No. 03138830
S.D.T. No. 1314



1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF ROYAL SURPLUS LINES
INSURANCE COMPANY**

OF COUNSEL:

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Trevino, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

Royal's counsel has conferred with Mr. Salazar, counsel for BISD, regarding its objections to James Bettis' expert report and the motion to exclude his testimony, and Mr. Salazar is opposed to this motion.

_____
Jay W. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on January 14, 2005.

| | |
|---|---|
| Mr. Ramon Garcia<br>Law Office of Ramon Garcia, P.C.<br>222 W. University Drive<br>Edinburg, Texas 78539 | *Via Certified Mail/RRR* |
| Mr. Baltazar Salazar<br>Attorney at Law<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail/RRR* |
| Mr. Craig Smith<br>Law Offices of Craig S. Smith<br>14493 SPID, Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via Certified Mail/RRR* |

_____
Jay W. Brown

#522072.1