United States District Court
Southern District of Texas
FILED

JAN 1 8 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRSTICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | |

### NOTICE OF ORAL DEPOSITION OF DENNIS NICKOLOFF

TO:    Mr. Dennis Nickoloff of GAB Robins, 632 Ed Carey Drive, Suite 700, Harlingen, Texas 78550-7965, by and through Mr. Stephen Wedemeyer of **Beirne, Maynard & Parsons, L.L.P.,** 1300 Post Oak Blvd., Suite 2500, Houston, Texas 77056-3000

      PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 30(b)(6), Defendant Brownsville Independent School District will take the Oral Deposition of Mr. Dennis Nickoloff of GAB Robins on **Tuesday, January 25, 2005** beginning at **10:00 a.m.** at the offices of **Beirne, Maynard & Parsons, L.L.P.,** located at **1300 Post Oak Boulevard, Suite 2500, Houston, Texas 77056-3000; telephone number (713) 623-0887,** and continuing thereafter until completed.

      The deposition shall be conducted by New Century Reporting, (telephone number 713-626-0170), a court reporter and Notary Public in and for the State of Texas or another individual authorized by law to administer oaths and take depositions.

### SUBPOENA DUCES TECUM

      This notice shall also constitute a Subpoena Duces Tecum to Mr. Dennis Nickoloff to produce with him the following:

### EXHIBIT A

### Documents to be Produced

1.     All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

2.    Provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

    (a)    all personnel file(s) (including both "official" and "desk" versions);

    (b)    resume;

    (c)    the size of their caseload (number of pending claim files);

    (d)    all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

    (e)    all orientation manuals or handbooks given to these person(s).

3.    All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

4.    All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claim (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

5.    All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

6.    A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

7.    All underwriting file(s) for all policies issued to BISD since 1996.

8.    All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

9.    All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

10.    All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

11.     Primary pleading(s) (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which in was filed.)

12.     All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

13.     All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

14.     A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

15.     All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

16.     All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

17.     Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

18.     All documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

19.     Any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

20.     Any and all documents supporting your contention that you did not breach your contract with BISD.

21.     Any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

22.     Any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

23. Any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

24. Any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

25. Any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

26. All credited and uncredited financial statements for the last five years that reflect your net worth.

27. All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

28. All documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

29. All documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

30. All documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

31. All documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

32. All documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

33. All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

4

34.   All documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

35.   All documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

36.   All documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

37.   All documents reflecting the relationship between G.A.B. Robins and EFI.

38.   All documents reflecting the selection and/or approval of EFI by G.A.B. Robins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

39.   All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robins.

40.   All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robins and EFI.

Respectfully submitted:

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas  77004
(713) 655-1300
(281) 749-8104 (Telefax)

BY: _____
BALTAZAR SALAZAR
State Bar No. 00791590
Federal Bar No. 18536

ATTORNEYS FOR BISD

5

OF COUNSEL:
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
ERIC S. JARVIS
State Bar No. 24012902
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

CRAIG S. SMITH
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, hereby certify that a true and correct copy of the Notice of Oral Deposition of Dennis Nickoloff was served on this the 14th day of January, 2005 by U.S. certified mail, return receipt requested and by facsimile to the following:

Mr. Jay Brown
Mr. Stephen Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000

and by U. S. certified mail, return receipt requested to:

Mr. Dennis Nickoloff
**GAB Robins**
632 Ed Carey Drive, Suite 700
Harlingen, Texas 78550-7965

BALTAZAR SALAZAR