United States District Court
Southern District of Texas
FILED

JAN 1 9 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | JURY |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

## DEFENDANT'S MOTION FOR CONTINUANCE OF THE HEARING
## ON ROYAL'S MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO EXTEND
## DISCOVERY DEADLINE

TO THE HONORABLE JUDGE HANEN:

Brownsville Independent School District ("BISD") files this motion for continuance and motion to extend discovery deadline as follows:

### BACKGROUND

1.     BISD is the insured under, "a series of commercial property insurance policies issued...by [Royal] that were effective between September 1, 1996 and April 1, 2002." These policies (the "Policies") "insured the subject properties," *i.e.*, BISD's Besteiro Middle School and Bruce Aiken Elementary School (the "Schools"). Due to water damage problems in both schools, both schools were closed on January 2002. Prior to the schools being closed, BISD filed a notice of loss claim with Royal but to this date, Royal has never accepted or rejected the claim. Royal filed this suit seeking a declaratory judgment and BISD counterclaimed for breach of contract, insurance code violations, breach of the duty of good faith and fair dealing and common law misrepresentation.

2.     Royal filed three motions for summary judgment that are currently pending before the court.  BISD filed responses to all three motions.  Royal has sought and been granted one continuance in this matter.  BISD has not sought any previous extensions or continuances.

## ARGUMENT

3.     This case is set for status conference on January 24, 2005 and for trial on March 1, 2005.  The court has indicated that it intends to hear the motions for summary judgment filed by Royal at the status conference.  For the reasons that follow, BISD respectfully requests a continuance of the hearings on the pending motions for summary judgment and an extension of the discovery deadline.

4.     Trial for this case is currently set for March 1, 2005.  The discovery cut off was October 29, 2004.  BISD respectfully requests that it be granted a continuance of the hearing on the motions for summary judgment filed by Royal and an extension of the discovery deadline in order to conduct additional discovery and file supplemental responses to the motions if appropriate.  There are multiple depositions that need to be taken prior to the hearing on the motions for summary judgment and some unresolved written discovery issues that also need resolution prior to the hearing.

5.     BISD needs to re-depose the deposition of Royal's expert.  BISD previously deposed Royal's expert, however, counsel for Royal would not allow the deposition to include testimony on contractual and coverage issues.  This testimony became highly important after BISD's expert testified on these contractual and coverage issues.  Although BISD's expert was deposed first, Royal refused to allow its expert to answer questions on the contractual and coverage issues and the opinions of BISD's expert.  BISD seeks to re-depose Royal's expert on these issues.  Without this testimony, BISD has no way of knowing the rebuttal position that will be taken by Royal's experts in regards to the opinions of BISD's expert.

6.     Secondly, BISD needs to take the deposition of Royal's adjuster, Mr. Nicholoff, and another adjuster for GAB Robbins, Inc., Mr. Sawyer.  BISD has sought to take these depositions but there have been scheduling problems between the witnesses and counsel.  For

example, Mr. Roger Sawyer is not a party to this case but has his own personal counsel. Mr. Sawyer's attorney has been on medical leave since November 2004. It is BISD's understanding that Mr. Sawyer's attorney will return from medical leave the last week of January 2005.

7.     Thirdly, the court has indicated that BISD could re-file its motion to compel documents claimed by Royal as privileged or file an additional motion to compel production of other documents not claimed as privileged. In order to evaluate the claim of privilege and to evaluate whether there are additional documents that need to be compelled, BISD needs to take the depositions of Royal's adjuster as set forth above. BISD needs to know what is contained in the files of the adjuster and under what basis privileged is claimed.

8.     Fourth, BISD needs to take the depositions of the corporate representatives of Royal and of GAB Robbins. BISD has tried to schedule these depositions on several occasions but scheduling problems between the witnesses and counsel have prevented the depositions from going forward.

9.     Lastly, BISD needs to take the deposition of representatives of Satterfield & Pontikes ("S&P"). S&P is the construction company that actually performed the repair work on the schools. The deposition of these representatives is critical. Royal argues that it is BISD's burden to segregate covered damages from non-covered damages. The individuals at S&P, as the entity that performed the repairs, are the ones that will be able to testify as to the amount of repair costs attributable to mold remediation, roof repairs, air conditioning repairs, etc. The deposition of one representative of S&P was to take place on January 17, 2005, but that person left the employ of S&P and is out of state. The second individual BISD seeks to depose from S&P is currently working on a project in Brownsville. His deposition has been proposed for February 7, 2005.

10.     To date, BISD has produced approximately ten (10) witnesses for deposition without scheduling conflicts. To date, BISD has only been able to depose one of Royal's witnesses because of conflicts.

## CERTIFICATE OF CONFERENCE

I, BALTAZAR SALAZAR, have attempted to conference with Mr. Stephen Wedemeyer counsel for Royal, but have been unsuccessful through our attempts.

BALTAZAR SALAZAR

## CERTIFICATE OF SERVICE

I, BALTAZAR SALAZAR, hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the 19th day of January, 2005, addressed as follows:

Mr. Jay Brown
Mr. Stephen Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas  77056-3000

BALTAZAR SALAZAR

## CONCLUSION

11.    In order to fully respond to the motions for summary judgment filed by Royal, BISD needs additional time to complete discovery. The failure to complete discovery is not the result of the lack of effort, diligence, or attention by BISD. For these reasons, BISD asks the court to continue the hearing on the motions for summary judgment filed by Royal and to extend the deadline for discovery. BISD does not seek this continuance for delay only but so that justice may be done.

Respectfully submitted,

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
Tel. (713) 655-1300 and Fax (281) 749-8104

By: _____
BALTAZAR SALAZAR
Fed. No. 18536
State Bar No. 00791590
Attorney In Charge for BISD

OF COUNSEL FOR BISD:
Ramon Garcia
State Bar No. 07641800
Federal Bar No. 3936
Catherine Smith
State Bar No. 18547080
Federal Bar No. 19360
Eric S. Jarvis
State Bar No. 24012902
**Law Offices of Ramon Garcia, P.C.**
222 W. University
Edinburg, Texas
Tel. (956) 383-7441
Fax (956) 381-0825
Attorneys for BISD

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-03-109 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | JURY |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

## AFFIDAVIT OF BALTAZAR SALAZAR

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me the undersigned authority personally appeared Baltazar Salazar who having first been duly sworn stated as follows:

My name is Baltasar Salazar. I am lead counsel for Brownsville Independent School District ("BISD") in this action. I am fully competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

I have read BISD's motion for continuance of the hearing on Royal's Motions for summary judgment and motion to extend discovery deadline. Each and every fact contained in that motion is true and correct.

_____
Baltazar Salazar

Sworn to and subscribed before me on this the ___19___ day of

___January___, 2005.

_____
Notary Public –State of Texas

DORA E. ARZOLA
Notary Public
State of Texas
My Commission Expires
May 20, 2005