United States District Court
Southern District of Texas
FILED

JAN 2 8 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES<br>INSURANCE COMPANY,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-03-109<br><br>JURY DEMANDED |
| BROWNSVILLE INDEPENDENT<br>SCHOOL DISTRICT,<br>Defendant. | §<br>§<br>§<br>§ | |

**PLAINTIFF ROYAL'S EXPEDITED MOTION TO QUASH
SUBPOENA DUCES TECUM TO THE DEPOSITION NOTICE OF
DENNIS NICKOLOFF AND MOTION FOR PROTECTION**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Expedited Motion to Quash Subpoena Duces Tecum to the Deposition Notice of Dennis Nickoloff and Motion for Protection and respectfully shows:

**Relief Requested**

1.  Dennis Nickoloff is the independent adjuster at GAB Robins, NA hired by Royal to investigate the claim for damage at made by BISD in November 2001. Royal asks this Court to quash the subpoena duces tecum attached to the deposition notice of Dennis Nickoloff, which was served on Mr. Nickoloff by certified mail on January 14, 2005. Counsel for Royal was also served by certified mail and facsimile on January 14, 2005. BISD's notice of deposition included a subpoena duces tecum asking for the production of more than forty (40) categories of documents on the date of the deposition, now currently set by agreement of the parties for February 1, 2005. Additionally, the Court should enter a protective order as to the subpoena duces tecum for documents requested to be produced by Dennis Nickoloff, to the extent that

BISD seeks production of documents for which Royal has previously asserted objections and/or privileges.

### **Grounds for Relief**

2. Royal filed this declaratory judgment action on June 9, 2003, asking this Court to determine its duties, if any, under four insurance policies issued to Defendant Brownsville Independent School District ("BISD") for alleged damage to two schools located in Brownsville, Texas. BISD filed its Original Answer and Counterclaim on or about December 12, 2003. (Doc. No. 18).

3. BISD's notice of deposition does not comply with the Federal Rules of Civil Procedure. (*See* Exhibit A, Notice of Deposition.) BISD has noticed the deposition of Mr. Nickoloff "pursuant to Fed. R. Civ. P. 30(b)(6)" but fails to describe with reasonable particularity *any* matters on which the examination is requested, as specifically required by the very rule upon which BISD purports to rely. *See* Fed. R. Civ. P. 30(b)(6). In addition, instead of naming an organization as the witness, as contemplated by the Rule, the notice identifies the witness as "Mr. Dennis Nickoloff of GAB Robins". (*See* Exhibit A, Notice of Deposition, at p. 1). Thus, despite citing Rule 30(b)(6), it appears that BISD is seeking the deposition of an individual, not an entity.

4. Additionally, BISD's subpoena duces tecum seeks production of certain documents that have been withheld by Royal under properly asserted privileges and/or objections. Royal has complied with the Federal Rules of Civil Procedure and produced to BISD a privilege log, detailing information as to each such document and the appropriate objection/privilege to each.

5. Moreover, BISD's subpoena duces tecum is wholly unreasonable in that it requests a multitude of documents, most of which are wholly irrelevant to the claim at hand, to

2

be produced within eighteen (18) days. A review of the subpoena duces tecum shows that BISD has simply retyped its Requests for Production to Royal and included those requests as a subpoena duces tecum to "Mr. Nickoloff of GAB Robins." (*See* Exhibit B, BISD's Request for Production; *see also* Exhibit A, Notice at p. 1). Royal produced a voluminous set of documents to BISD in June 2004, which included Mr. Nickoloff's file. BISD now requests that Mr. Nickoloff, Royal's independent adjuster, produce documents that bear no relation to this lawsuit or the underlying claims, and make absolutely no sense with regard to Mr. Nickoloff and/or GAB Robins. For example, BISD asks for *Mr. Nickoloff* to produce, among other things, the following:

- A complete copy of all policies you have issued to BISD since 1996[.] [Exhibit A, Number 6].

- All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996. [Exhibit A, Number 10].

- A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries. [Exhibit A, Number 14].

- All credited and uncredited financial statements for the last five years that reflect your net worth. [Exhibit A, Number 26].

BISD's current attempt to subpoena documents from Mr. Nickoloff is wholly unreasonable, inappropriate and meant merely to harass the witness and/or Royal.

6.　　More importantly, BISD's sloppy (at best) attempt to secure documents from Mr. Nickoloff should be quashed because the Court has previously considered BISD's discovery requests pertaining to Mr. Nickoloff's claims file. *See* Doc. No. 66, BISD's Motion to Compel; *see also* Doc. No. 67, Order denying same. Royal has produced voluminous sets of discovery to

BISD in this case. Part of that production includes the claims file of Mr. Nickoloff.[1] To the extent that Royal withheld any documents from Mr. Nickoloff's claims file, Royal has provided BISD a detailed privilege log. In fact, in denying BISD's motion to compel, the Court stated that Royal had met its initial burden of a *prima facie* showing of the validity of its asserted privileges, by way of a detailed privilege log and affidavits. *See* Doc. No. 70, Order Denying BISD's Motion to Compel at p. 1. The Court also noted that after Royal met its burden of proof, the burden then shifted to BISD to show why the asserted privileges do not apply. *Id.* BISD has not shown why it is entitled to the documents withheld by Royal under its asserted privileges.

7. The Court should quash BISD's subpoena duces tecum for the production documents, because BISD has failed to meet its burden to challenge the validity of Royal's asserted privileges regarding the claims file of Mr. Nickoloff.

8. To avoid any argument of waiver, Royal incorporates by reference its previously asserted objections to these document requests as stated in Royal's objections and responses to BISD's request for production and any asserted objection/privilege in Royal's privilege log pertaining to the claims file of Mr. Nickoloff. It should be noted, however, that in response to BISD's discovery requests to Royal or with Royal's Rule 26 disclosures, ***all documents relevant to the contractual claims have been previously produced by Royal in this lawsuit.***

### Expedited Hearing/Consideration Requested

9. Royal respectfully requests an expedited hearing on its motion.

---

[1] The production included the following Bates labeled documents: RSL 5240-5499, File of Dennis Nickoloff; RSL 5509-5512, Privilege Log for File of Dennis Nickoloff; RSL 5513-5549, File of Dennis Nickoloff; and RSL 2285-2386, Reports from Dennis Nickoloff to Royal.

## Conclusion

10. For all the reasons set forth above, Royal asks this Court to quash the subpoena duces tecum, attached to the deposition notice of Dennis Nickoloff, currently set for February 1, 2005.

                                      Respectfully submitted,

                                      BEIRNE MAYNARD & PARSONS L.L.P.

                                      Jay W. Brown
                                      State Bar No. 03138830
                                      S.D.T. No. 1314
                                      1300 Post Oak Blvd., Suite 2400
                                      Houston, Texas 77056
                                      Telephone: (713) 623-0887
                                      Facsimile: (713) 960-1527

                                      ATTORNEY-IN-CHARGE FOR PLAINTIFF
                                      ROYAL SURPLUS LINES INSURANCE COMPANY

**OF COUNSEL:**

BEIRNE, MAYNARD & PARSONS, L.L.P.
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Treviño, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

We have attempted to confer Baltazar Salazar, counsel for BISD, regarding this motion, but have not been able to reach him. BISD's opposition to this motion is therefore assumed.

_____ w/p
Jay W. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on January 28, 2005.

| | |
|---|---|
| Mr. Baltazar Salazar<br>Attorney at Law<br>1612 Winbern<br>Houston, Texas 77004 | *Via Certified Mail/Return Receipt Requested<br>And Facsimile Transmission* |
| Honorable Ramon Garcia<br>Ms. Catherine Smith<br>**LAW OFFICE OF RAMON GARCIA, P.C.**<br>222 W. University Drive<br>Edinburg, Texas 78539 | *Via Certified Mail/Return Receipt Requested* |
| Mr. Craig Smith<br>**LAW OFFICES OF CRAIG S. SMITH**<br>14493 SPID, Suite A, P.M.B. 240<br>Corpus Christi, Texas 78418 | *Via Certified Mail/Return Receipt Requested* |

_____ w/p
Jay W. Brown

560218v.1 iManage 030098