IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**NON-PARTY GAB ROBINS NORTH AMERICA, INC.'S EXPEDITED MOTION TO QUASH SUBPOENAS DUCES TECUM**

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

**COMES NOW GAB ROBINS NORTH AMERICA, INC.** ("GAB"), a non-party to this lawsuit, and files this Expedited Motion to Quash the Subpoenas Duces Tecum to the Deposition Notices of Dennis Nickoloff, Roger Sawyer, and John Hinz. In support thereof, GAB would respectfully show unto the Court the following:

**I. SUMMARY OF THE ARGUMENT**

On April 21, 2005, Defendant Brownsville Independent School District ("BISD") sent three deposition notices to GAB's lead attorney, Bruce C. Gaible, each requesting deposition testimony from Dennis Nickoloff, Roger Sawyer, and John Hinz, and each including subpoenas duces tecum requesting a myriad of documents from these three individuals. BISD has noticed these depositions for April 26, April 28, and April 27, respectively.

GAB has agreed to present each of these individuals for deposition—and remains willing to do so. GAB, however, has never agreed to and indeed opposes the open-ended fishing expedition upon which BISD now appears willing to embark. The subpoenas duces tecum for

1

Dennis Nickoloff and Roger Sawyer request forty categories of documents, including documents that are protected by the attorney-client privilege. The subpoena duces tecum for John Hinz similarly seeks the production of documents. None of these subpoenas duces tecum is either reasonable or fair.

GAB respectfully requests that the Court quash the subpoenas duces tecum issued to Nickoloff, Sawyer, and Hinz. Because these depositions are scheduled to begin in four days, GAB requests a telephone conference with the Court and counsel to discuss and argue this motion.

## II. ARGUMENTS AND AUTHORITIES

### A. LEGAL STANDARD

The court by which a subpoena was issued shall, if a timely motion is filed, quash or modify the subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). The movant has the burden of proof to establish undue burden. *See, e.g.*, *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998), *aff'd*, 200 F.3d 814, 814 (5th Cir. 1999). Although "[t]he question of undue burden is fact specific," *id.* at 110 n.6 (citation omitted), an undue burden exists if a subpoena is facially overbroad. *See, e.g.*, *British Int'l Ins. Co. v. Seguros La Republica S.A.*, 200 F.R.D. 586, 591 (W.D. Tex. 2000).

In determining whether a subpoena duces tecum constitutes an undue burden, courts in the Fifth Circuit give significant consideration to non-party status. *See* FED. R. CIV. P. 26(b)(2)(i). Non-party status "is an important factor that the court may consider in deciding whether to quash the subpoena." *Williams*, 178 F.R.D. at 112 (citations omitted); *see also Echostar Comms. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998). For obvious

reasons, courts have generally and consistently imposed more stringent restrictions on the scope of discovery for non-parties. *See, e.g.*, *Thompson v. Glenmede Trust Co.*, 1995 WL 752422, at *2 n.4 (E.D. Pa. Dec. 19, 1995). If a non-party receives an overbroad, overbearing subpoena, granting a motion to quash is both necessary and proper.[1]

Upon finding that a subpoena is overly broad and unfair, the Court must choose whether to quash or modify the subpoena. This decision is a discretionary one. *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 n.4 (5th Cir. 1994). Admittedly, "[m]odification of a subpoena is preferable . . . . to quashing it." *Williams*, 178 F.R.D. at 110. If a subpoena is "beyond any possible[,] reasonable modification by the Court," however, it should be quashed. *In re Application of Time, Inc.*, Misc. Action No. 99-2916 Section "C" (2), 1999 U.S. Dist. LEXIS 15858, at *24.

All parties to a lawsuit must and all lawyers before the Court must endeavor to "take *reasonable steps* to avoid imposing undue burden or expense on a person subject to that subpoena." FED. R. CIV. P. 45(c)(1) (emphasis added). If a breach of this duty occurs, the Court has two choices. *Id*. The Court "*shall enforce* this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which *may include*, but is not limited to, lost earnings and a reasonable attorney's fee." *Id*. (emphasis added).

### B. ANALYSIS

**1. The Court Should Quash the Subpoenas Duces Tecum for Dennis Nickoloff, Roger Sawyer, and John Hinz**

    **a. Dennis Nickoloff**

---

[1] *See, e.g.*, *In re Application of Time, Inc.*, Misc. Action No. 99-2916 Section "C" (2), 1999 U.S. Dist. LEXIS 15858, at *20-*25 (E.D. La. Oct. 6, 1999), *aff'd*, 209 F.3d 719, 719 (5th Cir. 2000) (unpublished); *Allen v.Howmedica Leibinger, Gmhh*, 190 F.R.D. 518, 526-27 (W.D. Tenn. 1999).

In the subpoena duces tecum to the deposition notice for Dennis Nickoloff,[2] an independent adjuster at GAB, BISD requests production of precisely forty categories of documents. Considering that this deposition has been noticed for April 26, 2005, GAB has only four days to produce the litany of documents requested by BISD. It bends the limits of reason to assume that GAB can coordinate and assemble these documents within four days, two of which are on a weekend. Therefore, because it does not afford GAB reasonable notice, the subpoena duces tecum for Dennis Nickoloff constitutes an undue burden. *See* FED. R. CIV. P. 45(c)(3)(A)(i) ("On timely motion, the court . . . shall quash or modify a subpoena if it (i) fails to allow reasonable time for compliance . . . ."); *see also* FED. R. CIV. P. 34(c) ("A person not a party to the action may be compelled to produce documents and things or to submit to inspection as provided in Rule 45.").

Interestingly, the subpoena duces tecum to Dennis Nickoloff requests, among other things, the following:

- A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy) (Exhibit A, Number 6);

- All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996 (Exhibit A, Number 10);

- A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries (Exhibit A, Number 14);

---

[2] Curiously, although BISD purports to notice these three depositions "pursuant to Fed. R. Civ. P. 30(b)(6)," BISD has utterly failed to comply with that rule. BISD does not specify the areas of inquiry for Mr. Nickoloff's deposition, though Rule 30(b)(6) requires it to do so. FED. R. CIV. P. 30(b)(6). Royal made this same point in a previous motion to quash.

4

- All credited and uncredited financial statements for the last five years that reflect your net worth (Exhibit A, Number 26).

All of these categories of documents have two things in common. First, BISD has previously requested them from Royal. Second, the Court has previously granted Royal's motion to quash a subpoena duces tecum requesting these very documents. *See* Exhibit D. GAB is at a loss to understand how these documents, all of which are wholly irrelevant to the issues in this lawsuit, are reasonably calculated to lead to the discovery of admissible evidence.

Many of these documents, as Royal previously noted in its expedited motion to quash, have been withheld by Royal under properly asserted privileges and objections. The Court has also denied BISD's motion to compel regarding Mr. Nickoloff's claim file. GAB stands ready to produce the redacted claim file that has been previously produced by Royal. GAB, however, is unwilling to produce the documents asked for in BISD's subpoena duces tecum.

One must note that the Court previously granted two motions to quash filed by Royal regarding the deposition of Mr. Nickoloff. The Court should do the same here and quash the subpoena duces tecum issued by BISD.

### b. Roger Sawyer

BISD also seeks to depose Roger Sawyer, another independent adjuster at GAB. Yet BISD's subpoena duces tecum to Mr. Sawyer fares no better than—and indeed is identical to—the subpoena duces tecum issued to Mr. Nickoloff. *Compare* Exhibit B, *with* Exhibit A. BISD has not specified the areas of inquiry for Mr. Sawyer's deposition. Nor has BISD made a reasonable effort to limit the documents sought for that deposition. Accordingly, the subpoena duces tecum to Mr. Sawyer constitutes an undue burden on GAB. Additionally, GAB cannot produce many of the documents requested without violating the attorney-client privilege. To

5

alleviate this undue burden and resolve this situation, the Court should quash this subpoena duces tecum.

### c. John Hinz

Lastly, BISD has sent a subpoena duces tecum along with the deposition notice for John Hinz, a regional manager for GAB designated to testify regarding the relationship between GAB and EFI. This subpoena duces tecum, like the two before it, contains no indication of the issues to be discussed at Mr. Hinz's deposition. Moreover, this subpoena duces tecum is simply too broad. It requests "[a]ll documents evidencing the relationship between GAB Robins, Inc. and/or RAB Robins of North America and EFI," as well as "[a]ll documents specifically relating to the claim for Brownsville Independent School District and Royal Insurance." *See* Exhibit C.

There is no temporal limitation in this subpoena duces tecum. Nor is there any apparent effort to limit the discovery sought. In short, this subpoena duces tecum is afflicted with the same maladies that plague the two before it. The Court should quash the subpoena duces tecum to Mr. Hinz.

One must note that the burden for discovery on non-parties is not an ephemeral one. Those who seek discovery from non-parties cannot merely demonstrate relevance. They must also avoid seeking privileged information and placing an undue burden upon non-parties. Here, however, BISD has managed to accomplish both tasks. The three subpoenas duces tecum are simply beyond repair or modification by the Court. Accordingly, the Court should quash each of these subpoenas duces tecum. *See In re Application of Time*, *Inc.*, Misc. Action No. 99-2916 Section "C" (2), 1999 U.S. Dist. LEXIS 15858, at *24.

### III. CONCLUSION AND PRAYER

BISD's latest discovery salvos mirror its earlier efforts. Each of these subpoenas duces tecum suffers from a variety of flaws, all of which are apparent, and none of which are excusable. Therefore, the Court's intervention is necessary.

**WHEREFORE, PREMISES CONSIDERED, GAB ROBINS NORTH AMERICA, INC.**, a non-party to this lawsuit, respectfully requests that the Court grant its Expedited Motion to Quash the Subpoenas Duces Tecum to the Deposition Notices of Dennis Nickoloff, Roger Sawyer, and John Hinz. Although GAB recognizes that the Court has a heavy docket and is quite busy with motions, cases, and pleadings, GAB respectfully requests an expedited teleconference on its motions. The Court is intimately familiar with the discovery conduct committed in this lawsuit, and therefore can adjudicate this motion quickly.

Respectfully submitted,

**HAYS, McCONN, RICE & PICKERING**

By:_____/s/_____
　　　Michael M. Gallagher
　　　State Bar No. 24040941
　　　Southern District of Texas No. 560357
　　　400 Two Allen Center
　　　1200 Smith Street
　　　Houston, Texas 77002
　　　Telephone: (713) 654-1111
　　　Facsimile: (713) 650-0027
　　　Email: mgallagher@haysmcconn.com

OF COUNSEL

**HAYS, McCONN, RICE & PICKERING**
Bruce C. Gaible
State Bar No. 07567400
Southern District of Texas No. 1397
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
Telephone: (713) 654-1111
Facsimile: (713) 650-0027
Email: bgaible@haysmcconn.com

ATTORNEY-IN-CHARGE FOR NON-PARTY
GAB ROBINS NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been duly sent by U.S. mail, certified mail return receipt requested, hand delivery, by telecopy, or via CM/ECF, on this the twenty-second day of April, 2005 to all counsel of record, as follows:

**Via Facsimile: (281) 749-8104**
Baltazar Salazar
Attorney at Law
1612 Winbern
Houston, Texas 77004

**Via Facsimile: (956) 383-7441**
Ramon Garcia
Catherine Smith
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

**Via Facsimile: (361) 949-0843**
Craig Smith
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

**Via Facsimile: (713) 960-1527**
Jay Brown
Stephen Wedemeyer
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056-3000

                                                             _____/s/_____
                                                             Michael M. Gallagher

## CERTIFICATE OF CONFERENCE

  The undersigned hereby certifies to the Court that he attempted to contact Baltazar Salazar, counsel for Defendant Brownsville Independent School District, by telephone regarding these motions. The undersigned, however, was unable to reach Baltazar Salazar. Therefore, the undersigned assumes that BISD opposes these motions.

_____/s/_____
Michael M. Gallagher