# EXHIBIT  A

IN THE UNITED STATES DISTRSTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROYAL SURPLUS LINES §
INSURANCE COMPANY, §
    Plaintiff §
                  §
vs. §         CIVIL ACTION NO. B-03-109
                  §
BROWNSVILLE INDEPENDENT §
SCHOOL DISTRICT, §
    Defendant §

## NOTICE OF ORAL AND VIDEO DEPOSITION OF DENNIS NICKOLOFF

TO:    Mr. Dennis Nickoloff of GAB Robins, 632 Ed Carey Drive, Suite 700, Harlingen, Texas 78550-7965, by and through Mr. Bruce C. Gaible, HAYS, MCCONN, RICE & PICKERING, 400 Two Allen Center, 1200 Smith Street, Houston, Texas 77002.

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 30(b)6, Defendant Brownsville Independent School District will take the Oral-Video Deposition of **Mr. Dennis Nickoloff** of GAB Robins on **Tuesday, April 26, 2005,** beginning at **9:00 a.m.** at the **Law Offices of Hays, McConn, Rice & Pickering,** located at **400 Two Allen Center, 1200 Smith Street, Houston, Texas 77002**; (713) 752-8301, and continuing thereafter until completed.

The deposition shall be conducted by New Century Reporting, (telephone-number 713-626-0170), a court reporter and Notary Public in and for the State of Texas or another individual authorized by law to administer oaths and take depositions.

## SUBPOENA DUCES TECUM

This notice shall also constitute a Subpoena Duces Tecum to Mr. Dennis Nickoloff to produce with him the following:

## EXHIBIT A

### Documents to be Produced

1.    All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

1



2.  Provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

    (a)  all personnel file(s) (including both "official" and "desk" versions);

    (b)  resume;

    (c)  the size of their caseload (number of pending claim files);

    (d)  all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

    (e)  all orientation manuals or handbooks given to these person(s).

3.  All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

4.  All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claim (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

5.  All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

6.  A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

7.  All underwriting file(s) for all policies issued to BISD since 1996.

8.  All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

9.  All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

10.  All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

2

11. Primary pleading(s) (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which in was filed.)

12. All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

13. All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

14. A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

15. All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

16. All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

17. Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

18. All documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

19. Any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

20. Any and all documents supporting your contention that you did not breach your contract with BISD.

21. Any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

22. Any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

23. Any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

24. Any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

25. Any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

26. All credited and uncredited financial statements for the last five years that reflect your net worth.

27. All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

28. All documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

29. All documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

30. All documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

31. All documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

32. All documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

33. All documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

4

34. All documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

35. All documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

36. All documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

37. All documents reflecting the relationship between G.A.B. Robins and EFI.

38. All documents reflecting the selection and/or approval of EFI by G.A.B. Robins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

39. All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robins.

40. All correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robins and EFI.

Respectfully submitted:

LAW OFFICES OF BALTAZAR SALAZAR
1612 Winbern
Houston, Texas 77004
(713) 655-1300
(281) 749-8104 (Telefax)

BY: _Baltazar Salazar_
BALTAZAR SALAZAR
State Bar No. 00791590
Federal Bar No. 18536

ATTORNEYS FOR BISD

5

OF COUNSEL:
RAMON GARCIA
State Bar No. 07641800
Federal Bar No. 3936
CATHERINE W. SMITH
State Bar No. 18547080
Federal Bar No. 19360
ERIC S. JARVIS
State Bar No. 24012902
LAW OFFICES OF RAMON GARCIA, P.C.
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441 and (956) 381-0825 (Telefax)

CRAIG S. SMITH
State Bar No. 18553570
LAW OFFICE OF CRAIG S. SMITH
14493 S.P.I.D., Suite A, P.M.B. 240
Corpus Christi, TX 78418
Telephone: (361) 949-6906
Facsimile: (361) 949-0843

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, hereby certify that a true and correct copy of the Notice of Oral and Video Deposition of Dennis Nickoloff was served on this the 21st day of April, 2005 by U.S. certified mail, return receipt requested and by facsimile to the following:

Mr. Stephen Wedemeyer
Mr. Jay Brown
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd.
Suite 2500
Houston, Texas 77056-3000

Mr. Bruce Gaible
HAYS, MCCONN, RICE & PICKERING
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002

BALTAZAR SALAZAR

6

# EXHIBIT  B

IN THE UNITED STATES DISTRSTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| ROYAL SURPLUS LINES | § |
| INSURANCE COMPANY, | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| BROWNSVILLE INDEPENDENT | § |
| SCHOOL DISTRICT, | § |
| Defendant | § |

CIVIL ACTION NO. B-03-109

## BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
## REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, Brownsville Independent School District, requests that Plaintiff Royal Surplus Lines Insurance Company, produce for inspection and copying the documents and tangible things described below. Production of the documents and tangible things requested herein shall occur on the thirty-first (31st) day following service of this request, at either of the offices of Defendant's counsel, beginning at 9:00 am, or at such time and at such other location as may be agreed upon by the parties, or as the court may direct, and shall continue during regular business hours until completed. The following definitions and instructions apply to this request for production and your production and responses thereto.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the word "document" shall mean and include every writing or record of every type and description printed or recorded or reproduced by mechanical means or hand that is or has been in your possession, custody or control or of which you have knowledge, including, without limitation, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, video recordings, stenographic or tape or wire recordings, maps, surveys, minutes or statistical data, data processing cards, computer records or type or printout, every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy contains any commentary or notations whatsoever that do not appear on the original, agreements,

EXHIBIT 

contracts, telegrams, summaries, including, without limitation, summaries of telephone conversations and summaries or reports of investigations or negotiations, photographs, negatives, motion picture film, magnetic tapes, newspaper stories or clippings and drafts of any of the foregoing.

2   "You," "your" and "Plaintiff" shall mean Royal Surplus Lines Insurance Company and each and every servant, employee, expert witness, independent contractor, attorney, and all other persons acting on or for Plaintiff's behalf.

3.   As used herein, the word "person" shall mean and include an individual, association, firm, partnership, corporation, board, committee, agency or commission, or any legal entity of any type, or any other organization or entity, whether public or private.

4.   The singular and masculine form of any noun or pronoun shall embrace and be read and applied as the plural or the feminine or the neuter, as circumstances shall be appropriate.

5.   Each request should be construed independently and not be referenced to any other request therein for purposes of limitation, unless one request specifically refers to another request.

6.   Privilege: If response to any request is withheld under claim of privilege, state with specificity the claim of privilege or other grounds for refusing to respond and provide all information necessary to evaluate the claim of privilege, including, without limitation, the date of each document and the subject matter thereof, identify the persons named therein, and identify all persons to whom any portion of the content of that document has been disclosed. Such information should be provided in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted.

7.   Documents produced pursuant to this request should be tendered either in the precise form or manner as they are kept in the usual and ordinary course of business or organized and labeled to correspond with the categories, which follow.

8.   If any document or material requested herein has been destroyed or lost, describe in detail the circumstances of, and the reasons for, such destruction or loss and produce all documents that relate to either the circumstances or the reasons for such destruction or loss.

9.   If you have ever had any of the documents requested in your possession, custody or control, but at the present do not have these documents in your possession, custody or control, you are requested to state the following with respect to each such document or material:

a.   The present location, if known;

b.   The date each such document or material left your possession, custody, or control;

c.   The reasons why each such document left your possession, custody or control; and;

d.   The names and addresses of all persons having knowledge about the matters inquired about in the immediately preceding subparagraphs a-c.

10.     This request is continuing in nature. If further information comes into your possession or is brought to your attention or to your attorney's attention in the course of trial or preparation for trial, supplementation of the responses is required.

11.     As used herein, a document or tangible thing "relating to" or "pertaining to" a given subject means any document or tangible thing that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent, directly or indirectly, to that subject including, without limitation, documents concerning the presentation and preparation of other documents or tangible things.

BY: _____

Baltazar Salazar
State Bar No. 00791590
Fed. Bar No. 18536
**Law Offices of Baltazar Salazar**
1612 Winbern
Houston, Texas 77004
Tel: 713-655-1300
Fax: 713-807-1930
Attorney in Charge for BISD

OF COUNSEL FOR BISD:
Ramon Garcia
State Bar No. 07641800
Fed. Bar No. 3936
Catherine W. Smith
State Bar No. 18547080
Fed. Bar No. 19360
**Law Offices of Ramon Garcia, P.C.**
222 W. University Drive
Edinburg, Texas 78539
Tel: 956-383-7441
Fax: 956-381-0825

3

## CERTIFICATE OF SERVICE

I hereby certify that these discovery requests were served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the 16th day of March, 2004, addressed as follows:

Mr. Jay Brown
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd.
Suite 2500
Houston, Texas 77056-3000

BALTAZAR SALAZAR

4

## REQUEST FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION 1:**

All documents that identify the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 2:**

Please provide the following documents for each of the person(s) involved in investigating, monitoring, and/or adjusting BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

(a)     all personnel file(s) (including both "official" and "desk" versions);

(b)     resume;

(c)     the size of their caseload (number of pending claim files);

(d)     all documents discussing or concerning their ability to handle claim files (including all reprimands, goals for future performance, or notes of any such conversations); and

  (e)     all orientation manuals or handbooks given to these person(s).

  (f)

**RESPONSE:**

**REQUEST FOR PRODUCTION 3:**

All files (including claims file(s), coverage question files, and investigation files) relating in any way to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such files maintained by the insurance agent or broker, your local claims office, your home office, and any claim file(s) set up by independent insurance adjusters or private investigators).

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:**

All claims manuals used by the person(s) involved in monitoring, investigating, and/or adjusting BISD's claim (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**

All policy manuals and procedural manuals used by the person(s) involved in monitoring, investigating, and/or adjusting of BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including any such manuals used by the insurance agent or broker, your local claims office, your home office, or any independent insurance adjusters).

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:**

A complete copy of all policies you have issued to BISD since 1996 (include the policy jacket, any amendments, endorsements, declaration sheets, and the application for each policy).

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:**

All underwriting file(s) for all policies issued to BISD since 1996.

**RESPONSE:**

**REQUEST FOR PRODUCTION 8:**

All brochures, handbooks, or marketing materials relating to the policies you have issued to BISD since 1996.

**RESPONSE:**

**REQUEST FOR PRODUCTION 9:**

All customer survey reports or compilations relating to commercial property policies you have issued since 1996.

**RESPONSE:**

**REQUEST FOR PRODUCTION 10:**

All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996.

**RESPONSE:**


**REQUEST FOR PRODUCTION 11:**

Produce the primary pleading (i.e., petition or complaint) filed in any litigation (instituted in the last five years) where claims for relief were brought against Royal or by Royal against any of your policy holders based upon allegations of coverage for water damage and/or mold under a commercial property policy. (Alternatively, you may simply provide a list of such litigation, including the style of the case, the court in which in was filed.)

**RESPONSE:**


**REQUEST FOR PRODUCTION 12:**

All documents (including all correspondence, memorandums, and electronic communications) regarding or relating to the investigations and coverage concerning BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 13:**

All documents referring or relating to the establishment of reserves for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School (including all local, regional, and home office reserve amounts).

**RESPONSE:**


**REQUEST FOR PRODUCTION 14:**

A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries.

**RESPONSE:**

**REQUEST FOR PRODUCTION 15:**

All demonstrative charts or other tangible items which you intend to display to the jury during the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:**

All 10Ks, 8Ks, and 10Qs filed by you within the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 17:**

Any and all opinion letters you received from any lawyer or other individual stating whether coverage should or should not be extended for BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 18:**

Produce all documents evidencing any communication between you and any other party relating to whether BISD had insurance coverage for the claims involving Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 19:**

Produce any and all documents supporting your contention that you did not violate §21.21 of the Texas Insurance Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION 20:**

Produce any and all documents supporting your contention that you did not breach your contract with BISD.

8

**RESPONSE:**

**REQUEST FOR PRODUCTION 21:**

Produce any and all documents supporting your contention that you did not violate §21.55 of the Texas Insurance Code.

**RESPONSE:**

**REQUEST FOR PRODUCTION 22:**

Produce any and all documents evidencing any invoice, bill, or fee statement received by you from any attorney whom you claim recovery of attorneys' fees in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 23:**

Produce any and all documents supporting your contention that you did not breach the duty of good faith and fair dealing which you owed to BISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION 24:**

Produce any and all documents supporting your contention that you had a reasonable or good faith basis for delaying paying and/or not paying and/or denying BISD's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION 25:**

Produce any and all tape, electrical, or mechanical recordings or transcription evidencing, referring or relating in any way to BISD's claims for damage to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

9

**REQUEST FOR PRODUCTION 26:**

Produce all credited and uncredited financial statements for the last five years that reflect your net worth.

**RESPONSE:**

**REQUEST FOR PRODUCTION 27:**

Produce all documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not from a covered cause of loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION 28:**

Produce all documents supporting your contention that the Causes Of Loss-Special Form, exclusion B1c for governmental action, exclusion B1g for water and/or B2d (1)-(7) apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 29:**

Produce all documents supporting your contention that the exception to exclusion B2d in the Causes Of Loss-Special Form does not apply to BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 30:**

Produce all documents supporting your contention that exclusion B3 (a)-(c) of the Causes Of Loss-Special Form apply to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:**

Produce all documents supporting your contention that Limitation C5 applies to coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 32:**

Produce all documents supporting your contention that E2 of the Causes Of Loss-Special Form applies to exclude coverage for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 33:**

Produce all documents supporting your contention that the damages to the Besteiro Middle School and Bruce Aiken Elementary School are not within Section A coverage under the Building and Personal Property cover form.

**RESPONSE:**


**REQUEST FOR PRODUCTION 34:**

Produce all documents supporting your contention that BISD has failed to fulfill any condition under E3 (a)-(b) under the Building and Personal Property coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 35:**

Produce all documents supporting your contention that BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School does not fall within coverage provided by the Business Income (and Extra Expense) coverage form.

**RESPONSE:**

11

**REQUEST FOR PRODUCTION 36:**

Produce all documents supporting your contention that BISD failed to comply with any condition set forth in section D2(a)-(b) of the Business Income (and Extra Expense) coverage form regarding BISD's claims for the damages to the Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 37:**

Produce all documents reflecting the relationship between G.A.B. Robbins and EFI.

**RESPONSE:**


**REQUEST FOR PRODUCTION 38:**

Produce all documents reflecting the selection and/or approval of EFI by G.A.B. Robbins to perform work at Besteiro Middle School and Bruce Aiken Elementary School.

**RESPONSE:**


**REQUEST FOR PRODUCTION 39:**

Produce all correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between EFI by G.A.B. Robbins.

**RESPONSE:**


**REQUEST FOR PRODUCTION 40:**

Produce all correspondence regarding BISD's claims for damages to the Besteiro Middle School and Bruce Aiken Elementary School between Royal and EFI or between G.A.B. Robbins and EFI.

**RESPONSE:**

G:\WP\2009-Ramon Garcia tenders\001-Browserv&c ISD\discovery\RFP.doc