IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

*United States District Court*
*Southern District of Texas*
*FILED*
*MAY 17 2005*
*Michael N. Milby*
*Clerk of Court*

| | |
|---|---|
| ROYAL SURPLUS LINES § <br> INSURANCE COMPANY, § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> BROWNSVILLE INDEPENDENT § <br> SCHOOL DISTRICT, § <br>     Defendant § | CIVIL ACTION NO. B-03-109 |

**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S**
**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION**
**TO EXCLUDE OR LIMIT THE TESTIMONY OF JAMES BETTIS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Brownsville Independent School District ("BISD"), asks the court to deny Royal Surplus Lines Ins. Co.'s ("Royal") Motion to Exclude or Limit the Testimony of Expert Witness, James Bettis as follows:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

1. This is a suit filed by Royal involving coverage for losses to two schools owned and operated by BISD under four commercial property insurance policies issued by Royal for the period of September 1, 1996 until April 1, 2002. The two schools at issue are Aiken Elementary School ("Aiken") and Besterio Middle School ("Besterio"). Royal filed a declaratory judgment action seeking a coverage determination by this court. BISD filed an action in state court against Royal. Eventually, the parties agreed to abate the state action. BISD filed a counterclaim against Royal alleging breach of contract and extra contractual claims, including claims for Insurance Code violations and breach of the duty of good faith and fair dealing.

2.  Discovery has been ongoing and motions for summary judgment are pending. Royal now seeks to exclude or limit the testimony of BISD's expert on coverage issues and claims handling/ adjusting, James M. Bettis, Jr. ("Bettis").

## ISSUES TO BE RULED ON AND STANDARD OF REVIEW

3.  Royal seeks to exclude or limit the testimony of BISD's expert on coverage and claims handling. The decision to admit or to exclude evidence is committed to the sound discretion of the district court. See, *e.g., United States v. West,* 22 F.3d 586, 591 (5th Cir.), *cert. denied,* 513 U.S. 1020 (1994).

## ARGUMENTS AND AUTHORITY

4.  Royal's motion to exclude or limit is predicated on the grounds that (1) Bettis is not qualified to render his opinions, that (2) the report prepared by Bettis is inadequate, and that (3) the testimony amounts to mere legal conclusions. Royal is wrong on all counts.

5.  In regards to the first ground, Royal cites and spends most of its motion discussing in detail the familiar standards set forth in *Daubert* and *Kumho Tire Co.* for the court's gatekeeping role in regards to the admissibility of expert testimony. The court is very familiar with the standards and BISD does not need to go over them again here. In regards to those standards, Royal alleges that Bettis is not qualified and as such his opinions are not reliable and would lead to confusion by the jury.

6.  Therefore, the key to the first ground is whether or not Bettis is qualified to render his opinions concerning claims handling and coverage. Royal argues that simply because Bettis has not worked as a licensed insurance adjuster, has not been employed by an insurance company and has not testified as an expert on claims handling before that he is unqualified. Contrary to Royal's assertions, Bettis is highly qualified to render his opinions. Bettis is a

practicing attorney is licensed to practice law in Texas for better than 15 years. *See Exhibit "A"* the deposition of James Bettis at 4:13-17 and 9:23-24. During those 15 years of practice, Bettis has been hired to write numerous coverage opinions on behalf of both insureds and insurers. Bettis 7:4-14. Over the years, Bettis has also advised insurance carriers on issues relating to policy interpretation and on issues related to claims handling. Bettis 7:25-8:5. Bettis has also done adjusting work as part of his legal practice and in some of the cases in which he has been hired, he has assisted with and worked in the adjusting process. Bettis 9:10-13 and 10:4-7. Throughout his years of practice in the field of insurance law, Bettis has been exposed to a tremendous amount of law, policies, and procedures of adjusting. Bettis 11:9-16. Bettis has even authored or assisted on papers presented as continuing education courses for licensed adjusters. Bettis 11:17-12:14. Thus, even though Bettis has never been a licensed adjuster or an employee of an insurance company, he is more than qualified by his education, experience and specialized knowledge to give expert opinion testimony on the claims handling/ adjusting practices of Royal in this case. Furthermore, if Royal's argument that Bettis is unqualified simply because he has never testified as an expert before in this particular area is correct, then logically nobody could ever be qualified because every expert has to testify for the first time in his or her career. Moreover, just because someone has never had to provide expert testimony on a certain topic in a legal proceeding does not mean that person is not qualified as an expert on that topic. Bettis is clearly qualified to render the testimony offered by BISD.

7. Royal's second argument is that Bettis' testimony should be limited or excluded because his report is allegedly inadequate. Royal accuses BISD of a "hide the ball" pattern of conduct. This is pure nonsense. BISD timely designated Bettis and Bettis provided his report meeting the requirements of Rule 26 with that designation. However, Royal alleges that Bettis'

report does not satisfy the "detailed and complete" requirements of the rule. The purpose of that rule, as noted by Royal, is to avoid unfair surprise to the opposing party and to avoid ambush by an expert at trial. *See Salgado v. General Motors Corp.*, 150 F.3d 735 (7th cir. 1998). Far from "hiding the ball" and ambushing at trial, BISD presented Bettis for deposition six months ago. On November 4, 2004, Royal took Bettis' deposition. Thus, Royal had full opportunity, which it exercised, to question Bettis concerning all aspects of his opinions, his qualifications, the materials he reviewed in forming his opinions, and the factual and legal basis for the opinions. Therefore, any argument asserting a prejudicial or unfair surprise resulting from alleged deficiencies in the expert report is without merit.

8. Royal's final argument is that Bettis' testimony should be excluded because his report sets out only legal conclusions. This is simply not the case. The issues testified to by Bettis are issues of fact or mixed issues of law and fact. These opinions include, but are not limited to, the factual issues of whether Royal (1) did or did not undertake its own independent investigation and evaluation of the claim, (2) did or did not provide BISD with an explanation of its conclusions, and (3) did or did not make any reasonable efforts to settle.

9. The federal evidentiary rules for the admissibility of expert testimony are nearly identical to the Texas rules. One recent Texas state case to address this very issue is *Royal Maccabees Life Ins. Co. v. James*, 146 S.W.3d 340 (Tex.App.-Dallas Oct 12, 2004, pet. filed). In that case, the issue was whether additional death benefits were owed under a group life insurance policy to the widow of a slain police officer. Like BISD, the insureds offered an expert on both coverage issues and bad faith issues. The appellate court upheld the trial court's admission of the expert testimony. The court stated as follows:

> In light of this Court's conclusion that the insurance policy is ambiguous as a matter of law, it was not error for the trial court to permit Wilkerson

4

[the expert] to testify as to his interpretation of the policy. Wilkerson testified that the conduct of Royal Maccabees constituted bad faith, unfair dealing and fraud and also that it violated various provisions of the insurance code and the deceptive trade practices act. These opinions on mixed questions of law and fact were proper. We conclude the trial court did not abuse its discretion in allowing Wilkerson to testify as an expert witness.

See, *Royal Maccabees* at 354 (internal citations omitted)

10. Whether or not the policy is ambiguous is an open question for the court still to determine as a matter of law. Like the expert offered by the insured in *Royal Macabbees*, BISD offers Bettis to testify as to his interpretation of the policy and his opinions as to whether Royal committed bad faith or insurance code violations. However, even if the court finds that the policy is unambiguous, the issues addressed by Bettis in his testimony are fact issues or mixed questions of law and fact and are properly admitted as expert testimony.

## CONCLUSION

11. For all the reasons set forth above, BISD requests that the court deny Plaintiff's motion to exclude or limit James Bettis' testimony.

Respectfully submitted,

BY: _____
BALTAZAR SALAZAR
Federal No. 18536
State Bar No. 00791590
1612 Winbern
Houston, Texas 77004
Tel: 713-655-1300
Fax: 713-807-1930

ATTORNEY IN CHARGE FOR
BROWNSVILLE INDEPENDENT
SCHOOL DISTRICT

OF COUNSEL:

The Honorable Ramon Garcia
Law Offices of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539
Tel: 956-383-7441
Fax: 956-381-0825

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the _17_ day of ___May___, 2005, addressed as follows:

Jay Brown
Stephen Wedemeyer
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000

**CMRRR# 7004 1160 0005 6502 3547**

_____
Baltazar Salazar