IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>BROWNSVILLE DIVISION</u>

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

United States District Court
Southern District of Texas
FILED

MAY 1 9 2005

Michael N. Milby
Clerk of Court

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
AMENDED MOTION TO COMPEL ROYAL'S PRIVILEDGED LOG**

TO THE HONORABLE JUDGE HANEN:

COMES NOW Brownsville Independent School District ("BISD"), nominally identified as a defendant in the above-captioned proceeding, and moves the Court for an order compelling Plaintiff Royal Surplus Lines Insurance Company (Royal) to produce certain documents identified on its privilege log of Mark Schwartz who is an in-house claims adjuster for Royal, "Exhibit 1," and to produce the priviledged log for the claim file of Dennis Nickoloff, who is the claims adjuster for GAB Robbins who was hired by Royal to adjust the claim filed by BISD "Exhibit 2."

## INTRODUCTION

1.   Defendant's schools have been severely damaged by water and its insurer, Royal, is not paying. Instead, Royal is engaging in an ongoing series of evasions, and to this day has not accepted or rejected any part of BISD's claim. A key facet of its strategy of evasion is the

instant action, which was preemptively filed in this Court on June 9, 2003, as a declaratory judgment action which postures BISD as the "defendant."

## NICKOLOFF'S DEPOSITION

2. Now Royal seeks to withhold from discovery documents described in its privilege log including written communications between Royal and its insurance adjuster and agent, GAB Robbins, before and after June 9, 2003. Royal primarily claims work product and the attorney/client privileges. Many of the documents are authored by Nickoloff were sent to M. Schwartz who is an in-house claims adjuster for Royal. Clearly, these documents are not privileged as neither is an attorney and Nickoloff stated in his deposition that he never anticipated litigation and that he did not find out about this pending litigation until after the declaratory action was filed by Royal. Clearly, his file and all documents authored by Nickoloff prior to this declaratory action, June 9, 2003, should be produced without redactions.

3. BISD repeatedly attempted to depose GAB Robbin's employee, Dennis Nickoloff, within the discovery period. On April 26, 2005, BISD was finally allowed to depose him. Nickoloff's deposition is Exhibit 3 and the transcript was received by counsel for BISD on May 13, 2005. Nickoloff was the adjuster for GAB Robbins who investigated the claim as Royal's agent, and authored many documents identified in Royal's privileged log. Nickoloff states that prior to January 2003, he did not indicate in his summaries that he talked to an attorney about defending this case and he did not anticipate litigation. "Exhibit 3", p.100-101, *l* 17-1; p.106, *l* 8-12. Nickoloff agrees that before January 22, 2003, he was not given any direction by Royal's attorneys' Beirne, Maynard, & Parsons, Mr. Jay Brown or Mr. Steve Wedemeyer, as to how to handle this claim. "Exhibit 3", p.103, *l* 18-23; p 104, lines 4-7. Nickoloff also agrees that as of April 1, 2003 Royal's attorney, Mr. Steve Wedemeyer, was still requesting material to evaluate

and examine the claim on behalf of Royal. "Exhibit 3, attached exhibit 26 to Nickoloff's deposition." Nickoloff said he does not recall sending a memo addressed to Royal's legal counsel. "Exhibit 3", p.115-116, *l* 23-2. And he does not recall Royal's attorneys sending him any letter or memorandum from December 5, 2001, to May 16, 2003, directing or advising him how to handle the claim. "Exhibit 3", p.116, *l* 3-22.

## BISD'S BURDEN

4. After considerable delay by Royal, it now appears statements it made in support of its privilege log are exaggerated. The deposition of Nickoloff shows documents in the privileged log were not created in anticipation of litigation. Rather, they were created to investigate an insurance claim.

5. The work product privilege is governed by federal law. *Pete Rinaldi's Fast Foods, Inc. v. Great American Insurance Companies*, 123 F.R.D. 198, 201 (M.D. N.C. 1988). Usually, the work product privilege does not attach until coverage is denied. *Id.* Until that time litigation on the merits is not reasonably anticipated. If the law were otherwise, an insurer could invoke protections of the work product privilege simply by hiring counsel and filing a sham litigation. This case is a good example.

When work product privilege comes into play, it is not as broad as Royal suggests. For example, documents created in the ordinary course of business are not privileged. *United States v. El Paso Co.*, 682 F.2d 530, 543 (5th Cir. 1982), *cert. denied*, 466 U.S. 944 (1984). Rather, the primary motivating force underlying preparation of the document must be to prepare for litigation or trial. *Id.*

6.  Whether the work product privilege protects documents withheld by Royal is a two-pronged inquiry: (1) When does the evidence show the insurance company demonstrated a "resolve to litigate" the claim; and (2) has the insurance company established that each document claimed as work product was created "because of the litigation and would not have been created in substantially the same form but for the prospect of litigation?" *See United States v. Aldman*, 134 F.3d 1194, 1195 (2d Cir. 1998); *Pete Rinaldi's Fast Foods, Inc.*, 123 F.R.D. at 202. Merely disputing a claim or hiring an attorney are not dispositive, but are merely factors to consider in determining when the insurance company resolved to litigate a claim. *See Fine v. Bellafonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422 (S.D.N.Y. 1981). It should not have been a "surprise" or "concern" that BISD sought payment of this claim after BISD made an initial claim on January 22, 2003. Royal cannot be "surprised" and "concerned" when BISD presented a Ten Million Dollar Proof of Claim, as this only establishes that a claim was disputed. *Fine*, 91 F.R.D. at 423 (ordering production of documents due to lack of evidence demonstrating that documents were prepared in furtherance of a "sufficiently identifiable resolve to litigate" rather than routine investigation of a resistible claim.) The privileged log produced by Royal falls well short of establishing its documents were created in furtherance of an intent to litigate. Moreover, the deposition of Nickoloff shows that neither he nor Royal was resolved to litigate. It shows the opposite, they they were merely investigating the claim.

Even if Royal established the first prong, it has not shown withheld documents would not have been created but for litigation purposes. An insurance company has a duty to investigate, evaluate, and make decisions on claims submitted by it insured. Documents created in the ordinary course of claims evaluation and adjusting are not protected merely because they were created after the anticipation of litigation. In this case Nickoloff did not anticipate litigation.

Only documents created <u>because</u> of anticipated litigation, and which would not have been prepared in substantially similar form but for the prospect of litigation are privileged. *Aldman,* 134 F.3d at 1195. For example, most documents listed on both Schwartz' privilege log and Nickoloff's privilege log invoke "claims investigations," "irrelevant reserve information," "work product," and "attorney/client" privileges which all precede June 9, 2003, the date of this suit, and thus, all documents should be produced without redactions, as Nickoloff never anticipated litigation as an agent for Royal. Royal appears to be taking the untenable position that it conducts claims analysis or evaluations only after it anticipates litigation. Without evidence that timeliness, chronicles, meetings notes, and adjuster's reports would not have been created in this form absent the prospect of litigation, Royal has not carried its burden and the documents must be produced.

7. The evidence in Nickoloff's deposition shows Royal's attorneys offered Nickoloff no direction on how to handle this claim. Thus, the documents in the privileged log should be produced and at the very least produced in camera for the Court's inspection.

8. An insurance claims file in a bad faith case is not categorically protected by the work-product privilege even after litigation is anticipated. *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.,* 1996 WL 89225, *1 (N.D. Ill. 1996), *Transport Insurance Company, Inc. v. Post Express Company, Inc.,* 1996 WL 32877, *3 (N.D. Ill. 1996), *Silva v. Fire Ins. Exchange,* 112 F.R.D. 699 (D.Mont. 1986); *Brown v. Superior Court In and For Maricopa County,* 670 P.2d 725, 734 (Ariz. 1983); *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 577 (9th Cir. 1992). Frequently, this is the only and best source of information concerning the insurance company's information and motivations. Thus, the substantial need exception may negate the privilege.

9. Moreover, an "insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate, and make a decision with respect to claims made on it by its insured." *Pete Rinaldi's Fast Foods, Inc.*, 123 F.R.D. at 202. Royal has a statutory and common-law duty to investigate BISD's claim and determine relevant facts. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56, n.5 (Tex. 1997). Thus its claims files cannot be protected by the work product privileged after June 9, 2003, as Royal argues.

## THE ATTORNEY/CLIENT PRIVILEGE DOES NOT APPLY TO MANY DOCUMENTS LISTED ON ROYAL'S PRIVILEGE LOG.

10. The attorney/client privilege is governed by Texas law. Royal is exaggerating the scope of this privilege. For example, this privilege does not apply if the attorney is acting as an investigator, or in some other capacity. *Pondrum v. Gray*, 298 S.W. 409, 412 (Tex. Com. App.1927)(no privilege if attorney acts as scrivner); *In re Texas Farmers Ins. Exchange*, 990 S.W.2d 337, 340 (Tex. App.—Texarkana 1999, orig. proceeding) (communications with an insurer's lawyer performing claim investigation services were not privileged); *see also Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991) (communications with lawyer performing services of a claims processor or monitoring a claim investigation were not privileged).

Royal withheld numerous documents on the basis of the attorney-client privilege, but did not fully describe any of the documents in its privileged log. Much like its flawed application of the work product privilege, Royal appears to take the position that any communication or documents that may have passed through the hands of its attorneys are privileged. Again, this is not the law. *See In re Texas Farmers Ins. Exchange*, 990 S.W.2d 337, 340 (Tex. App.-Texarkana 1999, orig. proceeding) (holding attorney hired by insured after claim was acting as

an investigator, not an attorney, and communications with the insured made in the capacity were not protected by privilege); *Harper v. Auto Ins. Co.,* 138 F.R.D. 655, 671 (S.D. Ind. 1991) (noting that to the extent an attorney acts as claim process supervisor or claim investigation monitor, and not as legal advisor, the attorney client privilege does not apply). Royal has given this Court no evidence to determine whether communications by and between GAB Robbins, Royal, surplus insurance carriers and counsel were made to facilitate the rendering of legal services and advise, rather than merely investigating or monitoring the adjustment of BISD's claim.

11. With these exceptions to the privileges asserted in mind, it is useful to examine this discovery dispute in broad terms.

### ROYAL HAS NOT CARRIED ITS BURDEN TO PROVE THE WORK-PRODUCT PRIVILEGE APPLIES.

12. No specific factual evidence attached to Royal's motion states whether documents identified in its privilege log should be covered by the work-product privilege. Mark Schwarz asserts documents were "generated in preparation for trial." Plaintiff Royal's Response to BISD's Expedited Motion to Compel, Exhibit 4, p. 2. Schwarz also states various documents created after June 9, 2003, contain or reflect work product. *Id.* Nickoloff's affidavit (in contrast to his deposition) states he created documents containing communications made in "anticipation of litigation" and "in preparation of trial." Exhibit 5 *Id.* at Ex. 4. Jay Brown also states various documents "contain or reflect . . . work-product." *Id.* at Exhibit 6.

All three of these Affidavits are contrary to Nickoloff's deposition where he states that he never received any direction from any of Royal's attorneys and that litigation was not anticipated. These affidavits are no evidence of the work product privilege. They merely state a legal conclusion. Moreover, nothing shows Schwartz, Nickoloff, or Brown are applying the

proper legal definition of the work-product privilege. Indeed, the description of documents in the privilege log suggests they are not applying the correct legal definition of work product.

For example, the first document listed in Plaintiff Royal's Response to BISD's Expedited Motion to Compel, (Second Amended Privilege Log for Claim File of Mark Schwartz (Royal)), Exhibit 1, identifies the GAB activity report. Royal produced a redacted version of entries in this document until 6/9/03. Royal is withholding all entries after this date.

In addition, the work product privilege does not protect a claims file because Royal has an independent legal duty to investigate the claim. This file would be created regardless of this litigation in the ordinary course of the insurance business. Absent a specific factual showing that a particular document was prepared for some litigation purpose other than investigation or gathering facts, Royal has not carried its burden to establish the privilege. *El Paso Co.,* 682 F.2d at 543.

### ROYAL HAS NOT CARRIED ITS BURDEN TO SHOW THE ATTORNEY/CLIENT PRIVILEGE APPLIES. ROYAL'S LAWYERS ARE ACTING AS INVESTIGATORS.

13.   Evidence offered in support of Royal's claimed privilege shows Royal's lawyers are doing nothing more than supervising, monitoring, investigating, and handling BISD's claim. Royal has yet to accept or reject any part of BISD's claim. Instead, Royal is essentially asking this Court to monitor and supervise Royal's lawyers' investigation and processing of BISD's claim.

The GAB Robbins activity report was being created before 6/9/03, and it is work in progress. It can be nothing more than claims investigation, and Royal has offered no evidence distinguishing which part of this document created after 6/9/03 reflects mere investigation, monitoring, supervising, or claims handling by its lawyers, and which part reflects privileged attorney/client communications. Since Royal has not rejected BISD's claim, it appears likely to

BISD that much or all of what Royals' lawyers have done so far is anything more than handling the claim for Royal.

### DOES THE CRIME/FRAUD EXCEPTION APPLY?

14. The evidence in the instant case shows Royal hired GAB Robbins to adjust the claim. Royal induced BISD to hire EFI as its agent to investigate the claim. The evidence now reveals EFI just so happens to be a wholly owned subsidiary of GAB Robbins, a fact previously unknown to BISD.

EFI produced a report highly favorable to Royal, and the question has arisen whether Royal, acting in concert with GAB Robbins, induced EFI to make the report more favorable to Royal. This is *prima facia* evidence of fraud and assorted crimes, including misapplication of fiduciary property, securing execution of a document by deception, . . .

Surely Royal's lawyers did not advise Royal in writing how to commit this fraud or to avoid responsibility for it. But that is not the test. The crime fraud exception exists if (1) *prima facie* evidence exists of a crime or fraud and (2) a relationship exists between the communication and the *prima facie* evidence offered. *Kugle v. DaimlerChrysler Corp.*, 88 S.W.3d 355, 362-63 (Tex. App.-San Antonio 2002, pet. denied) (en banc op. on reh'g). The crime or fraud must have been ongoing or imminent when the communication occurred. *In re Monsanto Co.*, 998 S.W.2d 917, 933-34 (Tex. App.-Waco 1999, orig. proceeding); *Freeman v. Bianchi*, 820 S.W.2d 853, 861-62 (Tex. App.-Houston [1st Dist.] 1991, orig. proceeding).

Any documents substantiating the foregoing fraudulent scheme are not covered by the attorney-client privilege and must be produced.

## CONCLUSION

15.     Royal has not carried its burden of establishing any privilege protecting documents it seeks to withhold from discovery. The evidence shows that Royal's adjuster, Dennis Nickoloff, did not anticipate litigation and thus all of the adjuster's complete file should be produced without redactions. Moreover, Royal provided this Court no evidence that the specific documents withheld as work product would not have been created but for the prospect of litigation. Further, all correspondences between the adjuster, Mr. Nickoloff and Mr. Mark Schwartz, Royal's claim handler should be produced without redactions as neither is an attorney and no litigation was anticipated.

BISD, on the other hand, has produced significant evidence that the work product, attorney/client, and other privileges do not apply here.

16.     BISD, therefore, prays that this Court order Royal to produce the documents listed in the privilege logs or alternatively review these documents *in camera*.

Respecfully submitted,

**LAW OFFICES OF BALTAZAR SALAZAR**
1612 Winbern
Houston, Texas 77004
(713) 655-1300 and (713) 807-1930 Fax

BY: _____
BALTAZAR SALAZAR
FEDERAL BAR NO. 18536
STATE BAR NO. 00791590

OF COUNSEL FOR BISD:
Ramon Garcia
State Bar No. 07641800
Federal Bar No. 3936
Catherine Smith
State Bar No. 18547080
Federal Bar No. 19360
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 W. University
Edinburg, Texas 78539
Tel. (956) 383-7441
Fax (956) 381-0825

CRAIG S. SMITH
State Bar No. 18553570
**LAW OFFICES OF CRAIG S. SMITH**
14493 S.P.I.D., Suite A, PMB 240
Corpus Christi, Texas 78418
(361) 949-6906 and (361) 949-0843 (Telefax)

## CERTIFICATE OF CONFERENCE

I, Baltazar Salazar, certify that I have attempted to confer with opposing counsel, but have been unsuccessful in my attempt.

_____
BALTAZAR SALAZAR

## CERTIFICATE OF SERVICE

I Baltazar Salazar, hereby certify that this pleading was served by certified mail, return receipt requested on the attorney in charge for Royal Surplus Lines Insurance Company on this the 19th day of May, 2005, addressed as follows:

Mr. Jay Brown
Mr. Stephen Wedemeyer
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000

_____
BALTAZAR SALAZAR