Page 142

1  matter?
2  A. That's correct.
3  Q. So your investigation efforts began two days after
4  you received the claim?
5  A. That's correct.
6  Q. On December 5th, 2000 and?
7  A. 1.
8  Q. -- 1; is that correct?
9  A. That is correct.
10 Q. And you sent the law firm of Constant & Vela a
11 letter, and then a few days later you called the lawyer at
12 the firm?
13 A. Correct.
14 Q. And who is that that you called?
15 A. That was Pruett Moore at Constant & Vela.
16 Q. And what did you ask him for? What were you
17 wanting to do at that point?
18 A. Well, the initial call I missed him and left a
19 message. And he called back, and he said that he would
20 coordinate the inspection of the property for us, and that
21 he would call back with the person, the time and date, et
22 cetera, of when we could do the inspection. That was on
23 12-11-01.
24 Q. And so you had asked Mr. Moore to be able to
25 inspect the school at least by that date, by December 11,

Page 143

1  2001?
2  A. That's correct.
3  Q. And those -- were those efforts also part of your
4  investigation?
5  A. That is correct.
6      MR. BROWN: I'll pass the witness.
7      FURTHER EXAMINATION
8  BY MR. SALAZAR:
9  Q. Mr. Nickoloff, even if you had gone in on December
10 the 6th, 2003 or 2001, one day or two days after the claim,
11 if you would have gone into Aiken and Besteiro and done a
12 thorough walk-through, would you be qualified at that
13 posi- -- at that point to make a recommendation as to
14 coverage or no coverage?
15 A. No, sir.
16     MR. BROWN: Objection to form.
17 Q. (BY MR. SALAZAR) Would it be fair to say that --
18 that your position two days after the claim or one day after
19 the claim would probably be the same as it was maybe nine
20 months later where you put in your reports without an
21 engineering study, we can't find out what the cause of loss
22 is?
23     MR. BROWN: Objection.
24 Q. (BY MR. SALAZAR) Is that correct?
25     MR. BROWN: Objection to form.

Page 144

1  A. Yes.
2  Q. (BY MR. SALAZAR) So whether you went in one day
3  or nine months later, if the insurance company, Royal in
4  this case, did not do an investigation, an environmental
5  investigation or engineering investigation, it wouldn't make
6  any difference to you; correct?
7      MR. BROWN: Objection to form.
8  A. What wouldn't make any difference to me? I'm
9  sorry.
10 Q. (BY MR. SALAZAR) It wouldn't make any difference
11 as to whether there was coverage. The -- the cause of loss
12 would not be able to be identified even if -- if you would
13 have gone into the schools every single day for the next
14 year and a half; correct?
15     MR. BROWN: Object to form. The question is
16 indecipherable at this point, Baltazar.
17 A. Yeah, I don't -- I'm not sure what you want me to
18 answer there. I'm sorry.
19 Q. (BY MR. SALAZAR) Okay. If you would have had an
20 opportunity to go in the day after the claim, into Aiken and
21 Besteiro, I think your testimony has been that you would
22 have maybe walked through and maybe if you took your time,
23 even if you took a whole day in the school, took pictures of
24 every crack, every closet, every room, would you have been
25 able to, as an adjuster, would you have been able to make a

Page 145

1  determination as to the cause of loss?
2  A. No.
3  Q. If you would have gone in every day after that,
4  every single day and taken pictures every single day after
5  that, could Dennis Nickoloff have made a determination as to
6  the cause of loss nine months later?
7      MR. BROWN: Objection to form. It's
8  hypothetical.
9  A. No, sir. I wasn't retained to do that either.
10 Q. (BY MR. SALAZAR) Okay. And you agree that your
11 position would be the same as it is in your reports that
12 states without an engineering study, the cause of loss
13 cannot be determined; correct?
14 A. Yes.
15     MR. SALAZAR: Nothing further.
16     MR. BROWN: Nothing further for me at this
17 time.
18     MR. GAIBLE: Okay.
19     THE VIDEOGRAPHER: It's 2:12 p.m. We're off
20 the record.

Page 146

1  CHANGES AND SIGNATURE
2  WITNESS NAME: DENNIS NICKOLOFF - DATE OF DEPOSITION: 4-26-05
3  _____
4  PAGE    LINE    CHANGE         REASON___
5  _____
6  _____
7  _____
8  _____
9  _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 _____
23 _____
24 _____
25 _____

Page 147

1  I, DENNIS NICKOLOFF, have read the foregoing deposition and
2  hereby affix my signature that same is true and correct,
3  except as noted above.
4
5          _____
6          DENNIS NICKOLOFF
7
8  THE STATE OF TEXAS:
9  COUNTY OF HARRIS:
10
11     Before me, _____, on this day
12  personally appeared DENNIS NICKOLOFF known to me (or proved
13  to me under oath or through _____) (description
14  of identity or other document) to be the person whose name
15  is subscribed to the foregoing instrument and acknowledged
16  to me that they executed the same for the purposes and
17  consideration therein expressed.
18
19     Given under my hand and seal of office this
20  _____ day of _____, 2005.
21
22
23          _____
24          NOTARY PUBLIC IN AND FOR
25          THE STATE OF _____

Page 148

1  STATE OF TEXAS  )
                   )
2  COUNTY OF HARRIS )
3       DEPOSITION OFFICER'S CERTIFICATE
4  ORAL AND VIDEOTAPED DEPOSITION OF DENNIS NICKOLOFF
   Taken on April 26, 2005
5
6  I, LaRita J. Cormier, Certified Shorthand Reporter in and
   for the State of Texas, hereby certify that this deposition
7  transcript is a true record of the testimony given by the
   witness named herein, after said witness was duly sworn or
8  affirmed by me.
9  I further certify that I am neither attorney nor counsel
   for, related to, nor employed by any of the parties to the
10 action in which this testimony was taken.  Further, I am not
   a relative nor employee of any attorney of record in this
11 cause, nor do I have a financial interest in this action.
12 Further certification requirements pursuant to the Rules
   will be certified to after they have occurred, if
13 applicable.
14 Subscribed and sworn to on this the 2nd day of May, 2005.
15
16          _____
            LaRita J. Cormier, Texas CSR 3412
17          Expiration Date: 12-31-05
            Firm Registration No. 62
18          4545 Post Oak Place, Suite 350
            Houston, Texas 77027
19          PHONE:  713.626.0170
            FAX:    713.626.1966
20
21
22
23
24
25