## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ROYAL SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. B-03-109** |
| **vs.** | § | |
| | § | **JURY DEMANDED** |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF ROYAL'S EXPEDITED MOTION TO QUASH DEPOSITION OF ROGER SAWYER AND SUBPOENA DUCES TECUM AND MOTION FOR PROTECTION

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Expedited Motion to Quash the Deposition of Roger Sawyer and Subpoena Duces Tecum and Motion for Protection, and respectfully shows:

### Relief Requested

1.      Roger Sawyer is an independent adjuster at GAB Robins, NA ("GAB") who was hired by Cigna, the insurer that insured the subject BISD property in the years preceding the inception of Royal's first policy, to investigate BISD's claim for damage at the schools. Cigna is not a party to this lawsuit, though BISD did sue both Cigna and Royal in a parallel state court action shortly after BISD was served with this declaratory judgment action. That parallel state action was dismissed by the state court, albeit without prejudice, when BISD failed to prosecute it. Royal asks this Court to quash the deposition and the subpoena duces tecum attached to the deposition notice of Roger Sawyer, which was served on counsel for Mr. Sawyer's employer,

GAB, by facsimile and certified mail on April 21, 2005. Counsel for Royal was also served by certified mail and facsimile on April 21, 2005. BISD's notice of deposition included a subpoena duces tecum asking for the production of more than forty (40) categories of documents on the date of the deposition, originally set five days later, on April 26, 2005. On April 25, 2005, BISD decided not to go forward with the deposition of Mr. Sawyer scheduled for April 26, 2005.

2.      The Court should quash the deposition of Mr. Sawyer because Cigna is not a party to this lawsuit. Therefore, there is no live bad faith claim (or even a claim for coverage) against Cigna on which to base BISD's request for the deposition of Mr. Sawyer and subpoena duces tecum for his claims file.

3.      Additionally, the Court should enter a protective order as to the subpoena duces tecum for documents requested from Roger Sawyer, to the extent that BISD seeks production of documents for which Royal has previously asserted objections and/or privileges and which the Court has previously upheld. (*See* Doc. #70, Order denying BISD's Motion to Compel). Though they pursued totally separate investigations, the independent adjuster for Royal, Dennis Nickoloff, and the independent adjuster for Cigna, Roger Sawyer, both work for GAB. Mr. Sawyer works in GAB's Houston office, while Mr. Nickoloff works in GAB's Harlingen office. By subpoenaing all GAB materials through Mr. Sawyer, BISD now seeks to obtain some of the same documents that the Court has ruled it cannot have.

4.      Moreover, the discovery deadline in this case was April 1, 2005 and has not been extended by the Court or by the parties. The deposition of Mr. Sawyer, therefore, should be quashed.

**Grounds for Relief**

5.      Royal filed this declaratory judgment action on June 9, 2003, asking this Court to determine its duties, if any, under four insurance policies issued to Defendant Brownsville

Independent School District ("BISD") for alleged damage to two schools located in Brownsville, Texas.  BISD filed its Original Answer and Counterclaim on or about December 12, 2003.  (Doc. #18).  Royal has had three dispositive motions on file for almost a year that establish Royal's entitlement to summary judgment on the coverage questions, as well as BISD's extra-contractual counterclaims.

**A.      *The Deposition of Roger Sawyer is Not Relevant to the Royal Policies.***

6.      As mentioned above, Roger Sawyer is the independent adjuster for Cigna, the insurer that insured the BISD schools prior to the September 1, 1996 inception of the first Royal policy.  Mr. Sawyer never did any work for Royal on the BISD claims.  In fact, he never even exchanged information with Mr. Nickoloff, the GAB adjuster who worked on Royal's behalf.

7.      Additionally, in Texas, an insured may not prevail on a bad faith claim without **first** showing that the insurer breached the insurance contract.  *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Tapatio Springs Builders v. Maryland Cas. Ins. Co.*, 82 F. Supp.2d 633, 647 (W.D. Tex. 1999).  In other words, there must first  be a breach of an insurance policy by the insurer before the insured can even have a colorable claim for bad faith claims handling.  In this case, there is no bad faith claim by BISD against Cigna.  In fact, Cigna is not a party to this lawsuit.  BISD has no pending claim against Cigna -- in any forum -- for breach of any insurance contract or bad faith claims handling.  In other words, not only does BISD have the bad faith "cart" before the contract claim "horse," BISD has no "horse."

8.      The Court should not allow BISD to use this lawsuit as a means to obtain discovery regarding Cigna, an insurer who is not a party to this lawsuit, or any live suit involving BISD.  Unsuccessful in its efforts to identify any evidence to support its bad faith claims against Royal over the last two years after, *inter alia*, discovering *Royal's* claims file, deposing *Royal's* independent claims adjuster (Dennis Nickoloff), and deposing *Royal's* bad faith expert, BISD

now desperately seeks to embark on a new fishing voyage in someone else's (Cigna's) pond. This is the blatant purpose in seeking to depose Roger Sawyer and dig around in his file. This Court should not allow BISD to delve in Cigna's/Mr. Sawyer's claim files for the purported purpose of trying to create some fact issue on *Royal's* claims handling.

9.      Any potential claims that BISD may or may not have against Cigna are entirely different than its claims against Royal, as the insurers issued different policies to BISD for different policy periods. Despite the fact that Cigna is not a party to this lawsuit, BISD seeks to depose Cigna's adjuster -- apparently to compare the Cigna and Royal investigations or the fruits of their investigations. The Court has previously considered whether BISD's claims against Royal and Cigna are inextricably intertwined to an extent that they must be considered in one lawsuit. The Court, in denying BISD's Motion to Dismiss or Abate this lawsuit pending resolution of the parallel state court lawsuit filed by BISD on June 30, 2003 (Doc. #5), rejected BISD's position and confirmed that the coverages under the Cigna Policy and the claims handling by Cigna are irrelevant to and have *no bearing* on the coverages under the Royal Policies or the bad faith claims against Royal. Each claim must stand and be determined on its own merits.

10.      Although there may be some relevant information gleaned from the BISD claim against Cigna (*e.g.*, admissions *by BISD* regarding the timing or cause of the mold), BISD has not produced to Royal *any* proofs of loss or similar documents involving Cigna that BISD has in its possession, despite Royal's many requests for such documents. Conversely, *Cigna's actions* regarding the BISD claim are not relevant to this case, since it is an entirely different insurance policy.[1] In other words, the claims against Royal -- both contract and bad faith -- must be

---

[1] It should be noted that both the engineering and industrial hygiene reports from the experts hired by Cigna (Weeks and Mercer) have been produced by Royal to BISD in this case.

decided on their own merits, independent of any claim made against Cigna by BISD (whether made in the past, present or in the future), independent of the investigation of any such claim by Cigna and Roger Sawyer, and independent of the results of Cigna's coverage analysis of BISD's claim under the Cigna policy.

11.    Allowing BISD to depose Mr. Sawyer is not supported by BISD's pleadings, because Mr. Sawyer's testimony has no arguable relation to BISD's claims against Royal. Additionally, BISD has never even alleged -- much less offered any evidence -- that Royal consulted with or relied upon Sawyer regarding the coverages for the BISD claim against Royal. BISD has never attempted to connect the dots between Roger Sawyer and the Royal claim.  To date, the sole basis of BISD's bad faith claim in its Second Amended Counterclaim (Doc. #56) is Royal's and/or its independent adjuster's (GAB's/Dennis Nickoloff's) alleged failure to disclose a corporate relationship between GAB and Engineering and Fire Investigations ("EFI") (the engineering firm hired by BISD in the Fall of 2002 to investigate the cause of the mold at the schools).  BISD has deposed both Royal's independent adjuster at GAB, Dennis Nickoloff, as well as John Hinz, a GAB corporate representative on the GAB/EFI relationship.  There is no evidence -- and no one has suggested -- that Roger Sawyer had any role in Royal's claims handling.

12.    Therefore, any testimony from Mr. Sawyer is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this declaratory action.  Likewise, Mr. Sawyer's claims file is not relevant to any claim BISD has asserted against Royal. Discovery requests must be reasonably tailored to include only matters relevant to the case; discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180-181 (Tex. 1999); *In re*

*American Optical Corp.*, 988 S.W.2d 711, 712-713 (Tex. 1998); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996).  BISD's request to depose Mr. Sawyer in this lawsuit is nothing more than an impermissible fishing expedition.

13.    The Court, therefore, should quash the deposition of Mr. Sawyer and enter a protective order regarding any documents in the possession or control of Mr. Sawyer or his employer, GAB.

**B.     *BISD's Deposition Notice Does Not Comply with the Federal Rules of Civil Procedure.***

14.    BISD's notice of deposition does not comply with the Federal Rules of Civil Procedure.  (*See* Doc. #96, Notice of Deposition.)  BISD has noticed the deposition of Mr. Sawyer "pursuant to Fed. R. Civ. P. 30(b)(6)" but fails to describe with reasonable particularity *any* matters on which the examination is requested, as specifically required by the very rule upon which BISD purports to rely.  *See* Fed. R. Civ. P. 30(b)(6).  In addition, instead of naming an organization as the witness, as contemplated by the Rule, the notice identifies the witness as "Mr. Roger Sawyer of GAB Robins".  (*See* Doc. #96, Notice of Deposition, at p. 1).  Thus, despite citing Rule 30(b)(6), it appears that BISD is seeking the deposition of an individual, not an entity.

**C.     *The Court Has Upheld Royal's Asserted Privileges/Objections to Similar Requests.***

15.    Additionally, BISD's subpoena duces tecum seeks production of certain documents that have been withheld by Royal under properly asserted privileges and/or objections.  Royal has complied with the Federal Rules of Civil Procedure and produced to BISD a very detailed privilege log, along with supporting affidavits, disclosing the details as to each such document and the appropriate objection/privilege to each.  (*See* Docs. #67, #68 and #69, Royal's Response to BISD's Motion to Compel, including exhibits and supplements thereto).

The Court has previously upheld Royal's objections/privileges listed in its second amended privilege log. (*See* Doc. #70, Order denying BISD's Motion to Compel).

16.     Moreover, BISD's subpoena duces tecum is wholly unreasonable in that it requests a multitude of documents, **all** of which are wholly irrelevant to the claim against Royal. A review of the subpoena duces tecum shows that BISD has simply retyped its Requests for Production *to Royal* and included those requests as a subpoena duces tecum to "Mr. Sawyer of GAB Robins." (*See* **Exhibit A**, BISD's Request for Production to Royal; *see also* Doc. #96, Deposition Notice at p. 1). Again, Mr. Sawyer of GAB's Houston office is the independent adjuster who was hired by Cigna, the insurer who insured the BISD schools prior to the Royal policies. Royal's independent adjuster, Dennis Nickoloff of GAB's Harlingen office, who investigated the claims made by BISD, was deposed by BISD on April 25, 2005.

17.     Royal produced a voluminous set of documents to BISD in June 2004, which included the discoverable documents in Mr. Nickoloff's claim file. BISD now requests that Mr. Sawyer, an adjuster with no relation to Royal or no involvement in the handling of BISD's claim against Royal produce documents that bear no relation to this lawsuit or the underlying claim, and make absolutely no sense with regard to GAB Robins or the Royal policies. For example, BISD asks for *Mr. Sawyer* to produce, among other things, the following:

- A complete copy of all policies you have issued to BISD since 1996[.] [Doc. #96, Number 6].

- All complaint logs, reports or compilations relating to commercial property policies you have issued since 1996. [Doc. #96, Number 10].

- A "flow chart" illustrating the structure of the claims department and underwriting departments of the Plaintiff and its subsidiaries. [Doc. #96, Number 14].

- All credited and uncredited financial statements for the last five years that reflect your net worth. [Doc. #96, Number 26].

BISD's current attempt to subpoena documents from Mr. Sawyer is wholly unreasonable, inappropriate and meant merely to harass the witness GAB, Cigna, and/or Royal.

18.    BISD's sloppy (at best) attempt to secure documents from Mr. Sawyer should be quashed because the Court has previously considered identical requests from BISD pertaining to Mr. Nickoloff's claims file and upheld Royal's objections and/or claims of privilege. (*See* Doc. #66, BISD's Motion to Compel; *see also* Doc. #70, Order denying same).  Regarding Mr. Nickoloff, on June 16, 2004, BISD noticed the deposition of Mr. Nickoloff for June 25, 2004. At that time, BISD requested the exact sets of documents listed in its current subpoena duces tecum to Mr. Sawyer.  Royal timely filed a motion to quash on June 18, 2004.  (Doc. #52). Subsequently, Royal provided a detailed privilege log to BISD, asserting its objections and/or privileges to BISD's requests, among others, pertaining to Mr. Nickoloff's file.  BISD then filed a Motion to Compel, seeking, among other things, Mr. Nickoloff's entire claims file.  (*See* Doc. #66).  However, the Court denied BISD's motion to compel and upheld Royal's asserted objections and privileges in its privilege log.  (*See* Doc. #70).  In January 2005, BISD again noticed the deposition of Mr. Nickoloff for January 25, 2005 and attached a subpoena duces tecum that is identical to the current subpoena duces tecum to Mr. Sawyer.  Royal again timely filed an Expedited Motion to Quash Subpoena Duces Tecum ("Motion to Quash").  (*See* Doc. #91).  The Court granted Royal's Motion to Quash on March 3, 2005.  (*See* Doc. #93).

19.    More importantly, Royal has produced voluminous sets of discovery to BISD in this case.  Part of that production includes the claims file of Mr. Nickoloff.[2]  To the extent that Royal withheld any documents from Mr. Nickoloff's claims file, Royal has provided BISD and the Court a detailed privilege log.  In fact, in denying BISD's motion to compel, the Court stated

---

[2]  The production included the following Bates labeled documents:  RSL 5240-5499, File of Dennis Nickoloff; RSL 5509-5512, Privilege Log for File of Dennis Nickoloff; RSL 5513-5549, File of Dennis Nickoloff; and RSL 2285-2386, Reports from Dennis Nickoloff to Royal.

that Royal had met its initial burden of a *prima facie* showing of the validity of its asserted privileges, by way of a detailed privilege log and affidavits. (*See* Doc. #70, Order Denying BISD's Motion to Compel at p. 1). The Court also noted that, after Royal met its burden of proof, the burden then shifted to BISD to show why the asserted privileges do not apply. *Id.* BISD has never attempted to show why it is entitled to the documents withheld by Royal under its asserted privileges.

20.     The Court should quash BISD's subpoena duces tecum for the production documents, because BISD has failed to meet its burden to challenge the validity of Royal's asserted privileges regarding the claims file of Mr. Nickoloff.

21.     To avoid any argument of waiver, Royal incorporates by reference its previously asserted objections to these document requests as stated in Royal's objections and responses to BISD's request for production and any asserted objection/privilege in Royal's privilege log pertaining to the claims file of Mr. Nickoloff. It should be noted, however, that in response to BISD's discovery requests to Royal or with Royal's Rule 26 disclosures and amended disclosures, ***all responsive documents relevant to BISD's claims have been previously produced by Royal to BISD or offered to BISD by Royal for inspection and copying in this lawsuit.***

## Conclusion

22.     For all the reasons set forth above, Royal asks this Court to quash the deposition of Roger Sawyer and the subpoena duces tecum attached to the deposition notice.

Respectfully submitted,

**BEIRNE MAYNARD & PARSONS L.L.P.**

/s/ Jay W. Brown
_____
**Jay W. Brown**
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Treviño, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

## CERTIFICATE OF CONFERENCE

I certify that we have attempted to confer with Baltazar Salazar, lead attorney for BISD, but have been unable to reach him.  Therefore, BISD's opposition is assumed.

/s/ Jay W. Brown
_____
Jay W. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on May 24, 2005.

Mr. Baltazar Salazar                          *Via Certified Mail/Return Receipt Requested*
Attorney at Law                                                  *And Facsimile Transmission*
1612 Winbern
Houston, Texas  77004


/s/ Jay W. Brown
Jay W. Brown