IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-109 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**NON-PARTY GAB ROBINS NORTH AMERICA, INC.'S REPLY TO DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO NON-PARTY GAB ROBINS NORTH AMERICA, INC.'S EXPEDITED MOTION TO QUASH SUBPOENAS DUCES TECUM AND RESPONSE TO DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO COMPEL AND ENFORCE COMPLIANCE WITH THE SUBPOENA DUCES TECUM ON ROGER SAWYER**

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

**COMES NOW GAB ROBINS NORTH AMERICA, INC.** ("GAB"), a non-party to this lawsuit, and files this Reply to Defendant Brownsville Independent School District's ("BISD") Response to GAB's Expedited Motion to Quash Subpoenas Duces Tecum and Response to Defendant Brownsville Independent School District's Motion to Compel and Enforce Compliance with the Subpoena Duces Tecum on Roger Sawyer. Because the depositions of Dennis Nickoloff and John Hinz have already occurred, GAB's motion to quash their deposition notices is now moot. In support thereof, GAB would respectfully show unto the Court the following:

**1. BISD's Response to GAB's Motion to Quash is Untimely.**

GAB filed its expedited motion to quash the subpoenas duces tecum to the deposition notices of Dennis Nickoloff, Roger Sawyer, and John Hinz on April 25, 2005. BISD filed its

1

response to GAB's motion to quash the subpoena duces tecum for Mr. Sawyer twenty-four days later, on May 19, 2005. This response, however, is untimely under the Court's procedures. Therefore, the Court should disregard it.

The Court's civil procedures state that "[c]ounsel must respond to an opposed motion within twenty days from the date the motion is filed with the Clerk's office." Court's Civil Procedures at 5. Therefore, BISD's response was due on May 16, 2005. BISD, however, filed its response three days later. Consequently, BISD has failed to comply with the Court's civil procedures.

"Failure to file a timely response *shall* be taken as an indication that the opposing party agrees to the motion and the relief requested." *Id.* (emphasis added). BISD's untimely filing of its response accordingly indicates that BISD agrees with GAB's motion and the relief requested in that motion—quashing the subpoena duces tecum to the deposition notice of Roger Sawyer. The Court should take BISD's actions for what they are worth and grant GAB's motion to quash Mr. Sawyer's subpoena duces tecum. In turn, the Court should deny BISD's motion to compel and to enforce compliance with the subpoena duces tecum to Mr. Sawyer.

**2. BISD Response to GAB's Motion to Quash and Motion to Compel Misrepresents the Record in This Case.**

In its response to GAB's motion to quash and motion to compel, BISD claims that counsel for GAB said "that he would not produce any documents or privileged log until the Court had ruled on his motion to quash." BISD's Resp. to Non-Party GAB's Mot. to Quash and Mot. to Compel at 1; *see also id.* at 2 (same). This statement is plainly inaccurate. Counsel for GAB instead stated that documents would not be produced until Beth Taylor, counsel for CIGNA, developed a privilege log. Until and unless the privilege log is complete, GAB is in no

2

position to produce any documents. Therefore, the issue of which documents should be produced should first be addressed by this Court.

GAB is certainly willing to produce documents subject to the privilege log drafted by counsel for CIGNA. GAB does not, however, believe it should have to fully comply with BISD's overly broad subpoena, which requests documents and materials encompassed by the attorney-client privilege. As it stands, however, the subpoena duces tecum to Mr. Sawyer's deposition notice should be abrogated by the Court.

**WHEREFORE, PREMISES CONSIDERED, GAB ROBINS NORTH AMERICA, INC.** ("GAB"), a non-party to this lawsuit, respectfully requests that the Court grant its expedited motion to quash the subpoena duces tecum to the deposition notice for Roger Sawyer and deny BISD's motion to compel and motion to enforce compliance with the subpoena duces tecum on Roger Sawyer.

Respectfully submitted,

**HAYS, McCONN, RICE & PICKERING**

By:_____ /s/_____
        Michael M. Gallagher
        State Bar No. 24040941
        Southern District of Texas No. 560357
        400 Two Allen Center
        1200 Smith Street
        Houston, Texas 77002
        Telephone: (713) 654-1111
        Facsimile: (713) 650-0027
        Email: mgallagher@haysmcconn.com

OF COUNSEL

**HAYS, McCONN, RICE & PICKERING**
Bruce C. Gaible
State Bar No. 07567400
Southern District of Texas No. 1397
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
Telephone: (713) 654-1111
Facsimile: (713) 650-0027
Email: bgaible@haysmcconn.com

ATTORNEY-IN-CHARGE FOR NON-PARTY
GAB ROBINS NORTH AMERICA, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been duly sent by U.S. mail, certified mail return receipt requested, hand delivery, by telecopy, or via CM/ECF, on this the twenty-sixth day of May, 2005 to all counsel of record, as follows:

**Via Facsimile: (281) 749-8104**
Baltazar Salazar
Attorney at Law
1612 Winbern
Houston, Texas 77004

**Via Facsimile: (956) 383-7441**
Ramon Garcia
Catherine Smith
Law Office of Ramon Garcia, P.C.
222 W. University Drive
Edinburg, Texas 78539

**Via Facsimile: (361) 949-0843**
Craig Smith
Law Offices of Craig S. Smith
14493 SPID, Suite A, P.M.B. 240
Corpus Christi, Texas 78418

**Via Facsimile: (713) 960-1527**
Jay Brown
Stephen Wedemeyer
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Boulevard, Suite 2500
Houston, Texas 77056-3000

                                                      _____/s/_____
                                                      Michael M. Gallagher