IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | |
|---|---|
| ROYAL SURPLUS LINES § | |
| INSURANCE COMPANY § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-109 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT § | |

**MEMORANDUM OPINION AND ORDER**

Before this Court are three motions for summary judgment filed by the plaintiff, Royal Surplus Lines Insurance Company ("Royal" or "Plaintiff"). Each will be discussed in greater detail below but, suffice it to say, each seeks a judgment that Royal is not liable to the defendant, Brownsville Independent School District ("BISD"), for damages suffered by BISD due to the presence of mold at two of its schools: Bruce Aiken Elementary School ("Aiken") and Raul Besteiro Middle School ("Besteiro"). Despite warnings by the Court and a direct order setting a deadline, BISD has not filed a response to two of the three motions. Also, despite warnings from the Court, including an admonition to supplement its sole response, and the issuance of a firm deadline, the one response filed was not supplemented to provide the Court with any competent summary judgment evidence that raises an issue of material fact. That being the case, the Court hereby **GRANTS** all three of Royal's summary judgment motions.

**I.    Facts and History of the Case**

This lawsuit was initiated on June 9, 2003, by Royal. It sought a declaratory judgment that it did not owe insurance coverage to BISD for the mold problems experienced at Aiken and Besteiro under four

insurance policies covering the period between September 1, 1993, to April 1, 2002. BISD answered on June 30, 2003, with a Motion to Dismiss or Abate [Docket No. 5]. It later withdrew this pleading and filed an answer and counterclaim [Docket No. 18]. A scheduling order was instituted on September 15, 2003, at the initial Rule 16 conference [Docket No. 34]. At that hearing, the Court emphasized to the parties that they needed to respond to all motions to which they were opposed. *See infra* note 5. Among other deadlines, the Court set a February 27, 2004 deadline for dispositive motions and a trial date in June 2004. At the request of one of the parties, these deadlines were extended on December 11, 2003, and again on March 19, 2004. Pursuant to this last extension, dispositive motions were due on June 11, 2004, with a trial date of September 2, 2004.

On May 17, 2004, Royal filed its first motion for summary judgment [Docket No. 42] to which BISD replied on June 3, 2004 [Docket No. 45]. Royal filed two more summary judgment motions on June 10, 2004 [Docket Nos. 47, 49], as well as a reply to BISD's response [Docket No. 50]. The Court then held a hearing on June 27, 2004, to address all outstanding motions. The Court at that time gave Royal until October 29, 2004, to supplement any pending motions for summary judgment, and BISD until November 19, 2004, to file its responses. *See* Docket No. 60. This Court made it clear that it intended to act upon these motions by the end of 2004. Royal complied by filing its supplemental motions on October 29, 2004 [Docket Nos. 76, 77, 78]. **BISD filed nothing**.

This Court, concerned that an inadequate response had been filed to the first summary judgment motion and that no responses had been filed to the other two, instead of ruling, elected to hold

yet another hearing on the motions.[1] Prior to that hearing, on January 19, 2005, BISD filed a motion to continue the hearing, which was eventually held on January 24, 2005. At that hearing, the Court with all counsel present told the parties in no uncertain terms: (1) that despite the fact that Royal's second two summary judgment motions were ripe for the Court's decision, BISD had not responded to them and (2) that the reply to the first motion for summary judgment was inadequate, i.e., that it contained no deposition testimony, affidavits, or other competent (authenticated) summary judgment evidence that raised a material fact issue in this case. Counsel for BISD acknowledged that he had not responded to two of the three dispositive motions. When the Court reminded him that the motions could have already been granted, counsel responded by saying "we don't feel like it's time." Further, when counsel for BISD suggested he had experts that would show this Court why the policy exclusions did not apply, this Court immediately asked "...do I have an affidavit that says that, because I don't think I do or summary judgment evidence in any form?"

Later the following exchange occurred:

> **THE COURT:** But be that as it may, I mean, Mr. Salazar [attorney for BISD], **do we have any summary judgment testimony?** Forget about the bad faith issue for a minute. I mean—and forget—kind of forget about the legal basis for some of Royal's motions. Let me talk about the factual basis for their motion.
>
> They're basically saying that this is all excluded and that **you have no summary judgment proof—evidence that gets you by the factual basis that throws them under their exclusions**. Now, I may be talking about exclusions; I may

---

[1] The only summary judgment evidence attached to BISD's sole response to any of the three summary judgment motions was an unsworn inspection report made for a different insurance company. *See* Docket No. 45.

|  | be talking about coverage issues, but I'm using those interchangeably. I'm not using them as a form [term] of art.<br><br>But is anybody going to come in, any expert, engineer, construction guru, mold guru? **Because right now I don't have anything that controverts their summary judgment**. |
|---|---|
| MR. SALAZAR: | If I may, Your Honor. I believe that there's plenty in the record. If one looks at the EFI records, the reports, and the same reports that they've used, the EFI reports that say this was caused because of high humidity, those are the same reports that we're going to rely on. It just depends on how the court looks at them. |
| THE COURT: | Well, wait, wait, wait. **Is any of that in summary judgment evidence form**? |
| MR. SALAZAR: | On behalf of the school district? Yes, Your Honor. We filed a response. |
| THE COURT: | **Sworn to?** |
| MR. SALAZAR: | It was in the deposition of EFI, yes, Your Honor.[2] |
| THE COURT: | Okay. |
| MR. SALAZAR: | The problem is that the EFI depositions were taken after we responded to the summary judgment.[3] |
| THE COURT: | Okay. **Well, let me strongly suggest that you look at your response, because I don't think anything is in summary judgment form. I don't think there's anything that's summary judgment evidence**. |

---

[2]   The Court notes that neither this deposition nor any excerpts were attached to any response filed by BISD, nor was the Court referenced to any such testimony in any response by BISD. An excerpt from EFI's report was attached to one of the movant's motions.

[3]   Despite being told to supplement its responses, or even file one, BISD chose not to give the Court these depositions.

\* \* \*

**I mean, it's got to be sworn to in some form**.

| | |
|---|---|
| MR. SALAZAR: | We understand that, Your Honor. And those depositions from EFI were taken after we responded to the summary judgment, and we have not placed them in affidavit form. |
| THE COURT: | Okay. **Well, that's what I mean. So I can't consider them.**[4] |
| MR. SALAZAR: | **Not at this point, Your Honor.** |
| THE COURT: | All right. |
| MR. BROWN: | [Counsel for Royal] I would say, Your Honor, that some of the EFI testimony we've attached by way of supplementation to our motions, so it's out there. The deposition testimony has been taken in the case. |

\* \* \*

**There's been no response to the *Celotex* motion nor any response to the bad faith motion.**

Much to the chagrin of Royal's counsel, the Court chose to give BISD one more chance to file an adequate response to the first summary judgment motion and any response at all to the other two. It continued the consideration of these motions yet again and ordered BISD to file responses to these motions by April 29, 2005. *See* Docket No. 90. The Court went one step further and urged both sides:

---

[4] The Court, of course, could and would consider the actual deposition testimony itself if the Court had been given the deposition or excerpts, but it cannot take counsel's word that some witness, somewhere, stated something. The EFI testimony referred to by the attorney for BISD was never provided to the Court in any form by BISD.

> …in all the other summary judgments and responses thereto, make sure they comply with the rules, evidentiary. **I mean an unsworn to report or segment of a report is not summary judgment evidence that I can consider**.
>
> I would strongly suggest, you know, if you have a good piece of evidence that says, hey, this is where the water comes from, this is why we have coverage that you…succinctly put it out for me where I can match it up with the policy exclusions that Mr. Brown is claiming that he doesn't have coverage for…so I'm looking at apples to apples and oranges to oranges as opposed to trying to cross-reference why this works.

Finally in closing, the Court told the parties to look at their responses and make sure that the items they were relying on were proven up in some fashion.

Following that discussion in which the Court practically set out for BISD the form in which its responses should be filed, pointed out the need for a better response on one motion, and pointed out the need for some kind of response on the other two, **BISD filed nothing**! Royal filed a supplemental summary judgment motion containing numerous affidavits which establish the competence of and/or authenticated many of the exhibits it had attached to its prior motions. Even after this was filed, BISD filed nothing. The old adage comes to mind that you can lead a horse to water, tell him to take a drink, give him extra time to drink, but you still cannot make him drink. This Court cannot make a non-movant file a complete response (or any response for that matter) to a summary judgment motion, but it can grant the motions.

**II.    Standard of Review**

At the onset, this Court notes that, although BISD never responded to two of Royal's three motions, a motion for summary judgment cannot be granted simply because there is no opposition—despite the Court's repeated admonitions—even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279

(5th Cir. 1985).[5]

Royal maintains in its various motions that it seeks a complete summary judgment under a "no evidence" standard pursuant to both Federal Rule of Civil Procedure 56 and Rule 166a(i) of the Texas Rules of Civil Procedure, a partial summary judgment on the extra-contractual issues, and a complete summary judgment on its original motion. Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991); *Hanna v. Plumer*, 380 U.S. 460, 465–67 (1965). Accordingly, Rule 56 of the Federal Rules of Civil Procedure governs the propriety of summary judgment in the present case, not Rule 166a(i) of the Texas Rules of Civil Procedure.

Moreover, though Royal characterizes one of its motions as a "no evidence" motion, the concept of a "no evidence" summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure. *See Librado v. M.S. Carriers, Inc.*, No. CIV.A.3:02-CV-2095-D, 2004 WL 1490304, at *4 n.4 (N.D. Tex. June 30, 2004). Instead, federal law contemplates a shifting burden: the movant's burden is dependent upon whether it will have the burden of proof on the claim or defense at trial. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986). The party seeking summary judgment

---

[5] At the initial Rule 16 conference held on September 15, 2003, the Court stressed, "the local rules have a rule, and y'all know this, that unresponded-to motions are considered to be unopposed. I'm a firm believer in that. So if the other side files a motion and you don't like it, don't rest on your laurels. Tell me why you oppose it." *See* S.D. Tex. L.R. 7.3, 7.4 (stating that no response will be taken "as a representation of no opposition").

bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The Supreme Court has explained that a movant for summary judgment need not support its motion with evidence negating the opponent's case. Rather, once the movant establishes that there is an absence of evidence to support the non-movant's case, the burden shifts to the non-movant to make a sufficient showing establishing each element as to which that party will have the burden of proof at trial. *Celotex*, 477 U.S. at 322–25.

Summary judgment is appropriate when the non-moving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof at trial. *See* FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 323. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The proof must be of such quality that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87. Courts will decide all reasonable doubts and inferences in the light most favorable to the party opposing the motion. *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994). With these standards in mind, the Court addresses each of Royal's motions.

### III.     Discussion

#### A.     Royal's *Celotex* Motion for Summary Judgment

While Royal labeled its motion a Rule 56(c) "No-Evidence" Motion, that term, though descriptive, is more appropriate within the context of Texas Rule of Civil Procedure 166a(i). Nevertheless, that label correctly describes the key issue in this case: has the non-movant (BISD) raised a fact issue on the material issues in this case, i.e., whether the perils that caused the damage are excluded under the policy terms; whether BISD can prove any damage that was caused by an event covered by the policy; and whether BISD can segregate any damage caused by the many excluded perils from any damage caused by a covered peril.

As stated above, despite being told it needed to file a response, and despite being ordered to do so by April 29, 2005, BISD chose to ignore the urgings of the Court and did not file a response. Royal, on the other hand, sets out summaries of the testimony of some, if not all, of BISD's experts and their conclusions as to the causes of the incident in question. Each, according to the unopposed motion, attributes the cause of BISD's problems to something that is not covered (or more precisely excluded) by the BISD insurance policies.[6] Since Royal as the moving party has met its burden of setting out the basis for this motion and setting out the parts of the record that indicate an absence of a material fact, the burden shifts to BISD, the non-movant, to demonstrate the existence of a material fact. *See Celotex*, 477 U.S. at 322–25.

It is almost so obvious that it need not be mentioned, but this Court will mention it because it has not been done in this case: to point out the existence of a fact issue to a court, a party has to file some response in some form. The non-movant may defeat the motion only by showing a genuine

---

[6] Royal claims that the problems were caused by poor maintenance, latent defects, and faulty or defective design, construction, and/or workmanship.

dispute of material fact. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991). Here, of course, there was no showing by BISD at all. This is required "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Further, under Texas insurance law, the insured must prove facts that establish its damages are covered by the policy. *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *Sentry Ins. v. R.J. Weber Co.*, 2 F.3d 554, 556 (5th Cir. 1993).[7] At least in the summary judgment context, the insured must come forward with facts that raise a question of material fact as to the existence of a covered claim. Then, and only then, will the burden re-shift to the insurer to prove an

---

[7] The insured initially has the burden to plead and prove that the benefits sought are covered by the insurance policy at issue. *See Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001); *Western Alliance Ins. Co. v. Northern Ins. Co.*, 176 F.3d 825, 831 (5th Cir. 1999); *Guaranty Nat'l Ins. Co.*, 143 F.3d at 193; *Data Specialties, Inc. v. Transcont. Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997). The insurer, however, bears the burden of establishing that one of the policy's limitations or exclusions constitutes an avoidance or affirmative defense to coverage. *See Harken Exploration Co.,* 261 F.3d at 471; *Vic Mfg. Co.*, 143 F.3d at 193; *Bailey,* 133 F.3d at 364; *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996); *Sentry Ins.*, 2 F.3d at 556. It should also be noted that the Texas Insurance Code provides:

> In any suit to recover under a contract of insurance, the insurer has the burden of proof as to any avoidance or affirmative defense that must be affirmatively pleaded under the Texas Rules of Civil Procedure. Any language of exclusion in the policy and any exception to coverage claimed by the insurer constitutes an avoidance or an affirmative defense.

TEX. INS. CODE ANN. Art. 21.58(b) (repealed by Acts 2003, 78th Leg., ch. 1274, § 26(a)(1), eff. April 1, 2005). Once the insurer demonstrates that an exclusion arguably applies, the burden then shifts back to the insured to show that the claim does not fall within the exclusion or that it comes within an exception to the exclusion. *See Vic Mfg. Co.*, 143 F.3d at 193; *Telepak v. United Servs. Auto. Ass'n,* 887 S.W.2d 506, 507-08 (Tex.App.—San Antonio 1994, writ denied); *Britt v. Cambridge Mut. Fire Ins. Co.*, 717 S.W.2d 476, 482 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

exclusion or provide another reason for not paying. Finally, if the insurer has shown that the losses are excluded, then the insured must raise a fact issue as to an exception to the exclusion. By not responding, BISD gave up any opportunity to do that.

It should be pointed out that BISD has argued in response to a different motion that at least some of its damages were the result of a covered peril. *See* Docket No. 45. However, even if BISD had proved that some of its losses were covered under the terms of the policies, it still would not survive summary judgment. Royal's motion seeks a summary judgment based on BISD's failure to raise a factual issue by attempting to separate the covered and non-covered losses. As stated earlier, Texas law allows an insured to recover only those damage caused by a covered peril. "If covered and non-covered perils combine to create a loss, the insured may only recover the amount caused by the covered peril." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004). The insured bears the burden of segregating the damage attributable solely to the covered event. *Id.* It follows that even if some of the damages suffered at Aiken and Besteiro were the result of a covered loss, summary judgment is still appropriate unless BISD raises a genuine fact issue regarding the segregation of covered and non-covered losses. *Id.* BISD has failed to provide the Court with any evidence allocating its damages between covered and non-covered events.

The insured has totally failed to respond to Royal's "no-evidence" motion for summary judgment, and while this Court has bent over backwards to give it a chance to raise a fact issue, at some point, the Court can no longer ignore that failure. This is that point. The plaintiff's "no-evidence" motion for summary judgment [Docket No. 47] is hereby **GRANTED**.

    **B.**    **Royal's Motion for Summary Judgment on the Extra-Contractual Claims**

In its Second Amended Counterclaim [Docket No. 56], BISD pleads a breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code §§ 21.22 and 21.55, and breach of the actual insurance contract.[8]  Royal filed a motion for summary judgment on these claims—another motion to which BISD chose not to respond.

Texas law places a duty on insurers to deal fairly and in good faith with an insured. *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (citing multiple authorities).  An insured can make a claim against an insurer where it has no reasonable basis for delaying or denying a claim.  *Id.*  The key inquiry is the reasonableness of the insurer's conduct. *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex. 1997); *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993).  Potential liability under this duty is separate and distinct from the liability under the actual contract of insurance; however, a bonafide controversy or reasonable basis is sufficient reason for an insurer to delay or fail to make a prompt payment.  *Higginbotham*, 103 F.3d at 459.  This is true even if the insurer's reason eventually is proven to be erroneous.  *Id.*; *see also Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 195–96 (Tex. 1998).  Therefore, in order to prevail, the insured must prove: (1) that the insurer either denied or delayed payment and (2) that the insurer should have known that it was reasonably clear that the claim was covered.  *Giles*, 950 S.W.2d at 55.  If after a reasonable investigation, the insurer has evidence showing that an insured's claim may be invalid, then a bad faith action is not viable.  *Tucker v. State Farm Fire & Cas. Co.*, 981 F.Supp. 461, 465 (S.D. Tex. 1997).

---

[8] In earlier counterclaims, there were also claims under the Deceptive Trade Practices Act and fraud allegations.  These were dropped in later pleadings by BISD.

In the instant case, BISD provided this court with no proof that Royal should have known that it was reasonably clear that the claim was covered. Nor did it raise a fact issue regarding the lack of a bonafide dispute as to the validity of BISD's claims under the policies. Royal, on the other hand, supported its motion with an affidavit from its adjuster as well as other documents and exhibits. That evidence sets out that a bonafide dispute did exist. According to the uncontroverted evidence, BISD refused to provide certain items of proof which Royal had requested. Moreover, BISD admitted in other communications that not all of the damage was covered by Royal's policies and subsequently provided Royal with no information to segregate those damages.

Clearly, this evidence (especially in the absence of evidence to the contrary) proves a bonafide dispute existed and that Royal had a reasonable basis for the actions it took. That being the case, Royal's motion regarding the bad faith and fair dealing claims is meritorious.

Royal also moved for a summary judgment on BISD's claims stemming from the Texas Insurance Code. "The Texas Insurance Code and the Deceptive Trade Practices Act are in large measure statutory fleshings-out of the already existing common law requirements." *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994). Claims under the Texas Insurance Code, therefore, require the same predicate for recovering as do the bad faith causes of action. *Lawson v. Potomac Ins. Co.*, No. CIV.A.3:98-CV-0692H, 1998 WL 641809, at *4 (N.D. Tex. Sept. 14, 1998)(citing *Higginbotham*, 103 F.3d at 460).

Therefore, in order to establish a violation of the Texas Insurance Code, one must prove the elements of a breach of the common law duty of good faith and fair dealing. *Higginbotham*, 103 F.3d at 460; *see also Lockett v. Prudential Ins. Co.*, 870 F.Supp. 735, 741 (W.D. Tex. 1994). If there is

no merit to the bad faith claim, there can be no liability on the statutory claim. *Higginbotham*, 103 F.3d at 460; *Beaumont Rice Mill, Inc. v. Mid-American Indem. Ins. Co.*, 948 F.2d 950, 952 (5th Cir. 1991); *State Farm Fire & Cas. Co. v. Woods*, 925 F.Supp. 1174, 1180 (E.D. Tex. 1996), *aff'd by* 129 F. 3d 607 (5th Cir. 1997). Stated differently, "Plaintiff's extra-contractual claims live or die depending on whether Plaintiff's bad-faith claim has any viability." *Tucker*, 981 F.Supp. at 465. Since BISD's bad faith claim has no viability, neither do its claims under the Texas Insurance Code. Royal's Motion for Summary Judgment on the Extra-Contractual Claims [Docket No. 49] is hereby **GRANTED**.[9]

### C. Royal's First Motion for Summary Judgment

Given the two rulings made above, granting Royal's *Celotex* summary judgment motion and its summary judgment motion concerning the extra-contractual claims, this Court would be justified in denying Royal's original motion for summary judgment [Docket No. 42] as being moot. The granting of these two motions resolves all outstanding issues. Nevertheless, even though it might be surplusage, this Court chooses to address that motion because it is the sole motion to which BISD replied, albeit feebly.

Royal's motion is supported by over twenty exhibits and includes three different supplements. Those supplements include many more exhibits, including multiple affidavits proving up many of the

---

[9] Additional grounds also exist for the granting of this summary judgment motion. Generally, courts have held that there can be no cause of action for bad faith when an insurer has denied a claim that is in fact not covered and has not otherwise breached the insurance contract. *Tapotio Springs Builders, Inc. v. Maryland Cas. Ins. Co.*, 82 F.Supp.2d 633, 647 (W.D. Tex. 1999). BISD has not raised a fact issue on coverage, much less a fact issue that Royal breached its contract.

attached and previously attached exhibits. The initial motion was filed on May 17, 2004, with numerous supplements and replies filed pursuant to various Court orders. BISD filed its sole response to any of these pleadings on June 6, 2004.[10] It filed no supplements, nor did it provide any additional briefs or evidence—not even when advised to do so by the Court. It also failed to supply this Court with any summary judgment evidence that was in any way authenticated or proven up—not even when advised to do so by the Court.

The gist of Royal's motion is that the cause of the mold at the schools (i.e., wear and tear, inadequate maintenance, etc.) places BISD's damages outside of coverage under the policies. The substance of BISD's response is as follows:

> BISD's claims include water damage and subsequent mold growth to the interior of the school caused by the breaking apart or cracking of the roof drain pipes in various places. The water damage caused by the breaking apart or cracking of the roof drain pipes is a Covered Cause of Loss. Thus, because there was damage to the roof drain pipes by a Covered Cause of Loss, any subsequent rain that entered the school through the broken or cracked roof drain pipes and caused water damage is likewise covered.

[Docket No. 45, p.13]. Water damage is a defined term under the policy and, if proven, would be an exception to the exclusions relied upon by Royal.

The primary problem with BISD's assertion is that it is not properly supported. Defendant's only support for its response is an unsworn "report," which states in its introduction that it was prepared for ACE Insurance Company and that "it is not intended for any other purpose."[11] Despite the Court

---

[10] While no court judges a summary judgment motion based on the amount of evidence one side files versus the other, the Court mentions that fact here to show the marked differences in the respective filings and the failure of BISD to act upon the Court's admonitions.

[11] Ironically, Royal's second supplement contains an affidavit which authenticates the only report BISD attached to the sole response it filed. *See* Docket No. 99, Exs. 7 & 7A.

explicitly telling the defendant it needed additional proof in proper summary judgment evidence form, such as expert affidavits, depositions, or some other means of authentication, BISD chose to ignore this Court's directives.

This Court reviewed the report in question and concludes that it does not state what BISD's counsel claims. On the second and third pages, it does state that there was some localized staining as a result of one or more of the following:

    a.    Roof leak(s), either at a membrane edge or penetration, roof drain hub, on the roof drain pipe (18 locations).

    b.    Plumbing leaks, both domestic water supply system and drainage system leaks (eight locations).

    c.    Dripping and/or leakage of condensate, and/or water from components of the HVAC system (27 locations)

    d.    Human saliva (two locations).

[Docket No. 45, Ex. A.] It does not state which of these four possibilities caused what damage, if at all. Further, it does not place any of these leaks in the time period covered by Royal's policies.[12] Even if this Court were to ignore the fact that the report's language is so imprecise as to put into question which of the four listed potential causes might have caused the localized staining, **and** even if the Court ignores Royal's argument concerning BISD's lack of efforts to segregate damages as required by Texas law, this Court would still not be able to view this report as raising a material fact issue.

---

[12] Royal has also moved for a summary judgment on the ground that coverage is precluded when the insured is or should be aware of a known loss or ongoing progressive loss at the time the policy was purchased, and for failure to provide prompt notice. These grounds for judgment are also unresponded to by competent evidence.

Royal's policy covers water damage that results from the "accidental discharge or leakage of water or steam as **the direct result of the breaking apart or cracking of any part of a system or appliance…containing water or steam**." Roof leaks and the other sources of moisture generically described in the report do not necessarily fall into the type of water damage described in the policy. They are not necessarily the "discharge or leakage" resulting from "the breaking apart or cracking of any part of a system or appliance containing water or steam." Certainly, this Court can envision a factual scenario from which these leaks might be covered, but BISD has not provided any such evidence and this Court cannot speculate as to what some experts might say. It must deal with the evidence, or in this case the lack of evidence, before it.

The Court also notes that contained in many of the reports and other evidence provided by Royal in its various motions and supplements are references to leaks including those on or about the roof or roof drains. BISD, however, has not directed this Court to one single line of testimony or sentence of a report or affidavit which support its claims that those qualify as "water damage" under the policies. It is not the duty of the Court to ferret out fact issues that counsel have failed to present. Non-movants may not rest on the mere allegations or denials in their pleadings. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Once a properly framed motion for summary judgment is presented, the non-movant must show "significant probative" evidence that there exists a triable fact issue. *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1371 (5th Cir. 1994). They are required to identify specific evidence in the record and articulate the precise manner in which that evidence supports its claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). BISD has done none of these things. Rule 56 of the Federal Rules of Civil Procedure does not

impose a duty on the courts to "sift through the record in search of evidence" to support a non-movant's opposition to a summary judgment motion. *Id.* It also does not permit a court to speculate what affidavits could have been filed or what expert depositions might say if the non-movant does not attach them to its response.

      This Court finds that BISD's response to Royal's motion is inadequate as a matter of law. The one report that it did attach and BISD's ambiguous references to another do not raise a fact issue. Further, BISD failed to direct the Court to any other place in the record (such as the evidence filed by Royal) where an issue of material fact is raised. Finally, BISD has not responded in any substantive way to the substance of the other grounds contained in this motion. These rulings dispose of this case in its entirety. Suffice it to say, this Court **GRANTS** Royal's first motion for summary judgment [Docket No. 42] in addition to the two motions previously granted herein.

### IV.    Conclusion

      For the reasons discussed above, Royal's Motion for Summary Judgment [Docket No. 42], Royal's Rule 56(c) "No Evidence" Motion for Summary Judgment [Docket No.47], and Royal's Motion for Summary Judgment on BISD's Extra-Contractual Counterclaims [Docket No. 49] are hereby **GRANTED**. These rulings totally dispose of this case. Royal's Motion for Separate Trials of Extra-Contractual Causes of Action [Docket No. 75], Royal's Motion to Exclude or Limit James Bettis' Testimony [Docket No. 86], Gab Robins North America Inc.'s Motion to Quash Subpoenas Duces Tecum [Docket No. 94], Royal's Motion to Quash Subpoena Duces Tecum to the Deposition Notice of Dennis Nickoloff and Motion for Protection [Docket No. 98], BISD's Amended Motion to Compel Royal's Privilege Log [Docket No. 101], BISD's Motion to Compel and Enforce Compliance

with the Subpoena Duces Tecum on Roger Sawyer [Docket No. 102], Royal's Motion to Quash Deposition of Roger Sawyer and Subpoena Duces Tecum and Motion for Protection [Docket No. 103], and all other pending motions not expressly granted herein are hereby **DENIED** as moot.

Signed in Brownsville, Texas, this 2nd day of June, 2005.

Andrew S. Hanen
United States District Judge