IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. B-03-109 |
| vs. | § § | JURY DEMANDED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

**PLAINTIFF ROYAL'S REPLY IN SUPPORT OF ITS AMENDED BILL OF COSTS**

TO THE HONORABLE ANDREW S. HANEN,
UNITED STATES DISTRICT JUDGE:

Plaintiff Royal Surplus Lines Insurance Company ("Royal") files its Reply in Support of its Amended Bill of Costs and respectfully shows:

**Relief Requested**

1.     Royal asks the Court to order the clerk to tax costs against Defendant Brownsville Independent School District ("BISD") in the total amount set out in Royal's Amended Bill of Costs [Doc. #109].

2.     A trial court's decision to award costs is reviewed for clear abuse of discretion. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983); *Fogleman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991).

## Grounds for Relief

**A.    *Videography.***

3.    The Court should tax the amount of costs for videotaping depositions that were necessarily obtained for use in this case.  BISD objects to the costs of videotaping depositions and simply states those costs are "not allowed by the Fifth Circuit."  It relies on *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041 (5th Cir. 1998) as support for its position.  In *Migis*, the Fifth Circuit addressed the issue of awarding a Title VII Plaintiff cost for videotaping of her **own** deposition. *Id.* at 1048.  The larger issue of awarding costs for the videotaping depositions generally was not before the Fifth Circuit in *Migis*.  *Id*. at 1065 (J. Barksdale, concurring).

4.    The Eleventh Circuit has addressed the issue of taxing costs for depositions recorded by stenographic and non-stenographic means.  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir. 1996).  In that case, the Eleventh Circuit looked at both 28 U.S.C. §1920 and Federal Rules of Civil Procedure 30(b)(2) and (3) and held that, when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to the Federal Rule of Civil Procedure 26(c), it is appropriate under §1920 to award the cost of the conducting the deposition in the manner noticed.  *Morrison*, 97 F.3d  at 464-65.

5.    In this case, where BISD demanded more than $20 million from its insurer, Royal seeks the costs of the videotaping of depositions of five BISD F.R.C.P. 30(b)(6) representatives.[1] Royal also seeks videotaping costs for the depositions of five representatives of

---

[1] The BISD representatives were Oscar Tapia, Miguel Saldana, Hector Gonzalez, Fred Fuller, and Lorenzo Sanchez.

engineering/construction companies (EFI, Satterfield & Pontikes, and Aestimo, all of whom are located in Houston, Texas), which investigated the BISD schools at the request of BISD prior to the filing of this lawsuit,[2] and which (i) BISD designated as experts on causation, and (ii) BISD identified (to Royal and the Court) as witnesses who would *finally* identify an alleged covered cause of loss.  All of these party and "expert" witnesses were noticed for deposition by both stenographic and non-stenographic means.[3]   BISD did not object to the taking of these depositions in the manner they were noticed.  The testimony of many of these ten witnesses was used in Royal's summary judgment briefing and was otherwise intended for use at trial.

6.      Therefore, the Court should tax the costs for the videotaped depositions that were necessary for this case, as listed in Royal's Amended Bill of Cost.

**B.      *Hearing Transcripts.***

7.      Royal also asks the Court to tax the cost for the transcripts of several hearings and conferences before the Court.[4]   Transcripts of pretrial conferences and hearings are taxable costs

---

[2] The contractor/engineer representatives were Lee Burckle, Thomas Murray, and Rick Anderson (all of the engineering firm, EFI);   Brian Bonczynski (roofing engineers, Aestimo); and Ricki Barnett (contractor, Satterfield & Pontikes).

[3] Royal also seeks costs for the videotaping the depositions of Dennis Nickoloff and John Hinz of GAB Robins, who were deposed by BISD as part of BISD's bad faith counterclaims.  Both Mr. Nickoloff and Mr. Hinz (who resides in Houston) were questioned at the deposition by Royal's counsel in anticipation of using their testimony at trial to defend against BISD's counterclaims.  Additionally, Royal seeks its costs for videotaping the deposition of Duane Swoveland, Royal's bad faith expert, who was noticed for deposition by BISD.

[4] Royal asks for its cost for the transcripts of:   (i) 9/15/03 Initial Pretrial and Scheduling Conference Transcript, (ii) 12/2/03 Telephonic Conference Transcript, (iii) 3/19/04 Hearing Transcript, (iv) 6/29/04 Hearing Transcript, and (v) 1/24/05 Motion and Status Conference.

when they the transcripts are necessarily obtained for use in the case. *Studiengesellschaf*, 713 F.2d at 133; *Casarez v. Val Verde County*, 27 F.Supp.2d 749, 751. The subject transcripts were all necessarily obtained for use in the case.[5] Therefore, the Court should tax these costs against BISD.

**C.     *Copies of Depositions in Related Cases.***

8.     BISD argues that the costs for copies of fourteen (14) depositions taken in a related, state-court lawsuit should not be allowed, simply because the depositions were not taken in this lawsuit. However, the state-court lawsuit in which all these depositions were taken, *Castillo et al. v. Carrol Dusang & Rand, Inc. et al.*, 197th District Court, Cameron County, Texas, involved personal injuries claims allegedly arising from exposure to mold in *the same two BISD schools at issue in this lawsuit*. Indeed, BISD was even a party to the *Castillo* lawsuit for approximately one and a half years, during which time eight of the subject *Castillo* depositions were taken. Clearly, depositions of representatives of the contractors, engineers, and other professionals in the *Castillo* case are directly relevant to the issues addressed in the present lawsuit, including the cause, extent and timing of mold and other damage in the schools. Therefore, the copies of all the *Castillo* depositions were necessarily obtained for use in this case by Royal, and should be taxed against BISD.

**D.     *Depositions Initiated by BISD.***

9.     The Court should award Royal its costs for depositions noticed by BISD. BISD provides this Court no support for its position that these were not obtained by Royal for use in its case. At the time the depositions of Dennis Nickoloff and John Hinz, representatives of GAB

---

[5] Indeed, at least one of the transcripts was used by Royal to support one of its three Motions for Summary Judgment. (*See* Royal's Supplement to its MSJ, Doc. #78, at **Exh. 6**). Another was used in support of a discovery motion filed by Royal.

Robins (Royal's Independent Adjuster in the BISD claims) were taken, Royal believed it would be necessary for use at trial of BISD's counterclaims, which related to the relationship between EFI and GAB Robins.  Indeed, Mr. Hinz was questioned at length on the record by Royal's counsel.  The same is true for Mr. Nickoloff.  The depositions of Mr. Nickoloff and Mr. Hinz, therefore, were necessarily obtained for the use in Royal's case.

10.    BISD also objects to the cost for the deposition of Duane Swoveland, one of Royal's experts.  At the time Mr. Swoveland's deposition was taken, Royal believed it would be necessary for use at trial of BISD's counterclaims, and thus, obtained a copy of the videotape to use at trial.  The deposition of Mr. Swoveland, therefore, was necessarily obtained for the use in Royal's case.

**E.**    ***Taxing Public Funds.***

11.    The Court should tax Royal's cost against BISD, because the Court granted all three of Royal's motions for summary judgment, disposing of this case in its entirety, including **BISD's counterclaims** for breach of contract, claims brought under Texas Insurance Code Articles 21.21 and 21.55, claims for breach of the duty of good faith and fair dealing, and request for punitive damages.  BISD argues asks the Court to reconsider taxing costs against it because public funds would be used to defend a "declaratory action."  BISD, however, disregards the fact that BISD filed its counterclaim, alleging multiple contractual and extra-contractual claims against Royal.  In an effort to defend against BISD counterclaims – and pursue a coverage declaration for the claim on which BISD had demanded $20.3 million from Royal -- Royal incurred its costs detailed in its Amended Bill of Costs. Moreover, the Fifth Circuit has previously upheld costs taxed against a public school system, such as BISD.  *See generally, Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512.

12.     Therefore, the Court should tax Royal's cost against BISD as submitted in Royal's Amended Bill of Cost, and as ordered by the Court in its Final Judgment.

<u>**Conclusion**</u>

13.     For all the reasons set forth above, Plaintiff asks that the Court enter its previously filed Amended Bill of Costs.

Respectfully submitted,

**BEIRNE MAYNARD & PARSONS L.L.P.**

/s/ Jay W. Brown
_____

**Jay W. Brown**
State Bar No. 03138830
S.D.T. No. 1314
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ROYAL SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
**Stephen R. Wedemeyer**
State Bar No. 00794832
S.D.T. No. 19797
**John V. Treviño, Jr.**
State Bar No. 24003082
S.D.T. No. 23860
1300 Post Oak Blvd., Suite 2400
Houston, Texas  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following attorney-in-charge for Defendant on June 27, 2005:

Mr. Baltazar Salazar          ***Via Certified Mail/Return Receipt Requested***
Attorney at Law                               ***And Facsimile Transmission***
1612 Winbern
Houston, Texas  77004


/s/ Jay W. Brown
Jay W. Brown